UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-01050-ly |
| | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |
| ASCENDANT CAPITAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | | |

---

### MOVING DEFENDANTS' 
### MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

The 40 defendants identified in Note 1 below ("Moving Defendants")[1] move to dismiss Plaintiff's Complaint (Dkt. [1]) pursuant to the doctrine of *forum non conveniens.*

### Summary of Argument

Plaintiff, a California resident, is an investor in a security issued by GPB Holdings II, LP ("GPB II"), a Delaware limited partnership with its principal place of business in New York. Complaint ¶¶ 63, 72. Plaintiff purchased an investment in GPB II from GPS Capital

---

[1] Aegis Capital Corp., American Capital Partners, LLC, Arete Wealth Management, LLC, Arkadios Capital, Ausdal Financial Partners, Inc., Cabot Lodge Securities LLC, Calton & Associates, Inc., Coastal Equities, Inc., Colorado Financial Service Corporation, Concorde Investment Securities, LLC, Crown Capital Securities, LP, David A. Noyes & Company, Dawson James Securities, Inc., DFPG Investments, LLC, Dinosaur Financial Group, LLC, FSC Securities Corporation, Geneos Wealth Management, Inc., Great Point Capital, LLC, IBN Financial Services, LLC, International Assets Advisory, LLC, Kalos Capital, Inc., Lewis Financial Group n/k/a DAI Securities, LLC, Lucia Securities, LLC, Madison Avenue Securities, LLC, McDonald Partners LLC, Money Concepts Capital Corporation, Newbridge Securities Corporation, Orchard Securities, LLC, Purshe Kaplan Sterling Investments, Inc., Royal Alliance Associates, Inc., Sagepoint Financial, Inc., Sentinus Securities LLC n/k/a Sentinus Halo Securities, LLC, Triad Advisors, LLC, Uhlman Price Securities, LLC, Vanderbilt Securities, LLC, Vestech Securities, Inc., Western International Securities, Inc., WestPark Capital, Inc., Whitehall-Parker Securities, Inc., Woodbury Financial Services, Inc.

Management, LLC ("GPS"). Complaint ¶ 63. GPS is an investment advisory firm (but not a broker-dealer) registered with the United States Securities and Exchange Commission and has its principal place of business in California.[2] GPS in not a defendant in this action.

This dispute relates to securities issued by GPB II and seven other limited partnerships, all of which were formed under the laws of Delaware (Complaint ¶ 72) and have their principal places of business in New York.

GPB Capital Holdings, LLC ("GPB") is the general partner of each of the limited partnerships at issue. GPB is a Delaware limited liability company with its principal place of business in New York. Complaint ¶ 62.

The Moving Defendants are securities broker-dealers and member firms of the Financial Industry Regulatory Authority ("FINRA").[3] The Moving Defendants facilitated

---

[2] *See* GPS's Form ADV filed with the SEC and located online at: https://www.adviserinfo.sec.gov/IAPD/content/ViewForm/crd_iapd_stream_pdf.aspx?ORG_PK=136330. This document reflects that GPS is an SEC registered investment advisor with its principal place of business in California and that it is not a broker-dealer. The Court may take judicial notice of these facts under Fed. R. Evid. 201(b)(2).

[3] Aegis Capital Corporation is a New York corporation with its principal place of business in New York. (https://files.brokercheck.finra.org/firm/firm_15007.pdf); American Capital Partners, LLC is a New York limited liability company with its principal place of business in New York (https://files.brokercheck.finra.org/firm/firm_119249.pdf); Arete Wealth Management, LLC is an Illinois limited liability company with its principal place of business in Illinois (https://files.brokercheck.finra.org/firm/firm_44856.pdf); Arkadios Capital is a Georgia limited liability company with its principal place of business in Georgia (see https://files.brokercheck.finra.org/firm/firm_282710.pdf); Ausdal Financial Partners, Inc. is an Iowa corporation with principal places of business in Iowa and Illinois (see https://files.brokercheck.finra.org/firm/firm_7995.pdf); Cabot Lodge Securities LLC is a Delaware limited liability company with its principal place of business in New York (https://files.brokercheck.finra.org/firm/firm_159712.pdf); Calton & Associates, Inc. is a Florida corporation with its principal place of business in Florida (https://files.brokercheck.finra.org/firm/firm_20999.pdf); Colorado Financial Service Corporation is a Colorado corporation with its principal place of business in Colorado (https://files.brokercheck.finra.org/firm/firm_104343.pdf); Coastal Equities, Inc. is a Massachusetts corporation with its principal place of business in Delaware (https://files.brokercheck.finra.org/firm/firm_23769.pdf); Concorde Investment Services, LLC is a Michigan limited liability company with its principal place of business in Michigan (https://files.brokercheck.finra.org/firm/firm_151604.pdf); Crown Capital Securities, LP is a California limited partnership with its principal place of business in California (see https://files.brokercheck.finra.org/firm/firm_6312.pdf); David A. Noyes & Company is an Illinois corporation with its principal place of business in Indiana (https://files.brokercheck.finra.org/firm/firm_205.pdf); Dawson

James Securities, Inc. is a Florida corporation with its principal place of business in Florida (https://files.brokercheck.finra.org/firm/firm_130645.pdf); DFPG Investments, LLC is a Utah limited liability company with its principal place of business in Utah (https://files.brokercheck.finra.org/firm/firm_155576.pdf); Dinosaur Financial Group, LLC is a Delaware limited liability company with its principal place of business in New York (https://files.brokercheck.finra.org/firm/firm_104446.pdf); FSC Securities Corporation is a Delaware corporation with its principal place of business in Georgia (https://files.brokercheck.finra.org/firm/firm_7461.pdf); Geneos Wealth Management, Inc. is a Colorado corporation with its principal place of business in Colorado (see https://files.brokercheck.finra.org/firm/firm_120894.pdf); Great Point Capital, LLC is a Delaware limited liability company with its principal place of business in Illinois (https://files.brokercheck.finra.org/firm/firm_114203.pdf); IBN Financial Services, LLC is a New York limited liability company with its principal place of business in New York (https://files.brokercheck.finra.org/firm/firm_42360.pdf); International Assets Advisory, LLC is a Florida limited liability company with its principal place of business in Florida (https://files.brokercheck.finra.org/firm/firm_10645.pdf); Kalos Capital, Inc. is a Georgia corporation with its principal place of business in Georgia (https://files.brokercheck.finra.org/firm/firm_44337.pdf); Lewis Financial Group n/k/a DAI Securities, LLC is a Minnesota limited liability company with its principal place of business in Georgia (https://files.brokercheck.finra.org/firm/firm_36673.pdf); Lucia Securities, LLC is a Delaware limited liability company with its principal place of business in California https://files.brokercheck.finra.org/firm/firm_37179.pdf); Madison Avenue Securities, LLC is a Delaware limited liability company with its principal place of business in California (https://files.brokercheck.finra.org/firm/firm_23224.pdf); McDonald Partners LLC is an Ohio limited liability company with its principal place of business in Ohio (https://files.brokercheck.finra.org/firm/firm_135414.pdf); Money Concepts Capital Corporation is a Florida corporation with its principal place of business in Florida (https://files.brokercheck.finra.org/firm/firm_12963.pdf); Newbridge Securities Corporation is a Virginia corporation with its principal place of business in Florida (https://files.brokercheck.finra.org/firm/firm_104065.pdf); Orchard Securities, LLC is a Utah limited liability company with its principal place of business in Utah (see https://files.brokercheck.finra.org/firm/firm_133378.pdf); Purshe Kaplan Sterling Investments, Inc. is a New York corporation with its principal place of business in New York (https://files.brokercheck.finra.org/firm/firm_35747.pdf); Royal Alliance Associates, Inc. is a Delaware corporation with its principal place of business in New Jersey (https://files.brokercheck.finra.org/firm/firm_23131.pdf); Sagepoint Financial, Inc. is a Delaware corporation with its principal place of business in Arizona (https://files.brokercheck.finra.org/firm/firm_133763.pdf); Sentinus Securities LLC n/k/a Sentinus Halo Securities, LLC is an Illinois limited liability company with its principal place of business in Illinois (https://files.brokercheck.finra.org/firm/firm_279029.pdf); Triad Advisors, LLC is a Florida limited liability company with its principal place of business in Georgia (https://files.brokercheck.finra.org/firm/firm_25803.pdf); Uhlman Price Securities, LLC is an Illinois limited liability company with its principal place of business in Illinois (https://files.brokercheck.finra.org/firm/firm_42854.pdf); Vanderbilt Securities, LLC is a New York limited liability company with its principal place of business in New York (https://files.brokercheck.finra.org/firm/firm_5953.pdf); Vestech Securities, Inc. is a Kansas corporation with its principal place of business in Missouri (https://files.brokercheck.finra.org/firm/firm_41409.pdf); Western International Securities, Inc. is a Colorado corporation with its principal place of business in California (https://files.brokercheck.finra.org/firm/firm_39262.pdf); WestPark Capital, Inc. is a Colorado corporation with its principal place of business in California (https://files.brokercheck.finra.org/firm/firm_39914.pdf); Whitehall-Parker Securities, Inc. is a California corporation with its principal place of business in California (https://files.brokercheck.finra.org/firm/firm_10608.pdf); Woodbury Financial Services, Inc. is a Minnesota corporation with its principal place of business in Minnesota (https://files.brokercheck.finra.org/firm/firm_421.pdf). The Court may take judicial notice of these facts under Fed. R. Evid. 201(b)(2).

3

investments by accredited investors[4] in GPB limited partnerships. They, along with the other broker-dealer defendants, are referred to in the Complaint as the "Broker Defendants". None of the Moving Defendants is a Texas entity or has a principal place of business in Texas (see Note 3).

Plaintiff's Complaint alleges that Plaintiff and others similarly situated were induced to invest in GPB securities as a result of material misrepresentations and omissions in the Private Placement Memorandum ("PPM"), the governing document by which the securities were offered. *See* Complaint ¶ 30 ("Defendants made highly material misrepresentations and omissions in the PPMs for the limited partnership interests purchased by the Class."). Plaintiff further alleges that the Broker Defendants aided and abetted the alleged fraud and, therefore, are liable to GPB investors for their alleged losses. *See* Complaint ¶ 82 ("[T]he Broker Defendants . . . directly, materially and substantially aided GPB Capital, the Individual Defendants, and the GPB Funds with reckless disregard for the falsity of the statements made by them in connection with such sales.").

In order to purchase the GPB securities at issue, investors such as Plaintiff were required to execute a subscription agreement ("SA") wherein they agreed to certain terms and conditions. *See, e.g.*, GPB II's PPM, Exhibit A, at ii ("In order to invest in the Company, investors will be required to execute a subscription agreement.").[5] The SA for GPB II is attached as Exhibit B.

---

[4] Generally speaking, an individual is an accredited investor if the individual has a net worth which exceeds $1,000,000, excluding the individual's personal residence. 17 C.F.R. § 230.501.

[5] An interest in GPB II is the specific security purchased by Plaintiff and sold by each of the Moving Defendants.

The SA contains a mandatory forum-selection clause requiring that "Venue for any litigation arising out of, under, or in connection with this Agreement will lie in the state courts having jurisdiction over such matters located in New York County, New York." Exhibit B at 12. The SA similarly contains a choice-of-law provision calling for the application of New York law. *Id.*

Accordingly, and as further set forth below, the Moving Defendants seek dismissal of the Complaint for *forum non conveniens* pursuant to the SA's forum-selection clause.

## I.    INTRODUCTION

Plaintiff brings this putative class action on behalf of himself and others purportedly similarly situated to recover alleged losses on certain limited partnership investments issued by affiliates of GPB. The eight limited partnerships at issue (Complaint ¶ 72) are all private placement securities offered by way of a PPM and are available only to accredited investors who satisfy certain minimum requirements and execute an SA. The nearly 100 defendants in this matter are individuals and entities with some connection to the securities such as GPB and its affiliates, principals, auditors, and selling broker-dealers. The Moving Defendants in particular are securities broker-dealers through which certain investors (but not Plaintiff) purchased the GPB investments at issue.

Per the terms of the PPM (referenced throughout the Complaint), GPB investors were required to execute an SA in order to consummate the transactions. Indeed, the PPM expressly states: "In order to invest in the Company, investors will be required to execute a subscription agreement." Exhibit A at ii. The SA, a form copy of which is included in the PPM, similarly states: "By signing the Agreement, the undersigned subscriber (the 'Subscriber') confirms acceptance of the Company's offer of Units on the

terms and conditions set out in the Confidential Private Placement Memorandum ('Memorandum')." Exhibit B at 7. Upon information and belief, the original and/or copies of the SAs executed by Plaintiff and all other GPB investors are in the possession of: (1) the investors, (2) the issuers, and (3) the entities through which the investors purchased the securities.

The SA includes a broadly worded mandatory forum-selection clause that requires all litigation "arising out of, under, or in connection with" the subscription agreement "will be" brought in New York state court in New York County. Exhibit B at 12. The Moving Defendants seek to enforce the forum-selection clause pursuant to the doctrine of *forum non conveniens*.

## II.    ARGUMENT

### A.    A Federal Action is Subject to Dismissal for *Forum Non Conveniens* Where a Forum-Selection Clause Requires Litigation in a Non-Federal Forum.

Where—as here—the subject of litigation is bound by a valid forum-selection clause and the plaintiff nevertheless chooses a different venue to file suit, the path for the court is a simple one. "The Supreme Court found 'the proper mechanism to enforce [a forum-selection clause] that calls for litigation in a domestic state court or in a foreign court is through a motion to dismiss on grounds of [*forum non conveniens*].' *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016) (citing *Atlantic Marine Const. Co., v. U.S. District Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013)).

**B.      This Action Is Subject to Dismissal Pursuant to the Forum-Selection Clause Requiring Litigation in New York State Court.**

In considering a motion to dismiss for *forum non conveniens* based on a forum-selection clause, the Court must determine (1) whether the forum-selection clause is permissive or mandatory; (2) whether the clause is enforceable; and (3) whether the dispute at hand falls within its scope. *See generally Morgan-Rinehart, supra*. In this case, the Court must also determine whether the Moving Defendants, as non-parties to the SA, are entitled to enforce the forum-selection clause. *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2018 WL 3326841, at *8 (W.D. Tex. Apr. 30, 2018), *report and recommendation adopted sub nom. JFP Servs., LLC v. Torans*, No. SA-17-CA-210-FB, 2018 WL 4343439 (W.D. Tex. July 2, 2018).

All of the above elements are satisfied here. When Plaintiff and other GPB investors executed the SA to purchase their respective investments, they each agreed that:

> Venue for any litigation arising out of, under, or in connection with this Agreement will lie in the state courts having jurisdiction over such matters located in New York County, New York.

Exhibit B at 12.

**1.      The Forum-Selection Clause in the SA is Mandatory.**

A forum-selection clause is permissive where it allows an action to be bought in a particular jurisdiction but does not preclude litigation elsewhere. *Von Graffenreid v. Craig*, 246 F.Supp. 2d 553, 561 (N.D. Tex. 2003). On the other hand, a "mandatory [forum-selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016);

*see also Bustos v. Dennis*, No. SA-17-CV-39-XR, 2017 WL 1944165, at *3 (W.D. Tex. May 8, 2017) ("To be mandatory, a forum-selection clause must show that the parties intended the named location to serve as the forum for disputes arising out of the contract.").

"[T]he use of 'shall' in forum-selection clauses is 'generally mandatory.'" *Impact Recovery Sys. v. Liddell Bros., Inc.*, No. CV SA-15-CA-722-FB, 2016 WL 8257050, at *7 (W.D. Tex. Jan. 22, 2016), *report and recommendation adopted sub nom. Impact Recovery Sys., Inc. v. Liddell Bros., Inc.*, No. SA-15-CA-722-FB, 2016 WL 8257098 (W.D. Tex. Apr. 6, 2016). "Courts have determined clauses with similar 'will be' language are mandatory." *Morgan-Rinehart, supra,* at *5*; see also Wolfe v. CareFirst of Maryland, Inc.*, No. 4:09-CV-492, 2010 WL 1998290, at *4 (E.D. Tex. Apr. 27, 2010), *report and recommendation adopted*, No. 4:09-CV-492, 2010 WL 1998222 (E.D. Tex. May 18, 2010) (finding forum-selection clause stating that any action "will be brought and maintained in the State of Maryland" is "is not ambiguous and is a mandatory rather than permissive clause."). Courts have also concluded that forum-selection clauses which relate only to "jurisdiction" are often permissive, while clauses referencing "venue" are generally mandatory. *Cardinal Database Servs., LLC v. Kleski*, No. 1:15-CV-494 RP, 2015 WL 5062293, at *4 (W.D. Tex. Aug. 27, 2015).

Here, the forum-selection clause specifically references venue and mandates that any litigation "*will lie* in the state courts . . . located in New York County, New York." Exhibit B at 12 (emphasis added). This unambiguous language clearly restricts venue for this action to New York state courts located in New York County.

### 2.    The Forum-Selection Clause in the SA is Enforceable.

Forum-selection causes "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). "Usually, a court applying *[the forum con conveniens]* doctrine must determine whether there is an adequate alternative forum and, if so, decide which forum is best-suited to the litigation by considering a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016). However, a forum-selection clause significantly alters the application of this doctrine and affords no weight to plaintiff's chosen forum:

> The presence of a valid forum-selection clause simplifies this analysis in two ways. "First, the plaintiff's choice of forum merits no weight" because, by contracting for a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Atl. Marine*, 134 S.Ct. at 581–82. Second, the private-interest factors "weigh entirely in favor of the preselected forum," so that the "district court may consider arguments about public-interest factors only." Id. at 582. Hence, a valid forum-selection clause controls the *forum non conveniens* inquiry "[i]n all but the most unusual cases." *Id.* at 583. This harmonizes with the Court's guidance that contractually selected forums often "figure[ ] centrally in the parties' negotiations" and become part of those parties' "settled expectations"—so if a plaintiff disregards such a contractual commitment, "dismissal ... work[s] no injustice." *Id.* at 583 & n. 8.

*Id.* at 296 (brackets and punctuation in original).

Accordingly, in order to overcome the strong presumption of enforceability of a forum-selection clause, the plaintiff has the burden of proving that the clause is unreasonable. *Id.* To demonstrate unreasonableness, the plaintiff must show that: "(1) the

incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum-selection clause would contravene a strong public policy of the forum state." *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (citations omitted). "The party resisting enforcement on these grounds bears a heavy burden of proof." *Id.* (citation and internal quotation marks omitted).

Here, there is no basis to find the forum selection clause calling for venue in New York state courts in New York County unreasonable. First, there is no allegation that its inclusion in the SA was procured by fraud. Notably, for fraud to provide a basis for invalidating a forum-selection clause, the fraud must be specific to that provision. *Id.* In other words, "allegations of such conduct as to the contract as a whole—or portions of it other than the [forum selection] clause—are insufficient; the claims of fraud or overreaching must be aimed straight at the [forum-selection] clause in order to succeed." *Id.*

Second, there is no grave inconvenience or unfairness to Plaintiff having this matter heard in New York County, New York. Certainly, New York is no less convenient than the Western District of Texas to this California Plaintiff or his New York lawyers. Further, there is nothing inherently unfair about venue in New York state courts as New York courts provide Plaintiff with an available alternative forum such that Plaintiff will not be deprived of his day in court. Similarly, the contract's New York choice-of-law provision

is not fundamentally unfair and will not deprive Plaintiff or other GPB investors of an adequate remedy. Indeed, as of this writing there are already three separate class and/or shareholder derivative actions brought by GPB investors making similar allegations pending in New York County, New York.[6]

Moreover, dismissal would not contravene any strong public policy of Texas. Like the other grounds for finding a forum selection clause unreasonable, public policy arguments must be analyzed in the context of the "strong presumption of enforceability." *Haynsworth*, 121 F.3d at 966. Notably, "Texas [has not] adopted statutes or issued opinions that reflect a clear public policy against enforcing this forum-selection provision." *Boccard USA Corp. v. TigPro, Inc.*, No. CIV.A. H-07-0177, 2007 WL 1894154, at *9 (S.D. Tex. July 2, 2007). Rather, "Texas has strong public policy in favor of forum-selection clauses." *Id.* Moreover, Texas has a "strong public policy that parties be held liable to what they contracted for." *Trevino v. Cooley Constructors, Inc.*, No. 5:13-CV-00924-DAE, 2014 WL 2611823, at *5 (W.D. Tex. June 9, 2014). Notably, in *Haynsworth*, 121 F.3d at 969, the Fifth Circuit expressly rejected the plaintiff investors' contention that a forum-selection clause violated Texas public policy because it contravened the anti-waiver provisions of the Texas Securities Act.

Further, the Moving Defendants are hard pressed to see the relevance of Texas public policy to a dispute involving a California plaintiff who purchased a security issued in New York from a California investment advisor (which, notably, is not a named defendant in this action and is not a broker-dealer). *See, e.g., Bowling v. Carnival Corp.*,

---

[6]  *See Younker v. GPB Capital Holdings, LLC*, Index No. 157679/2019; *Golder v. GPB Capital Holdings, LLC*, Index No. 257232/2019; and *Miller v. GPB Holdings, LLC*, Index No. 656982/2019. The dockets for these matters can be located online at http://iapps.courts.state.ny.us/iscroll/ and the Court may take judicial notice of same under Fed. R. Evid. 201(b)(2).

No. CIV.A. G-08-0250, 2009 WL 890454, at *3 (S.D. Tex. Mar. 30, 2009) ("Indeed, there is no strong public policy in Texas that favors litigating here disputes between a citizen of Oklahoma and a citizen of Florida.").

Accordingly, there is no basis for finding the forum selection clause in the SA unreasonable.

### 3.    This Dispute Falls Within the Scope of the Forum-Selection Clause.

In the face of a mandatory enforceable forum-selection clause, the court must the next determine whether the dispute at hand falls within the provision's scope. *Mendoza v. Microsoft, Inc.*, 1 F. Supp. 3d 533, 542 (W.D. Tex. 2014). In determining whether a dispute falls within the scope of a forum-selection clause, the court must look to the language of the contract containing the clause. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998). Initially, it should be noted that absent language to the contrary, a forum-selection clause is not limited solely to claims for breach of the contract that contains it. *Tricon Precast, Ltd. v. Easi Set Indus., Inc.,* 395 F. Supp. 3d 871, 880 (S.D. Tex. 2019) (quotation marks and citation omitted).

Indeed, a broad forum-selection clause such as the one here encompasses "all claims that have some possible relationship with the contract, including claims that may only relate to the contract." *Id. See also Mendoza*, 1 F. Supp at 548 ("[F]orum-selection clauses covering claims 'relating to' an agreement are broad in scope."); *Sabal Ltd. LP v. Deutsche Bank AG*, 209 F. Supp. 3d 907, 923 (W.D. Tex. 2016) ("[F]orum-selection clause covering 'any action or proceeding arising out of or relating to this Agreement' . . . is a broadly worded forum selection clause that will encompass a wide variety of claims and remedies."); *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2018 WL

3326841, at *6 (W.D. Tex. Apr. 30, 2018), *report and recommendation adopted sub nom. JFP Servs., LLC v. Torans*, No. SA-17-CA-210-FB, 2018 WL 4343439 (W.D. Tex. July 2, 2018) (citing *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 437 (Tex. 2017) ("[F]orum-selection clause with 'arising out of' language [encompasses] business tort claims brought by shareholders alleging claims of fraud, breach of fiduciary duty, and dilution of their shareholder interests, among other claims.")).

Here, the forum-selection clause covers "any litigation arising out of, under, or in connection with this Agreement." Exhibit B at 12. There is no language in the SA excluding any particular claim or dispute from this provision. Like the cases cited above, this is a broadly worded clause which encompasses the claims asserted in the Complaint. Indeed, all of Plaintiff's claims relate to Plaintiff's GPB investment, which Plaintiff could not have made without Plaintiff's execution of an SA containing the forum-selection clause. See Exhibit A at ii ("In order to invest in the Company, investors will be required to execute a subscription agreement.").   In other words, neither Plaintiff's GPB investment nor Plaintiff's GPB claims would exist without the SA. Accordingly, the forum-selection clause applies to this action.

### 4.    The Broker-Dealer Defendants Are Entitled to Enforce the Forum-Selection Clause.

"Courts have ruled that 'a range of transaction participants, parties and nonparties, should benefit from and be subject to forum selection clauses.'" *JetPay Merch. Servs., LLC v. Merrick Bank Corp.*, No. 3:13-CV-3101-L-BN, 2014 WL 798373, at *5 (N.D. Tex. Feb. 28, 2014). "Whether a party is a signatory to the contract containing an arbitration or venue provision is not dispositive." *Dickey's Barbecue Restaurants, Inc. v. Campbell Investments, LLC*, No. 4:18-CV-491-ALM-KPJ, 2019 WL 2301367, at *5 (E.D. Tex. Feb.

11, 2019), *report and recommendation adopted*, No. 418CV00491ALMKPJ, 2019 WL 1219118 (E.D. Tex. Mar. 15, 2019). Absent a provision expressly limiting the application of a forum-selection clause to the contracting parties or expressly excluding enforcement by nonparties, such a clause may, in certain circumstances, be enforced by others. *Fiesta Mart, LLC v. Acon Investments, LLC*, No. CV H-18-4704, 2019 WL 3080824, at *3 (S.D. Tex. June 11, 2019).

"Enforcement of a [forum-selection] clause is permitted if the relationship between a nonsignatory and a signatory to the contract is close enough that the nonsignatory's enforcement of the forum-selection clause would be foreseeable to the opposing party." *JFP Servs., L.L.C.*, *supra*, 2018 WL 3326841 at *8 (citation and internal quotation marks omitted). "The rationale supporting enforcement in such circumstances is that signatories have already assented to a forum selection clause and thus have agreed to litigate disputes relating to the contract in the chosen forum such that enforcing the provision comports with the legitimate expectations of the parties, as manifested in their freely negotiated agreement." *Id. See also Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at *9 (E.D. Tex. Apr. 25, 2018), *motion to certify appeal denied sub nom. Huawei Techs. Co. v. Huang*, No. 4:17-CV-00893, 2018 WL 2463800 (E.D. Tex. June 1, 2018) (adopting holding that "a nonsignatory may be bound to a forum-selection clause if the nonsignatory or alleged conduct is closely related to the contractual relationship.").

"A nonparty can be 'closely related' to the signatory or the alleged conduct can be 'closely related' to the contractual relationship." *Id.* (citations omitted). A forum-selection clause is enforceable by a non-party where the plaintiff alleges "substantially

interdependent and concerted misconduct" by both the signatory (i.e., GPB) and nonsignatory defendants and where the defendants' alleged conduct "arises directly out of the relationship created by" the contract. *Idearc Media Corp. v. Encore Mktg. Grp., Inc.*, No. CIV.A.3:08CV223-M, 2009 WL 129379, at *4 (N.D. Tex. Jan. 20, 2009). *See also Vartec Telecom, Inc. v. BCE Inc.*, No. 3:02-CV-2585-M, 2003 WL 22364302, at *2 (N.D. Tex. Oct. 9, 2003) ("[T]o allow a party to 'have it both ways' by asserting claims intertwined with the agreement but denying the forum selection clause's applicability would 'fly in the face of fairness.'") (citations omitted).

In this case, the Broker Defendants are not parties to the SA. Nonetheless, the Broker Defendants were required to sign each SA certifying that "it has procured this subscription and that it is familiar with the Subscriber named above and it has determined that the Subscriber meets the requirements set forth under the caption 'Qualification of Investors' in the Private Placement Memorandum." Exhibit B at 6. The Broker Defendants were further required to confirm that the brokerage firm's agent was licensed to sell securities in the state where the investor resides. *Id.* at 6.

Further, since investors could only purchase their GPB investments through a securities broker-dealer[7] (*see* Exhibit A at 3 (noting that investments would be sold though "broker dealers who are members of the Financial Industry Regulatory Authority, Inc.")) and were likewise required to execute an SA (*id.* at ii ("In order to invest in the Company, investors will be required to execute a subscription agreement.")), the Broker Defendants were necessary participants in the transactions upon which all of the claims are based.

---

[7] Per the PPM, investors could also purchase through "investment advisers without compensation" (Exhibit A at 3), however the Complaint defines the "Broker Defendants" as "broker-dealers" not investment advisers (Complaint at ¶23). The Moving Defendants here are all FINRA registered broker-dealers.

Simply put, but for the Broker Defendants' involvement, none of the GPB investments at issue would exist and GPB investors would have no basis for any claim.

Moreover, the allegations in the Complaint assert "substantially interdependent and concerted misconduct" (*Idearc Media Corp., supra*) by the Broker Defendants with GPB and the issuers of GPB securities which *were* signatories to the SAs (enumerated in Exhibit B at 6). As the Plaintiff himself states:

> [T]he Broker Defendants . . . directly, materially and substantially aided GPB Capital, the Individual Defendants, and the GPB Funds with reckless disregard for the falsity of the statements made by them in connection with such sales. The Broker Defendants distributed communications to investors, including the PPMs, that contained material misstatements and omitted material facts. Each of the Broker Defendants substantially assisted the GPB Funds and the GPB Defendants in their efforts to offer limited partnership interests in the Funds by ensuring that these interests were widely offered to a large number of investors in the United States. This provided the GPB Funds and GPB Capital with the capital to continue paying themselves exorbitant fees, to continue operations, and to continue making distributions to prior investors in the various GPB Funds, which were operated as a Ponzi scheme.
>
> In addition, each of the Broker Defendants directly and substantially aided the GPB Funds and the GPB Defendants by participating in the illegal unregistered securities offerings being affected by GPB, which they knew or should have known were required to be registered. The Broker Defendants knew or should have known that the GPB Offerings did not qualify for an exemption under SEC Regulation D or SEC Rule 506. Each of the Broker Defendants knew from their role in the Offerings and from the size of the Offerings that GPB was required to register under the Exchange Act certain of its classes of shares. The Broker Defendants also knew, or should have known, the size of the Offerings from GPB 's Form D filings with the SEC, which described for each Offering the brokers involved in the sales, the amount of investment raised, and the number of investors.

Complaint at ¶¶82-83.

Accordingly, the forum-selection clause in the SA is enforceable by the Moving Defendants.

## III.    CONCLUSION

Plaintiff and all other GPB investors agreed that any litigation relating to their GPB investments would be heard in New York state courts located in New York County. Plaintiff should not be permitted to thwart his clear contractual obligation. Moreover, the venue provision is enforceable by the Moving Defendants as necessary and integral parties to the underlying transactions from which all of the claims emanate. GPB investors could not have made the investments at issue without executing an SA containing the forum-selection clause. Moreover, GPB investors could not have executed and submitted the SA without the assistance of a FINRA broker-dealer such as the Moving Defendants (or, in Plaintiff's case, an investment advisor).

For the reasons set forth herein, the Moving Defendants respectfully request that the Complaint be dismissed in its entirety.

Dated: January 31, 2020                                    Respectfully submitted,

| Saretsky Hart Michaels + Gould PC | Markun Zusman Freniere & Compton LLP |
|---|---|
| **/s/ Gary M. Saretsky**<br>Pro hac vice<br>Texas State Bar No. 24071150<br>995 South Eton Street<br>Birmingham, MI 48009<br>248-502-3300<br>248-502-3301 (fax)<br>gsaretsky@saretsky.com | **/s/ Edward S. Zusman**<br>Pro hac vice<br>California State Bar No. 154366<br>465 California Street, Suite 401<br>San Francisco, CA 94104<br>415-438-4515<br>415-434-4505 (fax)<br>ezusman@mzclaw.com |
| **/s/ Janine M. Lucas**<br>Pro hac vice<br>Michigan State Bar No. P66352<br>995 South Eton Street<br>Birmingham, MI 48009 | **/s/Tanya Durkee Urbach**<br>Pro hac vice<br>Oregon State Bar No. 962668<br>1500 SW First Ave., Suite 1020<br>Portland, OR 97201 |

248-502-3300
248-502-3301 (fax)
jlucas@saretsky.com

**/s/ Jonathan M. Sterling**
Pro hac vice
Michigan State Bar No. P69770
995 South Eton Street
Birmingham, MI 48009
248-502-3300
248-502-3301 (fax)
jsterling@saretsky.com

Attorneys for Arkadios Capital, Ausdal
Financial Partners, Inc., Crown Capital
Securities, LP, DFPG Investments, LLC,
Geneos Wealth Management, Inc. and
Orchard Securities, LLC

971-754-4458
503-224-1123 (fax)
turbach@mzclaw.com

**/s/ Kevin K. Eng**
Pro hac vice
California State Bar No. 209036
465 California Street, Suite 401
San Francisco, CA 94104
415-438-4515
415-434-4505 (fax)
keng@mzclaw.com

Attorneys for FSC Securities Corporation,
Royal Alliance Associates, Inc., Sagepoint
Financial, Inc., Western International
Securities, Inc., Woodbury Financial
Services, Inc.

---

Ewell, Brown, Blanke & Knight LLP

**/s/ Gary Ewell**
Texas State Bar No. 06752800
111 Congress Ave.
Suite 2800
Austin, TX 78701
512-770-4030
877-851-6384 (fax)
gewell@ebbklaw.com

Attorneys for Aegis Capital Corp.,
American Capital Partners, LLC, Arkadios
Capital, Ausdal Financial Partners, Inc.,
Crown Capital Securities, LP, David A.
Noyes & Company, DFPG Investments,
LLC, FSC Securities Corporation, Geneos
Wealth Management, Inc., Orchard
Securities, LLC, Royal Alliance Associates,
Inc., Sagepoint Financial, Inc., Western
International Securities, Inc., Woodbury
Financial Services, Inc., Whitehall-Parker
Securities, Inc.

Fox Swibel Levin & Carroll LLP

**/s/ David E. Koropp**
Pro Hac Vice
Illinois State Bar No. 6201442
200 W. Madison Avenue, Suite 3000
Chicago, IL 60606
312-224-1200
312-224-1201 (fax)
dkoropp@foxswibel.com

**/s/ Steven Vanderporten**
Pro hac vice
Illinois State Bar No. 6314184
200 W. Madison Avenue, Suite 3000
Chicago, IL 60606
312-224-1200
312-224-1201 (fax)
svanderporten@foxswibel.com

Attorneys for David A. Noyes & Company

| Seward & Kissel LLP | Winstead PC |
|---|---|
| **/s/ M. William Munno**<br>Pro hac vice<br>New York State Bar No. 1375724<br>One Battery Park Plaza<br>New York, NY 10004<br>212-574-1200<br>212-480-8421 (fax)<br>munno@sewkis.com | **/s/ James G. Ruiz**<br>Texas State Bar No. 17385860<br>401 Congress Ave., Suite 2100<br>Austin, Texas 78701<br>512-370-2818<br>jruiz@winstead.com |
| Bracewell LLP | Marshall, Dennehey, Warner,<br>Coleman & Goggin |
| **/s/ Matthew G. Nielsen**<br>Texas State Bar No. 24032792<br>1445 Ross Avenue, Suite 3800<br>Dallas, TX 75202<br>214-758-1075<br>matthew.nielsen@bracewell.com | **/s/ John P. Quinn**<br>Pro Hac Vice<br>Pennsylvania State Bar No. 85239<br>2000 Market Street, Suite 2300<br>Philadelphia, PA, 19103<br>215-575-2883<br>205-575-0856 (fax)<br>jpquinn@mdwcg.com |
| **/s/ David Barton Springer**<br>Texas State Bar No. 24088775<br>111 Congress Avenue<br>Suite 2300<br>Austin, TX 78701<br>512-494-3617<br>800-404-3970 (fax)<br>david.springer@bracewell.com | **/s/ Samuel E. Cohen**<br>Pro Hac Vice<br>Pennsylvania State Bar No. 78996<br>2000 Market Street, Suite 2300<br>Philadelphia, PA, 19103<br>215-575-2883<br>205-575-0856 (fax)<br>secohen@mdwcg.com |
| Attorneys for Dinosaur Financial Group,<br>LLC | **/s/ James A. McGovern**<br>Pro hac vice<br>Pennsylvania State Bar No. 61361<br>Marshall Dennehey Warner Coleman &<br>Goggin PC<br>501 Grant St, Suite 700<br>Pittsburgh, PA 15219<br>412-803-1180<br>412- 803-1188 (fax)<br>jamcgovern@mdwcg.com |
| | Attorneys for Center Street Securities, Inc.,<br>Concorde Investment Services, LLC,<br>Colorado Financial Services Corporation,<br>Uhlmann Price Securities, LLC, Triad<br>Advisors, LLC, IBN Financial Services, |

| | LLC, Lewis Financial Group n/k/a DAI Securities, LLC and Vestech Securities, Inc. |
|---|---|
| Law Offices of Abe Lampart, P.C.<br><br>**/s/ Abe Lampart**<br>Pro hac vice<br>California Bar No. 92406<br>456 Montgomery Street, Suite 1300<br>San Francisco, CA 94104<br>415-274-0999<br>415-274-2563 (fax)<br>abe@lampartlaw.com<br><br>Attorneys for Whitehall-Parker Securities, Inc. | Akerman LLP<br><br>**/s/ C. Bryce Benson**<br>Texas State Bar Number: 24031736<br>2001 Ross Avenue, Suite 3600<br>Dallas, Texas 75201<br>214-720-4300<br>214-981-9339 (fax)<br>bryce.benson@akerman.com<br><br>Attorneys for Sentinus Securities LLC n/k/a Sentinus Halo Securities, LLC and Money Concepts Capital Corporation |
| Winstead PC<br><br>**/s/ James G. Ruiz**<br>Texas State Bar No. 17385860<br>401 Congress Ave., Suite 2100<br>Austin, Texas 78701<br>512-370-2818<br>jruiz@winstead.com<br><br>Kaufman Dolowich & Voluck LLP<br><br>**/s/ Nancy L. Hendrickson**<br>Pro hac vice pending<br>Illinois State Bar No. 6207710<br>135 S. LaSalle Street, Suite 2100<br>Chicago, IL 60603<br>312- 863-3662<br>312-759-0402 (fax)<br>nhendrickson@kdvlaw.com<br><br>Attorneys for Arete Wealth Management LLC | Kelly Hart & Hallman LLP<br><br>**/s/ J. Stephen Ravel**<br>Texas State Bar No. 16584975<br>303 Colorado Street, Suite 2000<br>Austin, TX 78701<br>512-495-6429<br>512-495-6464 (fax)<br>steve.ravel@khh.com<br><br>**/s/ Sven Stricker**<br>Texas State Bar No. 24110418<br>303 Colorado Street, Suite 2000<br>Austin, TX 78701<br>512-495-6429<br>512-495-6464 (fax)<br>sven.stricker@khh.com<br><br>Kaufman Dolowich & Voluck LLP<br><br>**/s/ Nancy L. Hendrickson**<br>Pro hac vice pending<br>Illinois State Bar No. 6207710<br>135 S. LaSalle Street, Suite 2100<br>Chicago, IL 60603<br>312- 863-3662<br>312-759-0402 (fax)<br>nhendrickson@kdvlaw.com |

| | Attorneys for Great Point Capital LLC, Newbridge Securities Corporation, and WestPark Capital Inc. |
|---|---|
| Schiff Hardin LLP<br><br>**/s/ Kayvan B. Sadeghi**<br>Pro hac vice<br>New York State Bar No. 4250163<br>1185 Avenue of the Americas<br>Suite 3000<br>New York, NY 10036<br>212-745-0855<br>212-753-5044 (fax)<br>ksadeghi@schiffhardin.com<br><br>Attorneys for Dawson James Securities, Inc. | Lewis S. Fischbein, P.C.<br><br>**/s/ Lewis S. Fischbein**<br>Pro hac vice<br>New York State Bar No. 1474691<br>2727 Henry Hudson Parkway, Suite 609<br>Riverdale, New York 10463<br>(914) 772-7491<br>lfischbein@wsmblaw.com<br><br>Attorneys for Purshe Kaplan Sterling Investments, Inc. and Cabot Lodge Securities LLC |
| Norton Rose Fulbright US LLP<br><br>**/s/ Peter Andrew Stokes**<br>Texas State Bar No. 24028017<br>98 San Jacinto Blvd, Suite 1100<br>Austin, TX 78701<br>512-474-5201<br>512-536-4598 (fax)<br>peter.stokes@nortonrosefulbright.com<br><br>Attorneys for International Assets Advisory, LLC, Madison Avenue Securities, LLC, Vanderbilt Securities, Calton & Associates, Inc., Kalos Capital, Inc., Coastal Equities, Inc., McDonald Partners LLC and Lucia Securities LLC | |

## CERTIFICATE OF SERVICE

I certify that on January 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using the Case Management/Electronic Case Files (CM/ECF) system which will send notification of this filing to all counsel of record.

Dated: January 31, 2020                    Saretsky Hart Michaels & Gould PC

                                By:    Gary M. Saretsky
                                       Pro hac vice
                                       Texas State Bar No. 24071150
                                       995 South Eton Street
                                       Birmingham, MI 48009
                                       248-502-3300
                                       248-502-3301 (fax)
                                       gsaretsky@saretsky.com