**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, GRACEMARIE BOLAND, DEAN CROOKS, CORRI RENE EDEN, JEFFERY S. GRAMM INDIVIDUAL RETIREMENT ACCOUNT, STACY GREASOR INDIVIDUAL RETIREMENT ACCOUNT, CATHERINE KOMINOS, KAREN LOCH, ROBERT A. STONE LIVING TRUST, SHIRLEY STONE LIVING TRUST, AND VICTOR WADE INVIDIUAL RETIREMENT ACCOUNT, individually and on behalf of all others similarly situated, | ) | Case No. 1:19-cv-01050-LY |
| Plaintiffs, | ) | |
| v. | ) | |
| ASCENDANT CAPITAL, LLC, et al. | ) | |
| Defendants. | ) | |

**<u>DEFENDANT DAVID GENTILE'S</u>**
**<u>MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

Defendant David Gentile ("Gentile") respectfully submits this Motion to Dismiss the First Amended Class Action Complaint [ECF No. 440] (the "Amended Complaint") filed by Plaintiffs Kinnie Ma Individual Retirement Account, et al., individually and on behalf of all others similarly situated ("Plaintiffs").

## PRELIMINARY STATEMENT

The Court should dismiss all claims against Mr. Gentile (i) under the *forum non conveniens* doctrine because they are subject to a forum selection clause mandating that they be brought in New York state court;[1] and (ii) because they fail to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Mr. Gentile joins the motion to dismiss filed July 30, 2020 by defendants GPB Capital Holdings, LLC, GPB Automotive Portfolio, LP, GBP Cold Storage, LP, GBP Holdings II, LP, GPB Holdings, LP, GPB Holdings III, LP, GBP Holdings Qualified LP, GPB NYC Development, LP, and GPB Waste Management Fund LP (collectively, the "GPB Defendants") [ECF No. 547] with respect to all counts also asserted against Mr. Gentile (including Counts II, III, V, VI, VII, and X), including the request in the alternative for a stay, and incorporates those arguments by reference here.[2] As set forth below, those arguments apply with equal force to Mr. Gentile. Accordingly, all counts against Mr. Gentile should be dismissed.

[1] Mr. Gentile previously moved to dismiss the original Complaint on *forum non conveniens* and related choice of law grounds (among others) on March 6, 2020 [ECF No. 416]. On May 8, 2020, Plaintiff filed an Opposition to the Motions to Dismiss. limited to the *forum non conveniens* and choice of law grounds [ECF No. 439], and simultaneously filed the Amended Complaint [ECF No. 440]. On May 22, 2020, Mr. Gentile filed a Reply to Plaintiff's Opposition (which, again, was limited to *forum non conveniens* and choice of law grounds) [ECF No. 489]. Mr. Gentile believes that the *forum non conveniens* issue has therefore now been fully briefed. In an abundance of caution, however, Mr. Gentile incorporates those arguments here.

[2] *See* the GPB July 30, 2020 Motion to Dismiss [ECF No. 547] at 7–22. For the sake of economy, Mr. Gentile also incorporates and adopts by reference the "Preliminary Statement" and background sections of the GPB July 30, 2020 Motion to Dismiss [ECF No. 547]. *See id.* at 1–7.

## ARGUMENT

### I. THE CLAIMS AGAINST MR. GENTILE SHOULD BE DISMISSED UNDER THE *FORUM NON CONVENIENS* DOCTRINE BECAUSE THEY ARE SUBJECT TO A FORUM SELECTION CLAUSE MANDATING THAT THEY BE BROUGHT IN NEW YORK STATE COURT

For the reasons stated in the GPB Motions to Dismiss [ECF Nos. 317, 547], the GPB Reply in Support of its Motion to Dismiss [ECF No. 484], and Mr. Gentile's original Motion to Dismiss [ECF No. 416] and Reply [ECF No. 489], all claims against Mr. Gentile should be dismissed under the *forum non-conveniens* doctrine. As detailed in those motions, which are fully briefed and remain pending, the subscription agreements Plaintiffs executed in purchasing their limited partnership interests (the "Subscription Agreements") contain a forum selection provision. That provision, which encompasses claims against Mr. Gentile, requires "any litigation arising out of, under, or in connection with this Agreement" to be brought in New York state court (*see* GPB January 31, 2020 Mot. to Dismiss at 5, 7–10, ECF No. 317; GPB July 30, 2020 Mot. to Dismiss at 6, ECF No. 547).

Based on Plaintiffs' allegations, Mr. Gentile is entitled to enforce the provisions contained in the Subscription Agreements, including the forum selection clause, notwithstanding that he is not a signatory. A nonsignatory to a contract containing a forum selection clause "may enforce the clause if the nonsignatory is 'closely related' to a signatory or the alleged conduct is closely related to the contractual relationship." *Alt. Delivery Sols. v R.R. Donnelley & Sons Co.*, Case No. SA-05-CA-0172-XR, 2005 U.S. Dist. LEXIS 15949, at *47–48 (W.D. Tex. July 8, 2005). Here, Plaintiffs' own allegations establish the kind of close relationship that permits a third-party such as Mr. Gentile to enforce a forum selection clause. Plaintiffs alleged, among other things, that Mr. Gentile was a founder, principal, manager and Chief Executive Officer of GPB Capital [Am. Compl. at ¶¶ 4, 9, 18, 34, 106, ECF No. 440], a controller and operator of GPB and the GPB Funds

[Am. Compl. at ¶¶ 13, 23, ECF No. 440], and involved in the management of GPB Holdings II, LP [Am. Compl. at ¶ 54, ECF No. 440] both prior to and after the signing of the subscription agreements. Plaintiffs' own allegations, if assumed to be true, would establish exactly the kind of close relationship that permits a third-party such as Mr. Gentile to enforce a forum selection clause. See, e.g., *Alt. Delivery Sols.*, 2005 U.S. Dist. LEXIS 15949, at *47-51.

The Amended Complaint does nothing to cure the forum issues previously raised, as Plaintiffs' claims arise out of these Subscription Agreements. Therefore, the Amended Complaint should likewise be dismissed under the doctrine of *forum non conveniens*.

## II. THE CLAIMS AGAINST MR. GENTILE SHOULD BE DISMISED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) AND RULE 9(B)

In the alternative, if the Court were to reach the merits, all claims against Mr. Gentile should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to plead with the requisite particularity under Rule 9(b). Plaintiffs' Amended Complaint added no new allegations against Mr. Gentile that would alter the grounds for dismissal argued in Mr. Gentile's original Motion to Dismiss [ECF No. 416]. As argued in that motion, and as addressed again below, all claims against Mr. Gentile warrant dismissal.

### A. All Claims Under the Texas Securities Act Claims Should Be Dismissed Under the Choice of Law Provision.

As detailed in the GPB Motion to Dismiss, the Subscription Agreements contain a choice of law provision providing that these agreements will "be enforced, governed and construed in all aspects in accordance with the laws of the State of New York, without regard to that state's conflicts of law provisions" (*see* GPB July 30, 2020 Mot. to Dismiss at 7-11, ECF No. 547). The choice of law provision applies to all claims against Mr. Gentile and is likewise enforceable by Mr. Gentile for the reasons stated above. Accordingly, the Court should dismiss all claims under

the Texas Securities Act (including Counts II, III, VI and VI against Mr. Gentile) (GPB July 30, 2020 Mot. to Dismiss at 11-21, ECF No. 547).

**B. Plaintiffs' Fraud Claims Should Be Dismissed for Failure to Plead Fraud with Particularity.**

Under Rule 9(b) of the Federal Rules of Civil Procedure, claims for fraud must be pled with particularity. *Fed. R. Civ. Pr. 9(b)*; *see, e.g.*, *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002) ("This Court interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.") (citations omitted); *Ocoro v. Montelongo,* Case No. 5:16-cv-01278 (RCL), 2018 WL 3040582, at *3 (W.D. Tex. June 19, 2018) ("In the Fifth Circuit, a claim subject to Rule 9(b) must state the 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'") (citing *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). As demonstrated in the GPB Motion to Dismiss (*see* GPB July 30, 2020 Mot. to Dismiss at 12–14, ECF No. 547), the Amended Complaint is devoid of the requisite particulars needed to sustain a fraud claim. It is equally lacking as to Mr. Gentile, as the Amended Complaint—which added no new substantive allegations as to Mr. Gentile—fails to specify what fraudulent statements allegedly made by Mr. Gentile induced Plaintiff into investing in the limited partnership. At best, the Amended Complaint repeats the conclusion that Plaintiff generally relied upon several PPMs and other offering materials, vaguely described as being the product of a group of individuals and corporate Defendants. *See* Am. Compl. at ¶ 264, ECF No. 440. Such generalities are insufficient. *Ocoro*, 2018 WL 3040582, at *3 (stating that "general allegations, which do not state with particularity what representations each defendant made are insufficient when Rule 9(b) particularity is warranted") (internal quotations omitted and

citing to *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986)).

Further, as demonstrated in the GPB Motion to Dismiss, most of the alleged "misrepresentations" are not actionable statements in any case. Rather, they primarily consist of nothing more than inactionable puffery, opinions and future promises. *See* GPB July 30, 2020 Mot. to Dismiss at 14-15, ECF No. 574. It is well-established that mere puffery, opinions of value or future expectations are not actionable. *See Elghanian v. Harvey*, 249 A.D.2d 206,206 (N.Y. App. Div. 1998). Yet, "mere puffery," "opinions," and promises of "future expectations" are the crux of Plaintiffs' claims here and cannot substantiate Plaintiffs' claims. *Id*.

Moreover, Rule 9(b) also requires that Plaintiff plead with particularity the "circumstances of their reliance." *See In re BP P.L.C. Securities Litigation*, Civ. Act. No. 4:12–cv–1256, 2013 WL 6383968, at *39 (S.D. Tex. Dec. 5, 2013) (internal quotations omitted). *See also Sanchez v. Liggett & Myers, Inc*., 187 F.3d 486, 491 (5th Cir. 1999) (dismissing a complaint for containing "no particularized allegation that a certain misrepresentation was relied upon" by the plaintiff). Again, Plaintiffs' Complaint simply concludes that they generally relied upon numerous alleged misstatements issued by Defendants but fails to describe which of those statements induced the named Plaintiff or other potential class members to invest. This falls far short of the Rule 9(b) requirements, and mandates dismissal of the fraud claims as to Mr. Gentile (including Count VII).

**D. The Breach of Fiduciary Duty Claim Should Be Dismissed**

Plaintiffs' breach of fiduciary duty claim against Mr. Gentile (Count X) should be dismissed for multiple reasons.

<u>First</u>, Plaintiffs fail to allege that Mr. Gentile actually owes Plaintiffs a fiduciary duty or that he breached any such duty.

Under Delaware law, it is well established that in order for a person affiliated with a general

partner to owe any fiduciary duties to the partnership (*i.e.*, the Funds), the person must exert control over the assets of the partnership. *Bay Ctr. Apartments Owner, LLC v. Emery Bay PKI, LLC*, C.A. No. 3658 (VCS), 2009 WL 1124451, at *9 (Del. Ch. Apr. 20, 2009) ("[T]o have any fiduciary duties to an entity, the affiliate must exert control over the assets of that entity."). Moreover, the resulting duty from such control is not the "full range of traditional fiduciary duties" but rather is limited to "the duty not to use control over the partnership's property to advantage the corporate director at the expense of the partnership." *Id.* at *10 (quoting *In re USACafes, L.P. Litigation*, 600 A.2d 43, 49 (Del. Ch. 1991)). Further, where, as here, fiduciary duty claims arise from claims of fraud, they must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). *Hack v. Wright*, 396 F. Supp. 3d 720, 749 (S.D. Tex. 2019) (finding that allegations of a conclusory fashion were insufficient to support a breach of fiduciary duty claim under the requirements of 9(b)).

Here, Plaintiffs provide only conclusory allegations to support their fiduciary duty claims against Mr. Gentile. The Amended Complaint does little more than plead in conclusory fashion that "the entire GPB business was operated and controlled by Mr. Gentile, Schneider, and Ascendant Capital," ECF No. 440 at 23, and Plaintiffs have alleged no specific facts showing how Mr. Gentile used the partnership's assets to his own advantage at the expense of the partnership. Plaintiffs' barebones allegations are inadequate. By failing to plead these elements with the required specificity of Rule 9(b), Plaintiffs' claim for fiduciary duty must be dismissed.

<u>Second</u>, to the extent Plaintiffs' breach of fiduciary duty claim is based on the alleged non-disclosure of GPB Capital and Mr. Gentile's alleged "serious . . . conflicts of interest," the claim fails for the independent reason that no fiduciary relationship could have existed at the time of the alleged breach, as Plaintiffs were not yet limited partners (*see* GBP July 30, 2020 Mot. to Dismiss

at 17, ECF No. 574).

Third, to the extent Plaintiffs' breach of fiduciary duty claim is based on an alleged non-disclosure of "material financial improprieties," the claim is a derivative claim and fails because Plaintiffs have failed to comply with Del. Ch. Ct. R. 23.1 (*see* GPB July 30, 2020 Mot. to Dismiss. at 17-19, ECF No. 574).

Fourth, the breach of fiduciary duty claim against Mr. Gentile fails as Plaintiffs have not alleged any facts establishing Mr. Gentile's actions fall outside applicable exculpation provisions. The relevant partnership agreements contain an exculpation provision limiting the liability of GPB and its affiliates. Under the exculpation provision, as relevant here, affiliates of GPB (such as Mr. Gentile) may only be held liable to the partnership or any limited partner (such as Plaintiffs) where they acted in bad faith or their conduct constituted gross negligence, fraud or willful or wonton misconduct. *See LPA* at Section 3.8(a), GPB July 30, 2020 Mot. to Dismiss at 19-20, ECF No. 574. When liability is limited to acts taken in bad faith, a plaintiff "must plead with particularity that the [fiduciary] acted with *scienter*, meaning they had actual or constructive knowledge that their conduct was legally improper." *McElrath v. Kalanick*, No. 181 (CJS), 2019, 2020 WL 131371, at *5 (Del. Jan. 13, 2020) ("[Fiduciaries] are liable for 'subjective bad faith' when their conduct is motivated 'by an actual intent to do harm,' or when there is an 'intentional dereliction of duty, a conscious disregard for one's responsibilities.'"); *citing In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 64-6 (Del. 2006). "Pleading bad faith is a difficult task and requires 'that a [fiduciary] acted inconsistent with his fiduciary duties and, most importantly, that the [fiduciary] *knew* he was so acting.'" *McElrath*, 2020 WL 131371, at *5. Here, Plaintiffs make no allegations

sufficient to establish bad faith on the part of Mr. Gentile.[3]

Thus, Count X should also be dismissed.

## III. ALTERNATIVELY, THE COURT SHOULD GRANT A STAY

For the reasons stated in the GPB Motion to Dismiss filed today, in the alternative, the Court should stay these proceedings (*see* GPB July 30, 2020 Mot. to Dismiss at 21-22, ECF No. 574).

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed against David Gentile in its entirety.

Dated: July 30, 2020
Dallas, Texas

GILBERT PC

By: /s/ Chris L. Gilbert
Chris L. Gilbert
TX Bar No. 24054302
GILBERT PC
100 Crescent Court, Suite 700
Dallas, TX 75201
Telephone: (214) 613-1112
Facsimile: (682) 593-5525
chris.gilbert@gilbertpclaw.com

*Attorneys for Defendant David Gentile*

OF COUNSEL

[3] The provision also does not cover conduct constituting "gross negligence, fraud, or willful and wanton misconduct." For reasons stated above in Section II.B, Plaintiffs have not adequately alleged fraud. Nor have they alleged gross negligence, willful or wanton misconduct.

Leif T. Simonson
State Bar No. 4173316 (New York)
William F. McGovern
State Bar No. 2611580 (New York)
(*pro hac vice* pending)
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
leif.simonson@kobrekim.com
william.mcgovern@kobrekim.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 30, 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have registered for electronic filing, and I hereby certify that the foregoing document was mailed by first class mail to non-CM/ECF participants.

/s/ Chris L. Gilbert
Chris L. Gilbert