IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, ET AL., §<br>Plaintiffs, §<br>§<br>v. §<br>GPB CAPITAL HOLDINGS, §<br>LLC, et al. §<br>Defendants. § | CIVIL ACTION NO. 1:19-CV-1050 |

**DEFENDANT WITHUMSMITH+BROWN'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION, AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant WithumSmith+Brown, PC (Withum), moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing Plaintiffs' Second Amended Class Action Complaint ("SAC") against it on the grounds that this Court cannot assert personal jurisdiction over Withum as a matter of law, and would respectfully show the Court as follows.

## I.   INTRODUCTION

Withum is one of the "Auditor Defendants"[1] in this case. Withum is an accounting firm organized and existing as a professional corporation under the laws of New Jersey. Withum maintains its principal place of business and headquarters in Princeton, New Jersey. Withum does not have an office in Texas.

Withum's sole involvement in connection with Plaintiffs' factual allegations in this case is that it audited the financial statements of: (1) GPB Cold Storage, LP ("Cold Storage") for the fiscal

---

[1] Plaintiffs define the Auditor Defendants as RSM US LLP ("RSM"), Crowe Horwath LLP ("Crowe"), CohnReznick LLP ("CohnReznick"), EisnerAmper LLP ("EisnerAmper"), Margolin Winer & Evens LLP ("Margolin"), and WithumSmith+Brown, PC. SAC ¶ 1.

years 2015, 2016, 2017, and 2018;[2] (2) GPB Holdings III, LP ("Holdings") for the fiscal year 2019; (3) GPB NYC Development, LP ("Development") for the fiscal year 2018;[3] and GPB Waste Management, LP (now known as Armada Waste Management LP)("Waste Management") for unspecified fiscal years.[4] SAC ¶ 123. Notably, however, all of Withum's work on these audits occurred in either New York or New Jersey, not in Texas.

Withum accordingly lacks the constitutionally mandated minimum contacts with Texas sufficient to permit this Court to exercise either general or specific personal jurisdiction over it.

## II.  MOTION TO DISMISS

Plaintiff has not pled sufficient jurisdictional facts to establish personal jurisdiction over Withum, a non-resident of Texas. Further, based on Plaintiffs' allegations and the undisputed facts, no legally cognizable grounds exist for this Court to exercise general or specific personal jurisdiction over Withum. Therefore, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and applicable case law, this Court should dismiss Plaintiffs' claims against Withum for lack of personal jurisdiction.[5]

---

[2] Contrary to Plaintiff's allegation, Withum did not audit Cold Storage's financial statements for the fiscal year 2015. *See* Decl. of John Mortenson ¶ 7.

[3] Contrary to Plaintiffs' allegations, Withum was not engaged to audit Development's financial statements for the 2018 fiscal year; Margolin Winer & Evans, LLP was the auditor for Development for the 2018 fiscal year. Withum was engaged to audit the financial statements of Development for the fiscal year 2019, but has not completed that audit and has not issued an audit opinion. *See* Decl. of John Mortenson ¶ 9.

[4] Although engaged, Withum has not completed any audits or issued any audit opinions for Waste Management. *See* Decl. of John Mortenson ¶ 10.

[5] Withum understands that certain other defendants to this case are filing a concurrent motion to dismiss on grounds of *forum non conveniens* and improper venue. Pursuant to the Court's directive that all parties "confer in good faith about the filing of joint motions" (ECF Doc. No. 613), Withum has joined in that motion and refers to it herein rather than restating all common grounds for dismissal. Withum also respectfully asks the Court to decide Withum's motion to dismiss for lack of personal jurisdiction before addressing motions to dismiss on other grounds under Rule 12. *See Dell Marketing, L.P. v. Incompass IT, Inc.*, 771 F. Supp. 2d 648, 654 (W.D. Tex. 2011) ("In keeping with the traditional order prescribed by the Supreme Court, this Court addresses the question of personal jurisdiction before any other Rule 12 motion.").

## III.    FACTUAL BACKGROUND[6]

1. Withum is a Professional Corporation incorporated and existing under the laws of the State of New Jersey. Withum maintains its principal place of business and headquarters in Princeton, New Jersey. Decl. of John Mortenson ¶ 4.

2. Withum has never had an office or place of business in Texas. Moreover, Withum has never owned, leased, or maintained any real estate in Texas. Decl. of John Mortenson ¶ 5.

3. Withum has never had a Texas telephone number or a post office box in Texas. Decl. of John Mortenson ¶ 6.

4. Withum audited the financial statements of Cold Storage for the fiscal years 2016, 2017, and 2018. Contrary to Plaintiffs' allegation, Withum did not audit Cold Storage's financial statements for fiscal year 2015. All services and work performed by Withum in connection with these audits occurred within the States of New York and New Jersey. No employees of Withum traveled to Texas in connection with these audits, nor would there be any reason to do so since Cold Storage's offices were in New York and the facilities in which it held ownership interests were located in New Jersey. No employee of Withum who participated in these audits resided in Texas at the time. All meetings and communications between Withum and Cold Storage relating to the subject audits occurred within the States of New York and New Jersey. All audit engagement letters entered into by and between Withum and Cold Storage relating to the subject audits were negotiated, drafted and executed by Cold Storage and Withum employees in the States of New York and New Jersey. At all times prior to, during the course of, and after

---

[6] The facts applicable to this Motion are based on Plaintiffs' allegations set forth in their Second Amended Class Action Complaint and the Declaration of John Mortenson, attached hereto as Exhibit A.

Withum's engagements with Cold Storage, Withum's only contact with Cold Storage's employees was with Cold Storage's staff located in New York. All field work in connection with these audits occurred within the States of New York and New Jersey. Withum's Independent Auditor's Reports for these audits were drafted in New Jersey and delivered to Cold Storage in New York. Withum did not send any such Independent Audit Reports to anyone in Texas. Withum also did not send any Independent Audit Reports to any Cold Storage investors. All documents and witnesses related to Withum's audits for Cold Storage are located in either New York or New Jersey. Decl. of John Mortenson ¶ 7.

5.  Withum audited the financial statements of Holdings III for the fiscal years 2018 and 2019. All services and work performed by Withum in connection with this audit occurred within the States of New York and New Jersey. No employees of Withum traveled to Texas in connection with this audit, and there would be no reason to do so since Holdings III had not operations in Texas. No employee of Withum who participated in this audit resided in Texas at the time. All communications and meetings between Withum and Holdings III relating to the subject audit occurred within the States of New York and New Jersey. All audit engagement letters entered into by and between Withum and Holdings III relating to the subject audit were negotiated, drafted and executed by Holdings III and Withum employees in the States of New York and New Jersey. At all times prior to, during the course of, and after Withum's engagement with Holdings III, Withum's only contact with Holdings III's employees was with Holdings III staff located in New York. All field work in connection with this audit occurred within the States of New York and New Jersey. Withum's Independent Auditor's Report for this audit was drafted in New Jersey and delivered to Holdings III in New York. Withum did not send any such Independent Audit Report to anyone in Texas. Withum also did not send an Independent Audit

Report to any Holdings III investors. All documents and witnesses related to Withum's audit of Holdings III are located in either New York or New Jersey. Decl. of John Mortenson ¶ 8.

6. Withum was engaged to audit the financial statements of Development for the fiscal year 2019, but has not completed that audit and has not issued an audit opinion. Contrary to Plaintiffs' allegations, Withum was not engaged to audit Development's financial statements for the 2018 fiscal year; Margolin Winer & Evans, LLP was the auditor for Development for the 2018 fiscal year. All services and work performed by Withum in connection with this audit occurred within the States of New York and New Jersey. No employees of Withum traveled to Texas in connection with this engagement. No employee of Withum who participated in this engagement resided in Texas at the time. All communications and meetings between Withum and Development relating to this engagement occurred within the States of New York and New Jersey. All audit engagement letters entered into by and between Withum and Development relating to the subject audit were negotiated, drafted and executed by Development and Withum employees in the States of New York and New Jersey. At all times prior to, and during the course of, Withum's engagement with Development, Withum's only contact with Development employees was with Development's staff located in New York. All field work in connection with this engagement occurred within the States of New York and New Jersey. Withum has not issued an Independent Audit Report to Development in connection with this engagement. All documents and witnesses related to Withum's engagement with Development are located in either New York or New Jersey. Decl. of John Mortenson ¶ 9.

7. Withum was engaged to audit the financial statements of Waste Management (now known as Armada Waste Management, LP) for the fiscal years 2017 (balance sheet only), 2018 and 2019, but has only performed preliminary work, and has not completed those audits or issued

any audit opinions, in connection with those audits. All services and work performed by Withum in connection with those audits occurred within the States of New York and New Jersey. No employees of Withum traveled to Texas in connection with those engagements. No employee of Withum who participated in those engagements resided in Texas at the time. All communications and meetings between Withum and Waste Management relating to those engagements occurred within the States of New York and New Jersey. All audit engagement letters entered into by and between Withum and Waste Management relating to the subject audits were negotiated, drafted and executed by Waste Management and Withum employees in the States of New York and New Jersey. At all times prior to, and during the course of, Withum's engagements with Waste Management, Withum's only contact with Waste Management employees was with Waste Management's staff located in New York. All field work in connection with those engagements occurred within the States of New York and New Jersey. Withum has not issued an Independent Audit Report to Waste Management in connection with those engagements. All documents and witnesses related to Withum's engagement with Waste Management are located in either New York or New Jersey. Decl. of John Mortenson ¶ 10.

## IV.     ARGUMENT AND AUTHORITIES

### A.     The Legal Standard

"A defendant may challenge a court's jurisdiction by moving for dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure." *Suck free Records v. Oar Fin Distribution*, No. 4:12-2337, 2013 WL 12158149 (S.D. Tex. May 7, 2013); *see also* Fed. R. Civ. P. 12(b)(2); *Mullins v. TestAmerica., Inc.,* 564 F.3d 386, 395 (5th Cir. 2009). Once a non-resident defendant has filed a Motion to Dismiss under Rule 12(b)(2), as Withum has done here, the plaintiffs bear the stringent burden to "present sufficient facts" to set forth a "prima facie case supporting jurisdiction" over

that defendant. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *see also Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). "In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal quotation omitted).

In cases where subject matter jurisdiction is based on diversity of citizenship, a district court may exercise personal jurisdiction over a nonresident defendant only if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process guarantees under the United States Constitution. *Clemens*, 615 F.3d at 378.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 105 S. Ct. 2174, 2181 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S. Ct. 154, 160 (1945)). Protecting the nonresident defendant is a fundamental purpose of the minimum contacts test. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559, 564 (1980). "Minimum contacts" means that the defendant has purposefully availed "itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475, 105 S. Ct. at 2183 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239-1240 (1958)).

The "minimum contacts" requirement can be satisfied by either "specific" personal jurisdiction or "general" personal jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001); *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). A court cannot exercise

specific jurisdiction over a non-resident defendant unless:  (1) the foreign defendant has purposely directed its activities at residents of the forum; **and** (2) the cause of action arose from or is connected with such activities.  *Burger King*, 471 U.S. at 472-73, 105 S. Ct. at 2182; *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) ("Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.")(internal quotations omitted).  General jurisdiction, on the other hand, occurs when "a [s]tate exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum...."  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9, 104 S. Ct. 1868, 1872 n.9 (1984).  General jurisdiction is only proper when a nonresident defendant's contacts with the forum state are continuous, systematic, and substantial, even if unrelated to the subject lawsuit.  *Id.* at 416, 104 S. Ct. at 1873.

Whether a court is evaluating general or specific jurisdiction, however, "the touchstone of jurisdictional due process has been 'purposeful availment.'"  *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005).  "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of **conducting activities within the forum State**, thus invoking the benefits and protections of its laws."  *Hanson*, 357 U.S. at 253, 78 S. Ct. at 1239-1240 (emphasis supplied).  The "purposeful availment" requirement guarantees that a nonresident defendant will not be compelled to defend a suit in a jurisdiction based solely on "random," "fortuitous," or "attenuated" contacts or the "unilateral activity of another party or a third person."  *Burger King*, 471 U.S. at 475, 105 S. Ct. at 2183.

### B.      Plaintiffs Have Failed to Plead Sufficient Jurisdictional Facts to Invoke the Texas Long-Arm Statute

"The burden of establishing the district court's personal jurisdiction over [a nonresident defendant] in this case rests on Plaintiff." *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). Plaintiffs here bear the initial burden to establish that Withum is amenable to service of process under the Texas long-arm statute. *Id.* Plaintiffs have failed to meet their pleading burden, however, because their Second Amended Class Action Complaint contains insufficient jurisdictional facts concerning Withum to come under the ambit of the Texas long-arm statute.[7]   Indeed, Plaintiffs do not even cite that statute.

Since Plaintiffs failed to satisfy their burden to plead sufficient facts to invoke the Texas Long-Arm Statute, the Court need go no further to find that it lacks personal jurisdiction over Withum and, therefore, should dismiss Plaintiffs' claims against it.

### C.      Asserting Personal Jurisdiction Would Violate Withum's Right to Due Process of Law

#### 1.      Withum is not Subject to General Jurisdiction in Texas

Plaintiffs have not alleged any facts that would suggest, even if accepted as true, that Texas courts can exercise general jurisdiction over Withum.  General jurisdiction exists only when the defendant's affiliations with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Baubman*, 571 U.S.117, 127 (2014); *see also Lahman v. Nationwide Provider Sols.*, 4:17-CV-00305, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018) (it "is a difficult standard to meet and requires extensive contacts between a defendant and the forum."). A corporation, limited partnership, or limited liability partnership may

---

[7] Tex. Civ. Prac. & Rem. Code §17.042. A nonresident does business in Texas if the nonresident: (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in Texas; (2) commits a tort in whole or in part in Texas; or (3) recruits Texas residents for employment. *Id.*

be considered "at home" where it is incorporated or has its principal place of business in the forum state. *See Daimler*, 571 U.S. at 137 (considering Mercedes-Benz USA, LLC's place of incorporation and principal place of business to determine whether or not general jurisdiction existed)*; Carruth v. Michot*, No. 15-CV-189, 2015 WL 6506550, at *1 (W.D. Tex. Oct. 26, 2015); *see also Stewart v. Marathon Petroleum Co. LP*, 326 F. Supp. 3d 284, 293 (E.D. La. 2018) (limited partnership defendant was "not 'at home' where it was incorporated in Delaware and its principal place of business was in Ohio).

Plaintiffs in this case have failed to allege any legally cognizable basis for general jurisdiction over Withum and, in any event, the undisputed facts establish that Withum is not subject to general jurisdiction in Texas. Withum is a <u>New Jersey</u> corporation with its principal place of business in <u>New Jersey</u>. Moreover, Withum has no employees, offices, real property, or other physical presence in Texas.

Withum's jurisdictionally significant contacts with the State of Texas are *de minimis* at best, far short of the continuous or systematic contacts required to exercise general jurisdiction. When a nonresident defendant's contacts with the forum State are not continuous or systematic, as in this case, the exercise of general jurisdiction over that defendant is improper. *Helicopteros*, 466 U.S. at 411-13, 104 S. Ct. at 1872-1873 (refused to exercise general jurisdiction over a foreign defendant where the defendant's only contacts with the forum state were that it purchased helicopters, negotiated contracts, and trained pilots in the forum state); *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 115, 107 S. Ct. 1026, 1034 (1987) (refused to exercise general jurisdiction over a foreign manufacturer that sold tire valves to another foreign manufacturer who then sold the tires in the United States).

Plaintiffs, accordingly, cannot meet their burden to establish general jurisdiction over Withum as a matter of law.

### 2. The Court Cannot Exercise Specific Jurisdiction Over Withum

Plaintiffs likewise cannot meet their burden of establishing specific jurisdiction in Texas over Withum because it did not engage in suit-related conduct that created **a substantial connection** with Texas. The specific-jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citations omitted). "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant - not the convenience of plaintiffs or third parties." *Id.*, at 1122 (citation omitted). Moreover, a plaintiff must prove that the defendant's contacts with the forum were purposeful and not merely "random, fortuitous, or attenuated." *Id.* at 1123 (citation omitted); *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). The court must "disregard [the plaintiff's] actions" and focus solely on the actions of the defendant. *Patterson v. Dietze*, 764 F.2d 1145, 1146-47 (5th Cir. 1985). For specific jurisdiction to exist, "the defendant's suit-related conduct must create **a substantial connection** with the forum State." *Walden*, 134 S. Ct. at 1121 (emphasis supplied). Moreover, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and brackets in original omitted). "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* (internal quotation marks omitted). The relationship must arise out of contacts that the "defendant himself" creates with the forum state, **and** the court

must look "to the defendant's contacts with the forum State itself, not to the defendant's contacts with persons who reside there." *Walden*, 134 S. Ct. at 1121.

As a matter of course courts dismiss nonresident defendants based on a plaintiffs' conclusory allegations of connections between a defendant and Texas. *See, e.g., Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (noting that petition alleging " 'on information and belief' that [Defendant] knew ...its actions would intentionally cause harm to [Plaintiffs] in Texas" should not be credited because they were conclusory); *Heavy Duty Productions, LLC v. Bandwdth, LLC*, No. 14-CV-974-LY, 2015 WL 2374461, at *5 (W.D. Tex. May 12, 2015) ("The number and extent of communications between Defendants outside of Texas, [and] to [plaintiff] in the state, is also insufficient to show that Defendants were 'aiming' their conduct at Texas."); *Seitz v. Envirotech Sys. Worldwide Inc.*, 513 F. Supp. 2d 855, 863 (S.D. Tex. 2007) (holding that a "conclusory assertion" of a Texas sale "does not present or identify evidence of facts" of direct sales that could give rise to jurisdiction). Additionally, Plaintiffs' allegations that a few other Auditor Defendants, unrelated to Withum, are organized in or reside in Texas are not relevant for determining personal jurisdiction over Withum. *See Head v. Las Vegas Sands, LLC*, 760 Fed. App'x 281, 284 (5th Cir. 2019) (explaining that plaintiffs were required "to submit evidence supporting personal jurisdiction over each defendant without grouping them together."); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (The "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

Plaintiffs in this case allege that Withum is subject to personal jurisdiction in Texas because GPB allegedly used unidentified audit reports prepared by Withum and the other Auditor

Defendants in marketing the offerings, or sent reports to investors, including some plaintiffs in Texas. (SAC, ¶¶ 27, 52, and 203.) Notably, however, Plaintiffs do not allege that <u>Withum</u> (as opposed to GPB) had any communications or contact with any of the Plaintiffs, including the Plaintiffs residing in Texas. Additionally, Plaintiffs do not allege that <u>Withum</u> delivered any audit reports directly to Plaintiffs or to anyone affiliated with GPB in Texas. Indeed, the undisputed facts before the Court establish that Withum did not deliver any audit reports to any Plaintiff to this case. Plaintiffs' allegations set forth in their SAC are totally devoid of any factual allegations that Withum directed any activities to Texas.

The only other purported connections between Withum and Texas alleged by Plaintiffs are insufficient to confer jurisdiction because they are conclusory and unsubstantiated. These allegations include the conclusory and unsubstantiated averments: (1) that Withum purportedly "engaged in regular and continuous business operations related to accounting, consulting, valuation and related services . . . through the State of Texas" (SAC, ¶ 85); (2) that the Auditor Defendants, including Withum, had "offices in Texas [that] conducted all or part of the work related to the claims" (*id.*); and, (3) upon information and belief, that Withum "employees travelled to Texas as part of their audit" (SAC, ¶ 122). *See Seitz*, 513 F. Supp. 2d at 863 (holding that plaintiffs failed to make a *prima facie* showing of specific or general jurisdiction over a defendant in Texas where plaintiff made only conclusory allegations that the defendant sold products in Texas, appointed a sales representative in Texas, and advertised in Texas).

In addition to Plaintiffs' insufficient jurisdictional allegations, the undisputed facts further establish that the Court may not exercise specific jurisdiction over Withum in this case. Withum's sole connection to this case, as alleged by Plaintiffs, is that Withum audited the financial statements of Cold Storage, Holdings III, Development, and Waste Management for certain fiscal

years. All of Withum's work in performing such audits, however, was conducted exclusively in either <u>New Jersey</u> or <u>New York</u>, not in Texas. Additionally, Withum delivered the audit reports for these audits—to the extent reports were issued—to its respective clients in <u>New York</u>, not in Texas.

In sum, no allegations or evidence exists that indicates Withum should have anticipated being haled into a court in Texas as a result of the subject audits. Plaintiffs, therefore, cannot meet their burden to establish specific jurisdiction over Withum as a matter of law.

WHEREFORE, Defendant WithumSmith+Brown, PC requests that the Court grant this Motion in all respects, dismiss all claims alleged against it, and grant it such other and further relief to which it may be entitled.

Respectfully submitted,

*/s/Lee L. Cameron, Jr.*
**Lee L. Cameron, Jr.**
State Bar No. 03675380
Lee.Cameron@wilsonelser.com
**WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER LLP**
901 Main Street, Suite 4800
Dallas, TX 75202-3758
(214) 698-8000 – Telephone
(214) 698-1104 – Facsimile

**ATTORNEYS FOR DEFENDANT
WITHUMSMITH+BROWN, PC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on the 15th day of January, 2021.

*/s/ Lee L. Cameron, Jr.*
**Lee L. Cameron, Jr.**