NO. 1:19-CV-1050-LY

---

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

---

### KINNIE MA IRA et al.,

*Plaintiffs,*

v.

### ASCENDANT CAPITAL LLC et al.,

*Defendants.*

---

## DEFENDANTS' MOTION TO DISMISS
## UNDER RULES 9(b) and 12(b)(1), (2), and (6)

---

K. B. Battaglini
kbattaglini@strongpipkin.com
Texas Bar No. 01918060
STRONG PIPKIN BISSELL & LEDYARD LLP
Two Riverway, Suite 1020
Houston, Texas 77056
713.210.4371
713.651.1920 fax

ATTORNEYS FOR MOVING DEFENDANTS ASCENDANT CAPITAL LLC, ASCENDANT ALTERNATIVE STRATEGIES LLC, DJ PARTNERS LLC, MR RANGER LLC, JEFFRY SCHNEIDER AND MARK D. MARTINO

## TABLE OF CONTENTS

Pertinent Jurisdictional Facts .................................................................................................2

I.    This case should be dismissed for lack of subject matter jurisdiction ....................3
      No federal question jurisdiction ..........................................................................3
      No diversity jurisdiction ......................................................................................4
      No standing. .........................................................................................................6

II.   This case should be dismissed for lack of personal jurisdiction.............................7
      No personal jurisdiction over Defendant DJ Partners LLC ..................................9
      No personal jurisdiction over Defendant MR Ranger LLC ..................................9

III.  This case should be dismissed for failure to plead fraud with particularity and for
      failure to state a claim upon which relief can be granted .......................................10
      Fraud Allegations. ...............................................................................................12
      Impermissible Group Pleading ............................................................................13
      Aiding and abetting allegations ...........................................................................14
      No privity of sale..................................................................................................16
      Control Person Liability allegations ...................................................................17
      TUFTA allegations ..............................................................................................17
      Fiduciary Duty allegations ..................................................................................19

Prayer .......................................................................................................................................19

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................10, 11

*Barnes v. SWS Financial Services Inc.*, 97 S.W.3d 759, 763 (Tex. App.—Dallas 2003, no pet.) ............................................................................................................................17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ...........................................10, 11

*Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) ..........................................................8

*Christopher v. DePuy Orthopaedics Inc.,* 888 F.3d 753, 781-82 (5th Cir. 2018) .............19

*Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) ....................................................7

*Cyrak v. Lemon*, 919 F.2d 320 (5th Cir. 1990) ..................................................................12

*Days Inn Worldwide Inc. v. Sonia Investments*, 2007 U.S. Dist. LEXIS 29689 at *9 (N.D. Tex. Apr. 23, 2007) ........................................................................................................15

*Energytec Inc. v. Proctor*, 516 F. Supp. 2d 660, 676 (N.D. Tex. 2007)............................16

*Gunn v. Minton*, 568 U.S. 251, 258 (2013)..........................................................................3

*Helicopters Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) .............8

*In re URCARCO Sec. Lit.*, 148 F.R.D. 561, 566 (N.D. Tex. 1993) ...................................12

*Janvey v. Golf Channel Inc.*, 792 F.3d 539, 543 (5th Cir. 2015)........................................18

*Jones v. Petty-Ray Geophysical Geosource Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992) ............................................................................................................................................8

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 .....................................................3

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) ..............................................6

*Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994).................................................................12

*Midwestern Cattle Mktg. LLC v. Legend Bank N.A.,* 800 Fed. Appx. 239, 250 (5th Cir. 2020)......................................................................................................................................19

*Newby v. Enron Corp.,* 490 F. Supp. 2d 784, 790 (S.D. Tex. 2007) ................................14

*Newby v. Enron Corp.*, 540 F. Supp. 2d 800, 819 (S.D. Tex. 2007) ...............................12

*Official Stanford Investors Comm. v. Greenberg Traurig LLP*, No. 3:12-CV-4641-N,
      2015 WL 13741905, at *6 (N.D. Tex. Feb. 4, 2015) .....................................................12

*Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015) ......................................................14

*Ramming v. U.S.*, 281 F.3d 158, 161 ................................................................................3

*Renate Nixdorf GmbH & Co. KG v. TRA Midland Properties LLC*, 2019 Tex. App.
      LEXIS 26 at *14 .............................................................................................................15

*Sterling Trust Co. v. Adderley*, 168 S.W.3d 835, 842 (Tex. 2005)............................15, 17

*Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)...............12

*Vodicka v. Barlin*, 159 F.Supp. 3d 752, 760 (W.D. Tex. 2016) ........................................17

*Williams v. WMX Technologies Inc.*, 112 F.3d 175, 178 (5th Cir. 1997), *cert. denied*, 522
      U.S. 966 (1997) ........................................................................................................12, 13

**Statutes**

28 U.S.C. §1332(d)(2)..........................................................................................................4

28 U.S.C. §1332(d)(2)(A).....................................................................................................4

28 U.S.C. §1332(d)(5)(B) .....................................................................................................4

Tex. Rev. Civ. Stat. §581-33(F)(1) ...................................................................................17

Tex. Rev. Civ. Stat. 581-33A(1) cmt. ("§ 33A(1) [like § 33A(2)] ...............................16

Tex. Bus. & Com. Code §24.008 .....................................................................................18

Tex. Bus. & Com. Code §24.005(a)(1) ............................................................................18

**Rules**

FED R. CIV. P. 9(b) ..........................................................................1, 5, 12, 13, 20

FED R. CIV. P. 12(b)(2) ...................................................................1, 8, 20

FED R. CIV. P. 12(b)(3) .........................................................................1

FED R. CIV. P. 12(b)(1) ...................................................................1, 3, 4, 20

FED. R. CIV. P. 12(b)(6).......................................................................... passim

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **KINNIE MA IRA et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **NO. 1:19-CV-1050-LY** |
| | § | |
| **ASCENDANT CAPITAL LLC et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTION TO DISMISS[1]

Defendants Ascendant Capital LLC (a Texas limited liability company), Ascendant Alternative Strategies LLC (a Delaware limited liability company), DJ Partners LLC (a Delaware limited liability company), MR Ranger LLC (a Delaware limited liability company), Jeffry Schneider (a Texas resident), and Mark D. Martino (a New York resident) (together the "Moving Defendants") move to dismiss Plaintiffs' Second Amended Class Action Complaint (Doc 616) (the "Amended Complaint") under:

- FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction,

- Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and

- FED R. CIV. P. 9(b) for failure to plead fraud with particularity, and 12(b)(6)

---

[1] On October 26, 2020, this court entered an Amended Scheduling Order (Doc 613) providing that "on or before December 21, 2020, each Defendant shall answer or otherwise respond to the amended complaint," and that "the parties will confer in good faith about the filing of joint motions and omnibus responses thereto, including the filing of a single appendix." Pursuant thereto, these Moving Defendants will separately join other defendants in the filing of an omnibus motion to dismiss under Rule 12(b)(3). On December 11, 2020, this court entered an Order (Doc 645) extending the answer/response date to January 15, 2021.

1

for failure to state a claim upon which relief can be granted.

## Pertinent Jurisdictional Facts

Plaintiffs, residents of California, Texas, Tennessee, Colorado, Georgia, and Virginia, purport to have purchased limited partnership interests in GPB Automotive Portfolio LP, a Delaware limited partnership, GPB Holdings II LP, a Delaware limited partnership, and GPB Waste Management Fund LP, a Delaware limited partnership (together the "GPB Funds")—meaning that they are limited partners in the GPB Funds— and contend that "this class action arises out of Defendants' improper conduct in offering and selling" the limited partnership interests. *See* Amended Complaint at p. 3. Although Plaintiffs disclose the identity the brokers who offered and sold the limited partnership interests to them (*see* Amended Complaint at p. 44-46), Plaintiffs purposefully do not sue the selling brokers (*see* Amended Complaint at p. 30):

> "Each Plaintiff and member of the Class is <u>not</u> asserting claims against the specific Broker Defendant who directly sold the subject Securities to such Plaintiff or that particular Class Member; they are only suing the remaining Broker Defendants for their substantial participation and assistance and/or aiding and abetting the scheme and in these illegally unregistered public offerings."

Thus, in asserting a class but in choosing to not sue sellers of the "securities," and in artfully asserting only state law claims against non-sellers, Plaintiffs purposefully seek to avoid federal securities laws, FINRA Rules (including the FINRA Codes of Arbitration Procedure for Customer and Industry Disputes), and broad venue provisions in subscription agreements mandating New York law and venue. Plaintiffs' claims are speculative and are substantially the result of the independent action by third parties not before the court, thus

2

raising issues of whether Plaintiffs have asserted a cognizable Article III injury, whether they seek an acceptable Article III remedy, and whether they have standing to sue.

## I.   This case should be dismissed for lack of subject matter jurisdiction

A Rule 12(b)(1) motion allows a party to challenge the subject-matter jurisdiction of the district court to hear a case. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction).  Lack of subject-matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. *Id.*  The Moving Defendants challenge the subject-matter jurisdiction of this court to hear the case, and request the court to decide subject matter jurisdiction on the basis of the complaint and undisputed facts in the record, with Plaintiffs bearing the burden of proof of jurisdictional facts.

**No federal question jurisdiction.**  The presence or absence of a federal question is governed by the "well-pleaded-complaint rule." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).  Here, Plaintiffs assert state law claims exclusively, and no federal question is presented on the face of the Amended Complaint.  Federal jurisdiction over a state law claim will lie only if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  Unless all four of these requirements are met, jurisdiction over a state law claim is improper. *Id.*

3

The court should dismiss the Amended Complaint under Rule 12(b)(1) because no federal issue is raised in the Complaint or actually disputed, such that federal jurisdictional requirements are not met.

**No diversity jurisdiction.**   Although a district court may have diversity jurisdiction under the Class Action Fairness Act (CAFA), the burden of establishing federal jurisdiction under CAFA is on the party invoking it.  Plaintiffs assert diversity jurisdiction under 28 U.S.C. §1332(d)(2)(A) (whereby a district court shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant).  However, Plaintiffs fail to plead any facts showing that the matter in controversy exceeds the sum or value of $5,000,000, or that the number of members of the putative class exceeds 100.  *See* 28 U.S.C. §1332(d)(5)(B) (precluding any class action in the absence of 100 or more members).  Plaintiffs identify only eleven class members.  The absence of facts and mere speculation regarding class size will not suffice.  Plaintiffs thus fail to meet their statutory burden of proof to establish federal diversity jurisdiction under CAFA.

Moreover, a district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under 28 U.S.C. §1332(d)(2) over a class action when the claims asserted:

- are not properly governed by the laws of the State in which the action was originally filed (i.e. Texas),

- have been pleaded in a manner that seeks to avoid federal jurisdiction (i.e.

assertion of state law claims exclusively), and

- during the 3-year period preceding the filing of this putative class action, other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

*See* 28 U.S.C. §1332(d)(3).  Here, Plaintiffs purposefully ignore forum selection clauses mandating New York law and venue, purposefully plead state law claims exclusively to avoid federal question jurisdiction, and, during the 3-year period preceding the filing of this class action, several putative class actions asserting the same or similar claims on behalf of the same or other persons were filed, including the following:

On August 6, 2019, a putative class action was commenced in the Supreme Court of the State of New York, County of New York, entitled *Younker v. GPB Capital Holdings LLC et al.*, Index No. 157679/2019.

On November 6, 2019, a putative class action was commenced in U.S. District Court, Western District of Texas, Austin Division, entitled *Barasch v. GPB Capital Holdings LLC et al*., Case No. 1:19-CV-01079-LY.

On November 12, 2019, a putative class action was commenced in U.S. District Court, Southern District of New York, entitled *DeLuca v. GPB Automotive LP et al.*, Case No. 19-CV-10498.  On December 18, 2020, the district court dismissed Defendants Ascendant Capital LLC, Ascendant Alternative Strategies LLC, Jeffry Schneider, and Mark D. Martino under Rule 9(b) for failure of plaintiffs to plead fraud with particularity.  *See DeLuca v. GPB Automotive Portfolio LP*, 2020 U.S. Dist. LEXIS 234443 (Memorandum Opinion).

On December 6, 2019, a putative class action was commenced in the Supreme Court of the State of New York, County of New York, entitled *Golder v. GPB Capital Holdings LLC et al.*, Index No. 657232/2019.

On February 7, 2020, Judge Andrew S. Borrok of the Supreme Court of the State of New York entered an Order consolidating the *Younker* case with the *Golder* case because of "common questions of law or fact," and the consolidated case is now entitled *In Re GPB Capital Holdings LLC*

*Litigation*, Index No. 157679/2019.

Given the pendency of related cases possessing common questions of law or fact, justice would be served by declining to exercise diversity jurisdiction here.

**No standing.** The irreducible constitutional minimum of standing to sue in federal court contains three elements. First, a plaintiff must have suffered an injury in fact, *i.e.* an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of, *i.e.* the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court (such as sellers). Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-04 (1998) (finding that respondent lacked standing); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (concluding that respondents lacked standing). This triad of injury in fact, causation, and redressability comprises the core of Article III's "case or controversy" jurisdictional requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence. *Steel Co.* at 103-04; *Lujan* at 561.

As to Moving Defendants DJ Partners LLC ("DJ Partners") and MR Ranger LLC ("MR Ranger"), Plaintiffs assert no such jurisdictional facts and fail to demonstrate injury in fact, causation, and redressability. Plaintiffs fail to plead any facts showing a concrete, particularized, actual or imminent injury caused by and traceable to the action of DJ Partners or MR Ranger, fail to plead a causal connection between any alleged injury and

6

any conduct complained of, and fail to plead a primary violation by unnamed third parties (i.e. the selling brokers). Instead, as to DJ Partners and MR Ranger, Plaintiffs rely entirely upon impermissible group pleading and generalized, conjectural, speculative, sensationalized or hypothetical assertions, none of which are entitled to an assumption of truth.

Plaintiffs lack constitutional standing (i.e. no demonstration of injury in fact, causation or redressability), lack prudential standing (i.e. improper assertion by plaintiffs of generalized grievances based upon stacked legal fictions not belonging to the putative class), and have no personal or legitimate stake in the outcome of claims made against DJ Partners and MR Ranger. Plaintiffs fail to carry their burden to establish standing as to DJ Partners and MR Ranger.

## II.    This case should be dismissed for lack of personal jurisdiction

A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if: (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Texas's long-arm statute reaches to the constitutional limits. *Id*. The Due Process Clause of the 14th Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Id*.

There are two types of minimum contacts: contacts that give rise to specific personal jurisdiction and those that give rise to general jurisdiction. *Id.* Specific jurisdiction exists when the defendant has purposefully directed his activities at residents of the forum…and the litigation results from alleged injuries that arise out of or relate to those activities. *See Burger King v. Rudzewicz,* 471 U.S. 462, 472 (1985); *Jones v. Petty-Ray Geophysical Geosource Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992). The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state. *Burger King*, 471 U.S. at 475. Specific jurisdiction also requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action. *Helicopters Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Here, Plaintiffs assert no facts demonstrating any conduct or activities by DJ Partners or MR Ranger in connection with Texas such that they should reasonably anticipate being haled into court there. Plaintiffs assert no facts demonstrating "minimum contacts," or "purposeful availment," or "purposeful direction" by DJ Partners or MR Ranger toward Texas residents. Accordingly, exercise of personal jurisdiction over these Moving Defendants would not comport with fair play and substantial justice, and they should be dismissed under Rule 12(b)(2).

Moreover, Plaintiffs are required to establish specific jurisdiction for each claim. *Seiferth v. Helicopteros Atuneros Inc.*, 472 F.3d 266, 274-75 n.6 (5th Cir. 2006) (there is no such thing as supplemental specific personal jurisdiction; if separate claims are pled, specific personal jurisdiction must independently exist for each claim, and the existence of personal jurisdiction for one claim will not provide the basis for another claim). This has

not been done.  Plaintiffs have not distinguished claims or satisfied their burden as to *any* claim.  Plaintiffs instead rely exclusively upon impermissible group pleading and generalized, conjectural, speculative, or hypothetical assertions—none of which are entitled to an assumption of truth—and utterly fail to demonstrate specific or general jurisdiction as to DJ Partners or MR Ranger.

**No personal jurisdiction over Defendant DJ Partners LLC.**  Plaintiffs contend that DJ Partners LLC is a "Delaware limited liability company with a principal place of business… in Austin, Texas."  *See* Amended Complaint at p. 50.  However, DJ Partners has no officers or employees, does not lease office space, does not transact business, has never transacted business in Texas, is not registered to conduct business in Texas, and does not have a principal place of business in Texas.  *See* Declaration of Jeffry Schneider (attached hereto).  The Amended Complaint contains no facts showing that DJ Partners engaged in conduct or activities in Texas, or that DJ Partners purposefully directed activities at residents of Texas, or that the litigation results from alleged injuries that arise out of or relate to those activities.  No contact with the forum has been demonstrated, and there is no nexus between the non-resident's alleged activities and the alleged causes of action.  Consequently, neither general nor specific personal jurisdiction exists as to DJ Partners.  DJ Partners should not have been sued, and should be dismissed.

**No personal jurisdiction over Defendant MR Ranger LLC.**  Plaintiffs contend that MR Ranger LLC is a "Delaware limited liability company with a principal place of business…in White Plains, New York."  *See* Amended Complaint at p. 50.  However, MR Ranger has no officers or employees, does not transact business in Texas, and is not

registered to conduct business in Texas, and does not have a principal place of business in Texas.  *See* Declaration of Mark D. Martino (attached hereto).  The Amended Complaint contains no facts showing that MR Ranger engaged in conduct or activities in Texas, or that MR Ranger purposefully directed activities at residents of Texas, or that the litigation results from alleged injuries that arise out of or relate to those activities.  No contact with the forum has been demonstrated, and there is no nexus between the non-resident's activities and the alleged causes of action.  Consequently, neither general nor specific personal jurisdiction exists as to MR Ranger.  MR Ranger should not have been sued, and should be dismissed.

### III.   This case should be dismissed for failure to plead fraud with particularity and for failure to state a claim upon which relief can be granted

A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the complaint, and is appropriate if the plaintiff has not provided fair notice of claims and factual allegations that–when accepted as true–are plausible and rise above mere speculation.  FED. R. CIV. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Starting at Page 198 of the Complaint (Doc 616), Plaintiffs assert causes of action either under the Texas Securities Act ("TSA"), the Texas Uniform Fraudulent Transfer Act ("TUFTA"), or under Texas common law against the Moving Defendants (impermissibly characterized collectively by Plaintiffs as either "GPB Defendants," or "GPB Affiliated Defendants," or "Individual Defendants") as follows:

Count I (TSA violations against Moving Defendant Ascendant Capital)

Count II (TSA Aiding/Abetting violations against Moving Defendants)

Count III (TSA Control Person violations against Moving Defendants)

Count IV (TSA violations against Moving Defendant Ascendant Capital)

Count V (TSA Aiding/Abetting violations against Moving Defendants)

Count VI (TSA Control Person violations against Moving Defendants)

Count VII (Fraud against Moving Defendants)

Count VIII (Substantial Assisting Fraud against Moving Defendants)

Count IX (TUFTA against Moving Defendants Ascendant Capital and Ascendant Alternative Strategies)

\*\*\*

Count XII (Substantially Assisting Breach of Fiduciary Duty Breach against Moving Defendants)

\*\*\*

Despite the length and breadth of the 217-page Amended Complaint, Plaintiffs fail to plead fraud with particularity and fail to assert enough facts to state a claim against the Moving Defendants upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face).

Plaintiffs' allegations are merely unsupported conclusions unrelated to any alleged conduct or actions by these Moving Defendants, are not entitled to an assumption of truth,

11

are implausible on their face, and should not survive a Rule 9(b) and 12(b)(6) motion to dismiss.

**Fraud Allegations.** Moreover, Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The elements of fraud include (1) a misstatement or omission, (2) of material fact, (3) made with the intent to defraud, (4) on which the plaintiff relied, and (5) which proximately caused the plaintiff's injury. *Cyrak v. Lemon*, 919 F.2d 320 (5th Cir. 1990). Pleading fraud with particularity in this circuit requires the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Williams v. WMX Technologies Inc.*, 112 F.3d 175, 178 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997) (a plaintiff, in order to satisfy Rule 9(b), must plead "who, what, when, and where" with specificity); *In re URCARCO Sec. Lit.*, 148 F.R.D. 561, 566 (N.D. Tex. 1993), *aff'd sub nom.*, *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994) (heightened pleading standard protects defendants' reputations from unfounded allegations of improper conduct); *Official Stanford Investors Comm. v. Greenberg Traurig LLP*, No. 3:12-CV-4641-N, 2015 WL 13741905, at *6 (N.D. Tex. Feb. 4, 2015) (allegations that entity sold unregistered securities in violation of Texas Securities Act are subject to Rule 9(b) heightened pleading requirements); *Newby v. Enron Corp.*, 540 F. Supp. 2d 800, 819

(S.D. Tex. 2007) (aiding and abetting claims asserted under the Texas Securities Act are subject to Rule 9(b)).

The Fifth Circuit has emphasized that Rule 9(b) should be applied stringently, and that all complaints failing to meet its requirements should be dismissed for failure to state a claim.  As the *Williams* court noted, "we apply [Rule 9(b)] with force, without apology." *Williams*, 112 F.3d at 178.  Moreover, these stringent pleading requirements must be met with respect to *each defendant*.  General allegations that lump all defendants together, rather than separately setting forth the alleged wrongdoings of each named defendant, do not satisfy Rule 9(b).

Plaintiffs' state law claims sound in fraud, either overtly or derivatively, but Plaintiffs utterly fail to meet the heightened Rule 9(b) pleading standard.  As to *each* Moving Defendant, Plaintiffs fail to plead "who, what, when, and where" with specificity.  Plaintiffs' pleading instead consists of broad insinuations and speculative conclusions.  Plaintiffs make liberal use of inflammatory characterizations, but wholly fail to recite any supporting facts attributable to any Moving Defendant.  Plaintiffs fail to identify a singular fact connecting the purchase by Plaintiffs of limited partnership interests in the GPB Funds with any representation or conduct by any Moving Defendant.  All such fraud claims should be dismissed under Rule 9(b) for failure to plead fraud with particularity, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[2]

---

[2] It was for this reason, in a related putative class action, that Judge Kaplan in *DeLuca v. GPB Automotive Portfolio LP*, 2020 U.S. Dist. LEXIS 234443 (Memorandum Opinion), dismissed fraud claims against these very same Moving Defendants.

**Impermissible Group Pleading.**  Plaintiffs assert statutory claims under the Texas Securities Act (Tex. Rev. Civ. Stat. Ann. §581-1 *et seq*.), but fail to assert any facts showing that each of the Moving Defendants:

      a.  are "sellers" under §581-33(A); or

      b.  are "non-selling issuers" under §581-33(C); or

      c.  are "control persons" or "aiders" under §581-33(F); or

      d.  are the subject of any complaint filed by Plaintiffs with the Commission.

Plaintiffs instead rely upon impermissible group pleading, making no attempt to state an individual claim against any Moving Defendant.  Group-pleaded allegations may not be imputed to any particular defendant, and (when faced with a motion to dismiss) a court must disregard any "group-pleaded allegations and discern whether the remaining allegations state a claim for relief as to each defendant."  *See Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015) (rejecting the group pleading doctrine).  Plaintiffs' impermissible group pleading requires the Court to disregard the vast majority of the allegations included in the Amended Complaint, and justifies dismissal of the claims under Rule 12(b)(6) against the Moving Defendants.

**Aiding and abetting allegations.**  To state a valid claim for aiding and abetting under the Texas Securities Act, a plaintiff must allege that (1) there was a primary violation of the securities laws, (2) the aider and abettor had a general awareness of his role in the violation, (3) the aider and abettor gave substantial assistance in the violation, and (4) the aider and abettor intended to deceive the plaintiff or acted with reckless disregard for the truth of the primary violator's misrepresentations. *Newby v. Enron Corp.,* 490 F. Supp. 2d

14

784, 790 (S.D. Tex. 2007). Aiding and abetting is a dependent claim premised on an underlying tort whereby the plaintiff must prove a defendant with unlawful intent (i.e. scienter) gave substantial assistance and encouragement to a wrongdoer in a tortious act. *Renate Nixdorf GmbH & Co. KG v. TRA Midland Properties LLC*, 2019 Tex. App. LEXIS 26 at *14.

The Texas Supreme Court has defined the state of mind necessary to impose aiding and abetting liability under the TSA. *See Sterling Trust Co. v. Adderley*, 168 S.W.3d 835, 842 (Tex. 2005). There, the Court concluded that "an alleged aider can only be held liable if it rendered assistance in the face of a perceived risk that its assistance would facilitate untruthful or illegal activity by the primary violator." *Id.* at 842. To "perceive such a risk, the alleged aider must possess a general awareness that his role was part of an overall activity that is improper." *Id.* The Court further emphasized that "general awareness" in this context is more akin to "actual awareness." *Id.* at 841 n.3. Thus, to survive dismissal, Plaintiffs bear the burden to demonstrate that each Moving Defendant possessed a "general awareness" that its role was part of an overall activity that is improper. *Sterling Trust Co.*, 168 S.W.3d at 842; *see also Days Inn Worldwide Inc. v. Sonia Investments*, 2007 U.S. Dist. LEXIS 29689 at *9 (N.D. Tex. Apr. 23, 2007) (requiring "general awareness" of its role in a TSA violation).

Plaintiffs have not carried this burden. Plaintiffs assert no primary violation of the securities laws, or set forth any facts showing that any Moving Defendant was generally aware, subjectively aware, or actually aware of its role in an alleged Texas Securities Act violation, or set forth any facts showing that any Moving Defendant gave substantial

15

assistance in a violation, or set forth any facts showing that a Moving Defendant intended to deceive a plaintiff or acted with unlawful intent or with reckless disregard for the truth of a primary violator's misrepresentations. Plaintiffs' aiding and abetting claims therefore fail as a matter of law and should be dismissed under Rule 12(b)(6).

**No privity of sale.**  Plaintiffs' aiding and abetting claims must be also be dismissed because there is no privity of sale between Plaintiffs and the Moving Defendants. The TSA includes an express "privity provision" that limits a seller's liability. *See* TEX. REV. CIV. STAT. 581-33A(1) cmt. ("§ 33A(1) [like § 33A(2)] a privity provision").  In prime example, the U.S. District Court for the Northern District of Texas dismissed a series of aiding and abetting claims asserted against six broker defendants because the plaintiff failed to allege that it purchased a security from the brokers. *See Energytec Inc. v. Proctor*, 516 F. Supp. 2d 660, 676 (N.D. Tex. 2007).  In so finding, the court noted that "though Texas law allows for a claim for aiding and abetting securities fraud, the [TSA] limits the remedy to one in privity with the sale of a security." *Id.*  Aiding and abetting liability is limited by the privity requirement of a primary violation. *Id.*

Here, Plaintiffs not only fail to allege that they purchased a security from the Moving Defendants, but also explicitly renounce any "selling" claims that it *could* assert against them, by pleading that "Each Plaintiff and member of the Class is <u>not</u> asserting claims against the specific Broker…who directly sold the subject Securities to such Plaintiff…" *See* Amended Complaint at p. 30.  Thus, Plaintiffs have not established—and cannot establish—privity of sale between Plaintiffs and the Moving Defendants, such that Plaintiffs' aiding and abetting claims must be dismissed as a matter of law under Rule

12(b)(6) for failure to state a claim upon which relief can be granted.

**Control Person Liability allegations.** The Texas Securities Act imposes joint and several liability on a "control person," and defines a "control person" as one who "directly or indirectly controls a seller, buyer, or issuer of a security." TEX. REV. CIV. STAT. §581-33(F)(1); *Vodicka v. Barlin*, 159 F.Supp. 3d 752, 760 (W.D. Tex. 2016) citing *Barnes v. SWS Financial Services Inc.*, 97 S.W.3d 759, 763-64 (Tex. App.—Dallas 2003, no pet.) (to establish the defendant is a control person under the TSA, the plaintiff must prove that the defendant (1) had actual power or influence over the controlled person [i.e. a seller, buyer, or issuer], and (2) induced or participated in the alleged violation). The TSA places the burden of proof as to the issue of control on the plaintiff. *Id.* If a plaintiff meets that burden, a control person is "absolved of liability" if he sustains the burden of proving that "he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist." *Sterling Trust Co. v. Adderley*, 168 S.W.3d 835, 844 (Tex. 2005) (quoting TSA §33(F)(1)).

Here, Plaintiffs allege TSA "control person" violations against the Moving Defendants (Counts III and VI) but plead no facts showing that the Moving Defendants:

- are sellers, buyers, or issuers of a security,

- had actual power or influence over a seller, buyer, or issuer of a security, or

- induced or participated in the alleged violation.

Plaintiffs instead rely upon speculation and innuendo to tarnish the Moving Defendants. Plaintiffs substitute innuendo for facts. Plaintiffs' "control person" allegations do not constitute claims upon which relief can be granted, and should be

17

dismissed under Rule 12(b)(6).

**TUFTA allegations.** Plaintiffs sue Moving Defendants Ascendant Capital LLC and Ascendant Alternative Strategies LLC under the Texas Uniform Fraudulent Transfer Act (TUFTA) alleging active and constructive fraud. *See* Amended Complaint at p. 209-212. Fraudulent transfer laws like TUFTA were enacted to protect creditors against depletion of a debtor's estate. *Janvey v. Golf Channel Inc.*, 792 F.3d 539, 543 (5th Cir. 2015). To that end, TUFTA allows creditors to void fraudulent transfers made by a debtor and force the transferee to return the transfer to the debtor's estate. TEX. BUS. & COM. CODE §24.008. A transfer is fraudulent if made "with actual intent to hinder, delay, or defraud any creditor of the debtor." TEX. BUS. & COM. CODE §24.005(a)(1). But Plaintiffs assert no facts showing that:

- they are "creditors" under TUFTA, or

- unidentified "debtors" have actually been found liable to Plaintiffs, or

- unidentified "debtors" have depleted their estate by making transfers to the Moving Defendants, or

- transfers by unidentified "debtors" were made with actual intent to hinder, delay, or defraud any creditor of the debtor.

Plaintiffs cannot be creditors under TUFTA unless a debtor is identified, liability is established, and a transfer is identified. Moving Defendants Ascendant Capital LLC and Ascendant Alternative Strategies LLC are not (and have not been shown to be) debtors under TUFTA, no liability has been established, and no transfer has been identified. Plaintiffs' TUFTA claim is devoid of facts, is definitionally deficient, does not constitute

a claim upon which relief can be granted, and should be dismissed under Rule 12(b)(6).

**Fiduciary Duty allegations.**   Plaintiffs allege that the Moving Defendants "provided substantial assistance to GPB in breaching its fiduciary duties by *inter alia* facilitating the sale, and offering for sale, of the limited partnership interests."   *See* Amended Complaint at p. 213-214.  Plaintiffs fail to acknowledge that, in the absence of a fiduciary or confidential relationship with Plaintiffs, the Moving Defendants owe no fiduciary duty to Plaintiffs, and cite no law or authority supporting the viability of a cause of action in Texas entitled "substantially assisting in the breach of fiduciary duty."  Indeed, there is doubt that any such claim exists in Texas whether pleaded as "substantial assistance" or "aiding and abetting."  *See Midwestern Cattle Mktg. LLC v. Legend Bank N.A.,* 800 Fed. Appx. 239, 250 (5th Cir. 2020) (per curiam) (aiding and abetting does not exist as a distinct cause of action in Texas) (citing *Christopher v. DePuy Orthopaedics Inc.,* 888 F.3d 753, 781-82 (5th Cir. 2018)) (when sitting in diversity, a federal court exceeds the bounds of its legitimacy in fashioning novel causes of action not yet recognized by the state courts).  As a matter of law, Plaintiffs have not stated a fiduciary duty claim upon which relief can be granted, and the claim should be dismissed under Rule 12(b)(6).

## Prayer

Plaintiffs have asserted no federal question. Plaintiffs fail to meet their statutory burden of proof to establish federal diversity jurisdiction under CAFA.   Given the pendency of related cases possessing common questions of law or fact, justice would be served by declining to exercise diversity jurisdiction here.   Further, Plaintiffs lack constitutional standing (i.e. no demonstration of injury in fact, causation or redressability),

lack prudential standing (i.e. improper assertion by plaintiffs of generalized grievances based upon stacked legal fictions not belonging to the putative class), and have no personal or legitimate stake in the outcome of claims made against Moving Defendants DJ Partners and MR Ranger.  Such claims should be dismissed under Rule 12(b)(1).

Plaintiffs assert no facts demonstrating any conduct or activities by Moving Defendants DJ Partners or MR Ranger in connection with Texas such that they should reasonably anticipate being haled into court there.  Plaintiffs assert no facts demonstrating "minimum contacts," or "purposeful availment," or "purposeful direction" by DJ Partners or MR Ranger toward Texas residents.  Accordingly, exercise of personal jurisdiction over these Moving Defendants would not comport with fair play and substantial justice, and they should be dismissed under Rule 12(b)(2).

Plaintiffs fail to plead fraud with particularity, and engage in impermissible group pleading.  Plaintiffs fail to recite *any* facts showing that the Moving Defendants made *any* misrepresentations to anyone at any time, and fail to attribute specific instances of wrongful conduct to any of them.  The Court should dismiss Plaintiffs' fraud claims under FED. R. CIV. P. 9(b) and under Rule 12(b)(6).

Plaintiffs' aiding and abetting, control person, TUFTA, and fiduciary duty claims fail as a matter of law for failure to demonstrate scienter, privity of sale, or fiduciary duty, or that the Moving Defendants had actual power or influence over a seller, buyer, or issuer of a security, or induced or participated an alleged violation.  Such claims should be dismissed under 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: January 15, 2021                        Respectfully submitted,

                                               */s/ K. B. Battaglini*
                                               K. B. Battaglini (kbattaglini@strongpipkin.com)
                                               Texas Bar No. 01918060
                                               STRONG PIPKIN BISSELL & LEDYARD LLP
                                               Two Riverway, Suite 1020
                                               Houston, Texas 77056
                                               (713) 210-4371
                                               (713) 651-1920 fax

                                               Attorneys for Defendants Ascendant Capital LLC,
                                               Ascendant Alternative Strategies LLC, DJ Partners
                                               LLC, MR Ranger LLC, Jeffry Schneider, and Mark
                                               D. Martino

## CERTIFICATE OF SERVICE

This will confirm that on January 15, 2021, the foregoing document was electronically filed with the clerk of court for the U.S. District Court, Western District of Texas, using the CM/ECF system, and that service upon all Filing Users will be accomplished through the NEF.

                                               */s/ K. B. Battaglini*
                                               K. B. Battaglini

21

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KINNIE MA IRA et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | NO. 1:19–CV–01050–LY |
| | § | |
| ASCENDANT CAPITAL LLC et al., | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF JEFFRY SCHNEIDER

I, Jeffry Schneider, submit this unsworn declaration pursuant to 28 U.S.C. §1746 on behalf of DJ Partners LLC, a Delaware limited liability company ("DJ Partners"), of which I am a member.

DJ Partners has no officers or employees, does not lease office space, does not transact business in Texas, has never transacted business in Texas, is not registered to conduct business in Texas, and does not have a principal place of business in Texas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 30, 2020.

_____
Jeffry Schneider

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KINNIE MA IRA et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **NO. 1:19-CV-01050-LY** |
| | § | |
| **ASCENDANT CAPITAL LLC et al.,** | § | |
| | § | |
| **Defendants.** | § | |

<u>DECLARATION OF MARK D. MARTINO</u>

I, Mark D. Martino, submit this unsworn declaration pursuant to 28 U.S.C. §1746, on behalf of MR Ranger LLC, a Delaware limited liability company. I am authorized to make this Declaration on behalf of MR Ranger, which is named as a Defendant in the *Kinnie Ma* lawsuit.

MR Ranger has no officers or employees, does not lease office space, does not transact business, has never transacted business in Texas, is not registered to conduct business in Texas, and does not have a principal place of business in Texas. Consequently, MR Ranger did not and could not have:

- transacted business for or on behalf of the GPB Funds,

- directed others to transact business for or on behalf of the GPB Funds,

- "aided and abetted" anyone, or

- been a "control person."

The allegations asserted by Plaintiffs in the *Kinnie Ma* lawsuit do not result from any conduct or activities of MR Ranger.

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2020.

Mark D. Martino