# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

|  |  |
|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, *et al.*, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>        -v-<br><br>ASCENDANT CAPITAL, LLC, *et al.*,<br><br>               Defendants. | Case No. 1:19-cv-01050-LY<br><br>Hon. Lee Yeakel |

**DEFENDANT COHNREZNICK LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND, ALTERNATIVELY, FOR FAILURE TO SUE IN THE PROPER FORUM UNDER THE DOCTRINE OF *FORUM NON CONVENIENS* AND JOINDER IN MOTION TO DISMISS FOR IMPROPER VENUE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

RELEVANT BACKGROUND ................................................................................................... 3

ARGUMENTS AND AUTHORITIES ......................................................................................... 4

I.     The Court Lacks Personal Jurisdiction Over CohnReznick ........................................... 4

    A.     The Court Lacks General Jurisdiction Over CohnReznick ................................... 5
    B.     The Court Lacks Specific Jurisdiction Over CohnReznick................................... 8

II.    Alternatively, The Court Should Dismiss Plaintiffs' Claims Against CohnReznick
      Under The Doctrine Of *Forum Non Conveniens* ....................................................... 10

III.   Joinder In Motion To Dismiss For Improper Venue.................................................... 13

CONCLUSION..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aziz v. MMR Group, Inc.*,
  Civil Action No. H-17-3907, 2018 WL 3439637 (S.D. Tex. July 17, 2018) ..........................6

*Baumgart v. Fairchild Aircraft Corp.*,
  No. SA-90-CA-818, 1991 WL 487242 (W.D. Tex. Sept. 30, 1991), *aff'd*, 981
  F.2d 824 (5th Cir. 1993) ............................................................................................... 11, 12

*Blue Spike, LLC v. Texas Instruments, Inc*,
  No. 6:12-CV-499, 2014 WL 11858195 (E.D. Tex. Mar. 13, 2014) ......................................10

*BNSF Ry. Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017) .................................................................................................5, 6, 7

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ............................................................................................................8

*Crownover v. Crownover*,
  Cause No. DR-15-CV-132-AM, 2016 WL 11522978 (W.D. Tex. Sept. 20,
  2016) ................................................................................................................................10

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................................. 1, 5, 6, 7

*Dell Marketing, L.P. v. Incompass IT, Inc.*,
  771 F. Supp. 2d 648 (W.D. Tex. 2011) ................................................................................1

*Diece-Lisa Indus., Inc. v. Disney Enter., Inc.*,
  943 F.3d 239 (5th Cir. 2019) ...........................................................................................4, 5

*DTEX, LLC v. BBVA Bancomer, S.A.*,
  508 F.3d 785 (5th Cir. 2007) (per curiam) ........................................................................12

*Firefighters' Ret. Sys. v. EisnerAmper, LLP*,
  No. CV 14-182, 2017 WL 1017750 (M.D. La. Feb. 22, 2017) .............................................9

*Frank v. P N K (Lake Charles) L.L.C.*,
  947 F.3d 331 (5th Cir. 2020) ..............................................................................................5

*Hazim v. Schiel & Denver Book Publishers*,
  647 F. App'x 455 (5th Cir. 2016) .......................................................................................7

*Hazim v. Schiel & Denver Publ'g, Ltd.*,
  No. H-12-1286, 2015 WL 5227955 (S.D. Tex. Sept. 8, 2015), *aff'd*, 647 F.
  App'x 455 (5th Cir. 2016) ......................................................................................... 7

*Inmar Rx Sols., Inc. v. Devos, Ltd.*,
  786 F. App'x 445 (5th Cir. 2019) (per curiam) ...................................................... 8

*Jones v. Artists Rights Enf't Corp.*,
  789 F. App'x 423 (5th Cir. 2019) (per curiam) ...................................................... 9

*Maint. Eng'rs, Inc. v. G 2-V Enters., Inc.*,
  No. EP-15-CV-24-FM, 2015 WL 13049355 (W.D. Tex. Sept. 3, 2015) ............... 13

*Marin v. Michelin N. Am., Inc.*,
  No. SA-16-CA-497, 2017 WL 5494087 (W.D. Tex. July 13, 2017) ....................... 6

*McCaskey v. Continental Airlines, Inc.*,
  133 F. Supp. 2d 514 (S.D. Tex. 2001) .................................................................. 13

*Mercer v. McKenzie Tank Lines, Inc.*,
  Civil Action H–18–695, 2018 WL 3218047 (S.D. Tex. July 2, 2018) .................... 6

*Moncrief Oil Int'l Inc. v. OAO Gazprom*,
  481 F.3d 309 (5th Cir. 2007) ................................................................................ 10

*Monkton Ins. Servs., Ltd. v. Ritter*,
  768 F.3d 429 (5th Cir. 2014) .................................................................................. 5

*Moreno v. LG Elecs., USA Inc.*,
  800 F.3d 692 (5th Cir. 2015) .......................................................................... 11, 12

*Munro v. Lucy Activewear, Inc.*,
  No. A-15-CA-771, 2016 WL 4257750 (W.D. Tex. Jan. 14, 2016) ........................ 7

*Pancho Villa's Army, LLC v. Tendot Corp. Travel, Inc.*,
  No. 1:13-CV-972, 2014 WL 12663098 (W.D. Tex. Aug. 15, 2014) .................... 10

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
  253 F.3d 865 (5th Cir. 2001) (per curiam) ............................................................ 9

*Patterson v. Aker Solutions Inc.*,
  826 F.3d 231 (5th Cir. 2016) .................................................................................. 9

*Sangha v. Navig8 ShipManagement Private Ltd.*,
  882 F.3d 96 (5th Cir. 2018) .................................................................................... 8

*Texas Mut. Ins. Co. v. Integrated Claims Sys.*,
  LLC, No. A-13-CV-128, 2013 WL 11311776 (W.D. Tex. Apr. 29, 2013) ........... 10

iii

*Walden v. Fiore*,
    571 U.S. 277 (2014) ...................................................................................8

**Statutes**

28 U.S.C. § 1391(b) ...................................................................................13

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ...........................................................1

Federal Rule of Civil Procedure 12(b)(2) ...............................................1, 14

Federal Rule of Civil Procedure 12(b)(3) .............................................12, 13

Federal Rule of Civil Procedure 12(b)(6) ....................................................1

Defendant CohnReznick LLP ("CohnReznick") hereby moves to dismiss the Second Amended Complaint ("SAC") (ECF No. 616), for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to sue in the proper forum under the doctrine of *forum non conveniens*. CohnReznick respectfully submits this brief in support of its Motion.

## INTRODUCTION

In this action, 11 Plaintiffs allege 13 claims against 90 Defendants. Five of those claims are asserted against CohnReznick, an accounting, tax, and business advisory firm that performed auditing services for only one of the 90 Defendants. For the reasons set forth in its joint motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 9(b), filed concurrently herewith, Plaintiffs fail to state any valid claims against CohnReznick. The Court does not, however, have to resolve that Rule 12(b)(6) motion as to CohnReznick because, as a threshold matter, CohnReznick is not subject to personal jurisdiction in Texas for any of Plaintiffs' claims.[1] Plaintiffs' conclusory allegations to the contrary are belied by well-established Supreme Court and Fifth Circuit precedent, and they should be rejected outright.

CohnReznick is a New Jersey limited liability partnership with its principal place of business in New York. Accordingly, under *Daimler AG v. Bauman*, 571 U.S. 117 (2014), absent extraordinary circumstances not present here, CohnReznick can only be subject to general, or "at

---

[1] CohnReznick filed its joint motion together with Defendants RSM US LLP, Crowe LLP, and WithumSmith+Brown, PC. CohnReznick is proceeding in this joint manner pursuant to the Court's directive that all parties "confer in good faith about the filing of joint motions." (ECF No. 613.) The joint motion to dismiss for failure to state a claim provides separate and independent bases on which the claims against CohnReznick should be dismissed. The Court should, however, decide this jurisdictional motion first before resolving CohnReznick's motion to dismiss for failure to state a claim. *See Dell Marketing, L.P. v. Incompass IT, Inc.*, 771 F. Supp. 2d 648, 654 (W.D. Tex. 2011) ("In keeping with the traditional order prescribed by the Supreme Court, this Court addresses the question of personal jurisdiction before any other Rule 12 motion.").

home," jurisdiction in those two states, not in Texas.  Plaintiffs' attempts to plead around this inescapable conclusion by relying on CohnReznick's two Texas offices and a general statement about the relative size of its firm in the United States does not come close to justifying the exercise of general jurisdiction over CohnReznick.

Plaintiffs' attempts to invoke specific jurisdiction against CohnReznick fare no better. Specific jurisdiction can only be exercised over CohnReznick if it purposefully directed its activities at Texas *and* Plaintiffs' claims resulted from alleged injuries that arise out of or relate to those activities.  Here, Plaintiffs fail to provide any factual support for their otherwise conclusory legal allegations that CohnReznick's suit-based conduct was purposefully directed at Texas, and they will be unable to cure this deficiency in opposing CohnReznick's motion.  In reality, *none* of CohnReznick's suit-based conduct occurred in, or was directed at, Texas. CohnReznick negotiated and executed all relevant agreements in New York or New Jersey. CohnReznick's personnel involved in the suit-based conduct were all based, and worked primarily, in New York or New Jersey.  The only work that occurred outside of those two states occurred in Ohio, *not in Texas*.  CohnReznick did not interact with personnel from Waste Management, or the other GPB-related entities, who were located in Texas.  In short, there is no basis to exercise personal jurisdiction over CohnReznick.

Alternatively, the claims against CohnReznick should still be dismissed on the grounds that Plaintiffs failed to sue in the proper forum under the doctrine of *forum non conveniens*.  The vast majority of CohnReznick's suit-based activities occurred in New York or New Jersey. CohnReznick witnesses, GPB witnesses, and many other relevant parties are located in New York.  And there are multiple other suits involving common parties already pending in New York.  New York, not Texas, is the proper venue for Plaintiffs' claims.

## RELEVANT BACKGROUND

CohnReznick is a limited liability partnership formed under the laws of New Jersey with its principal place of business in New York.  (*See* Declaration of Timothy Garland ¶¶ 3-4 (filed herewith as Exhibit A ("Ex. A")); *see also* SAC ¶ 120.)  It currently has 20 offices in the United States, located in California, Connecticut, Georgia, Illinois, Massachusetts, Maryland, North Carolina, New Jersey, New York, Texas, and Virginia.  (Ex. A ¶ 5).  CohnReznick's Texas offices are located in Houston and Austin.  (*Id.*)  CohnReznick opened its Houston office in approximately August 2019, after CohnReznick stopped performing services for Waste Management.  (*Id.* ¶¶ 5-6.)

Plaintiffs allege that CohnReznick issued one audit opinion for only one of the Defendants—GPB Waste Management, LP ("Waste Management")—covering fiscal year 2016.[2] (SAC ¶ 120.)  Waste Management is one of nine Defendant funds (collectively, the "Funds") and is organized under the laws of Delaware.  (*Id.* ¶¶ 109-110.)  GPB Capital Holdings, LLC ("GPB Capital"), a Delaware limited liability company with its principal place of business in New York, is the general partner of all the Funds and is responsible for directing their investments.  (*Id.* ¶ 105.)  Only two Plaintiffs allege that they invested in Waste Management.  (*Id.* ¶¶ 89 (Gramm IRA), 96 (Shirley Stone Trust).)

CohnReznick performed services for Waste Management beginning in January 2017 and ending in February 2019.  (Ex. A ¶¶ 6.)  CohnReznick did not perform any services for any other Funds, and Plaintiffs do not allege otherwise.  (*Id.* ¶ 9; *see also* SAC ¶ 120.)  In connection with

---

[2] Although Plaintiffs also allege that CohnReznick was Waste Management's "outside auditor . . . for fiscal years 2016, 2017, 2018," they do not provide any factual allegations as to the nature of the services for 2017 or 2018, nor do they allege that CohnReznick issued any audit opinions other than the opinion for fiscal year 2016.  (SAC ¶ 120.)

the services it performed for Waste Management, CohnReznick negotiated and executed all relevant agreements in either New York or New Jersey.  (Ex. A ¶ 6.)  None of the services CohnReznick performed for Waste Management occurred in Texas.  (*See id.* ¶ 7.)  None of those services involved any CohnReznick personnel working out of CohnReznick's Houston (which was not open at the relevant times) or Austin offices.  (*See id.*)  None of those services involved any CohnReznick personnel who resided, or were domiciled, in Texas.  (*See id.*)  And none of those services involved any travel to Texas.  (*See id.*)  Instead, CohnReznick performed the vast majority of its work for Waste Management in New York or New Jersey, with limited on-site work being performed in Ohio.  (*Id.* ¶ 8.)  In connection with the services CohnReznick performed for Waste Management, CohnReznick did not interact with personnel from Waste Management, or any other entities, who were located in Texas.  (*Id.* ¶ 7.)

<u>**ARGUMENTS AND AUTHORITIES**</u>

The Court should dismiss the claims against CohnReznick because the Court lacks personal jurisdiction over CohnReznick.  CohnReznick was formed under the laws of New Jersey and has its principal place of business in New York.  *None* of CohnReznick's work for Waste Management was performed in Texas.  The Court therefore lacks any basis to assert personal jurisdiction over CohnReznick.  Alternatively, the Court should dismiss Plaintiffs' claims because Plaintiffs have failed to bring them in the proper forum under the doctrine of *forum non conveniens* or because venue in the Western District of Texas is improper.

I.      **The Court Lacks Personal Jurisdiction Over CohnReznick**

Federal courts "in Texas may exercise personal jurisdiction over a foreign defendant if permitted by (1) the Texas long-arm statute, and (2) the due process clause of the Fourteenth Amendment."  *Diece-Lisa Indus., Inc. v. Disney Enter., Inc.*, 943 F.3d 239, 249 (5th Cir. 2019).  And, "[b]ecause the Texas long-arm statute extends to the limits of federal due process, the two-

step inquiry collapses into one federal due process analysis." *Id.* Federal due process, in turn, "is satisfied if two requirements are met: (1) the non-resident purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* at 249-50 (internal quotation marks omitted). The "minimum contacts" test can be satisfied through exercise of "either general or specific jurisdiction." *Id.* at 250. Here, CohnReznick lacks "minimum contacts" with Texas under principles of general or specific jurisdiction. Accordingly, the Court should dismiss the claims against CohnReznick.

### A.      The Court Lacks General Jurisdiction Over CohnReznick

General jurisdiction exists only where a defendant's contacts with the forum state are "so 'continuous and systematic' as to render it essentially at home in" that state. *Daimler AG*, 571 U.S. at 127. When dealing with corporate entities, their "home" for general jurisdiction purposes generally "falls in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020). For CohnReznick, it is "at home" in New Jersey and New York, not Texas. (*See* SAC ¶ 120; *see also* Ex. A ¶¶ 3-4.) Post-*Daimler*, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Id.* at 336; *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (same).

The Supreme Court's decisions in *Daimler* and *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017), illustrate just how "incredibly difficult" it is to establish general jurisdiction where, as here, the forum state is neither a corporate entity's place of incorporation nor its principal place of business. In *Daimler* itself, the Supreme Court held general jurisdiction was lacking in California even though the defendant company operated multiple facilities in California, served

tens of thousands of customers in California, and generated billions of dollars in annual sales from its California activities. 571 U.S. at 121-23; *see also id.* at 142 (Sotomayor, J., concurring). Likewise, in *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017), the Supreme Court held that a railroad company incorporated in Delaware and with its principal place of business in Texas was not subject to general jurisdiction in Montana even though it had 2,061 miles of railroad track in Montana, employed around 2,100 workers in Montana, and maintained an automotive facility in Montana. *See id.* at 1554, 1559.

Plaintiffs, however, appear to be arguing that, notwithstanding *Daimler* and *BNSF*, CohnReznick still is subject to general jurisdiction in Texas because it maintains two (out of 20) offices in Texas (one of which did not exist at the time of the events at issue here), has some Texas-based personnel, is registered to do business in Texas, and allegedly engages in "regular and continuous operations" in Texas. (SAC ¶ 120). That argument is directly contradicted by *Daimler* and *BNSF*. As set forth above, the Court found in those cases that companies with far greater connections to forum states were *not* subject to general jurisdiction in those states because the companies were incorporated and had their principal places of business elsewhere. Plaintiffs' suggestion that the result here should be different is foreclosed by *Daimler* and *BNSF* and should be rejected. *See Aziz v. MMR Group, Inc.*, Civil Action No. H-17-3907, 2018 WL 3439637, at *4 (S.D. Tex. July 17, 2018) (no general jurisdiction even though "Defendants own facilities, employ workers, and continuously operate in the forum"); *Mercer v. McKenzie Tank Lines, Inc.*, Civil Action H–18–695, 2018 WL 3218047, at *3 (S.D. Tex. July 2, 2018) (no general jurisdiction even though defendant "operates an office in the forum"); *Marin v. Michelin N. Am., Inc.*, No. SA-16-CA-497, 2017 WL 5494087, at *3 (W.D. Tex. July 13, 2017) (no general jurisdiction even though defendant "conduct[ed] significant business in Texas,"

"market[ed] its products in Texas," and had multiple offices and corporate officers in the state), *report and recommendation adopted*, 2017 WL 5505323 (W.D. Tex. Sept. 26, 2017); *Munro v. Lucy Activewear, Inc.*, No. A-15-CA-771, 2016 WL 4257750, at *4 (W.D. Tex. Jan. 14, 2016) (no general jurisdiction even though defendant operated three retail stores in Texas); *Hazim v. Schiel & Denver Publ'g, Ltd.*, No. H-12-1286, 2015 WL 5227955, at *3 (S.D. Tex. Sept. 8, 2015) (no general jurisdiction even though defendant maintained an office in Texas), *aff'd*, 647 F. App'x 455 (5th Cir. 2016).

Plaintiffs cannot save their claim of general jurisdiction by alleging that "CohnReznick styles itself as one of the largest accounting, tax and business advisory firms in the United States." (SAC ¶ 120.) The allegation, taken from CohnReznick's website, which is accessible worldwide, is a generalized statement about CohnReznick's relative size in the United States. Plaintiffs thus seem to be arguing that CohnReznick should be subject to general jurisdiction anywhere it operates merely because it markets itself as a nationwide firm. Such an argument is foreclosed by the U.S. Supreme Court's pronouncements in *Daimler* and is contrary to the concept of "at home" jurisdiction. *See Daimler*, 571 U.S. at 139 ("A corporation that operates in many places can scarcely be deemed at home in all of them."). Indeed, companies do not subject themselves to general jurisdiction in a particular state merely because they direct advertisements *to that forum*. *See Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 460 (5th Cir. 2016) (no general jurisdiction in Texas even though entity's website advertised physical address in Houston). A general statement on CohnReznick's website cannot subject it to jurisdiction in Texas.

Because, under *Daimler* and *BNSF*, CohnReznick is not "at home" in Texas, the Court should find that it lacks general jurisdiction over Plaintiffs' claims against CohnReznick.

### B.     The Court Lacks Specific Jurisdiction Over CohnReznick

To establish specific jurisdiction, Plaintiffs must show that CohnReznick "purposefully directed its activities at the forum state" and that Plaintiffs' claims "result[] from alleged injuries that arise out of or relate to those activities." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).  The test for specific jurisdiction focuses on *CohnReznick's* own contacts with the forum state; Plaintiffs' contacts with the state are immaterial, as are CohnReznick's contacts with persons who happen to reside in the forum state.  *See Walden v. Fiore*, 571 U.S. 277, 283-86 (2014).  Because "specific personal jurisdiction is a claim-specific inquiry," plaintiffs alleging multiple claims "must establish specific jurisdiction for each claim." *Inmar Rx Sols., Inc. v. Devos, Ltd.*, 786 F. App'x 445, 448-89 (5th Cir. 2019) (per curiam).

The purpose of these requirements is to "ensure[] that a defendant will not be [hailed] into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts . . . or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations and quotation marks omitted).  Yet that is precisely what Plaintiffs aim to do here.  Plaintiffs allege that their claims against CohnReznick arise from CohnReznick's auditing services for Waste Management.  (*See* SAC ¶ 120.)  None of CohnReznick's auditing services, however, involved conduct that was "purposefully directed" at Texas.

All of CohnReznick's agreements with Waste Management were negotiated and executed by CohnReznick in New Jersey or New York.  (Ex. A ¶ 6.)  CohnReznick's work for Waste Management (1) did *not* occur in Texas, (2) was *not* performed in either of CohnReznick's Texas-based offices (only one of which was even open at the relevant times), (3) did *not* involve CohnReznick personnel based, residing, or domiciled, in Texas, *and* (4) did *not* involve travel to Texas by any of CohnReznick's personnel.  (*Id.* ¶¶ 5, 7.)  Instead, CohnReznick performed its

8

services for Waste Management primarily in New York or New Jersey, with some other work occurring in Ohio.  (*Id.* ¶ 9.)  CohnReznick did not interact with personnel from Waste Management, or any other relevant entity, who were located in Texas.  (*Id.* ¶ 7.)  Courts routinely find specific jurisdiction lacking in similar circumstances.  *See, e.g.*, *Jones v. Artists Rights Enf't Corp.*, 789 F. App'x 423, 426–27 (5th Cir. 2019) (per curiam) (no specific jurisdiction where execution and performance of agreement took place outside the forum state); *Firefighters' Ret. Sys. v. EisnerAmper, LLP*, No. CV 14-182, 2017 WL 1017750, at *7 (M.D. La. Feb. 22, 2017) (no specific jurisdiction over auditor where plaintiffs failed to allege that the audit work involved sufficient forum-related contacts), *report and recommendation adopted*, 2017 WL 1015320 (M.D. La. Mar. 15, 2017).

Plaintiffs cannot overcome the inescapable conclusion that there is no specific jurisdiction for any of their claims against CohnReznick by relying on conclusory allegations that, "[u]pon information and belief, CohnReznick's Texas-based employees performed services in connection with the audits and accounting services referenced herein, and other Cohn Reznick employees travelled to Texas as part of their audit."  (SAC ¶ 120; *see also id.* ¶ 85 (similar allegation).)  On a motion to dismiss for lack of personal jurisdiction, "[t]he plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence."  *Patterson v. Aker Solutions Inc.*, 826 F.3d 231, 233 (5th Cir. 2016).  The Court only needs to accept as true Plaintiffs' "uncontroverted allegations, and resolve in [their] favor all conflicts between the facts contained in the parties' affidavits and other documentation."  *Id.*  Conversely, the Court does not need "to credit conclusory allegations" regarding specific jurisdiction.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

9

Here, Plaintiffs will be unable to establish their prima facie case of specific jurisdiction because none of CohnReznick's services for Waste Management had any connection to Texas. *See Crownover v. Crownover*, Cause No. DR-15-CV-132-AM, 2016 WL 11522978, at *8 (W.D. Tex. Sept. 20, 2016) (rejecting "Plaintiff's conclusory allegations" because they were "rebutted by the Defendant's affidavit"); *Blue Spike, LLC v. Texas Instruments, Inc*, No. 6:12-CV-499, 2014 WL 11858195, at *3 (E.D. Tex. Mar. 13, 2014) ("vague allegations" did not support finding that defendant "purposefully directed" activities at Texas). And, in any event, as this Court has recognized, merely transacting business or otherwise contracting with an individual or entity in Texas, which did not even happen here, is insufficient to subject the nonresident to specific jurisdiction in Texas. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) ("[M]erely contracting with a resident of Texas is not enough to establish minimum contacts."); *see also Pancho Villa's Army, LLC v. Tendot Corp. Travel, Inc.*, No. 1:13-CV-972, 2014 WL 12663098, at *3 (W.D. Tex. Aug. 15, 2014) (quoting *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)); *Texas Mut. Ins. Co. v. Integrated Claims Sys.*, LLC, No. A-13-CV-128, 2013 WL 11311776, at *5 (W.D. Tex. Apr. 29, 2013) (no specific jurisdiction even though defendant sent correspondence to and offered to enter into a licensing agreement with plaintiff in the forum state).

Accordingly, the Court should find that it does not have specific jurisdiction over Plaintiffs' claims against CohnReznick.

## II.   Alternatively, The Court Should Dismiss Plaintiffs' Claims Against CohnReznick Under The Doctrine Of *Forum Non Conveniens*

Alternatively, the Court should still dismiss the claims under the doctrine of *forum non conveniens*. Under that doctrine, a court may dismiss claims where there is an "available and

adequate alternative forum" and the "relevant private and public interest factors favor dismissal." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 696 (5th Cir. 2015).

New York is plainly an available and adequate alternative forum for Plaintiffs' claims. In fact, New York is home to more than *five* other actions against GPB Capital and the Funds, all based on allegations similar to those in Plaintiffs' Second Amended Complaint.[3] The fact that the plaintiffs in those actions chose to proceed with their claims in New York confirms that New York is an available and more than adequate forum. Plaintiffs certainly have "no argument that they would be treated unfairly" in New York, such that dismissal would not be warranted here. *Baumgart v. Fairchild Aircraft Corp.*, No. SA-90-CA-818, 1991 WL 487242, at *2 (W.D. Tex. Sept. 30, 1991), *aff'd*, 981 F.2d 824 (5th Cir. 1993).

In addition, the relevant private interest factors heavily favor dismissal. Private interest factors include "the relative ease of access to sources of proof" and the need to make trial "easy, expeditious and inexpensive." *Moreno*, 800 F.3d at 700. The vast majority of documents and witnesses relevant to Plaintiffs' sprawling case will likely be in New York, and certainly not Texas. New York is the state of residence or citizenship for a majority of the parties, including GPB Capital, nearly all of its principals, and numerous other Defendants, including CohnReznick. (*See, e.g.*, SAC ¶¶ 105-106, 108, 113, 120-121, 123, 128, 132(b), 132(d), 132(j), 132(x), 132(dd), 132(vv), 132(fff).) With these parties and relevant sources of evidence already

---

[3] *See Wade v. GPB Capital Holdings, Inc.*, No. 19-cv-7250 (S.D.N.Y.) (filed Aug. 2, 2019, and voluntarily dismissed on Nov. 12, 2019); *Younker v. GPB Capital Holdings, LLC*, No. 157679/2019 (N.Y. Sup. Ct.) (filed Aug. 6, 2019); *Deluca v. GPB Auto. Portfolio, LP*, No. 19-cv-10498 (S.D.N.Y.) (filed Nov. 12, 2019); *Miller v. GPB Capital Holdings, LLC*, No. 656982/2019 (N.Y. Sup. Ct.) (filed Nov. 25, 2019); *Golder v. GPB Capital Holdings, LLC*, No. 657232/2019 (N.Y. Sup. Ct.) (filed Dec. 6, 2019, and consolidated with *Younker v. GPB Capital Holdings, LLC* on Feb. 19, 2020); *Pierce v. GPB Capital Holdings, LLC*, No. 652858/2020 (N.Y. Sup. Ct. (filed July 2, 2020); *Ranssi v. GPB Capital Holdings, LLC*, No. 654059/2020 (N.Y. Sup. Ct. (filed Aug. 26, 2020).

in New York, the ease of litigating Plaintiffs' numerous claims in New York, rather than Texas, strongly favors dismissal. *See Moreno*, 800 F.3d at 700–01 (affirming dismissal under *forum non conveniens* because defendants, evidence, and witnesses were in a different forum); *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 798-99 (5th Cir. 2007) (per curiam) (same).

Public interest factors strongly favor dismissal, too. These factors include "the administrative difficulties flowing from court congestion," "the local interest in having localized controversies resolved at home," and "the unfairness of burdening citizens in an unrelated forum with jury duty." *DTEX*, 508 F.3d at 794. Plaintiffs' case will likely place exceptional burdens on this Court, particularly because they assert 13 claims against 90 Defendants. The sheer number of claims and parties makes clear that, if it proceeds, "this case [] will involve a substantial amount of the Court's time." *Baumgart*, 1991 WL 487242, at *7. Further, Texas has little interest in this matter.[4] As explained above, this case alleges a scheme that benefited and was primarily facilitated by entities and individuals in New York, including GPB Capital itself, the general partner of all of the Funds at issue. (*See, e.g.*, SAC ¶ 105.) New York "has an interest in having localized controversies such as this one resolved in its own courts." *Moreno*, 800 F.3d at 700. Conversely, Texas's interest in the claims against CohnReznick is limited to the fact that some of the other defendants, *but not CohnReznick*, marketed the Funds to investors nationwide out of offices in Texas, which is not enough to overcome New York's overwhelming interest in the matter, or to justify burdening Texas's courts or juries with this case. *See DTEX*,

---

[4] Texas will have even less of an interest in the claims against CohnReznick if the Court dismisses any of the claims against other Defendants under the forum selection clauses in Plaintiffs' subscription agreements, as GPB Capital, the Funds, and other defendants have requested. *See, e.g.*, Joint Motion to Dismiss Based on the Doctrine of *Forum Non Conveniens* and Pursuant to Rule 12(b)(3), or, Alternatively, to Stay this Action, filed Jan. 15, 2021; *see also* ECF No. 317 (prior motion), ECF No. 683 (Broker Defendants' Motion to Dismiss for *Forum Non Conveniens*).

508 F.3d at 802 (affirming dismissal where case had insufficient ties to Texas); *Maint. Eng'rs, Inc. v. G 2-V Enters., Inc.*, No. EP-15-CV-24-FM, 2015 WL 13049355, at *7 (W.D. Tex. Sept. 3, 2015) (finding Texas's interest in the case minimal compared to state where the dispute arose).

Accordingly, Texas is an inappropriate forum for this case, and the Court should dismiss Plaintiffs' claims.

### III.     Joinder In Motion To Dismiss For Improper Venue

CohnReznick also joins in the motion filed on January 15, 2021, by Defendants GPB Capital Holdings, LLC, *et al.*, to the extent that motion moves to dismiss the Second Amended Complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3).  (*See* ECF No. 695 at 17-19.)  For the reasons set forth in those defendants' motion to dismiss, venue in the Western District of Texas is improper, which is a separate and independent basis for the dismissal of Plaintiffs' claims against CohnReznick.  *See also* 28 U.S.C. § 1391(b). CohnReznick is not a resident of Texas, *see* Ex. A ¶¶ 3-4, and Plaintiffs fail to allege, and will be unable to show, that a substantial part of the events or omissions giving rise to their claims against CohnReznick occurred in Texas.  *See McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001) ("[I]t is well established that in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant.").

## CONCLUSION

For all of the foregoing reasons, CohnReznick respectfully requests that the Court dismiss Plaintiffs' claims against CohnReznick for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Alternatively, CohnReznick respectfully requests that the Court dismiss Plaintiffs' claims against CohnReznick for failure to sue in the proper forum under the doctrine of *forum non conveniens* or for improper venue under Federal Rule of Civil Procedure 12(b)(3).

Dated:     January 15, 2021                          Respectfully submitted,

/s/ *Santosh Aravind*

Santosh Aravind
Texas Bar No. 24095052
SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
saravind@scottdoug.com

-and-

James L. Bernard (admitted *pro hac vice*)
Patrick N. Petrocelli (admitted *pro hac vice*)
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006
jbernard@stroock.com
ppetrocelli@stroock.com

*Counsel for CohnReznick LLP*

14

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on January 15, 2021, a true and correct copy of the foregoing was filed with the Court's electronic case filing (ECF) system, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

By:   /s/ *Santosh Aravind*
Santosh Aravind

*Counsel for CohnReznick LLP*