IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 1:19-CV-01050-LY |
| v. | § § § | |
| ASCENDANT CAPITAL, LLC, et al., | § § | |
| Defendants. | § | |

**MOTION TO DISMISS OF DEFENDANT HIGHTOWER ADVISORS, LLC, JOINING IN CO-DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant HighTower Advisors, LLC ("HighTower Advisors"), through undersigned counsel, respectfully moves this Court to dismiss the Second Amended Class Action Complaint ("Second Amended Complaint") filed by Plaintiff Kinnie Ma Individual Retirement Account, pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8(a), and the doctrine of *forum non conveniens*. In doing so, HighTower joins in the Motions to Dismiss [DE 683 & 685] filed by two large groups of co-defendants ("Co-Defendant Movants"), which, together with HighTower Advisors, constitute what are described in the Second Amended Complaint as the "Broker Defendants." As reflected on the face of the Second Amended Complaint, the claims and allegations asserted by Plaintiff against HighTower Advisors and the other "Broker Defendants" represent rank group pleading that is devoid of sufficient particularized allegations against any

individual "Broker Defendant" and that fails to state a claim upon which relief may be granted. Furthermore, the forum selection clause contained in the relevant subscription agreements mandates that any litigation in connection with the subscription agreements be brought in New York. Enforcing the terms of those agreements requires dismissal of the Second Amended Complaint under the doctrine of *forum non conveniens*. HighTower Advisors respectfully submits that the arguments and authorities cited by the Co-Defendant Movants in their Motions to Dismiss [DE 683 & 685] apply with equal force to HighTower Advisors.

Accordingly, for the reasons set forth-in the Motions to Dismiss of the Co-Defendant Movants [DE 683 & 685], HighTower Advisors requests that the Court grant the Motions to Dismiss and such other and further relief as the Court may deem necessary.

Date: January 15, 2021

        Respectfully submitted,

        **K&L GATES LLP**

        By: */s/ Stephen Topetzes*
            Stephen Topetzes
            *Pro Hac Vice*
            stephen.topetzes@klgates.com

        1601 K Street, NW
        Washington, D.C. 20006-1600
        (202) 778-9328 Telephone
        (202) 778-9100 Facsimile

            Michael DeMarco
            *Pro Hac Vice*
            michael.demarco@klgates.com
            John Gavin
            *Pro Hac Vice*
            john.gavin@klgates.com

        State Street Financial Center
        One Lincoln Street
        Boston, Massachusetts 02111-2950
        (617) 261-3100 Telephone
        (617) 261-3175 Facsimile

            Jonathan R. Dotson
            Texas State Bar No. 24036495
            jon.dotson@klgates.com

        2801 Via Fortuna, Suite 350
        Austin, Texas 78746
        (512) 482-6889 Telephone
        (512) 482-6859 Facsimile

        **ATTORNEYS FOR DEFENDANT HIGHTOWER ADVISORS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2021, a true and correct copy of the foregoing document was filed via the Court's electronic filing system and that a true and correct electronic copy was thereby caused to be served on all counsel of record.

*/s/ Stephen Topetzes*
Stephen Topetzes