IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | CAUSE NO. 1:19-CV-1050-LY |
| V. | § § | |
| ASCENDANT CAPITAL, LLC, ET AL., | § § | |
| Defendants. | § § § | |

**KINNIE MA PLAINTIFFS' SUPPLEMENT TO THEIR AMENDED MOTION TO CONSOLIDATE CLASS ACTIONS AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

Plaintiffs in *Kinnie Ma Individual Retirement Account, et al. v. Ascendant Capital, LLC*, *et al.*, 1:19-CV-01050-LY (the "*Ma* action")[1] make this submission supplementing their prior Amended Motion to Consolidate Class Actions, Appoint Interim Co-Lead Class Counsel and Interim Liaison Counsel, Transfer and Consolidate Subsequent Similar Cases (Dkt. 528) (hereinafter, the "Amended Motion to Consolidate")[2] in order to reflect that the *Ma* Plaintiffs' counsel, Peter Linden, has changed his law firm affiliation to Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), and that the *Ma* Plaintiffs are now asking the Court to appoint Kaplan Fox, along with Blackner Stone & Associates, P.A. ("Blackner Stone"), as Interim Co-Lead Class Counsel in this action. *See* Court Order of September 27, 2021 (Dkt. 846). This supplement is submitted solely to apprise the Court that the *Ma* Plaintiffs are seeking the appointment of Kaplan Fox as an interim co-lead class counsel and to provide that firm's qualifications. In support thereof, the *Ma* Plaintiffs respectfully state as follows:

## *MA* PLAINTIFFS' PROPOSED CHANGE OF COUNSEL

On July 10, 2020, the *Ma* Plaintiffs filed an Amended Motion to Consolidate seeking, among other things, an order (1) consolidating the above-captioned action with the later-filed *Barasch* action, No. 1:19-CV-01079-LY, or any other similar later filed class actions in this Court, and (2) appointing the *Ma* Plaintiffs' then counsel, Kirby McInerney LLP ("Kirby") and Blackner Stone & Associates, P.A. ("Blackner Stone"), as Interim Co-Lead Class Counsel and Edmundson Shelton Weiss PLLC as Interim Liaison Counsel.  In late August 2021, Peter Linden, counsel for

---

[1] Plaintiffs in the *Kinnie Ma* action include: Kinnie Ma Individual Retirement Account (IRA), Dean Crooks, Corri Rene Eden, Jeffery S. Gramm IRA, Stacy Greasor IRA, Catherine Kominos, Karen Loch, Robert A. Stone Living Trust, Shirley Stone Living Trust, Victor Wade IRA and Kazue M. Bell (collectively, the "*Ma* Plaintiffs"). Plaintiff Kazue Bell joined the action on November 9, 2020 (Dkt. 616), after the filing of the Amended Motion to Consolidate.

[2] *See also* Dkt. 540 (reply). The *Ma* Plaintiffs filed the same Amended Motion to Consolidate and reply in the *Barasch* action, No. 1:19-CV-01079-LY. *See Barasch* Dkts. 194 and 216.

the *Ma* Plaintiffs, changed his law firm affiliation, leaving Kirby and joining the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"). *See* Declaration of Peter S. Linden filed herewith ("Linden Decl."), ¶ 4. On August 27, 2021, Linden filed a Notice of Change of Law Firm Affiliation. Dkt. 830. All of the *Ma* Plaintiffs have retained Linden and Kaplan Fox (in lieu of Kirby)[3] and submit this filing to supplement their prior Amended Motion to Consolidate in order to provide the Court with information that will assure the Court that Linden and Kaplan Fox have the requisite experience to serve as co-lead counsel, together with Blackner Stone. At the Court's September 23, 2021 scheduling conference, the Court authorized the filing of this supplemental submission. *See also* Dkt. 846.

## ARGUMENT AND AUTHORITY

### I. KAPLAN FOX, ALONG WITH BLACKNER STONE, WILL ADEQUATELY REPRESENT THE CLASS AND EFFICIENTLY PROSECUTE THE CLAIMS

As noted in the *Ma* Plaintiffs' Amended Motion to Consolidate (Dkt. 528 at 10), pursuant to Rule 23(g)(1)(B) courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Kaplan Fox respectfully submits that, together with Blackner Stone, it is well positioned to represent the claims of the GPB investors in this litigation.

Kaplan Fox prides itself on its more than forty years representing investors that have been damaged as a result of violations of securities laws. The firm specializes in securities class actions and individual (opt-out) actions and has been a leader in prosecuting corporate and securities fraud —ranging from cases concerning accounting fraud to those involving complicated and complex financial instruments. It has recovered billions of dollars on behalf of investors in cases where the

---

[3] In addition, the *Ma* Plaintiffs continue to be represented by Blackner Stone, which has consented to the substitution of Kaplan Fox for Kirby.

2

firm has acted as lead or co-lead counsel. For example, Kaplan Fox recovered $2.425 billion for Bank of America shareholders in 2012 as co-lead counsel only two weeks before trial, which stands as by far the largest recovery for a claim under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and one of the largest recoveries ever for all class action securities litigation claims. The firm also successfully litigated a securities class action as co-lead counsel representing the plaintiffs against Merrill Lynch, which settled for $475 million. Over the years, Kaplan Fox's securities litigation practice has been recognized as one of the top plaintiffs' securities firms in the United States. A detailed description of Kaplan Fox's practice and attorneys is being submitted herewith. *See* Linden Decl., Ex. A (Kaplan Fox Firm Résumé and cases cited therein). In addition, Mr. Linden brings his own substantial experience to Kaplan Fox. *Id*. (Linden Decl., Ex. A) at 39 - 41. *See also* Dkt. 528 at 14-15. The qualifications of Blackner Stone were previously set forth in detail in the Amended Motion to Consolidate. Dkt. 528 at 10-11, 15 and Ex. 5 thereto.

If appointed here, Kaplan Fox and Blackner Stone will remain focused on protecting the interests of class members throughout the litigation and maximizing any potential recovery.

### A.   Kaplan Fox and Stone are Adequate Counsel Under the Criteria of Rule 23(g)

Rule 23(g)(1)(A) sets forth the factors a court must consider in appointing Class Counsel. These factors, which have been used repeatedly by courts to guide interim class counsel decisions, include: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that

3

counsel will commit to representing the class. *See* FED. R. CIV. P. 23(g)(1)(A).[4]  As discussed below, Kaplan Fox and Blackner Stone satisfy all of these criteria, strongly supporting their appointment as Interim Co-Lead Class Counsel.

*First*, Linden, now with Kaplan Fox,[5] and Stone of Blackner Stone have done extensive work identifying or investigating potential claims in the action. Rule 23(g)(1)(A)(i) (the first factor). They have researched and filed three complaints in connection with the *Ma* Plaintiffs' claims. Linden and Stone also drafted and filed extensive memoranda of law successfully opposing nineteen motions to dismiss this action. These submissions were the result of hundreds, if not thousands, of hours of legal work, including review and analysis of thousands of pages of documents, interviews of confidential witnesses, and investigation of the claims. Simply stated, the Class will benefit from the extensive factual and legal investigation of attorneys who have the requisite detailed understanding to effectively prosecute this action.

*Second,* Kaplan Fox possesses extensive experience in handling class actions, other complex litigation, and the types of claims asserted in the action (Rule 23(g)(1)(A)(ii)) (the second factor), as well as knowledge of the applicable law (Rule 23(g)(1)(A)(iii) (the third factor). As noted above and in its firm résumé, Kaplan Fox possesses over forty years of extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions and other complex actions on behalf of injured investors across the country. *See* Linden

---

[4] *See Kjessler v. Zaappaaz, Inc.*, No. 4:18-cv-430, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (applying Rule 23(g)(1)(A) factors to designation of interim class counsel); *Ramirez v. J.C. Penny Corp.*, Civil Action No. 6:14-CV-601, 2014 WL 12713071, at *1 (E.D. Tex. Aug. 20, 2014) (same); *In re Wells Fargo Wage & Hour Emp. Pracs. Litig.*, Case No. H-11-2266, 2011 WL 13135156, at *3 (S.D. Tex. Dec. 19, 2011) (same). *See also* FED. R. CIV. P. 23(g)(3) (authorizing designation of interim counsel).

[5] Peter Linden conducted the overwhelming majority of legal work for his former firm in this action to date, and he will be spearheading Kaplan Fox's work on this matter.

Decl., Ex. A (Kaplan Fox résumé). Moreover, Peter Linden, the Kaplan Fox attorney leading the firm's commitment in this matter, has his own significant experience representing both individual and institutional investors in securities matters. Linden is an experienced litigator of 37 years, including over 6 years as a prosecutor, culminating in his position as a supervising assistant district attorney specializing in economic crimes, and almost 30 years of class action experience. *See* Linden Decl., Ex. A (description of Linden's experience in Kaplan Fox firm résumé) at 39 - 41. He has played a major role in numerous complex class actions in which he acted as lead or co-lead counsel, some of which include *Citigroup Secs. Litig*. (lead counsel in $590 million class action settlement); *Bisys Secs. Litig*. (co-lead counsel in $65 million class action settlement); *Laidlaw Bondholder Secs. Litig.* (class action resulting in $42 million settlement). *Id.* at 39 - 41.

Importantly, Kaplan Fox has also gained extensive experience of the applicable law through Linden's involvement in preparing the pleadings and memoranda of law in this action. This includes analyzing the application of Texas law to the facts of the alleged scheme here, as well as significant legal analyses of securities regulations, including SEC Rule 506 and section 12(g) of the Securities Exchange Act of 1934.

*Finally,* Kaplan Fox has the ability to commit the substantial legal and financial resources needed to prosecute this litigation. Rule 23(g)(1)(A)(iv) (the fourth factor). Kaplan Fox has a lengthy track record of successfully managing many complex litigations like this case, demonstrating that the firm has the financial, professional, investigative, and technological resources required to prosecute these claims.  Linden Decl., Ex. A.

 In sum, Kaplan Fox and its co-counsel are well-positioned to adequately represent the interests of the proposed Class in this action.

## CONCLUSION

For the foregoing reasons, the *Ma* Plaintiffs respectfully submit that Kaplan Fox possesses the requisite experience and qualifications to be appointed, along with Blackner Stone, as Interim Co-Lead Class Counsel for the plaintiffs in the consolidated action.

Dated: October 5, 2021

    Respectfully submitted,

    By:    */s/ Jesse Z. Weiss*

    **EDMUNDSON SHELTON WEISS PLLC**

    Ryan Shelton
    SBN: 24037484
    ryan@eswpllc.com
    Jesse Z. Weiss
    SBN: 24013728
    jesse@eswpllc.com
    317 Grace Ln, Ste 210
    Austin, TX 78746
    Telephone: (512) 596-3058
    Facsimile: (512) 532-6637

    *Proposed Interim Liaison Counsel for Plaintiffs*

    **KAPLAN FOX & KILSHEIMER LLP**
    Peter S. Linden (admitted *pro hac vice*)
    850 Third Avenue, 14th Floor
    New York, New York 10022
    Telephone: (212) 687-1980
    Facsimile: (212) 687-7714
    Email: plinden@kaplanfox.com

    **BLACKNER STONE & ASSOCIATES, P.A.**
    Richard L. Stone (admitted *pro hac vice*)
    609 South Beach Road
    Jupiter, Florida 33469
    Telephone: (561) 358-4800
    Email: rstoneesq@rstoneesq.com

    *Proposed Interim Co-Lead Class Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the above and foregoing instrument and the accompanying Declaration of Peter S. Linden have been served on all counsel of record in this action via the CM/ECF system, and upon counsel of record in *Barasch v. GPB Capital Holdings, LLC,* No. 1:19-CV-01079-LY, via email, this 5th day of October 2021.

                                          */s/ Peter S. Linden*
                                          Peter S. Linden