IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, et al., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    -v-<br><br>ASCENDANT CAPITAL, LLC, et al.<br><br>    Defendants. | Case No. 1:19-cv-1050-LY |

## BROKER-DEALER DEFENDANTS' OPPOSITION TO CONSOLIDATION

The undersigned Broker-Dealer Defendants[1] submit this brief in opposition to consolidating the above-captioned matter ("*Kinnie Ma*") with *The Stanley S. and Millicent R. Barasch Living Trust, et al. v. GPB Capital Holdings, LLC, et al.*, Cause No. 1:19-CV-1079-LY ("*Barasch*"). The Broker-Dealer Defendants are solely parties in the *Kinnie Ma* action and believe that consolidation would be prejudicial to them for the reasons set forth below.

**1.  Consolidation Would Further Complicate the Administration of this Case**

As the Court has noted, the *Kinnie Ma* matter, in and of itself, is complicated in part due to the number of parties and multiplicity of issues. Consolidation with the *Barasch* matter would further burden the already difficult administration of this case. Not only are there significant differences between the claims and theories asserted in the two actions, the issues in *Kinnie Ma* that are pertinent to the Broker-Dealer Defendants, such as class certification, certain causes of action, and underlying legal theories are entirely different from issues raised in *Barasch*. In some

---

[1] As used herein, "Broker-Dealer Defendants" shall mean and refer to those Defendants whose counsel appear in the signature block.

**BROKER-DEALER DEFENDANTS' OPPOSITION TO CONSOLIDATION – Page 1**

important respects, the issues in *Kinnie Ma* are contradictory and incompatible with *Barasch*. For example, the *Barasch* plaintiffs reject the *Kinnie Ma* plaintiffs' theories regarding aiding and abetting under the Texas Securities Act and the application of fraudulent transfer concepts. The Broker-Dealer Defendants, who are only parties in *Kinnie Ma*, should not have to participate in that other litigation, which does not concern them and which would further complicate an already complex matter. In fact, given the competing and legal theories and class definitions, it is hard to see how a coherent consolidated complaint could be filed that would fairly insulate the broker-dealers from those who assert no claims or demands against them.

2.  **Discovery in a Consolidated Action Would Prejudice the Broker-Dealer Defendants**

*Kinnie Ma* asserts claims against the Broker-Dealer Defendants by a putative class of individuals who are not in privity with those Broker-Dealers. That is, the *Kinnie Ma* complaint asserts a putative class of non-customers on an aiding and abetting theory. All broker-dealers are subject to mandatory arbitration before FINRA (the Financial Industry Regulatory Authority) for claims brought by their customers (account holders for the most part). Those arbitrations are individual or small group actions that are administered by FINRA's Dispute Resolution Division. They are subject to specific rules, including regarding depositions and other discovery that differ from the Federal Rules of Civil Procedure. For example, depositions are not permitted without a specific order of the arbitrators in any individual case. FINRA Rule 12510 (stating that depositions are "strongly discouraged" and will be permitted "only under very limited circumstances). This limitation is important because employees of the Broker-Dealer Defendants involved in the review and approval process for alternative investments like GPB-sponsored funds undoubtedly will be deposed in *Kinnie Ma*, but such depositions would not be permitted under FINRA Rules.

As the counsel for the *Kinnie Ma* plaintiffs assert, Plaintiffs' counsel in *Barasch* are actively participating in FINRA arbitrations against certain Broker-Dealer Defendants and

**BROKER-DEALER DEFENDANTS' OPPOSITION TO CONSOLIDATION – Page 2**

soliciting the public for additional engagements on GPB-related arbitrations. It would be improper and unfair for the claimants in FINRA arbitrations to gain otherwise unavailable discovery against Broker-Dealers obtained in a matter in which they have absolutely no claims against such defendants. The *Barasch* parties should not be able to have it both ways; to use their participation in discovery in the putative class action as an end-around FINRA's rules, to which they agreed when they initiated claims on behalf of their clients in those matters. Consolidation, therefore, would exacerbate the likelihood of prejudice to the Broker-Dealers in connection with discovery.

**3.     Bifurcation and Coordination of Discovery**

The Broker-Dealer Defendants believe that bifurcated class action discovery is essential to avoiding prejudice and ensuring that the parties meet the rigorous standards adopted by the Fifth Circuit for class certification. *See Chavez v. Plan Benefit Servs., Inc.*, 957 F.3d 542, 545 (5th Cir. 2020) (holding certification proper only once the court is satisfied, after a rigorous analysis, that Rule 23 requirements are met) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013)). At the appropriate time the Broker-Dealer Defendants will fully set out their arguments and concerns on this subject.

However, as it pertains to consolidation, although the Broker-Dealer Defendants oppose consolidation, they do not oppose limited coordination of discovery between *Barasch* and *Kinnie Ma* to avoid duplication of efforts. For example, with respect to GPB's document productions, it is entirely proper for those to be coordinated between the cases, along with certain party depositions of GPB-defendants and their affiliates in both cases, and perhaps certain third-party depositions. The Broker-Dealer Defendants propose that if the Court were to deny consolidation, which the Broker-Dealer Defendants urge, that the parties in both cases meet and confer on (a) discovery coordination designed to avoid duplication of efforts; and (b) an appropriate protective

order that would prevent materials produced in discovery in *Kinnie Ma* from being used in arbitrations brought by individual claimants against the Broker-Dealer Defendants. In this regard, the Court noted during the recent status conference that it may be inclined to appoint a Discovery Master to preside over discovery issues. The Broker-Dealer Defendants submit that coordination of discovery could also be managed by the Discovery Master.

**4.      Conclusion**

Based on the foregoing, the Broker-Dealer Defendants respectfully request that this Court decline to order consolidation of the *Kinnie Ma* and *Barasch* matters.

Respectfully Submitted,

| EWELL, BROWN, BLANKE & KNIGHT LLP | MARKUN ZUSMAN FRENIERE & COMPTON LLP |
|---|---|
| */s/ Gary Ewell*<br>     GARY EWELL<br>     Texas State Bar No. 06752800<br>     gewell@ebbklaw.com<br>     David Blanke<br>     dblanke@ebbklaw.com<br>     Alithea Sullivan<br>     asullivan@ebbklaw.com<br>111 Congress Avenue, Suite 2800<br>Austin, Texas 78701<br>Telephone: 512.770.4000<br><br>**Attorneys for Arkadios Capital, Ausdal Financial Partners, Inc., Crown Capital Securities, LP, Geneos Wealth Management, Inc., Orchard Securities, LLC, DFPG Investments, LLC, FSC Securities Corporation, Royal Alliance Associates, Inc., Sagepoint Financial, Inc., Woodbury Financial Services, Inc., Western International Securities, Aegis Capital Corp., American Capital Partners, LLC, Whitehall Parker Securities, David A. Noyes & Company (n/k/a Sanctuary Wealth Group, LLC), Triad Advisors LLC, Innovation Partners LLC, Aeon Capital, Inc., Landolt Securities, Inc., and Kingsbury Capital, Inc.** | */s/ Edward Zusman*<br>     EDWARD ZUSMAN<br>     Pro Hac Vice<br>     California State Bar No. 154366<br>465 California Street, Suite 401<br>San Francisco, CA 94104<br>(415) 438-4515<br>(415) 434-4505 (fax)<br>ezusman@mzclaw.com<br><br>*/s/ Kevin Eng*<br>     KEVIN ENG<br>     Pro Hac Vice<br>     California State Bar No. 209036<br>465 California Street, Suite 401<br>San Francisco, CA 94104<br>(415) 438-4515<br>(415) 434-4505 (fax)<br>keng@mzclaw.com<br><br>**Attorneys for FSC Securities Corporation, Royal Alliance Associates, Inc., Sagepoint Financial, Inc., Western International Securities, Inc., Woodbury Financial Services, Inc**. |

**BROKER-DEALER DEFENDANTS' OPPOSITION TO CONSOLIDATION – Page 4**

| | |
|---|---|
| WINSTEAD PC<br><br>*/s/ James G. Ruiz*<br>    JAMES G. RUIZ<br>    Texas State Bar No. 17385860<br>401 Congress Ave., Suite 2100<br>Austin, Texas 78701<br>512-370-2818<br>jruiz@winstead.com<br><br>O'HAGAN MEYER LLC<br><br>*/s/ Nancy L. Hendrickson*<br>    NANCY L. HENDRICKSON<br>    Pro hac vice<br>    Illinois State Bar No. 6207710<br>One East Wacker Drive, Suite 3400<br>Chicago, IL 60601<br>(312) 741-4496<br>nhendrickson@ohaganmeyer.com<br><br>**Attorneys for Arete Wealth Management LLC** | KELLY HART & HALLMAN LLP<br><br>*/s/ J. Stephen Ravel*<br>    STEVEN J. RAVEL<br>    Texas State Bar No. 16584975<br>303 Colorado Street, Suite 2000<br>Austin, TX 78701<br>512-495-6429<br>512-495-6464 (fax)<br>steve.ravel@khh.com<br><br>O'HAGAN MEYER LLC<br><br>*/s/ Nancy L. Hendrickson*<br>    NANCY L. HENDRICKSON<br>    Pro hac vice<br>    Illinois State Bar No. 6207710<br>One East Wacker Drive, Suite 3400<br>Chicago, IL 60601<br>(312) 741-4496<br>nhendrickson@ohaganmeyer.com<br><br>**Attorneys for Great Point Capital LLC** |
| AKERMAN LLP<br><br>*/s/ Bryce Benson*<br>    BRYCE BENSON<br>    Texas State Bar No.<br>2001 Ross Avenue, Suite 3600<br>Dallas, TX 75201<br>(214) 720-4302<br><br>**Attorneys for Sentinus Securities LLC N/K/A Sentinus Halo Securities, LLC And Money Concepts Capital Corporation** | Saretsky Hart Michaels + Gould PC<br><br>*/s/ Jonathan Sterling*<br>    JONATHAN STERLING<br>    Pro Hac Vice<br>995 South Eton Street<br>Birmingham, MI 48009<br>248-502-3300<br>248-502-3301 (fax)<br>jsterling@saretsky.com<br><br>**Attorneys for Arkadios Capital, Ausdal Financial Partners, Inc., Crown Capital Securities, LP, DFPG Investments, LLC, Geneos Wealth Management, Inc. And Orchard Securities, LLC** |

**BROKER-DEALER DEFENDANTS' OPPOSITION TO CONSOLIDATION – Page 5**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 14, 2021 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ *Gary Ewell*