**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> -v- <br><br> ASCENDANT CAPITAL, LLC, et al. <br><br> Defendants. | Case No. 1:19-cv-1050-LY |

**BROKER-DEALER DEFENDANTS' JOINDER IN
GPB DEFENDANTS' MOTION TO STAY ACTIONS**

The undersigned Broker-Dealer Defendants[1] submit this Joinder to the GPB Defendants'[2] motion to stay both the above-captioned matter ("*Kinnie Ma*") and *The Stanley S. and Millicent R. Barasch Living Trust, et al. v. GPB Capital Holdings, LLC, et al.*, Cause No. 1:19-CV-1079-LY ("*Barasch*") [Dkt. No. 862].

The GPB Defendants' motion details criminal proceedings that are taking place in the Eastern District of New York, *United States v. David Gentile, et al*, 21 CR 54 (DG) (the "Criminal Action"). The Criminal Action involves Defendants David Gentile and Jeffrey Schneider, both of whom are named Defendants in *Kinnie Ma* and in *Barasch*.[3] A grand jury returned an indictment

---

[1]    As used herein, "Broker-Dealer Defendants" shall mean and refer to those Defendants whose counsel appear in the signature block.

[2]    As used herein, the "GPB Defendants" shall mean and refer to, collectively, the following: Defendants GPB Capital Holdings, LLC ("GPB Capital"), GPB Automotive Portfolio, LP; GPB Cold Storage, LP; GPB Holdings II, LP; GPB Holdings, LP; GPB Holdings III LP; GPB Holdings Qualified LP; GPB NYC Development, LP; and GPB Waste Management Fund, LP (collectively the "GPB Funds").

[3]    The GPB Defendants' motion sets forth the particulars of the Criminal Action and legal analysis in detail, which the Broker-Dealer Defendants incorporate by reference. For sake of brevity, this Joinder

against Gentile and Schneider.  The Indictment was filed on January 29, 2021, and alleges that Gentile, "the founder, owner and Chief Executive Officer ("CEO") of GPB Capital," and who had "primary responsibility for decision-making at the GPB Funds," (Indictment ¶ 7), along with Schneider, the "owner and CEO of Ascendant" (Indictment ¶ 8), and Jeffrey Lash, a "managing partner of GPB Capital from 2013 through early 2018" (Indictment ¶ 9), along with "others," (Indictment ¶ 15), engaged in a scheme to defraud investors and potential investors in the GPB Funds through a series of material misrepresentations and omissions, including as to the source of funds used to pay monthly distributions to investors in several of the GPB Funds and the revenues generated by several of the GPB Funds.  (Indictment ¶ 15).  According to the Indictment, "these material misrepresentations and omissions induced investors to invest" in various GPB Funds based on the understanding that investor funds would be used to "purchase mature, profitable companies" that would generate distributions to investors, which "would not diminish the value of their invested capital," when "in reality .  .  .  the monthly distribution payments were substantially derived from investor capital."  (Indictment ¶ 16).

The *Kinnie Ma* Complaint alleges that the GPB Defendants, along with Ascendant, defendant Axiom Capital Management, Inc., and Gentile and Schneider, acted knowingly because they were aware that "GPB's 'investment strategy' was destined to fail because it included exorbitant, **unprecedented** fees which were not accurately described in its PPMs."  (Doc. 616, Second Amended Complaint ("SAC"), ¶4) (emphasis in original).  *Kinnie Ma* also makes allegations that GPB Capital, Gentile, and Schneider went on to market the various GPB Funds through a pattern of misrepresentations and omissions in the PPMs and other documents.  The *Kinnie Ma* Plaintiffs allege that the PPMs failed to disclose Schneider's role as a co-founder and

---

will address only the salient points as pertinent to the Broker-Dealer Defendants.

control person of GPB Capital, Gentile's majority ownership interest in the primary distribution agent, and the conflicts of interest that these ownership interests created. (SAC, ¶¶ 145, 185-188, 283 (b)). The *Kinnie Ma* Plaintiffs also allege that the GPB Defendants and others marketed a "Destined-to-Fail Business Model," which encompassed the payment of total fees of between 15 to 20%, and which were so large as to make "reasonable returns impossible." (SAC, ¶¶ 147-151). Further, the *Kinnie Ma* Plaintiffs assert that GPB Capital, with Gentile and Schneider, "developed a marketing scheme" which created the "appearance" of profitability by distributing an 8% annual dividend even though the investments were not profitable, and that GPB Capital falsely disclosed to investors that it was paying the dividend out of cash flow, which, Plaintiffs claim, was untrue. (SAC, ¶¶ 154-155).

The Criminal Action and *Kinnie Ma* arise from the same factual predicates. Gentile and Schneider are alleged to have been the individuals who controlled the GPB Defendants and who perpetrated the alleged fraud that supposedly harmed the Plaintiffs. Plaintiffs seek to hold the Broker-Dealer Defendants liable because of representations that Gentile and Schneider made. The *Kinnie Ma* Plaintiffs allege that "Ascendant Capital, GPB's primary distribution agent, and GPB itself, were in fact both 'commonly controlled' by their principals, David Gentile and Jeffry Schneider." (SAC, ¶2). Plaintiffs allege that the Broker-Dealer Defendants received due diligence reports that purportedly disclosed the alleged fraud. (SAC, ¶¶3, 27.b., 29.)

The purpose of the alleged scam was "to make GPB and Ascendant Capital (the primary distributor of the Securities) and their respective principals, Gentile and Schneider, rich . . . ." (SAC, ¶11.) Plaintiffs allege that Schneider and his affiliates engaged the Broker-Dealer Defendants, and that Schneider himself drafted large portions of the PPMs. (SAC, ¶¶ 42-43.) Further, Plaintiffs alleged that "[e]ach of the DD Reports was prepared at the direction of and with

the assistance of Schneider and Ascendant Capital . . . ."  (SAC, ¶45.)  "Indeed, the DD Reports were prepared at Schneider's direction, expressly because Ascendant Capital was conflicted . . . ." (SAC, ¶45.)  Gentile and Schneider were principals of Ascendant, through which the PPMs and subscription documents were prepared, reviewed, and arranged to have distributed.  (SAC, ¶¶99-100.)  Plaintiffs do not allege the Broker-Dealer Defendants drafted or prepared any of the allegedly fraudulent materials.  (*See* SAC, ¶¶ 130-131 ("Plaintiffs . . . *are only* suing each of the the other Brokers for promoting, sustaining and materially aiding the Ponzi scheme . . . .").  *Kinnie Ma* asserts the following claims against the Broker-Dealer Defendants:

- Aiding and Abetting Violations of the Texas Securities Act ("TSA") under: Tex. Rev. Stat. Ann. Art. 581-33 (Count II); and Tex. Rev. Civ. Stat. Ann. Art. 581-7 and 581-33(A)(1) and 581-33F(2) (Count V);

- Substantially Assisting in the Commission of Fraud (Count VIII);

- Fraudulent Transfer Under Texas Uniform Transfer Act, Tex. Bus. & Comm. Code, § 24.005(a)) (Count IX);

- Substantially Assisting in Breach of Fiduciary Duty (Count XII)

In short, the Plaintiffs' claims against the Broker-Dealer Defendants inextricably arise from the interactions between the Broker-Dealer Defendants and Gentile and Schneider.  As such, their testimony is critical on the formulation, creation, and ongoing perpetration of the alleged fraudulent scheme.  Their interactions with each of the Broker-Dealer Defendants is indispensable in gauging the conduct of the Broker-Dealers and the degree of knowledge they had of the supposed fraud.

Each of the Plaintiffs' claims is premised on the Broker-Dealer Defendants' secondary liability, with the GPB Defendants as the primary violators.  The *Kinnie Ma* Plaintiffs' legal

theories fundamentally calls into question the reasonableness of the Broker-Dealer Defendants' reliance on the due diligence materials and the interactions and representations of Gentile and Schneider. Therefore, Gentile and Schneider are critical witnesses to the due diligence review process that each Broker-Dealer undertook. Moreover, to the extent the claims can be pursued on a class-wide basis, the testimony of Gentile and Schneider would be a critical element of proof in establishing the requisite linkage under Rule 23 between each of the disparate Broker-Dealers.

As Gentile and Schneider have indicated in their motion to stay *Kinnie Ma* and *Barasch*, the invocation of their Fifth Amendment rights against self-incrimination is likely. Thus, the Broker-Dealer Defendants will be unable to present crucial evidence regarding Gentile's and Schneider's roles in the alleged misrepresentations upon which Plaintiffs' claims are premised. Just as the GPB Defendants would be prejudiced absent a stay, the Broker-Dealer Defendants would be foreclosed from defending themselves against Plaintiffs' claims, which could implicate class-wide damages. Finally, as the Northern District of Texas has noted, "While clearly corporations are not entitled to invoke the Fifth Amendment, staying the proceedings for some, but not all, of the defendants hardly results in the swift administration of justice." *Gemini Ins. Co. v. USPLabs, LLC*, No. 3:15-CV-3293-K, 2016 U.S. Dist. LEXIS 163121, at *4 (N.D. Tex. Mar. 23, 2016).

Accordingly, based upon the prejudice that would result to the Broker-Dealer Defendants, as well as the interest of all parties, the Broker-Dealer Defendants respectfully request that this action be stayed pending conclusion of the Criminal Action.

Respectfully Submitted,

| EWELL, BROWN, BLANKE & KNIGHT LLP | MARKUN ZUSMAN FRENIERE & COMPTON LLP |
|---|---|
| */s/ Gary Ewell*<br><br>GARY EWELL<br>Texas State Bar No. 06752800<br>gewell@ebbklaw.com<br>David Blanke<br>dblanke@ebbklaw.com<br>Alithea Sullivan<br>asullivan@ebbklaw.com<br>111 Congress Avenue, Suite 2800<br>Austin, Texas 78701<br>Telephone: 512.770.4000<br><br>**Attorneys for Arkadios Capital, Ausdal Financial Partners, Inc., Crown Capital Securities, LP, Geneos Wealth Management, Inc., Orchard Securities, LLC, DFPG Investments, LLC, FSC Securities Corporation, Royal Alliance Associates, Inc., Sagepoint Financial, Inc., Woodbury Financial Services, Inc., Western International Securities, Aegis Capital Corp., American Capital Partners, LLC, Whitehall Parker Securities, David A. Noyes & Company (n/k/a Sanctuary Wealth Group, LLC), Triad Advisors LLC, Innovation Partners LLC, Aeon Capital, Inc., Landolt Securities, Inc., and Kingsbury Capital, Inc.** | */s/ Edward Zusman*<br><br>EDWARD ZUSMAN<br>Pro Hac Vice<br>California State Bar No. 154366<br><br>*/s/ Kevin Eng*<br><br>KEVIN ENG<br>Pro Hac Vice<br>California State Bar No. 209036<br><br>Markun Zusman Freniere & Comptpn LLP<br>465 California Street, Suite 401<br>San Francisco, CA 94104<br>(415) 438-4515<br>(415) 434-4505 (fax)<br>ezusman@mzclaw.com<br>keng@mzclaw.com<br><br>**ATTORNEYS FOR FSC SECURITIES CORPORATION, ROYAL ALLIANCE ASSOCIATES, INC., SAGEPOINT FINANCIAL, INC., WESTERN INTERNATIONAL SECURITIES, INC., WOODBURY FINANCIAL SERVICES, INC.** |
| WINSTEAD PC<br><br>*/s/ James G. Ruiz*<br><br>JAMES G. RUIZ<br>Texas State Bar No. 17385860<br>401 Congress Ave., Suite 2100<br>Austin, Texas 78701<br>512-370-2818<br>jruiz@winstead.com | KELLY HART & HALLMAN LLP<br><br>*/s/ J. Stephen Ravel*<br><br>STEVEN J. RAVEL<br>Texas State Bar No. 16584975<br>303 Colorado Street, Suite 2000<br>Austin, TX 78701<br>512-495-6429<br>512-495-6464 (fax)<br>steve.ravel@khh.com |

| | |
|---|---|
| O'HAGAN MEYER LLC | O'HAGAN MEYER LLC |
| /s/ Nancy L. Hendrickson | /s/ Nancy L. Hendrickson |
|     NANCY L. HENDRICKSON<br>    Pro hac vice<br>    Illinois State Bar No. 6207710<br>One East Wacker Drive, Suite 3400<br>Chicago, IL  60601<br>(312) 741-4496<br>nhendrickson@ohaganmeyer.com |     NANCY L. HENDRICKSON<br>    Pro hac vice<br>    Illinois State Bar No. 6207710<br>One East Wacker Drive, Suite 3400<br>Chicago, IL  60601<br>(312) 741-4496<br>nhendrickson@ohaganmeyer.com |
| **ATTORNEYS FOR ARETE WEALTH MANAGEMENT LLC** | **ATTORNEYS FOR GREAT POINT CAPITAL LLC** |
| AKERMAN LLP | Saretsky Hart Michaels + Gould PC |
| /s/ Bryce Benson | /s/ Gary Saretsky |
|     BRYCE BENSON<br>    Texas State Bar No. 24031736<br>2001 Ross Avenue, Suite 3600<br>Dallas, TX 75201<br>(214) 720-4302<br><br>**ATTORNEYS FOR SENTINUS SECURITIES LLC n/k/a SENTINUS HALO SECURITIES, LLC AND MONEY CONCEPTS CAPITAL CORPORATION** |     GARY SARETSKY<br>    Texas State Bar No. 24071150<br>    JONATHAN STERLING<br>    Pro Hac Vice<br>995 South Eton Street<br>Birmingham, MI 48009<br>248-502-3300<br>248-502-3301 (fax)<br>jsterling@saretsky.com<br><br>**ATTORNEYS FOR ARKADIOS CAPITAL, AUSDAL FINANCIAL PARTNERS, INC., CROWN CAPITAL SECURITIES, LP, DFPG INVESTMENTS, LLC, GENEOS WEALTH MANAGEMENT, INC. AND ORCHARD SECURITIES, LLC** |
| | |

| | |
|---|---|
| WINSTEAD PC<br><br>/s/ James G. Ruiz<br>    JAMES G. RUIZ<br>    Texas State Bar No. 17385860<br>401 Congress Ave., Suite 2100<br>Austin, Texas 78701<br>512-370-2818<br>jruiz@winstead.com<br><br><br>MARSHALL DENNEHEY<br><br>/s/ Samuel Cohen<br>    SAMUEL COHEN<br>    Pennsylvania Bar ID 78996<br>    Pro Hac Vice<br>    GERRY KOWALSKI<br>    Pennsylvania Bar ID 43216<br>    Pro Hac Vice<br>2000 Market Street, Suite 2300<br>Philadelphia, PA 19103<br>(215) 575-2600<br>SECohen@MDWCG.com<br>GJKowalski@MDWCG.com<br><br><br>**ATTORNEYS FOR CENTER STREET SECURITIES, INC., UHLMANN PRICE SECURITIES, LLC, DAI SECURITIES, LLC, IBN FINANCIAL SERVICES, INC., CONCORDE INVESTMENT SERVICES, LLC, VESTECH SECURITIES, INC. AND COLORADO FINANCIAL SERVICE CORPORATION** | MOUND COTTON WOLLAN & GREENGRASS LLP<br><br>/s/ Barry Temkin<br>    BARRY TEMKIN<br>    New York Bar No. 1848068<br>    Pro Hac Vice<br>One New York Plaza<br>New York, NY 10004<br>Tel: (212) 804-4221<br>Fax: (212) 344-8066<br>btemkin@moundcotton.com<br><br>**ATTORNEYS FOR UNITED PLANNERS FINANCIAL SERVICES OF AMERICA, LLC** |

| | |
|---|---|
| KAUFMAN DOLOWICH & VOLUCK LLP<br><br>*/s/ Gara M. Seagraves*<br>Gara M. Seagraves<br>Pro Hac Vice<br>135 South LaSalle Street, Suite 2100<br>Chicago, Illinois 60603<br>Telephone: (917) 209-4749<br>Facsimile: (888) 464-7982<br>Email: gseagraves@kdvlaw.com<br><br>KELLY HART & HALLMAN LLP<br><br>*/s/ J. Stephen Ravel*<br>J. Stephen Ravel<br>Texas State Bar No. 16584975<br>KELLY HART & HALLMAN LLP<br>303 Colorado, Suite 2000<br>Austin, Texas 78701<br>Tel: (512) 495-6429<br>Email: steve.ravel@kellyhart.com<br><br>**ATTORNEYS FOR DEFENDANTS NEWBRIDGE SECURITIES CORPORATION AND WESTPARK CAPITAL INC.** | KESSLER & COLLINS,<br>A Professional Corporation<br><br>*/s/ Gary S. Kessler*<br>GARY S. KESSLER<br>State Bar No. 11358200<br>gsk@kesslercollins.com<br>BRYON ROMINE<br>State Bar No. 24029804<br>blr@kesslercollins.com<br>DANIEL P. CALLAHAN<br>State Bar No. 03648700<br>dpc@kesslercollins.com<br>STEPHEN J. HUSCHKA<br>State Bar No. 24097861<br>shuschka@kesslercollins.com<br>2100 Ross Avenue, Suite 750<br>Dallas, Texas 75201<br>214.379.0722 [Telephone]<br>214.373.4714 [Facsimile]<br><br>**ATTORNEYS FOR DEFENDANTS EMERSON EQUITY LLC; LOWELL & COMPANY, INC.; MCNALLY FINANCIAL SERVICES CORPORATION; MSC-BD-LLC LTD; SCF SECURITIES, INC.; STEPHEN A. KOHN & ASSOCIATES, LTD; and TITAN SECURITIES** |
| DELANEY & DELANEY LLC<br><br>*/s/ Kathleen A. DeLaney*<br>Kathleen A. DeLaney<br>Pro Hac Vice<br>3646 N. Washington Blvd.<br>Indianapolis, IN 46205<br>Tel: (317) 920-0400<br>kathleen@delaneylaw.com<br><br>**ATTORNEYS FOR DEFENDANTS DAVID A. NOYES & COMPANY, LLC (NOW KNOWN AS SANCTUARY WEALTH GROUP, LLC)** | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 21, 2021 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.


/s/ *Gary Ewell*_____