IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

JUN 1 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT; DEAN CROOKS; JEFFERY S. GRAMM INDIVIDUAL RETIREMENT ACCOUNT; STACY GREASOR INDIVIDUAL RETIREMENT ACCOUNT; CORRI RENE EDEN; CATHERINE KOMINOS; KAREN LOCH; VICTOR WADE INDIVIDUAL RETIREMENT ACCOUNT; ROBERT A. STONE LIVING TRUST, DATED JANUARY 9, 1992, AS AMENDED MAY 24, 2005; SHIRLEY STONE LIVING TRUST, DATED JANUARY 9, 1992, AS AMENDED MAY 24, 2005; AND KAZUE M. BELL, | § § § § § § § § § § § § § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | CAUSE NO. 1:19-CV-1050-LY |
| ASCENDANT CAPITAL, LLC, ET AL., | § § § | |
| DEFENDANTS. | § § | |
| | § | |
| THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST AND LORETTA DEHAY, | § § § § | |
| PLAINTIFFS, | § § § | |
| V. | § § | CAUSE NO. 1:19-CV-1079-LY |
| GPB CAPITAL HOLDINGS, LLC, ET AL., | § § § | |
| DEFENDANTS. | § | |

**ORDER CONSOLIDATING CIVIL CASES**

Before the court is the question whether to consolidate two actions, *Kinnie Ma Individual Retirement Account, et al. v. Ascendant Capital, LLC, et al.*, 1:19-CV-1050-LY ("*Kinnie Ma*") and *The Stanley S. and Millicent R. Barasch Living Trust & Loretta Dehay v. GPB Capital Holdings, LLC, et al.*, 1:19-CV-1079-LY ("*Barasch*"). In considering this question, the court has reviewed the *Kinnie Ma* Plaintiffs' Amended Motion to Consolidate Class Actions, Appoint Interim Co-Lead Class Counsel and Interim Liaison Counsel, Transfer and Consolidate Subsequent Similar Cases, and in the alternative, Stay Duplicative Briefing (Doc. 528, 1:19-CV-1050-LY; Doc. 194, 1:19-CV-1079-LY); the *Kinnie Ma* Plaintiffs' supplement to their amended motion to consolidate class actions (Doc. 848); as well as several briefs in support (Doc. Nos. 852, 853) or in opposition (Doc. Nos. 854, 856) to consolidating the *Kinnie Ma* and *Barasch* actions.

A district court may consolidate multiple "actions before the court [that] involve a common question of law or fact." Fed. R. Civ. P. 42 (a). If the actions involve a common question, other relevant considerations include (1) whether consolidation will avoid unnecessary expense or delay and (2) whether consolidation will prejudice the parties' rights. *See Frazier v. Garrison ISD*, 980 F.2d 1514, 1531 (5th Cir. 1993); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–762 (5th Cir. 1989); *St. Bernard Gen. Hosp., Inc. v. Hospital Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Ultimately, the court has "broad discretion" in deciding whether to consolidate actions. *Mills,* 886 F.2d at 762.

Here, the *Kinnie Ma* and *Barasch* actions undeniably involve common questions of law and fact. At the crux of each is a common allegation: Defendants engaged in a $1.8 billion Ponzi scheme, whereby Plaintiffs were promised dividends of 8% or more paid from operating profits but

were instead paid from Plaintiffs' own invested capital.  The actions share ten identical claims, including causes of action for fraud, substantially assisting the commission of fraud, breach of fiduciary duty, substantially assisting the breach of fiduciary duty, and violations of the Texas Securities Act, including control-person and aiding-and-abetting violations.  Both actions seek an order certifying a class under Rule 23 of the Federal Rules of Civil Procedure.  Both pray for compensatory and equitable relief.  And both are filed against 22 common defendants:  GPB Capital Holdings, LLC; GPB Holdings, LP; GPB Holdings II, LP; GPB Holdings III, LP; GPB Holdings Qualified, LP; GPB Automotive Portfolio, LP; GPB Cold Storage, LP; GPB NYC Development, LP; GPB Waste Management, LP; Ascendant Capital, LLC; Ascendant Alternative Strategies, LLC; Axiom Capital Management, Inc.; David Gentile; Jeffry Schneider; Mark Martino; DJ Partners, LLC; MR Ranger, LLC; RSM US, LLP; Gentile Pismeny & Brengel, LLP; Crowe, LLP; EisnerAmper, LLP; and Phoenix American Financial Services, Inc.  The key difference between the two actions is that the *Kinnie Ma* Plaintiffs are also suing several broker-dealers (the "Broker Defendants"), whereas the *Barasch* Plaintiffs are pursuing claims against broker-dealers in separate arbitration proceedings.

Still, consolidation will avoid unnecessary expense or delay.  For example, consolidation will avoid duplicate responses to motions and to discovery as well as duplicate orders.  Consolidation will protect the orderly progress of the lawsuits.  And, importantly, consolidation will permit the resolution of these complex cases in a single trial.  A single trial not only reduces the time and cost associated with trying cases separately, but also promotes consistent adjudications of factual and legal issues.  Consolidation is further supported by the fact that both cases are pending before the same court and each, having cleared the motion-to-dismiss stage, is in the same phase of litigation.

3

*St. Bernard Gen. Hosp., Inc.* 712 F.2d at 990 (holding consolidation may properly be denied where cases are at different stages of preparedness for trial); *accord Mills,* 886 F.2d at 762.

Moreover, consolidation will not prejudice the parties' rights. First, the *Kinnie Ma* Plaintiffs argue they will be prejudiced by the *Barasch* Plaintiffs' "refusal" to sue the Broker Defendants in federal court. However, plaintiffs in one consolidated case do not become plaintiffs in the other. *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997) ("The Supreme Court . . . held that consolidation 'does not merge suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.' We have adhered to this instruction [even] after the adoption of Rule 42(a).") (citing *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–497 (1933)); *see also Hall v. Hall*, No. 16-1150, ___ U.S. ___, 138 S.Ct. 1118, 200 L.Ed.2d 399 (Mar. 27, 2018) (holding "cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party"). The *Barasch* Plaintiffs' pursuit of claims in arbitration is not relevant to the *Kinnie Ma* Plaintiffs' pursuit of claims before this court; the *Kinnie Ma* Plaintiffs alone bear the burden of proving their case against the Broker Defendants. This is especially true where the court declines to appoint any one lawyer or firm as sole lead counsel. Second, the Broker Defendants assert that, in light of the parallel arbitration proceedings, the *Barasch* Plaintiffs are entitled to less discovery than the *Kinnie Ma* Plaintiffs. But once again, since each consolidated case "retains its separate character," consolidation does not necessarily enlarge the *Barasch* Plaintiffs' right to discovery. *Frazier*, 980 F.2d at 1532. Consolidation helps promote coordination of discovery and avoid duplication of efforts. It does not, however, diminish a party's ability to make, respond, or object to discovery requests.

**IT IS THEREFORE ORDERED** that Cause No. 1:19-CV-1079-LY is **CONSOLIDATED** with and into Cause No. 1:19-CV-1050-LY.

**IT IS ORDERED** that the consolidated case shall be styled with the following caption: *Kinnie Ma IRA; Jeffery S. Gramm IRA; Stacy Greasor IRA; Victor Wade IRA; Kazue Bell; Dean Crooks; Corri Rene Eden; Catherine Kominos; Karen Loch; Robert A. Stone Living Trust; Shirley Stone Living Trust; The Stanley S. and Millicent R. Barasch Living Trust; and Loretta DeHay[1] v. Ascendant Capital, LLC., et al.,[2]* 1:19-CV-1050-LY.

**IT IS ORDERED** that the parties and the clerk of the court shall make all future filings for either case in Cause No. 1:19-CV-1050-LY using the above-referenced caption.

**IT IS ORDERED** that the August 25, 2021 stay of all proceedings in this action is **LIFTED** for the following purposes only:

**IT IS ORDERED** that **on or before July 1, 2022**, the parties shall file a **Consolidated Complaint** titled "Consolidated Complaint" containing the caption described herein, all of the causes of action asserted in the *Kinnie Ma* action and the *Barasch* action—clearly identifying which causes of action are asserted by which plaintiffs and against which defendants—but asserting no new causes of action.

**IT IS FURTHER ORDERED** that **on or before July 15, 2022**, the parties shall meet and confer and, after consulting the website for the United States District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Forms" tab, "Austin Division," shall file a **Joint Proposed Scheduling Order** titled "Joint Proposed Scheduling Order" utilizing this court's form.

**IT IS FINALLY ORDERED** that this case is set for a **GENERAL CONFERENCE** of attorneys as well as a **HEARING** on the motion to appoint counsel (Doc. 528, 1:19-CV-1050-LY; Doc. 194, 1:19-CV-1079-LY), motions to stay (Doc. 865, 1:19-CV-1050-LY; Doc. 358, 1:19-CV-1079-LY), and motions for reconsideration (Doc. 841, 1:19-CV-1050-LY; Doc. 341, 1:19-CV-1079-LY), on **June 22, 2022, at 2:00 PM Austin, Texas time**, which will be conducted remotely via Zoom.  Zoom invitations will be circulated by email; the parties are to send the names and email addresses of those who would like a Zoom invitation to Samantha Oakes, Courtroom Deputy, at Samantha_Oakes@txwd.uscourts.gov **no later than June 15, 2022.**

SIGNED this _____**/st**_____ day of June, 2022.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

1.      The Plaintiffs in this consolidated case include: Kinnie Ma Individual Retirement Account; Jeffery S. Gramm Individual Retirement Account; Stacy Greasor Individual Retirement Account; Victor Wade Individual Retirement Account; Kazue M. Bell; Dean Crooks; Corri Rene Eden; Catherine Kominos; Karen Loch; Robert A. Stone Living Trust, dated January 9, 1992, as amended May 24, 2005; Shirley Stone Living Trust, dated January 9, 1992, as amended May 24, 2005; the Stanley S. and Millicent R. Barasch Living Trust; and Loretta DeHay.

2.      The Defendants in this consolidated case include: Ascendant Capital, LLC; Ascendant Alternative Strategies, LLC; GPB Capital Holdings, LLC; Axiom Capital Management, Inc.; DJ Partners LLC; MR Ranger LLC; David Gentile; Jeffry Schneider; Mark D Martino; GPB Holdings, LP; GPB Holdings II, LP; GPB Holdings III, LP; GPB Holdings Qualified, LP; GPB Automotive Portfolio, LP; GPB Cold Storage, LP; GPB Waste Management Fund, LP; GPB NYC Development, LP; RSM US LLP; Phoenix American Financial Services, Inc.; Advisory Group Equity Services, Ltd.; Aegis Capital Corporation; Aeon Capital Inc.; American Capital Partners, LLC; Arete Wealth Management, LLC; Arkadios Capital; Ausdal Financial Partners, Inc.; BCG Securities, Inc.; Bradley Wealth Management LLC; Cabot Lodge Securities LLC; Calton & Associates, Inc.; Capital Investment Group, Inc.; Cascade Financial Management, Inc.; Center Street Securities, Inc.; Coastal Equities, Inc.; Colorado Financial Service Corporation; Concorde Investment Services, LLC; Crown Capital Securities, LP; David A. Noyes & Company; Dawson James Securities, Inc.; Dempsey Lord Smith,

LLC; Detalus Securities, LLC; DFPG Investments, Inc.; Emerson Equity LLC; FSC Securities Corporation; Geneos Wealth Management, Inc.; Great Point Capital LLC; HighTower Securities, LLC; IBN Financial Services, Inc.; Innovation Partners LLC; International Assets Advisory, LLC; Kalos Capital, Inc.; Kingsbury Capital, Inc.; Landolt Securities, Inc.; Lewis Financial Group, *now known as* DAI Securities, LLC; Lion Street Financial, LLC; Lowell & Company, Inc.; Lucia Securities, LLC; Madison Avenue Securities, LLC; McDonald Partners LLC; McNally Financial Services Corporation; Moloney Securities Co., Inc.; Money Concepts Capital Corporation; MSC-BD, LLC, Newbridge Securities Corporation; Orchard Securities, LLC; Purshe Kaplan Sterling Investments, Inc.; Royal Alliance Associates, Inc.; SagePoint Financial, Inc.; SCF Securities, Inc.; Sentinus Securities LLC, *now known as* Sentinus-Halo Securities, LLC; Stephen A. Kohn & Associates, Ltd.; Titan Securities; Triad Advisors, LLC; Uhlmann Price Securities, LLC; United Planners' Financial Services of America, LP; Vanderbilt Securities, LLC; Vestech Securities, Inc.; Western Int'l Securities, Inc.; WestPark Capital Inc.; Whitehall-Parker Securities, Inc.; Woodbury Financial Services, Inc.; Crowe, LLP; EisnerAmper LLP; Margolin Winer & Evens LLP; Withum Smith+Brown, PC; Deloitte Transactions and Business Analytics LLP; Morrison, Brown, Argiz & Ferra, LLC; Gentile Pismeny & Brengel LLP, *now known as* Gentile Brengel & Lin, LLP; HighTower Advisors, LLC; CohnReznick LLP; Morrison, Brown, Argiz & Farra; Minchung Kgil;  Dotty J. Bollinger; Michael Frost; Evan Myrianthopoulos; Steven Frangioni; Scott Naugle; McAnna, LP; Robert Kessler; Gerald Francese; Rina Chernaya; CKGF Holding LLC; GPB Managed IT Fund, *now known as* Austin Lake Technologies; and Highline Management, Inc.