**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| KINNIE MA IRA; JEFFERY S. GRAMM IRA; STACY GREASOR IRA: VICTOR WADE IRA; KAZUE BELL; DEAN CROOKS; CORRI RENE EDEN; CATHERINE KOMINOS; KAREN LOCH; ROBERT A. STONE LIVING TRUST; SHIRLEY STONE LIVING TRUST; THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST; AND LORETTA DEHAY, | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 19-CV-1050-LY |
| *Plaintiffs,* | | |
| v. | | |
| ASCENDANT CAPITAL, LLC, ET AL., | | |
| *Defendants* | | |

**DEFENDANT UNITED PLANNERS' FINANCIAL SERVICES**
**OF AMERICA, LP'S  ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND**
**CROSS-CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

1.      COMES NOW, United Planners' Financial Services of America, LP ("UPFSA"),

in the above-entitled and numbered cause, and files this Original Answer ("Answer") to

Plaintiffs, Kinnie Ma IRA, Dean Crooks, Jeffery S. Gramm IRA, Stacy Greasor IRA, Corri Rene

Eden, Catherine Kominos, Karen Loch, Robert A. Stone Living Trust, Shirley Stone Living

Trust, Victor Wade IRA, Kazue M. Bell (collectively, the "Kinnie Ma Plaintiffs"), The Stanley

S. and Millicent R. Barasch Living Trust (the "Barasch Trust") through Jeffrey Barasch and

Phillip Barasch, in their capacities as powers of attorney and/or trustees of the Barasch Trust, and

Loretta DeHay (collectively, the Barasch Plaintiffs," and with the Kinnie Ma Plaintiffs, referred

to herein collectively as "Plaintiffs"), individually and on behalf of all other similarly situated persons who purchased or otherwise acquired securities issued by the GPB Funds' Consolidated Complaint. In support thereof, UPFSA respectfully shows the Court and all parties as follows:

## PRELIMINARY STATEMENT

2.      UPFSA denies the allegations stated in Paragraph 2 of the Consolidated Complaint.

3.      UPFSA denies the allegations stated in Paragraph 3 of the Consolidated Complaint.

4.      UPFSA denies the allegations stated in Paragraph 4 of the Consolidated Complaint.

5.      UPFSA admits that on May 27, 2020, the Enforcement Section of the Massachusetts Securities Division of the Office of the Secretary of the Commonwealth commenced an adjudicatory proceeding against GPB Capital. As for the remainder of the allegations in Paragraph 5,  UPFSA's position is that the documents speaks for itself.

6.      UPFSA admits the quoted portion of Paragraph 6 is correctly stated, however UPFSA's position is that the document speaks for itself.

7.      UPFSA denies the allegations stated in Paragraph 7 of the Consolidated Complaint.

8.      UPFSA denies the allegations stated in Paragraph 8 of the Consolidated Complaint.

9.      UPFSA denies the allegations stated in Paragraph 9 of the Consolidated Complaint.

10. UPFSA denies the allegations stated in Paragraph 10 of the Consolidated Complaint.

11. UPFSA denies the allegations stated in Paragraph 11 of the Consolidated Complaint.

12. UPFSA denies the allegations stated in Paragraph 12 of the Consolidated Complaint.

13. UPFSA denies the allegations stated in Paragraph 13 of the Consolidated Complaint.

14. UPFSA denies the allegations stated in Paragraph 14 of the Consolidated Complaint.

15. UPFSA denies the allegations stated in Paragraph 15 of the Consolidated Complaint.

16. UPFSA denies the allegations stated in Paragraph 16 of the Consolidated Complaint.

17. UPFSA denies the allegations stated in Paragraph 17 of the Consolidated Complaint.

18. UPFSA denies the allegations stated in Paragraph 18 of the Consolidated Complaint.

19. UPFSA denies the allegations stated in Paragraph 19 of the Consolidated Complaint.

20. UPFSA denies the allegations stated in Paragraph 20 of the Consolidated Complaint.

21.     UPFSA denies the allegations stated in Paragraph 21 of the Consolidated Complaint.

22.     UPFSA denies the allegations stated in Paragraph 22 of the Consolidated Complaint.

23.     UPFSA denies the allegations stated in Paragraph 23 of the Consolidated Complaint.

24.     UPFSA denies the allegations stated in Paragraph 24 of the Consolidated Complaint.

25.     UPFSA denies the allegations stated in Paragraph 25 of the Consolidated Complaint.

26.     UPFSA denies the allegations stated in Paragraph 26 of the Consolidated Complaint.

27.     UPFSA denies the allegations stated in Paragraph 27 of the Consolidated Complaint.

      a.  UPFSA denies the allegations stated in Paragraph 27(a) of the Consolidated Complaint.

      b.  UPFSA denies the allegations stated in Paragraph 27(b) of the Consolidated Complaint.

      c.  UPFSA denies the allegations stated in Paragraph 27(c) of the Consolidated Complaint.

28.     UPFSA denies the allegations stated in Paragraph 28 of the Consolidated Complaint.

29.     UPFSA denies the allegations stated in Paragraph 29 of the Consolidated Complaint.

30.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 30 of the Consolidated Complaint.

31.     UPFSA denies the allegations stated in Paragraph 31 of the Consolidated Complaint.

32.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 32 of the Consolidated Complaint.

33.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 33 of the Consolidated Complaint.

34.     UPFSA denies the allegations stated in Paragraph 34 of the Consolidated Complaint.

35.     UPFSA denies the allegations stated in Paragraph 35 of the Consolidated Complaint.

     a.  UPFSA denies the allegations stated in Paragraph 35(a) of the Consolidated Complaint.

     b.  UPFSA denies the allegations stated in Paragraph 35(b) of the Consolidated Complaint.

     c.  UPFSA denies the allegations stated in Paragraph 35(c) of the Consolidated Complaint.

     d.  UPFSA denies the allegations stated in Paragraph 35(d) of the Consolidated Complaint.

e.  UPFSA denies the allegations stated in Paragraph 35(e) of the Consolidated Complaint.

f.  UPFSA denies the allegations stated in Paragraph 35(f) of the Consolidated Complaint.

g.  UPFSA denies the allegations stated in Paragraph 35(g) of the Consolidated Complaint.

h.  UPFSA denies the allegations stated in Paragraph 35(h) of the Consolidated Complaint.

i.  UPFSA denies the allegations stated in Paragraph 35(i) of the Consolidated Complaint.

36.  With respect to Paragraph 36 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

## FACTUAL BACKGROUND

37.  UPFSA denies the allegations stated in Paragraph 37 of the Consolidated Complaint.

38.  UPFSA denies the allegations stated in Paragraph 38 of the Consolidated Complaint.

39.  UPFSA denies the allegations stated in Paragraph 39 of the Consolidated Complaint.

40.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 40 of the Consolidated Complaint.

41.     UPFSA denies the allegations stated in Paragraph 41 of the Consolidated Complaint.

42.     UPFSA denies the allegations stated in Paragraph 42 of the Consolidated Complaint.

43.     UPFSA denies the allegations stated in Paragraph 43 of the Consolidated Complaint.

44.     UPFSA denies the allegations stated in Paragraph 44 of the Consolidated Complaint.

45.     UPFSA denies the allegations stated in Paragraph 45 of the Consolidated Complaint.

46.     With respect to Paragraph 46 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA denies the allegations stated in Paragraph 46 of the Consolidated Complaint.

47.     UPFSA denies the allegations stated in Paragraph 47 of the Consolidated Complaint.

48.     UPFSA denies the allegations stated in Paragraph 48 of the Consolidated Complaint.

49.     UPFSA denies the allegations stated in Paragraph 49 of the Consolidated Complaint.

50.     UPFSA denies the allegations stated in Paragraph 50 of the Consolidated Complaint.

51.     UPFSA denies the allegations stated in Paragraph 51 of the Consolidated Complaint.

52.     UPFSA denies the allegations stated in Paragraph 52 of the Consolidated Complaint.

53.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 53 of the Consolidated Complaint and thereby denies same.

54.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 54 of the Consolidated Complaint and thereby denies same.

55.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 55 of the Consolidated Complaint and thereby denies same.

56.     UPFSA denies the allegations stated in Paragraph 56 of the Consolidated Complaint.

57.     UPFSA denies the allegations stated in Paragraph 57 of the Consolidated Complaint.

58.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 58 of the Consolidated Complaint and thereby denies same.

59.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 59 of the Consolidated Complaint.

60.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 60 of the Consolidated Complaint.

61.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 61 of the Consolidated Complaint.

62.     UPFSA admits the allegations stated in Paragraph 62 of the Consolidated Complaint.

63.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 63 of the Consolidated Complaint.

64.     UPFSA denies the allegations stated in Paragraph 64 of the Consolidated Complaint.

65.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 65 of the Consolidated Complaint and thereby denies same.

66.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 66 of the Consolidated Complaint and thereby denies same.

67.     UPFSA denies the allegations stated in Paragraph 67 of the Consolidated Complaint.

68.     UPFSA denies the allegations stated in Paragraph 68 of the Consolidated Complaint.

69.     UPFSA denies the allegations stated in Paragraph 69 of the Consolidated Complaint.

70.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 70 of the Consolidated Complaint.

71.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 71 of the Consolidated Complaint.

72.     UPFSA admits that on May 27, 2020, the Commonwealth of Massachusetts commenced an adjudicatory proceeding against GPB Capital. As for the remainder of the allegations in Paragraph 72, UPFSA's position is that the documents speaks for itself.

73.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 73 of the Consolidated Complaint.

**JURISDICTION AND VENUE**

74.     UPFSA admits Plaintiffs and other Class Members are citizens of a different state of at least one of the Defendants. UPFSA denies the remaining allegations of this paragraph.

75.     UPFSA admits venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

76.     UPFSA denies the allegations stated in Paragraph 76 of the Consolidated Complaint.

77.     UPFSA admits it executed Form BD-1, but denies the remaining allegations of this paragraph.

78.     UPFSA denies the allegations stated in Paragraph 78 of the Consolidated Complaint.

79.     UPFSA denies the allegations stated in Paragraph 79 of the Consolidated Complaint.

80.     UPFSA denies the allegations stated in Paragraph 80 of the Consolidated Complaint.

81.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 81 of the Consolidated Complaint and thereby denies same.

82.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 82 of the Consolidated Complaint and thereby denies same.

83.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 83 of the Consolidated Complaint and thereby denies same.

84.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 84 of the Consolidated Complaint and thereby denies same.

85.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 85 of the Consolidated Complaint and thereby denies same.

86.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 86 of the Consolidated Complaint and thereby denies same.

## THE PARTIES

87.     UPFSA denies the allegations stated in Paragraph 87 of the Consolidated Complaint.

88.     UPFSA denies the allegations stated in Paragraph 88 of the Consolidated Complaint.

89.     UPFSA denies the allegations stated in Paragraph 89 of the Consolidated Complaint.

90.     UPFSA denies the allegations stated in Paragraph 90 of the Consolidated Complaint.

91.     UPFSA denies the allegations stated in Paragraph 91 of the Consolidated Complaint.

92.     UPFSA denies the allegations stated in Paragraph 92 of the Consolidated Complaint.

93.     UPFSA denies the allegations stated in Paragraph 93 of the Consolidated Complaint.

94.     UPFSA denies the allegations stated in Paragraph 94 of the Consolidated Complaint.

95.     UPFSA denies the allegations stated in Paragraph 95 of the Consolidated Complaint.

96.     UPFSA denies the allegations stated in Paragraph 96 of the Consolidated Complaint.

97.     UPFSA denies the allegations stated in Paragraph 97 of the Consolidated Complaint.

98.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 98 of the Consolidated Complaint and thereby denies same.

99.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 99 of the Consolidated Complaint and thereby denies same.

100.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 100 of the Consolidated Complaint and thereby denies same.

101.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 101 of the Consolidated Complaint and thereby denies same.

102.    UPFSA denies the allegations stated in Paragraph 102 of the Consolidated Complaint.

**The GPB Related Defendants**

103.    UPFSA denies the allegations stated in Paragraph 103 of the Consolidated Complaint.

104.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 104 of the Consolidated Complaint and thereby denies same.

105.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 105 of the Consolidated Complaint and thereby denies same.

    a.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 105(a) of the Consolidated Complaint and thereby denies same.

b.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 105(b) of the Consolidated Complaint and thereby denies same.

c.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 105(c) of the Consolidated Complaint and thereby denies same.

d.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 105(d) of the Consolidated Complaint and thereby denies same.

e.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 105(e) of the Consolidated Complaint and thereby denies same.

f.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 105(f) of the Consolidated Complaint and thereby denies same.

106.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 106 of the Consolidated Complaint and thereby denies same.

107.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 107 of the Consolidated Complaint and thereby denies same.

108.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 108 of the Consolidated Complaint and thereby denies same.

109.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 109 of the Consolidated Complaint and thereby denies same.

110.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 110 of the Consolidated Complaint and thereby denies same.

111.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 111 of the Consolidated Complaint and thereby denies same.

112.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 112 of the Consolidated Complaint and thereby denies same.

113.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 113 of the Consolidated Complaint and thereby denies same.

114.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 114 of the Consolidated Complaint and thereby denies same.

115.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 115 of the Consolidated Complaint and thereby denies same.

116.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 116 of the Consolidated Complaint and thereby denies same.

117.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 117 of the Consolidated Complaint and thereby denies same.

118.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 118 of the Consolidated Complaint and thereby denies same.

**The Individual Defendants**

119.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 119 of the Consolidated Complaint and thereby denies same.

120.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 120 of the Consolidated Complaint and thereby denies same.

121.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 121 of the Consolidated Complaint and thereby denies same.

122.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 122 of the Consolidated Complaint and thereby denies same.

**The Fund Administrator**

123.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 123 of the Consolidated Complaint and thereby denies same.

**The Auditor Defendants**

124.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 124 of the Consolidated Complaint and thereby denies same.

125.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 125 of the Consolidated Complaint and thereby denies same.

126.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 126 of the Consolidated Complaint and thereby denies same.

127.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 127 of the Consolidated Complaint and thereby denies same.

128.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 128 of the Consolidated Complaint and thereby denies same.

129.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 129 of the Consolidated Complaint and thereby denies same.

130.    Paragraph 130 of the Consolidated Complain does not require a response.

**The Valuation Defendants**

131.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131 of the Consolidated Complaint and thereby denies same.

a.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(a) of the Consolidated Complaint and thereby denies same.

15

b.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(b) of the Consolidated Complaint and thereby denies same.

c.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(c) of the Consolidated Complaint and thereby denies same.

d.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(d) of the Consolidated Complaint and thereby denies same.

e.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(e) of the Consolidated Complaint and thereby denies same.

f.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(f) of the Consolidated Complaint and thereby denies same.

    i.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(f)(1) of the Consolidated Complaint and thereby denies same.

    ii.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(f)(2) of the Consolidated Complaint and thereby denies same.

    iii.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(f)(3) of the Consolidated Complaint and thereby denies same.

    iv.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(f)(4) of the Consolidated Complaint and thereby denies same.

      v.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(f)(5) of the Consolidated Complaint and thereby denies same.

     vi.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(f)(6) of the Consolidated Complaint and thereby denies same.

g.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 131(g) of the Consolidated Complaint and thereby denies same.

132.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132 of the Consolidated Complaint and thereby denies same.

a.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(a) of the Consolidated Complaint and thereby denies same.

b.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(b) of the Consolidated Complaint and thereby denies same.

c.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(c) of the Consolidated Complaint and thereby denies same.

d.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(d) of the Consolidated Complaint and thereby denies same.

e.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(e) of the Consolidated Complaint and thereby denies same.

f.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(f) of the Consolidated Complaint and thereby denies same.

    i.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(f)(1) of the Consolidated Complaint and thereby denies same.

    ii.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(f)(2) of the Consolidated Complaint and thereby denies same.

    iii.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(f)(3) of the Consolidated Complaint and thereby denies same.

    iv.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(f)(4) of the Consolidated Complaint and thereby denies same.

    v.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(f)(5) of the Consolidated Complaint and thereby denies same.

    vi.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 132(f)(6) of the Consolidated Complaint and thereby denies same.

133.    Paragraph 133 of the Consolidated Complain does not require a response.

**GPB's Accountant**

134.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 134 of the Consolidated Complaint and thereby denies same.

**GPB's Managing Partners and Directors**

135.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 135 of the Consolidated Complaint and thereby denies same.

136.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 136 of the Consolidated Complaint and thereby denies same.

137.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 137 of the Consolidated Complaint and thereby denies same.

138.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 138 of the Consolidated Complaint and thereby denies same.

139.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 139 of the Consolidated Complaint and thereby denies same.

140.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 140 of the Consolidated Complaint and thereby denies same.

141.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 141 of the Consolidated Complaint and thereby denies same.

142.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 142 of the Consolidated Complaint and thereby denies same.

143.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 143 of the Consolidated Complaint and thereby denies same.

144.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 144 of the Consolidated Complaint and thereby denies same.

145.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 145 of the Consolidated Complaint and thereby denies same.

146.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 146 of the Consolidated Complaint and thereby denies same.

**The CKGF Defendants**

147.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 147 of the Consolidated Complaint and thereby denies same.

148.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 148 of the Consolidated Complaint and thereby denies same.

149.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 149 of the Consolidated Complaint and thereby denies same.

150.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 150 of the Consolidated Complaint and thereby denies same.

151.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 151 of the Consolidated Complaint and thereby denies same.

152.    Paragraph 152 of the Consolidated Complain does not require a response.

**The Broker Defendants**

153.    UPFSA denies the allegations stated in Paragraph 153 of the Consolidated Complaint.

154.    UPFSA denies the allegations stated in Paragraph 154 of the Consolidated Complaint.

155.    Paragraph 155 of the Consolidated Complain does not require a response. To the extend a response is required, UPFSA denies the allegations stated in Paragraph 155 of the Consolidated Complaint.

156.    Paragraph 156 of the Consolidated Complain does not require a response.

a.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(a)(i)-(v) of the Consolidated Complaint and thereby denies same.

b.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(b)(i)-(v) of the Consolidated Complaint and thereby denies same.

c.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(c)(i)-(v) of the Consolidated Complaint and thereby denies same.

d.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(d)(i)-(v) of the Consolidated Complaint and thereby denies same.

e.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(e)(i)-(v) of the Consolidated Complaint and thereby denies same.

f.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(f)(i)-(v) of the Consolidated Complaint and thereby denies same.

g.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(g)(i)-(v) of the Consolidated Complaint and thereby denies same.

h.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(h)(i)-(v) of the Consolidated Complaint and thereby denies same.

i.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(i)(i)-(vi) of the Consolidated Complaint and thereby denies same.

j.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(j)(i)-(v) of the Consolidated Complaint and thereby denies same.

k.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(k)(i)-(v) of the Consolidated Complaint and thereby denies same.

l.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(l)(i)-(v) of the Consolidated Complaint and thereby denies same.

m.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(m)(i)-(v) of the Consolidated Complaint and thereby denies same.

n.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(n)(i)-(v) of the Consolidated Complaint and thereby denies same.

o.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(o)(i)-(v) of the Consolidated Complaint and thereby denies same.

p.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(p)(i)-(v) of the Consolidated Complaint and thereby denies same.

q.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(q)(i)-(v) of the Consolidated Complaint and thereby denies same.

r.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(r)(i)-(v) of the Consolidated Complaint and thereby denies same.

s.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(s)(i)-(v) of the Consolidated Complaint and thereby denies same.

t.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(t)(i)-(v) of the Consolidated Complaint and thereby denies same.

u.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(u)(i)-(v) of the Consolidated Complaint and thereby denies same.

v.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(v)(i)-(v) of the Consolidated Complaint and thereby denies same.

w.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(w)(i)-(v) of the Consolidated Complaint and thereby denies same.

x.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(x)(i)-(v) of the Consolidated Complaint and thereby denies same.

y.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(y)(i)-(v) of the Consolidated Complaint and thereby denies same.

z.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(z)(i)-(v) of the Consolidated Complaint and thereby denies same.

aa. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(aa)(i)-(v) of the Consolidated Complaint and thereby denies same.

bb. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(bb)(i)-(xi) of the Consolidated Complaint and thereby denies same.

cc. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(cc)(i)-(v) of the Consolidated Complaint and thereby denies same.

dd. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(dd)(i)-(v) of the Consolidated Complaint and thereby denies same.

ee. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(ee)(i)-(v) of the Consolidated Complaint and thereby denies same.

ff.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(ff)(i)-(v) of the Consolidated Complaint and thereby denies same.

gg. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(gg)(i)-(v) of the Consolidated Complaint and thereby denies same.

hh. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(hh)(i)-(v) of the Consolidated Complaint and thereby denies same.

ii. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(ii)(i)-(v) of the Consolidated Complaint and thereby denies same.

jj. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(jj)(i)-(v) of the Consolidated Complaint and thereby denies same.

kk. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(kk)(i)-(v) of the Consolidated Complaint and thereby denies same.

ll. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(ll)(i)-(v) of the Consolidated Complaint and thereby denies same.

mm. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(a)(i)-(v) of the Consolidated Complaint and thereby denies same.

nn. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(nn)(i)-(v) of the Consolidated Complaint and thereby denies same.

oo. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(oo)(i)-(v) of the Consolidated Complaint and thereby denies same.

pp. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(pp)(i)-(v) of the Consolidated Complaint and thereby denies same.

qq. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(qq)(i)-(v) of the Consolidated Complaint and thereby denies same.

rr. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(rr)(i)-(v) of the Consolidated Complaint and thereby denies same.

ss.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(ss)(i)-(v) of the Consolidated Complaint and thereby denies same.

tt.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(tt)(i)-(v) of the Consolidated Complaint and thereby denies same.

uu.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(uu)(i)-(vi) of the Consolidated Complaint and thereby denies same.

vv.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(vv)(i)-(v) of the Consolidated Complaint and thereby denies same.

ww.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(ww)(i)-(v) of the Consolidated Complaint and thereby denies same.

xx.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(xx)(i)-(v) of the Consolidated Complaint and thereby denies same.

yy.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(yy)(i)-(v) of the Consolidated Complaint and thereby denies same.

zz.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(zz)(i)-(v) of the Consolidated Complaint and thereby denies same.

aaa.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(aaa)(i)-(v) of the Consolidated Complaint and thereby denies same.

bbb. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(bbb)(i)-(v) of the Consolidated Complaint and thereby denies same.

ccc. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(ccc)(i)-(v) of the Consolidated Complaint and thereby denies same.

ddd. UPFSA denies the allegations in Paragraph 156(ddd) of the Consolidated Complaint.

  i. UPFSA admits the allegations stated in Paragraph 156(ddd)(i) of the Consolidated Complaint, insomuch as it is incorporated in Arizona.

  ii. UPFSA denies the allegations stated in Paragraph 156(ddd)(ii) of the Consolidated Complaint.

  iii. UPFSA denies the allegations stated in Paragraph 156(ddd)(iii) of the Consolidated Complaint.

  iv. UPFSA denies the allegations stated in Paragraph 156(ddd)(iv) of the Consolidated Complaint.

  v. UPFSA denies the allegations stated in Paragraph 156(ddd)(v) of the Consolidated Complaint.

eee. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(eee)(i)-(v) of the Consolidated Complaint and thereby denies same.

fff. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(fff)(i)-(v) of the Consolidated Complaint and thereby denies same.

ggg. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(ggg)(i)-(v) of the Consolidated Complaint and thereby denies same.

hhh. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(hhh)(i)-(v) of the Consolidated Complaint and thereby denies same.

iii. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(iii)(i)-(v) of the Consolidated Complaint and thereby denies same.

jjj. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 156(jjj)(i)-(v) of the Consolidated Complaint and thereby denies same.

157.   Paragraph 157 of the Consolidated Complain does not require a response.

## FACTUAL ALLEGATIONS

**A.      Gentile and Schneider Embark on Their Scheme to Fraudulently Raise Money from Investors Employing a Secret Agreement to Share Profits**

158.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 158 of the Consolidated Complaint and thereby denies same.

159.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 159 of the Consolidated Complaint and thereby denies same.

160.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 160 of the Consolidated Complaint and thereby denies same.

161.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 161 of the Consolidated Complaint and thereby denies same.

162.   UPFSA is of the position the document referenced speaks for itself. If further response is required, UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 162 of the Consolidated Complaint and thereby denies same.

163.   UPFSA denies the allegations stated in Paragraph 163 of the Consolidated Complaint.

164.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 164 of the Consolidated Complaint and thereby denies same.

165.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 165 of the Consolidated Complaint and thereby denies same.

166.   UPFSA denies the allegations stated in Paragraph 166 of the Consolidated Complaint.

167.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 167 of the Consolidated Complaint and thereby denies same.

168.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 168 of the Consolidated Complaint and thereby denies same.

169.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 169 of the Consolidated Complaint and thereby denies same.

170.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 170 of the Consolidated Complaint and thereby denies same.

**B.    GPB Capital's Destined-to-Fail Business Model**

171.   UPFSA denies the allegations stated in Paragraph 171 of the Consolidated Complaint.

172.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 172 of the Consolidated Complaint and thereby denies same.

173.     UPFSA denies the allegations stated in Paragraph 173 of the Consolidated Complaint.

174.     UPFSA denies the allegations stated in Paragraph 174 of the Consolidated Complaint.

175.     UPFSA denies the allegations stated in Paragraph 175 of the Consolidated Complaint.

176.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 176 of the Consolidated Complaint and thereby denies same.

177.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 177 of the Consolidated Complaint and thereby denies same.

178.     UPFSA denies the allegations stated in Paragraph 178 of the Consolidated Complaint.

179.     UPFSA denies the allegations stated in Paragraph 179 of the Consolidated Complaint.

180.     UPFSA denies the allegations stated in Paragraph 180 of the Consolidated Complaint.

181.     UPFSA denies the allegations stated in Paragraph 181 of the Consolidated Complaint.

182.     UPFSA denies the allegations stated in Paragraph 182 of the Consolidated Complaint.

183.   UPFSA denies the allegations stated in Paragraph 183 of the Consolidated Complaint.

184.   UPFSA denies the allegations stated in Paragraph 184 of the Consolidated Complaint.

185.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 185 of the Consolidated Complaint and thereby denies same.

186.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 186 of the Consolidated Complaint and thereby denies same.

187.   UPFSA admits the quoted portion of Paragraph 187 is accurately typed, however, as to the remaining allegations, UPFSA denies and is of the position that the document speaks for itself.

188.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 188 of the Consolidated Complaint and thereby denies same.

189.   UPFSA denies the allegations stated in Paragraph 189 of the Consolidated Complaint.

190.   UPFSA denies the allegations stated in Paragraph 190 of the Consolidated Complaint.

191.   UPFSA denies the allegations stated in Paragraph 191 of the Consolidated Complaint.

192.   UPFSA denies the allegations stated in Paragraph 192 of the Consolidated Complaint.

193.   UPFSA denies the allegations stated in Paragraph 193 of the Consolidated Complaint.

194.   UPFSA denies the allegations stated in Paragraph 194 of the Consolidated Complaint.

195.   UPFSA denies the allegations stated in Paragraph 195 of the Consolidated Complaint.

196.   UPFSA denies the allegations stated in Paragraph 196 of the Consolidated Complaint.

197.   UPFSA denies the allegations stated in Paragraph 197 of the Consolidated Complaint.

198.   UPFSA denies the allegations stated in Paragraph 198 of the Consolidated Complaint.

199.   UPFSA denies the allegations stated in Paragraph 199 of the Consolidated Complaint.

    a.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 199(a) of the Consolidated Complaint and thereby denies same.

    b.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 199(b) of the Consolidated Complaint and thereby denies same.

    c.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 199(c) of the Consolidated Complaint and thereby denies same.

    d.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 199(d) of the Consolidated Complaint and thereby denies same.

200.   UPFSA denies the allegations stated in Paragraph 200 of the Consolidated Complaint.

201.   UPFSA denies the allegations stated in Paragraph 201 of the Consolidated Complaint.

202.   UPFSA denies the allegations stated in Paragraph 202 of the Consolidated Complaint.

203.   UPFSA denies the allegations stated in Paragraph 203 of the Consolidated Complaint.

204.   UPFSA denies the allegations stated in Paragraph 204 of the Consolidated Complaint.

205.   UPFSA denies the allegations stated in Paragraph 205 of the Consolidated Complaint.

206.   UPFSA denies the allegations stated in Paragraph 206 of the Consolidated Complaint.

**C.    Defendants Also Failed to Disclose "Bad Acts," Precluding Their Reliance on Rule 506 or Regulation D.**

207.   UPFSA denies the allegations stated in Paragraph 207 of the Consolidated Complaint.

208.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 208 of the Consolidated Complaint and thereby denies same.

209.   UPFSA denies the allegations stated in Paragraph 209 of the Consolidated Complaint.

210.   UPFSA denies the allegations stated in Paragraph 210 of the Consolidated Complaint.

211.   UPFSA denies the allegations stated in Paragraph 211 of the Consolidated Complaint.

212.     UPFSA denies the allegations stated in Paragraph 212 of the Consolidated Complaint.

213.     UPFSA denies the allegations stated in Paragraph 213 of the Consolidated Complaint.

214.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 214 of the Consolidated Complaint and thereby denies same.

215.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 215 of the Consolidated Complaint and thereby denies same.

216.     UPFSA denies the allegations stated in Paragraph 216 of the Consolidated Complaint.

**D.     Defendants Failed to Make Required 1934 Act Filings and the Broker Defendants Substantially Assisted in the Violation of the 1934 Act by Distributing the Securities**

217.     UPFSA denies the allegations stated in Paragraph 217 of the Consolidated Complaint, and respectfully refers all questions of law to the court.

218.     UPFSA denies the allegations stated in Paragraph 218 of the Consolidated Complaint.

219.     UPFSA denies the allegations stated in Paragraph 219 of the Consolidated Complaint.

220.     UPFSA denies the allegations stated in Paragraph 220 of the Consolidated Complaint.

**E.     The Auditor Defendants Provided Substantial Assistance in the Illegal Offerings Described Herein**

221.     UPFSA denies the allegations stated in Paragraph 221 of the Consolidated Complaint.

222.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 222 of the Consolidated Complaint and thereby denies same.

223.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 223 of the Consolidated Complaint and thereby denies same.

224.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 224 of the Consolidated Complaint and thereby denies same.

225.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 225 of the Consolidated Complaint and thereby denies same.

226.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 226 of the Consolidated Complaint and thereby denies same.

227.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 227 of the Consolidated Complaint and thereby denies same.

228.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 228 of the Consolidated Complaint and thereby denies same.

229.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 229 of the Consolidated Complaint and thereby denies same.

230.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 230 of the Consolidated Complaint and thereby denies same.

**F.   The Broker Defendants Substantially Assisted the Scheme**

231.   UPFSA denies the allegations stated in Paragraph 231 of the Consolidated Complaint.

232.   UPFSA denies the allegations stated in Paragraph 232 of the Consolidated Complaint.

233.    UPFSA denies the allegations stated in Paragraph 233 of the Consolidated Complaint.

    a.   UPFSA denies the allegations stated in Paragraph 233(a) of the Consolidated Complaint.

    b.   UPFSA denies the allegations stated in Paragraph 233(b) of the Consolidated Complaint.

    c.   UPFSA denies the allegations stated in Paragraph 233(c) of the Consolidated Complaint.

    d.   UPFSA denies the allegations stated in Paragraph 233(d) of the Consolidated Complaint.

    e.   UPFSA denies the allegations stated in Paragraph 233(e) of the Consolidated Complaint.

    f.   UPFSA denies the allegations stated in Paragraph 233(f) of the Consolidated Complaint.

    g.   UPFSA denies the allegations stated in Paragraph 233(g) of the Consolidated Complaint.

    h.   UPFSA denies the allegations stated in Paragraph 233(h) of the Consolidated Complaint.

    i.   UPFSA denies the allegations stated in Paragraph 233(i) of the Consolidated Complaint.

    j.   UPFSA denies the allegations stated in Paragraph 233(j) of the Consolidated Complaint.

k.   UPFSA denies the allegations stated in Paragraph 233(k) of the Consolidated Complaint.

**G.     The Fund Administrator Breached Tis Direct Duties to the Class and Substantially Assisted the Violations of the TSA.**

234.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 234 of the Consolidated Complaint and thereby denies same.

235.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 235 of the Consolidated Complaint and thereby denies same.

236.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 236 of the Consolidated Complaint and thereby denies same.

237.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 237 of the Consolidated Complaint and thereby denies same.

238.   UPFSA denies the allegations stated in Paragraph 238 of the Consolidated Complaint.

239.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 239 of the Consolidated Complaint and thereby denies same.

240.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 240 of the Consolidated Complaint and thereby denies same.

241.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 241 of the Consolidated Complaint and thereby denies same.

242.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 242 of the Consolidated Complaint and thereby denies same.

243.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 243 of the Consolidated Complaint and thereby denies same.

244.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 244 of the Consolidated Complaint and thereby denies same.

    a.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 244(a) of the Consolidated Complaint and thereby denies same.

    b.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 244(b) of the Consolidated Complaint and thereby denies same.

    c.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 244(c) of the Consolidated Complaint and thereby denies same.

245.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 245 of the Consolidated Complaint and thereby denies same.

**H.     The Auditor Defendants Were Aware of the Fraud at GPB.**

246.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 246 of the Consolidated Complaint and thereby denies same.

**I.     GPB and the Funds Were Plagued by Undisclosed Financial Misconduct, by which Defendants Breached Their Fiduciary Duty; the Allegations of Fraud Made Herein are Substantiated by Recent Lawsuits Filed Against GPB and Related Parties**

247.     UPFSA denies the allegations stated in Paragraph 247 of the Consolidated Complaint.

248.     UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248 of the Consolidated Complaint.

    a.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(a) of the Consolidated Complaint, and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

b.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(b) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

c.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(c) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

d.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(d) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

e.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(e) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

f.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(f) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

g.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(g) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

h.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(h) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

i.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(i) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

j.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(j) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

k.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(k) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

l.   UPFSA denies knowledge or information regarding the allegations stated in Paragraph 248(l) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that the verified pleadings speak for themselves.

249.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 249 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

250.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 250 of the Consolidated Complaint and thereby denies same.

251.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 251 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

252.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 252 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

253.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 253 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

a.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 253(a) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

b.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 253(b) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

c.    Paragraph 253(c) does not require a response.

254.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 254 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

255.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 255 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

256.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 256 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

a.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 256(a) of the Consolidated Complaint and thereby denies same.

40

UPFSA is also of the position that any documents referred to speak for themselves.

    b.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 256(b) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

257.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 257 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

    a.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 257(a) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

    b.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 257(b) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

    c.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 257(c) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

    d.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 257(d) of the Consolidated Complaint and thereby denies same.

UPFSA is also of the position that any documents referred to speak for themselves.

e. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 258(e) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

258. UPFSA denies the allegations stated in Paragraph 258 of the Consolidated Complaint.

259. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 259 of the Consolidated Complaint and thereby denies same.

260. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 260 of the Consolidated Complaint and thereby denies same.

261. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 261 of the Consolidated Complaint and thereby denies same.

262. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 262 of the Consolidated Complaint and thereby denies same.

263. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 263 of the Consolidated Complaint and thereby denies same.

264. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 264 of the Consolidated Complaint and thereby denies same.

265. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 265 of the Consolidated Complaint and thereby denies same.

266.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 266 of the Consolidated Complaint and thereby denies same.

**J.      Defendants Raised over $1.8 Billion from Investors for the GPB Funds**

267.   UPFSA denies the allegations stated in Paragraph 267 of the Consolidated Complaint.

268.   UPFSA denies the allegations stated in Paragraph 268 of the Consolidated Complaint.

**1.      GPB Holdings, LP**

269.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 269 of the Consolidated Complaint and thereby denies same.

**2.      GPB holdings Qualified, LP**

270.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 270 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

**3.      GPB Automotive Portfolio, LP**

271.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 271 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

272.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 272 of the Consolidated Complaint.

273.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 273 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

274.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 274 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

275.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 275 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

276.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 276 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

### 4.     GPB holdings II, LP

277.     UPFSA denies the allegations stated in Paragraph 277 of the Consolidated Complaint. UPFSA is also of the position that any documents referred to speak for themselves.

278.     UPFSA denies the allegations stated in Paragraph 278 of the Consolidated Complaint. UPFSA is also of the position that any documents referred to speak for themselves.

279.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 279 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

280.     UPFSA denies the allegations stated in Paragraph 280 of the Consolidated Complaint. UPFSA is also of the position that any documents referred to speak for themselves.

281.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 281 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

### 5.     GPB Cold Storage, LP

282.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 282 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

283.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 283 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

284.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 284 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

### 6.     GPB NYC Development, LP

285.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 285 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

286.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 286 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

### 7.     GPB Waste Management, LP

287.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 287 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

288.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 288 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

289.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 289 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

290.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 290 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

### 8.    GPB Holdings III, LP

291.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 291 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

292.    UPFSA denies the allegations stated in Paragraph 292 of the Consolidated Complaint.

293.    UPFSA denies the allegations stated in Paragraph 293 of the Consolidated Complaint.

### K.    GPB's Scheme Begins to Unravel

294.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 294 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

295.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 295 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

        a.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 295(a) of the Consolidated Complaint and thereby denies same.

UPFSA is also of the position that any documents referred to speak for themselves.

b.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 295(b) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

c.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 295(c) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

d.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 295(d) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

296.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 296 of the Consolidated Complaint and thereby denies same.

297.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 297 of the Consolidated Complaint and thereby denies same.

298.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 298 of the Consolidated Complaint and thereby denies same.

299.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 299 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

300. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 300 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

301. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 301 of the Consolidated Complaint and thereby denies same.

302. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 302 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

303. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 303 of the Consolidated Complaint and thereby denies same.

304. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 304 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

305. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 305 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

    a. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 305(a) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

    b. UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 305(b) of the Consolidated Complaint and thereby denies same.

UPFSA is also of the position that any documents referred to speak for themselves.

    c.   UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 305(c) of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

306.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 306 of the Consolidated Complaint and thereby denies same.

307.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 307 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

308.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 308 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

309.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 309 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

310.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 310 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

311.    UPFSA denies the allegations stated in Paragraph 311 of the Consolidated Complaint.

312.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 312 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

313.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 313 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

314.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 314 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

315.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 315 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

**L.     Defendants Made Numerous Materially False and Misleading Statements and Omissions**

316.     UPFSA denies the allegations stated in Paragraph 316 of the Consolidated Complaint.

317.     UPFSA denies the allegations stated in Paragraph 317 of the Consolidated Complaint.

     a.   UPFSA denies the allegations stated in Paragraph 317(a) of the Consolidated Complaint.

     b.   UPFSA denies the allegations stated in Paragraph 317(b) of the Consolidated Complaint.

     c.   UPFSA denies the allegations stated in Paragraph 317(c) of the Consolidated Complaint.

d.  UPFSA denies the allegations stated in Paragraph 317(d) of the Consolidated Complaint.

e.  UPFSA denies the allegations stated in Paragraph 317(e) of the Consolidated Complaint.

f.  UPFSA denies the allegations stated in Paragraph 317(f) of the Consolidated Complaint.

g.  UPFSA denies the allegations stated in Paragraph 317(g) of the Consolidated Complaint.

h.  UPFSA denies the allegations stated in Paragraph 317(h) of the Consolidated Complaint.

318.  UPFSA denies the allegations stated in Paragraph 318 of the Consolidated Complaint.

319.  UPFSA denies the allegations stated in Paragraph 319 of the Consolidated Complaint.

320.  UPFSA denies the allegations stated in Paragraph 320 of the Consolidated Complaint.

321.  UPFSA denies the allegations stated in Paragraph 321 of the Consolidated Complaint.

**M.  GPB Forms Highline Management, Inc.**

322.  UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 322 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

323.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 323 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

324.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 324 of the Consolidated Complaint and thereby denies same.

325.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 325 of the Consolidated Complaint and thereby denies same.

326.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 326 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

327.     UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 327 of the Consolidated Complaint and thereby denies same. UPFSA is also of the position that any documents referred to speak for themselves.

328.     UPFSA denies the allegations stated in Paragraph 328 of the Consolidated Complaint.

**CLASS ACTION ALLEGATIONS**

329.     With respect to Paragraph 329 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

330.     With respect to Paragraph 330 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

331.    UPFSA denies the allegations stated in Paragraph 331 of the Consolidated Complaint.

332.    UPFSA denies the allegations stated in Paragraph 332 of the Consolidated Complaint.

333.    UPFSA denies the allegations stated in Paragraph 333 of the Consolidated Complaint.

334.    UPFSA denies the allegations stated in Paragraph 334 of the Consolidated Complaint.

     a.  UPFSA denies the allegations stated in Paragraph 334(a) of the Consolidated Complaint.

     b.  UPFSA denies the allegations stated in Paragraph 334(b) of the Consolidated Complaint.

     c.  UPFSA denies the allegations stated in Paragraph 334(c) of the Consolidated Complaint.

     d.  UPFSA denies the allegations stated in Paragraph 334(d) of the Consolidated Complaint.

     e.  UPFSA denies the allegations stated in Paragraph 334(e) of the Consolidated Complaint.

     f.  UPFSA denies the allegations stated in Paragraph 334(f) of the Consolidated Complaint.

     g.  UPFSA denies the allegations stated in Paragraph 334(g) of the Consolidated Complaint.

335.   UPFSA denies the allegations stated in Paragraph 335 of the Consolidated Complaint.

## EQUITABLE TOLLING, FRAUDULENT CONCEALMENT, AND DISCOVERY OF THE WRONGDOING

336.   UPFSA denies the allegations stated in Paragraph 336 of the Consolidated Complaint.

337.   UPFSA denies the allegations stated in Paragraph 337 of the Consolidated Complaint.

338.   UPFSA denies the allegations stated in Paragraph 338 of the Consolidated Complaint.

339.   UPFSA denies the allegations stated in Paragraph 339 of the Consolidated Complaint.

340.   UPFSA denies the allegations stated in Paragraph 340 of the Consolidated Complaint.

341.   With respect to Paragraph 341 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

342.   UPFSA denies the allegations stated in Paragraph 342 of the Consolidated Complaint.

343.   UPFSA denies the allegations stated in Paragraph 343 of the Consolidated Complaint.

## CAUSES OF ACTION

### COUNT 1
**Violation of the Texas Securities Act,**
**Tex. Rev. Civ. Stat. Ann. art. 581-33**

**(Against GPB, the GPB funds, Ascendant Capital, Ascendant Strategies, and Axiom)**

344.    UPFSA denies the allegations stated in Paragraph 344 of the Consolidated Complaint.

345.    UPFSA denies the allegations stated in Paragraph 345 of the Consolidated Complaint. UPFSA is also of the position that any documents referred to speak for themselves.

346.    With respect to Paragraph 346 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein. UPFSA is also of the position that any documents referred to speak for themselves.

347.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 347 of the Consolidated Complaint and thereby denies same.

348.    UPFSA denies the allegations stated in Paragraph 348 of the Consolidated Complaint.

349.    UPFSA denies the allegations stated in Paragraph 349 of the Consolidated Complaint.

<u>COUNT II</u>
**Aiding and Abetting Violations of the Texas Securities Act,**
**Tex. Rev. Civ. Stat. Ann. art. 581-33**
**(Against the Broker Defendants, GPB Defendants (Other Than the Funds), GPB Affiliated Defendants, Gentile, Schneider, Martino, Phoenix, the Auditor Defendants, the Valuation Defendants, the CKGF Defendants, and Gentile Pismeny)**

350.    With respect to Paragraph 350 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

351.    With respect to Paragraph 351 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous

admissions and denials and other responses herein. UPFSA is also of the position that any documents referred to speak for themselves.

352.    UPFSA denies the allegations stated in Paragraph 352 of the Consolidated Complaint.

353.    UPFSA denies the allegations stated in Paragraph 353 of the Consolidated Complaint.

354.    UPFSA denies the allegations stated in Paragraph 354 of the Consolidated Complaint.

<u>**COUNT III**</u>
**Control Person Violations of the Texas Securities Act,**
**Tex. Rev. Civ. Stat. Ann. art. 581-33**
**(Against Gentile, Schneider, Martino, Managing Partners and Directors, MR**
**Ranger, DJ Partners, Ascendant Capital, Ascendant Strategies, the CKGF**
**Defendants,  and GPB)**

355.    With respect to Paragraph 355 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

356.    UPFSA denies the allegations stated in Paragraph 356 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

357.    UPFSA denies the allegations stated in Paragraph 357 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

358.    UPFSA denies the allegations stated in Paragraph 358 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

56

359.   UPFSA denies the allegations stated in Paragraph 359 of the Consolidated Complaint and respectfully refers all questions of law to the court.

360.   UPFSA denies the allegations stated in Paragraph 360 of the Consolidated Complaint and respectfully refers all questions of law to the court.

361.   UPFSA denies the allegations stated in Paragraph 361 of the Consolidated Complaint and respectfully refers all questions of law to the court.

362.   UPFSA denies the allegations stated in Paragraph 362 of the Consolidated Complaint and respectfully refers all questions of law to the court.

**COUNT IV**
**Violations of the Texas Securities Act,**
**Tex. Rev. Civ. Stat. Ann. art. 581-7 and 581-33(A)(1)**
**(Against GPB, Ascendant Capital, Ascendant Strategies, Axiom, and the Funds)**

363.   With respect to Paragraph 363 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

364.   UPFSA denies the allegations stated in Paragraph 364 of the Consolidated Complaint and respectfully refers all questions of law to the court.  UPFSA is also of the position that any documents referred to speak for themselves.

365.   UPFSA denies the allegations stated in Paragraph 365 of the Consolidated Complaint and respectfully refers all questions of law to the court.  UPFSA is also of the position that any documents referred to speak for themselves.

366.   UPFSA denies the allegations stated in Paragraph 366 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

367.   UPFSA denies the allegations stated in Paragraph 367 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

368.   UPFSA denies the allegations stated in Paragraph 368 of the Consolidated Complaint.

369.   UPFSA denies the allegations stated in Paragraph 369 of the Consolidated Complaint and respectfully refers all questions of law to the court.

**COUNT V**
**Aiding and Abetting Violations of the Texas Securities Act,**
**Tex. Rev. Civ. Stat. Ann. art. 581-7 and 581-33(A)(1) and 581-33F(2)**
**(Against Broker Defendants, GPB Defendants (Other Than the Funds), GPB**
**Affiliated Defendants, Gentile, Schneider, Martino, MR Ranger, DJ Partners, Fund**
**Administrator, the Auditor Defendants, the Valuation Defendants, and Gentile**
**Pismeny)**

370.   With respect to Paragraph 370 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

371.   UPFSA denies the allegations stated in Paragraph 371 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

372.   UPFSA denies the allegations stated in Paragraph 372 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

373.   UPFSA denies the allegations stated in Paragraph 373 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

374.   UPFSA denies the allegations stated in Paragraph 374 of the Consolidated Complaint and respectfully refers all questions of law to the court.

375.   UPFSA denies the allegations stated in Paragraph 375 of the Consolidated Complaint and respectfully refers all questions of law to the court.

376.   UPFSA denies the allegations stated in Paragraph 376 of the Consolidated Complaint and respectfully refers all questions of law to the court.

**COUNT VI**
**Control Person Violations of the Texas Securities Act,**
**Tex. Rev. Civ. Stat. Ann. art. 581-7 and 581-33(A)(1) and 581-33F(1)**
**(Against Gentile, Schneider, Martino, Managing Partners and Directors, the**
**CKGF Defendants, MR Ranger, DJ Partners, Ascendant Capital and Ascendant**
**Strategies, and GPB)**

377.   With respect to Paragraph 377 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

378.   UPFSA denies the allegations stated in Paragraph 378 of the Consolidated Complaint and respectfully refers all questions of law to the court.

379.   UPFSA denies the allegations stated in Paragraph 379 of the Consolidated Complaint and respectfully refers all questions of law to the court.

380.   UPFSA denies the allegations stated in Paragraph 380 of the Consolidated Complaint and respectfully refers all questions of law to the court.

381.   UPFSA denies the allegations stated in Paragraph 381 of the Consolidated Complaint and respectfully refers all questions of law to the court.

382.   UPFSA denies the allegations stated in Paragraph 382 of the Consolidated Complaint and respectfully refers all questions of law to the court.

383.   UPFSA denies the allegations stated in Paragraph 383 of the Consolidated Complaint and respectfully refers all questions of law to the court.

## COUNT VII
**Fraud (Against GPB Defendants, GPB Affiliated Defendants, Gentile, Schneider, Martino, Ascendant, Axiom, and the Managing Partners and Directors)**

384.   With respect to Paragraph 384 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

385.   UPFSA denies the allegations stated in Paragraph 385 of the Consolidated Complaint.

386.   UPFSA denies the allegations stated in Paragraph 386 of the Consolidated Complaint.

387.   UPFSA denies the allegations stated in Paragraph 387 of the Consolidated Complaint.

388.   UPFSA denies the allegations stated in Paragraph 388 of the Consolidated Complaint.

389.   UPFSA denies the allegations stated in Paragraph 389 of the Consolidated Complaint.

## COUNT VIII
**Substantially Assisting in the Commission of Fraud
(Against the GPB Defendants (Other Than the Funds), GPB Affiliated Defendants, Fund Administrator Phoenix, the Auditor Defendants, the Valuation Defendants, Gentile Pismeny, Broker Defendants,20 Gentile, Schneider, and Martino)**

390.   With respect to Paragraph 390 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

391.    UPFSA denies the allegations stated in Paragraph 391 of the Consolidated Complaint and respectfully refers all questions of law to the court.

392.    UPFSA denies the allegations stated in Paragraph 392 of the Consolidated Complaint and respectfully refers all questions of law to the court.

393.    UPFSA denies the allegations stated in Paragraph 393 of the Consolidated Complaint and respectfully refers all questions of law to the court.

394.    UPFSA denies the allegations stated in Paragraph 394 of the Consolidated Complaint and respectfully refers all questions of law to the court.

**COUNT IX**
**Fraudulent Transfer Under TUFTA**
**(Against the Broker Defendants, Ascendant Capital, Ascendant Strategies and Axiom)**

395.    With respect to Paragraph 395 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

396.    UPFSA denies the allegations stated in Paragraph 396 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

397.    UPFSA denies the allegations stated in Paragraph 397 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

398.    UPFSA denies the allegations stated in Paragraph 398 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

399.    UPFSA denies the allegations stated in Paragraph 399 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

400.    UPFSA denies the allegations stated in Paragraph 400 of the Consolidated Complaint.

401.    UPFSA denies the allegations stated in Paragraph 401 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

402.    UPFSA denies the allegations stated in Paragraph 402 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

403.    UPFSA denies the allegations stated in Paragraph 403 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

**COUNT X**
**Fraudulent Transfer and TUFTA**
**(Against Fund Administrator Phoenix)**

404.    With respect to Paragraph 404 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

405.    UPFSA denies the allegations stated in Paragraph 405 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

406.    UPFSA denies the allegations stated in Paragraph 406 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

407.    UPFSA denies the allegations stated in Paragraph 407 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

408.    UPFSA denies the allegations stated in Paragraph 408 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

409.    UPFSA denies the allegations stated in Paragraph 409 of the Consolidated Complaint and respectfully refers all questions of law to the court.

410.    UPFSA denies the allegations stated in Paragraph 410 of the Consolidated Complaint and respectfully refers all questions of law to the court.

411.    UPFSA denies the allegations stated in Paragraph 411 of the Consolidated Complaint and respectfully refers all questions of law to the court.

412.    UPFSA denies the allegations stated in Paragraph 412 of the Consolidated Complaint.

413.    UPFSA denies the allegations stated in Paragraph 413 of the Consolidated Complaint and respectfully refers all questions of law to the court. UPFSA is also of the position that any documents referred to speak for themselves.

**COUNT XI**
**Breach of Fiduciary Duty**
**(Against GPB Capital, Highline, Gentile, and the Managing Partners and Directors)**

414.    With respect to Paragraph 414 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

415.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 415 of the Consolidated Complaint and thereby denies same.

416.    UPFSA denies the allegations stated in Paragraph 416 of the Consolidated Complaint and respectfully refers all questions of law to the court.

417.    UPFSA denies the allegations stated in Paragraph 417 of the Consolidated Complaint and respectfully refers all questions of law to the court.

418.    UPFSA denies the allegations stated in Paragraph 418 of the Consolidated Complaint and respectfully refers all questions of law to the court.

419.    UPFSA denies the allegations stated in Paragraph 419 of the Consolidated Complaint and respectfully refers all questions of law to the court.

420.    UPFSA denies the allegations stated in Paragraph 420 of the Consolidated Complaint and respectfully refers all questions of law to the court.

### COUNT XII
**Substantially Assisting in the Breach of Fiduciary Duty**
**(Against Fund Administrator, Broker Defendants, GPB Defendants (other than GPB Capital), GPB Affiliated Defendants, the Auditor Defendants, the Valuation Defendants, the CKGF Defendants, and Gentile Pismeny, Schneider and Martino)**

421.    With respect to Paragraph 421 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

422.    UPFSA denies the allegations stated in Paragraph 422 of the Consolidated Complaint and respectfully refers all questions of law to the court.

423.    UPFSA denies the allegations stated in Paragraph 423 of the Consolidated Complaint and respectfully refers all questions of law to the court.

424.    UPFSA denies the allegations stated in Paragraph 424 of the Consolidated Complaint and respectfully refers all questions of law to the court.

425.    UPFSA denies the allegations stated in Paragraph 425 of the Consolidated Complaint and respectfully refers all questions of law to the court.

426.    UPFSA denies the allegations stated in Paragraph 426 of the Consolidated Complaint and respectfully refers all questions of law to the court.

## COUNT XIII
### Negligence
**(Against Fund Administrator and the Auditor Defendants)**

427.    With respect to Paragraph 427 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

428.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 428 of the Consolidated Complaint and thereby denies same and respectfully refers all questions of law to the court.

429.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 429 of the Consolidated Complaint and thereby denies same and respectfully refers all questions of law to the court.

430.    UPFSA denies the allegations stated in Paragraph 430 of the Consolidated Complaint and respectfully refers all questions of law to the court.

431.    UPFSA denies the allegations stated in Paragraph 431 of the Consolidated Complaint and respectfully refers all questions of law to the court.

**COUNT XIV**
**Civil Conspiracy**
**(Against All Defendants Except the GPB Funds)**

432.    With respect to Paragraph 432 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

433.    UPFSA denies the allegations stated in Paragraph 433 of the Consolidated Complaint.

434.    UPFSA denies the allegations stated in Paragraph 434 of the Consolidated Complaint.

435.    UPFSA denies the allegations stated in Paragraph 435 of the Consolidated Complaint and respectfully refers all questions of law to the court.

436.    UPFSA denies the allegations stated in Paragraph 436 of the Consolidated Complaint.

437.    UPFSA denies the allegations stated in Paragraph 437 of the Consolidated Complaint.

438.    UPFSA denies the allegations stated in Paragraph 438 of the Consolidated Complaint and respectfully refers all questions of law to the court.

439.    UPFSA denies the allegations stated in Paragraph 439 of the Consolidated Complaint and respectfully refers all questions of law to the court.

440.    UPFSA denies the allegations stated in Paragraph 440 of the Consolidated Complaint.

**COUNT XV**
**Declaration that Plaintiffs and Class Members are Entitled to**
**Rescind their GPB Investments and to Restitution of the Consideration Paid**
**(Against Defendants GPB Capital, Highline, And The GPB Funds)**

441.    With respect to Paragraph 441 of the Consolidated Complaint, no admission or denial is required; to the extent response is required, UPFSA incorporates all previous admissions and denials and other responses herein.

442.    UPFSA lacks sufficient knowledge to admit or deny the allegations stated in Paragraph 442 of the Consolidated Complaint and thereby denies same.

443.    UPFSA denies the allegations stated in Paragraph 443 of the Consolidated Complaint.

444.    UPFSA denies the allegations stated in Paragraph 444 of the Consolidated Complaint and respectfully refers all questions of law to the court.

445.    UPFSA denies the allegations stated in Paragraph 445 of the Consolidated Complaint and respectfully refers all questions of law to the court.

446.    UPFSA denies the allegations stated in Paragraph 446 of the Consolidated Complaint and respectfully refers all questions of law to the court.

447.    UPFSA denies the allegations stated in Paragraph 447 of the Consolidated Complaint and respectfully refers all questions of law to the court.

448.    UPFSA hereby denies the allegations of all paragraphs of the Consolidated Complaint, and to the extent any paragraph has been inadvertently omitted, denies that paragraph as well.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant UPFSA, without assuming or altering the Plaintiffs' burden of proof on any claims or matters for which the Plaintiffs bear such burden, alleges for its affirmative defenses as follows:

1.      Plaintiffs' complaint fails to state a cause of action upon which relief may be granted.

2.      The Court lacks personal jurisdiction over UPFSA in this action.

3.      The court lacks subject matter jurisdiction over this action.

4.      Plaintiffs fail to plead any fraud-based claim against UPFSA with the requisite particularity

5.      The Plaintiffs lack capacity to sue.

6.      Some or all Plaintiffs lack standing, as they were not injured by any conduct of this defendant, as they allege that they are not suing the broker from which they actually purchased the subject investment.

7.      UPFSA did not aid, abet, assist, substantially assist or conspire with any other defendant in this action, including but not limited to any other Broker Defendant.

8.      To the extent that any named Plaintiff or putative class member has filed a FINRA arbitration action against UPFSA arising out of the same transactions or occurrences, said Plaintiff's or putative class member's claim is barred by FINRA Code of Arbitration Rule 12204.

9.      Any damages, losses, or injuries sustained by Plaintiffs were caused by the acts, omissions, and/or conduct of persons or entities other than UPFSA.

10.     Plaintiffs have failed to join all necessary and indispensables parties to this action.

11.     Plaintiffs have failed to plead their claims with the particularity required by the Federal Rules of Civil Procedure and applicable case law.

12.     If Plaintiffs sustained the injuries and damages alleged in the Consolidated Complaint, those injuries and damages were caused or contributed to by Plaintiffs.

13.     UPFSA did not make a material misrepresentation or omission of fact within the meaning of the Texas Securities Act or any other applicable federal securities law.

14.     UPFSA's actions did not violate the provisions of the Texas Securities Act ("TSA") or any other federal securities laws.

15.     Any claim asserted under the TSA is barred as to any named Plaintiff or putative class member who did not reside in the State of Texas at the time of the transactions at issue or purchase the GPB Funds at issue in or from the State of Texas.

16.     Any and all claims against UPFSA for materially aiding a TSA violation are barred insofar as Plaintiffs and the putative class members cannot establish that UPFSA acted with scienter.

17.     Any and all claims against UPFSA for materially aiding a TSA violation are barred insofar as Plaintiffs and the putative class members cannot establish that UPFSA acted with intent to deceive or defraud or with reckless disregard for the truth or the law.

18.     Plaintiffs and the putative class members are not entitled to rescission under the TSA and have not yet complied with the notice and tender requirements in the TSA.

19.     Any and all claims against UPFSA for substantially assisting in the commission of a fraud are barred insofar as UPFSA was not aware of any alleged fraud, did not provide substantial assistance in connection with any alleged fraud in connection with the GPB offerings and insofar as no common law cause of action exists for aiding and abetting fraud.

20.     Any and all claims against UPFSA for substantially assisting in the commission of the breach of a fiduciary duty are barred insofar as UPFSA did not provide substantial assistance in connection with the breach of any fiduciary duty related to the GPB offerings and

insofar as no common law cause of action exists for aiding and abetting the breach of a fiduciary duty.

21.    Any and all claims against UPFSA for fraudulent transfer under the Texas Uniform Fraudulent Transfer Act ("TUFTA") are barred insofar as UPFSA acted in good faith and all of the alleged transfers at issue were for a reasonably equivalent value.

22.    The damages suffered by Plaintiffs and the putative class members, if any, are attributable, in whole or in part, to parties other than UPFSA under the doctrines of indemnity, equitable indemnity and/or contribution.

23.    Plaintiffs' claims are barred by the economic loss doctrine.

24.    Plaintiffs' claims are barred by the Doctrine of *res judicata*.

25.    Plaintiffs' claims are barred by the applicable statute of limitations.

26.    Plaintiffs' claims are barred by the doctrines of waiver or estoppel.

27.    Plaintiffs' claims are barred by Plaintiffs' failure to mitigate its alleged damages, if any.

28.    Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption.

29.    All acts and conduct of UPFSA, as alleged in the Consolidated Complaint, conformed to and were pursuant to statutes, government regulations and industry standards.

30.    To the extend UPFSA is liable to Plaintiffs' for any damages, any portions UPFSA's is reduced by contribution.

## RESERVATION OF ADDITIONAL DEFENSES

31.    UPFSA reserves the right to assert additional defenses that become apparent during discovery.

## CROSS-CLAIMS

**AS AND FOR A FIRST CROSS-CLAIM FOR COMMON LAW AND STATUTORY INDEMNITY AGAINST CO-DEFENDANTS**

32.     In the event it is determined that Plaintiffs were injured at the time and place set forth in the Consolidated Complaint through any carelessness, recklessness, and/or negligence other than the Plaintiffs' own, such damages were sustained due to the primary or active carelessness, recklessness, and/or negligence of co-defendants Ascendant Capital, LLC ("Ascendant Capital") and Ascendant Alternative Strategies, LLC ("Ascendant Alternative Strategies" or "Ascendant Strategies") (collectively, "Ascendant"), GPB Capital Holdings, LLC ("GPB" or "GPB Capital"), Axiom Capital Management, Inc. ("Axiom"), DJ Partners LLC ("DJ Partners"), MR Ranger LLC ("MR Ranger"), David Gentile ("Gentile"), Jeffry Schneider ("Schneider"), Mark D. Martino ("Martino"), Michael Frost ("Frost"), Dotty Bollinger ("Bollinger"), Evan Myrianthopolous ("Myrianthopolous"), Scott Naugle ("Naugle"), GPB Holdings, LP ("GPB Holdings" or "Holdings"), GPB Holdings Qualified, LP ("GPB Holdings Qualified" or "Holdings Qualified"), GPB Holdings II, LP ("GPB Holdings II" or "Holdings II"), GPB Automotive Portfolio, LP ("GPB Automotive" or "Automotive"), GPB Cold Storage, LP ("GPB Cold Storage" or "Cold Storage"), GPB NYC Development, LP ("GPB NYC Development" or "NYC Development"), GPB Waste Management, LP (also known as Armada Waste Management LP) ("GPB Waste Management" or "Waste Management"), GPB Managed IT Fund (n/k/a "Austin Lake Technologies"), and GPB Holdings III, LP ("GPB Holdings III" or "Holdings III") (collectively referred to herein as the "GPB Funds," the "Funds" or the "Fund Defendants"), Highline Management, Inc. ("Highline"), RSM US LLP (formally known as McGladrey LLP) ("RSM"), Crowe Horwath LLP ("Crowe"), CohnReznick LLP ("CohnReznick"), EisnerAmper LLP ("EisnerAmper"), Margolin Winer & Evens LLP

("Margolin"), and Withum Smith+ Brown, PC ("Withum") (collectively, the "Auditor Defendants"), Phoenix American Financial Services, Inc. ("Phoenix" or the "Fund Administrator"), Deloitte Transactions and Business Analytics LLP and Morrison, Brown, Argiz & Ferra, LLC (collectively, the "Valuation Defendants"), [hereinafter collectively "Co-Defendants"], their agents, servants and/or employees.  By reason of the foregoing, should the UPFSA be held liable to Plaintiffs, UPFSA is entitled to indemnification from Co-Defendants, including an award of costs, expenses, and attorneys' fees.

**AS AND FOR A SECOND CROSS-CLAIM FOR COMMON LAW AND STATUTORY CONTRIBUTION AGAINST CO-DEFENDANTS**

33.     In the event it is determined that Plaintiffs were injured at the time and place set forth in the Consolidated Complaint through any carelessness, recklessness, and/or negligence other than the Plaintiffs' own, such damages were sustained due to the primary and/or active carelessness, recklessness, and/or negligence of Co-Defendants their agents, servants and/or employees. By reason of the foregoing, should the UPFSA be held liable to Plaintiffs, UPFSA is entitled to contribution, in whole or in part, from Co-Defendants, including an award of costs, expenses, and attorneys' fees.

**AS AND FOR A THIRD CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AND CONTRIBUTION AGAINST GPB HOLDINGS II, LP**

34.     At the times of the conduct alleged in Consolidated Complaint, a contract was in effect between UPFSA and Co-Defendant GPB HOLDINGS II, LP.

35.     The contract requires Co-Defendant GPB HOLDINGS II, LP, as the Company, to indemnify and/or hold harmless UPFSA, as Soliciting Dealer, for any losses, claims, expenses, damages or liabilities, joint or several, to which  UPFSA may become subject under the

Securities Act, the Exchange Act, or the otherwise as listed in the contract. Said contract provides in part as follows:

13.  **Indemnification**

(a)  Pursuant to the Exclusive Dealer Manager Agreement, the Company will indemnify, defend and hold harmless the Soliciting Dealer, and its respective Indemnified Parties (as defined in the Exclusive Dealer Manager Agreement), from and against any losses, claims, expenses (including reasonable legal and other expenses incurred in investigating and defending such claims or liabilities), damages or liabilities, joint or several, to which any such the Soliciting Dealer, or its Indemnified Parties, may become subject under the Securities Act, the Exchange Act or otherwise, insofar as such losses, claims, expenses, damages or liabilities (or actions in respect thereof) arise out of or are based upon:  (i) in whole or in part, any material inaccuracy in a representation or warranty contained herein by the Company, any material breach of a covenant contained herein by the Company, or any material failure by the Company to perform, its obligations hereunder or to comply with state or federal securities laws applicable to the Offering; (ii) any untrue statement or alleged untrue statement of a material fact contained (A) in the Offering

Documents or any amendment or supplement to the Offering Documents or (B) in any Approved Sales Literature (as defined in the Exclusive Dealer Manager Agreement); or (iii) the omission or alleged omission to state a material fact required, in the opinion of counsel, to be stated in the Offering Documents or any amendment or supplement to the Offering Documents to make the statements therein, in light of the circumstances under which they were made, not misleading, and the Company will reimburse the Soliciting Dealer, and its respective Indemnified Parties, for any reasonable legal or other expenses incurred by the Soliciting Dealer, and its respective Indemnified Parties, in connection with investigating or defending such loss, claim, expense, damage, liability or action; provided, however, that the Company will not be liable in any such case to the extent that any such loss, claim, expense, damage or liability arises out of, or is based upon an untrue statement or alleged untrue statement or omission or alleged omission made in reliance upon and in conformity with written information furnished to the Company by the Dealer Manager expressly for use in the Offering Documents or any such amendment thereof or supplement thereto. This indemnity agreement will be in addition to any liability which the Company may otherwise have.

36.  UPFSA is entitled to contractual indemnity and defense from Co-Defendant GPB HOLDINGS II, LP, including attorneys' fees pursuant to  the above referenced contract.

37.  The damages asserted by Plaintiffs in their Consolidated Complaint are due to the acts or omissions of Co-Defendant GPB HOLDINGS II, LP, and it is for those acts and omissions that UPFSA here seeks indemnity.

38.  While denying the allegations of the Consolidated Complaint to the extent set forth hereinabove, to the extent that Plaintiffs' have sustained any damages—which UPFSA

denies—said damages would be due and attributable to the acts or omissions of Co-Defendant GPB HOLDINGS II, LP.

## AS AND FOR A FOURTH CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AND CONTRIBUTION AGAINST GPB HOLDINGS III, LP

39.     At the times of the conduct alleged in Consolidated Complaint, a contract was in effect between UPFSA and Co-Defendant GPB HOLDINGS III, LP.

40.     The contract requires Co-Defendant GPB CAPITAL HOLDINGS, LP, as the Company, to indemnify and/or hold harmless UPFSA, as soliciting dealer, for any losses, claims, expenses, damages or liabilities, joint or several, to which  UPFSA may become subject under the Securities Act or the otherwise as listed in the contract.  Said contract provides:

**13.    Indemnification**

(a) Pursuant to the Exclusive Dealer Manager Agreement, the Company will indemnify, defend and hold harmless the Soliciting Dealer, and its respective Indemnified Parties (as defined in the Exclusive Dealer Manager Agreement), from and against any losses, claims, expenses (including reasonable legal and other expenses incurred in investigating and defending such claims or liabilities), damages or liabilities, joint or several, to which any such the Soliciting Dealer, or its Indemnified Parties, may become subject under the Securities Act, the Exchange Act or otherwise, insofar as such losses, claims, expenses, damages or liabilities (or actions in respect thereof) arise out of or are based upon:  (i) in whole or in part, any material inaccuracy in a representation or warranty contained herein by the Company, any material breach of a covenant contained herein by the Company, or any material failure by the Company to perform, its obligations hereunder or to comply with state or federal securities laws applicable to the Offering; (ii) any untrue statement or alleged untrue statement of a material fact contained (A) in the Offering

6 | P a g e

Documents or any amendment or supplement to the Offering Documents or (B) in any Approved Sales Literature (as defined in the Exclusive Dealer Manager Agreement); or (iii) the omission or alleged omission to state a material fact required, in the opinion of counsel, to be stated in the Offering Documents or any amendment or supplement to the Offering Documents to make the statements therein, in light of the circumstances under which they were made, not misleading, and the Company will reimburse the Soliciting Dealer, and its respective Indemnified Parties, for any reasonable legal or other expenses incurred by the Soliciting Dealer, and its respective Indemnified Parties, in connection with investigating or defending such loss, claim, expense, damage, liability or action; provided, however, that the Company will not be liable in any such case to the extent that any such loss, claim, expense, damage or liability arises out of, or is based upon an untrue statement or alleged untrue statement or omission or alleged omission made in reliance upon and in conformity with written information furnished to the Company by the Dealer Manager expressly for use in the Offering Documents or any such amendment thereof or supplement thereto. This indemnity agreement will be in addition to any liability which the Company may otherwise have.

74

41.     UPFSA is entitled to contractual indemnity, contribution and defense from Co-Defendant GPB HOLDINGS III, LP, including attorneys' fees pursuant to the above referenced contract.

42.     The damages asserted by Plaintiffs' in its Consolidated Complaint are due to the acts or omissions of Co-Defendant GPB HOLDINGS III, LP, and it is for those acts and omissions that UPFSA here seeks indemnity.

43.     While denying the allegations of the Consolidated Complaint to the extent set forth hereinabove, to the extent that Plaintiffs' have sustained any damages—which UPFSA denies—said damages would be due and attributable to the acts or omissions of Co-Defendant GPB HOLDINGS III, LP.

## AS AND FOR A FIFTH CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AND CONTRIBUTION AGAINST GPB CAPITAL HOLDINGS, LP

44.     At the times of the conduct alleged in the Consolidated Complaint, a contract was in effect between UPFSA and Co-Defendant GPB CAPITAL HOLDINGS, LP.

45.     The contract requires Co-Defendant GPB CAPITAL HOLDINGS, LP, as dealer manager, to indemnify and/or hold harmless UPFSA, as soliciting dealer, for any losses, claims, expenses, damages or liabilities, joint or several, to which UPFSA may become subject under the Securities Act or the otherwise as listed in the contract. Said contract provides in part:

(ii)  The Dealer Manager shall severally indemnify, defend and hold harmless the Soliciting Dealer and its respective Indemnified Parties (as defined in the Exclusive Dealer Manager Agreement) from and against any losses, claims, damages or liabilities to which the Soliciting Dealer and such persons may become subject under the Securities Act or otherwise, insofar as such losses, claims, damages or liabilities (or actions in respect thereof) arise out of, or are based upon, any breach by the Dealer Manager of this Agreement, any violation by the Dealer Manager of any laws, rules or regulations, or any untrue statement or alleged untrue statement of a material fact to the extent, but only to the extent, that such untrue statement or alleged untrue statement was made by the Dealer Manager or its authorized agents or representatives in connection with the offer and sale of Units; and will reimburse the Soliciting Dealer and its respective Indemnified Parties for any legal or other expenses reasonably incurred by the Soliciting Dealer and its respective Indemnified Parties in connection with investigating or defending any such action or claim.

46.     UPFSA is entitled to contractual indemnity, contribution and defense from Co-Defendant GPB CAPITAL HOLDINGS, LP, including attorneys' fees, pursuant to the above references contract.

47.     The damages asserted by Plaintiffs' in its Consolidated Complaint are primarily due to the acts or omissions of Co-Defendant GPB CAPITAL HOLDINGS, LP, and it is for those acts and omissions that UPFSA here seeks indemnity.

48.     While denying the allegations of the Consolidated Complaint to the extent set forth hereinabove, to the extent that Plaintiffs' have sustained any damages—which UPFSA denies—said damages would be due and attributable to the acts or omissions of Co-Defendant GPB CAPITAL HOLDINGS, LP.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, UPFSA requests the Court enter judgment that Plaintiffs' take nothing, to assess costs against Plaintiffs, to award UPFSA reasonable attorneys' fees, and all other and further relief, general or special, at law or in equity, to which it is justly entitled.

Dated: August 1, 2022.

Respectfully Submitted,

By: */s/ Taylor M. Saris*
Taylor M. Saris
Texas Bar No. 24121818
*Admitted Pro Hac Vice*
*tsaris@moundcotton.com*

MOUND COTTON WOLLAN
& GREENGRASS LLP
3 Greenway Plaza, Suite 1300
Houston, Texas 77046
(281) 572-8350

-and-

Barry R. Temkin
Attorney-in-Charge
Texas Bar # 24129720
*Admitted Pro Hac Vice*
btemkin@moundcotton.com

MOUND COTTON WOLLAN
& GREENGRASS LLP
One New York Plaza
New York, NY 10004
Tel. (212) 804-4200
Fax (212) 344-8066

*Counsel for Defendant United Planners' Financial Services of America, LP*

## CERTIFICATE OF SERVICE

I certify that on August 1, 2022, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic system, electronic mail, and/or facsimile transmission.

*/s/Taylor M. Saris*
Taylor M. Saris

*Counsel for Defendant United Planners' Financial Services of America, LP*