UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KINNIE MA IRA; JEFFERY S.  GRAMM IRA; STACY GREASOR IRA: VICTOR WADE IRA; KAZUE BELL; DEAN CROOKS; CORRI RENE EDEN; CATHERINE KOMINOS; KAREN LOCH; ROBERT A. STONE LIVING TRUST; SHIRLEY STONE LIVING TRUST; THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST; AND LORETTA DEHAY, | § § § § § § § § § § § § | CAUSE NO. 1:19-CV-01050-LY |
| *Plaintiffs*, | § § | |
| v. | § § | |
| ASCENDANT CAPITAL, LLC, et al, | § § | |
| *Defendants.* | § § § | |

**NOTICE OF SUBMISSION OF PLAINTIFFS' PROPOSED SCHEDULING ORDER**

In accordance with the Court's instruction at the June 22, 2022 hearing and conference in the captioned action (the "Hearing") and the Court's June 1, 2022 Order Consolidating Cases (Doc. 898) ("Consolidation Order"), as modified by the Court's order dated July 14, 2022 (Doc. 927), counsel for Plaintiffs hereby submit their Proposed Scheduling Order (Exhibit A hereto) for the conduct of this litigation. The proposed order provides a schedule for the action through the completion of briefing on Plaintiffs' motion for class certification, consistent with the Court's suggestion at the Hearing. While Plaintiffs have been diligent in seeking to confer over a joint

1

scheduling order, the Parties[1] have unfortunately not been able to reach agreement on such a proposed joint scheduling order for the reasons explained below.

---

[1] The **"Parties"** include all Plaintiffs and Defendants named in the caption consolidated action.

**"Plaintiffs,"** as used in this Notice, refers to all Plaintiffs collectively in the consolidated cases: Kinnie Ma Individual Retirement Account; Jeffery S. Gramm Individual Retirement Account; Stacy Greasor Individual Retirement Account; Victor Wade Individual Retirement Account; Kazue M. Bell; Dean Crooks; Corn Rene Eden; Catherine Kominos; Karen Loch; Robert A. Stone Living Trust, dated January 9, 1992, as amended May 24, 2005; Shirley Stone Living Trust, dated January 9, 1992, as amended May 24, 2005; the Stanley S. and Millicent R. Barasch Living Trust; and Loretta DeHay.

**"Defendants,"** as used in this Notice, include: Ascendant Capital, LLC; Ascendant Alternative Strategies, LLC; GPB Capital Holdings, LLC; Axiom Capital Management, Inc.; DJ Partners LLC; MR Ranger LLC; David Gentile; Jeffry Schneider; Mark D Martino; GPB Holdings, LP; GPB Holdings II, LP; GPB Holdings III, LP; GPB Holdings Qualified, LP; GPB Automotive Portfolio, LP; GPB Cold Storage, LP; GPB Waste Management Fund, LP; GPB NYC Development, LP; RSM US LLP; Phoenix American Financial Services, Inc.; Advisory Group Equity Services, Ltd.; Aegis Capital Corporation; Aeon Capital Inc.; American Capital Partners, LLC; Arete Wealth Management, LLC; Arkadios Capital; Ausdal Financial Partners, Inc.; BCG Securities, Inc.; Bradley Wealth Management LLC; Cabot Lodge Securities LLC; Calton & Associates, Inc.; Capital Investment Group, Inc.; Cascade Financial Management, Inc.; Center Street Securities, Inc.; Coastal Equities, Inc.; Colorado Financial Service Corporation; Concorde Investment Services, LLC; Crown Capital Securities, LP; David A. Noyes & Company; Dawson James Securities, Inc.; Dempsey Lord Smith, LLC; Detalus Securities, LLC; DFPG Investments, Inc.; Emerson Equity LLC; FSC Securities Corporation; Geneos Wealth Management, Inc.; Great Point Capital LLC; HighTower Securities, LLC; IBN Financial Services, Inc.; Innovation Partners LLC; International Assets Advisory, LLC; Kalos Capital, Inc.; Kingsbury Capital, Inc.; Landolt Securities, Inc.; Lewis Financial Group, now known as DAI Securities, LLC; Lion Street Financial, LLC; Lowell & Company, Inc.; Lucia Securities, LLC; Madison Avenue Securities, LLC; McDonald Partners LLC; McNally Financial Services Corporation; Moloney Securities Co., Inc.; Money Concepts Capital Corporation; MSC-BD, LLC, Newbridge Securities Corporation; Orchard Securities, LLC; Purshe Kaplan Sterling Investments, Inc.; Royal Alliance Associates, Inc.; SagePoint Financial, Inc.; SCF Securities, Inc.; Sentinus Securities LLC, now known as Sentinus-Halo Securities, LLC; Stephen A. Kohn & Associates, Ltd.; Titan Securities; Triad Advisors, LLC; Uhlmann Price Securities, LLC; United Planners' Financial Services of America, LP; Vanderbilt Securities, LLC; Vestech Securities, Inc.; Western Int'l Securities, Inc.; WestPark Capital Inc.; Whitehall-Parker Securities, Inc.; Woodbury Financial Services, Inc.; Crowe, LLP; EisnerAmper LLP; Margolin Winer & Evens LLP; Withum Smith+Brown, PC; Deloitte Transactions and Business Analytics LLP; Morrison, Brown, Argiz & Ferra, LLC; Gentile Pismeny & Brengel LLP, now known as Gentile Brengel & Lin, LLP; HighTower Advisors, LLC; CohnReznick LLP; Morrison, Brown, Argiz & Farra; Minchung Kgil; Dotty J. Bollinger; Michael Frost; Evan Myrianthopoulos; Steven Frangioni; Scott Naugle; McAima, LP; Robert Kessler;

## I.      EFFORTS TO CONFER

1.       At the Hearing and in the Consolidation Order, as amended, the Court instructed the parties to meet and confer and file a Proposed Joint Scheduling Order. Given this, Plaintiffs counsel promptly prepared a draft proposed joint scheduling order and, on June 29, 2022, sent it to all Defendants' counsel for review. At the same time, Plaintiffs' counsel proposed a meet and confer to discuss the scheduling proposal, as well as to confer pursuant to Federal Rule of Civil Procedure 26(f).  Specifically, Plaintiffs proposed and hosted two Zoom conferences, on July 5 and July 6, 2022, respectively. Over the next week, Plaintiffs' counsel sought out and initiated additional conference calls on an individual basis with several other defense counsel who were unable to attend the Zoom conferences. In all, between July 5 and 14, Plaintiffs' counsel met with at least one counsel for each of the Defendants over Zoom videoconferences and telephone calls.

3.       On July 19, 2022, Plaintiffs' counsel circulated a revised proposed scheduling order that included some of the comments defense counsel conveyed during the conference calls described above as well as some additional changes proposed by Plaintiffs' counsel.

4.       After one of the auditors' counsel asked about a compromise on the length of discovery and the bifurcation issue on July 21, 2022, Plaintiffs' counsel responded a day later by cutting their proposed discovery period somewhat and suggesting a compromise that would preclude deposition discovery relating only to merits issues. On July 25, 2022, Plaintiffs' counsel circulated a further revised proposed scheduling order that reflected these proposals, along with a proposed draft Rule 26(f) report. (The Parties have since agreed that any Rule 26(f) Report would be submitted after we have an opportunity to confer further.)

---

Gerald Francese; Rina Chernaya; CKGF Holding LLC; GPB Managed IT Fund, now known as Austin Lake Technologies; and Highline Management, Inc.

5.      Having heard no additional comments from Defendants' counsel over the next several days, on August 4, 2022, Plaintiffs' counsel sent an email reminding them to provide comments and stating that Plaintiffs' counsel were available to confer. In response, Plaintiffs' counsel received constructive language from GPB's counsel, which language Plaintiffs' counsel incorporated into the scheduling order and communicated to the other counsel. That language is still included in Plaintiffs' Proposed Scheduling Order. *See* Ex. A, Parag. 2.

6.      Plaintiffs' counsel continued to seek out additional comments on scheduling from defense counsel in emails on August 6, 8, and 10, 2022. On August 8, 2022, counsel for Auditor Defendant RSM advised that she was working to collect comments from other Defendants.

7.      On August 11, 2022, Plaintiffs received Defendants' proposed scheduling order, revising the version Plaintiffs had circulated on July 25, 2022. As the proposed joint scheduling order was due a day later, on August 12, this did not allow the parties much time to confer. Despite that, Plaintiffs gave Defendants' proposal serious consideration and circulated a further revised proposed scheduling order on the morning of August 12th. The parties (including Plaintiffs' counsel and many, though not all, Defendants' counsel) held a conference call this afternoon to discuss their respective proposals and were unable to resolve their differences, which are briefly discussed below. However, the parties did agree to continue discussing issues related to a Rule 26(f) Report, which the parties propose submitting on September 30, 2022.  *See* Ex. A. Parag. 1.

2.      In the scheduling order proposed to the undersigned on Thursday, August 11, 2022, Defendants' counsel has taken the position that discovery should be bifurcated and only class discovery should be allowed prior to class certification briefing, and the Parties should have a very short period of time for such class discovery. As shown in the attached proposed schedule,

Plaintiffs' counsel believes that class and merits discovery should proceed and that a longer period of discovery should be allowed.

## II.      BIFURCATION OF CLASS AND MERITS DISCOVERY.

1.      Plaintiffs believe that class and merits discovery should proceed promptly and that, in accordance with the Court's suggestion at the Hearing, the proposed scheduling order should only take the Parties to the class certification stage. A subsequent schedule would be discussed among the Parties once Plaintiffs' class certification motion has been filed and briefed. *See* Ex. A, Parags. 4 and 10.

2.      Plaintiffs do not believe that bifurcation of discovery between so-called "class discovery" and "merits discovery" is necessary. First, analyzing Rule 23 class certification requirements will necessarily entail some overlap with the merits of the plaintiff's underlying claim. Limiting discovery to class issues, as Defendants suggest, may result in Plaintiffs being wrongfully prevented from gathering necessary evidence required to support a class certification motion.

3.      Second, bifurcating class and merits discovery raises the likelihood of creating unnecessary disputes concerning whether discovery is in fact class certification discovery or merits discovery. These disputes will have to be resolved by the Court, wasting valuable judicial resources.

4.      Third, discovery has already been delayed in this case for more than two years. It does not make sense to delay merits discovery further. While the Parties will be busy with class issues, there is much they will be able to accomplish on the merits of the claims as well.

5.      Fourth, many of the Defendants in this case have already reviewed and produced documents in other litigation that covers much of the same subject matter of this consolidated action. Such Defendants, including, at a minimum, GPB Capital Holdings, LLC, all of the GPB

Limited Partnerships or Funds, Auditors RSM US LLP, Crowe LLP, EisnerAmper LLP, Margolin, Winer & Evans LLP and possibly others, have already produced documents in other actions relating to the transactions at issue here, including in actions where certain of those Defendants were not even named as a party in the action or where the plaintiffs there had not yet withstood a motion to dismiss. In addition, Plaintiffs believe many of the Broker Defendants have produced documents in various FINRA arbitrations that have occurred over the last two years. Such prior productions will reduce the burdens on defendants to review and gather much of the responsive materials that may be requested in this litigation.

6.      Finally, Class certification is not a dispositive issue in this case.  Even if no class were certified the case can proceed individually on behalf of these investors who have incurred substantial losses collectively.

7.      Given all of the above, bifurcation will not advance judicial economy and will only cause delay and serve to create needless motion practice. In an effort to compromise, Plaintiffs have proposed that the parties make a good faith effort to only take depositions that "primarily relate to class discovery, although the witness may be questioned on merits issues as well.  The Parties will not take depositions that relate solely to merits without a showing of good cause." Ex. A, hereto, Parag. 2.  Plaintiffs have not agreed to so limit written discovery.

8.      To the extent that the Court is inclined to consider bifurcation of discovery, Plaintiffs respectfully request that the Court permit the parties to submit short briefs stating their positions and authorities, as was done previously regarding the motions to stay.

## III.    LENGTH OF DISCOVERY

1.      Plaintiffs have proposed that the Court allow for a period of initial discovery, involving both class and merits issues, which would be concluded by May 31, 2023. Ex. A, hereto,

Parag. 1. (Plaintiffs originally sought a longer period of time but cut this back in an effort to compromise.) Thereafter, the parties would engage in a four-month period involving only expert class-related discovery, after which time Plaintiffs would move for class certification. Ex. A, hereto, Parags. 3, 5. Plaintiffs contemplate continuing merits discovery and agreeing to a supplemental scheduling order after the motion for class certification has been filed and briefed. Ex. A, hereto, Parags. 4, 10.

2.      In contrast, Defendants are effectively asking that Plaintiffs have up to 4 months for class discovery, requiring Plaintiffs to file a motion for class certification on December 15, 2022, *before* class discovery is complete. Defendants, however, would be permitted to continue class discovery. This is patently unfair.

3.      Plaintiffs further submit, that with the large number of parties and issues in this case, allowing the parties a mere 4 months (or even 6 months) for class discovery is insufficient. It will likely take almost 3 months before the parties receive a single document from any document requests served.

4.      Respecting any discovery of class experts, Plaintiffs propose that the Court allow a short period, through September 29, 2023, dedicated to such class-expert discovery after the close of class discovery. Ex. A, hereto, Parag. 3. Given the number of parties and potential experts, we believe that this is more efficient than allowing the parties to take expert discovery during the period in which the parties are brief the motion for class certification.

IV.     **POSSIBLE ADJUSTMENT OF PROPOSED DATES**

1.      The dates contained in Plaintiffs' Proposed Scheduling Order (Exhibit A, hereto) assume that a scheduling order will be entered by the end of August 2022. Should the scheduling

order be entered later than that, Plaintiffs respectfully request that the dates Plaintiffs proposed be extended accordingly.

## V.    CONCLUSION

1.    For the foregoing reasons, the Court should adopt Plaintiffs' Proposed Scheduling order.

**EDMUNDSON SHELTON WEISS PLLC**

DATED: August 12, 2022            By:  */s/ Jesse Z. Weiss*
                                        Jesse Z. Weiss

                                  Ryan Shelton, SBN: 24037484
                                  Jesse Z. Weiss, SBN: 24013728
                                  317 Grace Lane, Suite 210
                                  Austin, Texas 78746
                                  Telephone:  (512) 596-3058
                                  Facsimile:  (512) 532-6637
                                  Email:  *ryan@eswpllc.com*
                                           *jesse@eswpllc.com*

                                  ***Liaison Counsel for Kinnie Ma Plaintiffs***

                                  **KAPLAN FOX & KILSHEIMER LLP**
                                  Peter S. Linden (admitted *pro hac vice*)
                                  Jason A. Uris (admitted *pro hac vice*)
                                  850 Third Avenue, 14th Floor
                                  New York, New York 10022
                                  Telephone:  (212) 687-1980
                                  Facsimile:  (212) 687-7714
                                  Email:  *plinden@kaplanfox.com*
                                           *juris@kaplanfox.com*

                                  **LAW OFFICES OF RICHARD L. STONE, PLLC**
                                  Richard L. Stone (admitted *pro hac vice*)
                                  11 East 44th Street, Suite 1900
                                  New York, New York 10017
                                  Telephone:   (561) 358-4800
                                  Email:  *rstoneesq@rstoneesq.com*

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

DATED: August 12, 2022

By:  /s/ *Timothy S. DeJong*
　　　　Timothy S. DeJong

Timothy S. DeJong (admitted *pro hac vice*)
Email: *tdejong@stollberne.com*
Cody Berne (will seek admission *pro hac vice*)
209 SW Oak Street, Ste. 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

***Co-Lead Counsel for Plaintiffs and the Class***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Jesse Z. Weiss*

Jesse Z. Weiss
