**FILED**
April 13, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Julie Golden_____
DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| KINNIE MA IRA; JEFFERY S. GRAMM IRA; STACY GREASOR IRA; CORRI RENE EDEN, CATHERINE KOMINOS, KAREN LOCH, ROBERT A. STONE LIVING TRUST, SHIRLEY STONE LIVING TRUST, THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST AND LORETTA DEHAY, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-01050-RP |
| Plaintiffs, | **ADDENDUM TO CONFIDENTIALITY AND PROTECTIVE ORDER** |
| v. | |
| ASCENDANT CAPITAL, LLC, et al., | |
| Defendants. | |

Before the Court is defendant GPB Capital Holding, LLC's motion, on consent of the Plaintiffs, for the entry of an addendum to the Confidentiality and Protective Order, So Ordered by this Court on February 6, 2023 (hereinafter the "Protective Order"). For the reasons warranting the entry of the Protective Order, the following addendum is warranted, and shall be deemed to be added to the Protective Order, to protect the public disclosure of the information specified below. Accordingly, it is:

**ORDERED** that the motion is granted and that the following paragraph shall be deemed to be added and included in the Protective Order:

20. In addition to the "Designation Criteria" and other criteria for the determination of Confidential Information, as set forth in the preceding paragraphs of the Protective Order, it is expressly understood that a party may designate as "Confidential" non-public personal, financial, client, or customer information concerning individuals or other entities, including, but not limited

to, names, social security numbers, tax identification numbers, telephone numbers, and addresses, tax returns, medical information, credit information, banking information, documents, or data that constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a, "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, or other sensitive personally identifiable information that is protected from disclosure under state or federal law (collectively, the "Personal Identifying Information").

21. To the extent any federal or state law or other legal authority governing the disclosure or use of Personally Identifying Information permits disclosure of such information pursuant to an order of a court (hereinafter, "Personally Identifying Information Law"), this Order shall constitute compliance with such requirement. To the extent that any Personally Identifying Information Law requires a designating party and/or receiving party including third parties, to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Personally Identifying Information, the Court finds that, in view of the protections provided for such information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the designating party or receiving party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Personally Identifying Information in the action, and/or having to provide certification that notice has been waived for good cause. To the extent that any Personally Identifying Information Law requires that any person or entity be notified prior to disclosure of Personally Identifying Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in

this Order, the volume of documents to be produced and the ongoing oversight of the Court, the parties are explicitly prohibited from providing such notice in the Action; provided, however, that this Order shall not prohibit any designating party from contacting any person or entity for any other purpose. Any designating party may seek additional orders from this Court that such party believes may be necessary to comply with any Personally Identifying Information Law. Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

22. The parties shall not be liable for disclosure of Personal Identifying Information that is produced for purposes of this litigation and designated as set forth above.

23. Other than as expressly set forth above, the terms of the Protective Order remain in full force and effect.

It Is **SO ORDERED** this  13th   day of April, 2023

_____
Robert Pitman
United States District Judge