**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

KINNIE MA IRA; JEFFREY S. GRAMM IRA;
STACY GREASON IRA; VICTOR WADE IRA;
KAZURE BELL; DEAN CROOKS; CORRI RENE
EDEN; CATHERINE KOMINOS; KAREN LOCH;
ROBERT A. STONE LIVING TRUST; SHIRLEY
STONE LIVING TRUST; THE STANLEY S. AND
MILLICENT R. BARASCH LIVING TRUST; AND
LORETTA DEHAY,

               Plaintiffs,

       -v-

ASCENDANT CAPITAL, LLC, et al.,

               Defendants.

19-CV-01050-RP

**MOTION BY DEFENDANTS JEFFRY SCHNEIDER, DAVID GENTILE, ASCENDANT
CAPITAL, LLC, ASCENDANT ALTERNATIVE STRATEGIES, LLC, AND DJ
PARTNERS LLC TO STAY PROCEEDINGS PENDING RESOLUTION OF RELATED
CRIMINAL CASE**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND AND RELEVANT PROCEDURAL HISTORY ............................................ 2

   A.  Civil and Criminal Cases About the GPB Funds ............................................................ 2

   B.  The Allegations Here and in the Indicted Case .............................................................. 3

   C.  Prior Stay Motion and Court's Disposition .................................................................. 4

   D.  Responsive Pleadings, Initial Disclosures, and Plaintiffs' Discovery Requests to the
      Indicted Defendants Group ............................................................................................. 5

   E.  Expert Reports ................................................................................................................ 7

   F.  Indicted Defendants' Request for Parties' Response to Proposed Stay ............................ 8

ARGUMENT ............................................................................................................................. 8

   A.  Legal Standard for Ordering a Stay of Litigation .......................................................... 8

   B.  The Court Should Stay This Action As to the Indicted Defendants Group Pending the
      Criminal Trial Set for June 3, 2024 ............................................................................. 10

      1.  The Indictment significantly overlaps with the Consolidated Complaint in this action. 10

      2.  The Indicted Case is set for trial on June 3, 2024. ...................................... 11

      3.  Delay pending the criminal trial is not sufficient prejudice to avert a stay.................... 13

      4.  The private interests of, and burden on, the Indicted Defendants is great. .................... 15

      5.  The Court's interests are served by a stay........................................................ 16

      6.  The public interest is served by a stay............................................................. 18

CONCLUSION......................................................................................................................... 19

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Allen v. Tuter*,
   No. 3:13-CV-0263-B, 2013 WL 12449556 (N.D. Tex. May 1, 2013) ........................10, 12, 13

*Bean v. Alcorta*,
   220 F. Supp. 3d 772 (W.D. Tex. 2016)...............................................................................10

*United States ex rel. Bruno v. Schaeffer*,
   No. 16-1-BAJ-RLB, 2020 WL 1978365 (M.D. La. Apr. 24, 2020) ........................................18

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013)...........................................................................................................16

*Cont'l Cas. Co. v. Blackhawk Ventures, LLC*,
   No. SA-20-CV-00768-FB, 2021 WL 1667128 (W.D. Tex. Apr. 28, 2021)..............................9

*DeLuca. v. GPB Capital Holdings, LLC*,
   No. 1:19-cv-10498 (LAK) (S.D.N.Y. Nov. 12, 2019 )...........................................................2

*Dominguez v. Hartford Fin. Servs. Grp., Inc.*,
   530 F. Supp. 2d 902 (S.D. Tex. 2008) ..........................................................................8, 9, 10

*In re Enron Corp. Sec., Derivative & "Erisa" Litig.*,
   No. MDL 1446, 2003 WL 25508889 (S.D. Tex. Mar. 25, 2003)......................................12, 13

*Fox v. Taylor Diving & Salvage Co.*,
   694 F.2d 1349 (5th Cir. 1983) ...........................................................................................16

*Galen G. Miller v. GPB Capital Holdings, LLC*,
   Index No. 656982/2019 (N.Y. Sup. Ct. Nov. 25, 2019 ) .........................................................2

*Grewal ex rel. Gerold v. GPB Capital Holdings, LLC*,
   No. ESX-C-000019-21 (N.J. Super. Ct. Feb. 4, 2021) ...........................................................3

*United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*,
   571 F. Supp. 2d 758 (W.D. Tex. 2008)...............................................................................18

*In re GPB Capital Holdings, LLC*,
   Case No. AP-21-01 (Mo. Sec'y of State Feb. 4, 2021) ...........................................................3

*In re GPB Capital Holdings, LLC*,
   Case No. ENSC-200879 (Ga. Comm'r Sec. Feb. 3, 2021).......................................................3

*In re GPB Capital Holdings, LLC*,
  File No. 200838 (Ill. Sec'y Sec. Dep't Feb. 4, 2021) ............................................................3

*In re GPB Capital Holdings, LLC Litig.*,
  Index No. 157679/2019 (N.Y. Sup. Ct. Aug. 6, 2019 ) ..........................................................2

*Jean v. City of Dallas, Texas*,
  No. 3:18-CV-2862-M, 2019 WL 4597580 (N.D. Tex. Sept. 22, 2019) ....................13, 17, 18

*Jeff Lipman v. GPB Capital Holdings, LLC*,
  C.A. No.2020-0054-SG (Del. Ch. Jan. 31, 2020) ...................................................................2

*Longoria v. Cnty. of Dallas, Texas*,
  No. 3:14-CV-3111-L, 2015 WL 3822233 (N.D. Tex. June 19, 2015) ...................................14

*Phillip J. Cadez v. GPB Capital Holdings, LLC*,
  C.A. No. 2020-0402-SG (Del. Ch. May 29, 2020 ) .................................................................2

*Reed-Veal v. Encinia*,
  No. CV H-15-2232, 2016 WL 6915963 (S.D. Tex. Apr. 21, 2016) ...........................12, 15, 18

*Sanchez v. Gomez*,
  No. EP-17-CV-133-PRM, 2017 WL 11625934 (W.D. Tex. Dec. 21, 2017) ...........................9

*SEC v. AmeriFirst Funding, Inc.*,
  No. 3:07-CV-1188-D, 2008 WL 866065 (N.D. Tex. Mar. 17, 2008)....................................10

*Terwilliger v. Stroman*,
  No. A-16-CA-00599-SS, 2017 WL 11725323 (W.D. Tex. Mar. 24, 2017) ...........................16

*The Stanley S. & Millicent R. Barasch Living Trust v. GPB Capital Holdings, LLC*,
  No. 19-cv-01079 ......................................................................................................................2

*Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*,
  886 F. Supp. 1134 (S.D.N.Y. 1995)......................................................................................17

*United States v. Gentile*,
  No. 1:21-CR-00054 (DG)(PK) (E.D.N.Y. Jan. 29, 2021) ............................................ *passim*

*Walker v. Wilburn*,
  No. 3:13-CV-4896-D, 2015 WL 5873392 (N.D. Tex. Oct. 5, 2015) .....................................11

*Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*,
  No. CIV.A. 11-2405, 2012 WL 520660 (E.D. La. Feb. 15, 2012) ...................................11, 17

*In re Worldcom, Inc. Sec. Litig.*,
  No. 02 CIV. 3288 (DLC), 2002 WL 31729501 (S.D.N.Y. Dec. 5, 2002)...............................17

**Statutes**

18 U.S.C. §§ 3161–74 (Speedy Trial Act)................................................................................12, 15

**Other Authorities**

5 Weinstein's Federal Evidence § 801.32(2)................................................................................16

Defendants Jeffry Schneider and David Gentile (together, the "Indicted Defendants"), Ascendant Capital LLC, Ascendant Alternative Strategies, LLC ("AAS"), and DJ Partners LLC (with Schneider and Gentile, the "Indicted Defendants Group"), through their undersigned counsel, respectfully move this Court for a stay pending resolution of the criminal proceeding captioned *United States v. Gentile*, No. 1:21-CR-00054 (DG)(PK) (E.D.N.Y. Jan. 29, 2021) (the "Indicted Case").

## PRELIMINARY STATEMENT

Gentile and Schneider (and Jeffry Lash, who is not a defendant in this case) are defendants in the Indicted Case, which is set for trial on June 3, 2024. The Indictment alleges conduct that significantly overlaps with the conduct alleged in this case. On October 21, 2021, the Indicted Defendants moved to extend a stay of this case (Dkt. 865) that was initially ordered on August 25, 2021 (Dkt. 829) on the grounds that a continued stay was necessary to protect the Indicted Defendants' Fifth Amendment Rights in light of the pending Indicted Case. In June 2022, before the trial court in the Indicted Case had set a trial date, the Court declined to extend the stay and instead decided to "take this up as we go along"—that is, to protect the Indicted Defendants' constitutional rights and to advance this litigation at the same time, by trying to "fashion discovery around their constitutional rights."

That approach is no longer workable; the case has progressed to a stage where it is not possible both to protect the constitutional rights of the Indicted Defendants and continue with class certification discovery. The Indicted Defendants and the entities they own and control are forced to choose whether to designate experts that address class certification (and merits), or protect their constitutional rights against self-incrimination. For the following reasons, this Court should exercise its discretion to stay this case pending resolution of the Indicted Case.

1

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

### A.      Civil and Criminal Cases About the GPB Funds

*Kinnie Ma Individual Retirement Account v. Ascendant Capital, LLC*, No. 19-cv-01050 (the "*Kinnie Ma* Action") was filed on October 25, 2019. The *Kinnie Ma* Action named the Indicted Defendants Group as defendants. On November 6, 2019, *The Stanley S. & Millicent R. Barasch Living Trust  v. GPB Capital Holdings, LLC*, No. 19-cv-01079 was filed (the "*Barasch* action"). The *Barasch* action also named the Indicted Defendants Group as defendants. Both cases concern allegations regarding the sale of limited partnership interests in various funds ("the GPB Funds") sponsored by Defendant GPB Capital Holdings, LLC ("GPB"). The *Kinnie Ma* Action and the *Barasch* Action were consolidated on June 1, 2021 (Dkt. 898), and the consolidated complaint was filed on July 1, 2021 (Dkt. 916) (the "Consolidated Complaint").

This action is the only civil action in the country being actively litigated against the Indicted Defendants Group. Between 2019 and 2020, private plaintiffs brought several other civil actions against members of the Indicted Defendants Group concerning the GPB Funds that overlap significantly with the complaints herein. All such private civil actions have been and remain stayed against the Indicted Defendants Group.[1] Additionally, the Securities and Exchange Commission brought a civil action in the Eastern District of New York which generally alleges a fraudulent scheme perpetrated by the Indicted Defendants, GPB, AAS, Ascendant Capital, and Jeffrey Lash concerning the GPB Funds that overlaps significantly with the complaints herein. Various other

---

[1] *See, e.g.*, *Galen G. Miller v. GPB Capital Holdings, LLC*, Index No. 656982/2019 (N.Y. Sup. Ct. Nov. 25, 2019 ) (stayed as of March 18, 2021) ("*Miller* action"); *In re GPB Capital Holdings, LLC Litig.*, Index No. 157679/2019 (N.Y. Sup. Ct. Aug. 6, 2019 ) (stayed as of April 28, 2021); *Jeff Lipman  v. GPB Capital Holdings, LLC*, C.A. No.2020-0054-SG (Del. Ch. Jan. 31, 2020) (action stayed as of July 19, 2021); *Phillip J. Cadez v. GPB Capital Holdings, LLC*, C.A. No. 2020-0402-SG (Del. Ch. May 29, 2020 ) (stayed as of May 18, 2021); *DeLuca. v. GPB Capital Holdings, LLC*, No. 1:19-cv-10498 (LAK) (S.D.N.Y. Nov. 12, 2019 ) (stayed as of May 21, 2021).

state entities also initiated proceedings against members of the Indicted Defendants Group, again, all concerning the GPB Funds that overlap significantly with the complaints herein. Each of these enforcement actions has also been stayed or has been dismissed without prejudice pending conclusion of the Indicted Case.[2]

On January 29, 2021, a grand jury returned the Indictment in the Indicted Case against the Indicted Defendants and Jeffrey Lash in the United States District Court for the Eastern District of New York (the "Indictment"). A true and correct copy of the Indictment is attached as Exhibit 1. On April 17, 2023, the EDNY court set the trial in the criminal case for June 3, 2024.

### B.    The Allegations Here and in the Indicted Case

The Consolidated Complaint alleges conduct by the Indicted Defendants that is also alleged in the Indicted Case. The Indictment alleges on its face that the Indicted Defendants (and Jeffrey Lash) "engaged in a scheme to defraud investors and prospective investors in the GPB Funds through material misrepresentations and omissions[.]" Exhibit 1 ¶ 15. In the Indictment, the Government charges the Indicted Defendants with one count of conspiracy to commit securities fraud, one count of conspiracy to commit wire fraud, and one count of securities fraud. *Id.* at Counts One, Two and Three. It also charges Defendant Gentile with two counts of wire fraud (Counts Four and Five).

The Consolidated Complaint similarly claims a putative class action alleging that the Indicted Defendant Group "knowingly made numerous material misstatements and omitted

---

[2] *In re GPB Capital Holdings, LLC*, Case No. ENSC-200879 (Ga. Comm'r Sec. Feb. 3, 2021) () ("motion for a continuance pending resolution of the criminal case" granted on March 30, 2021); *In re GPB Capital Holdings, LLC*, File No. 200838 (Ill. Sec'y Sec. Dep't Feb. 4, 2021) (last stay granted on March 15, 2023); *In re GPB Capital Holdings, LLC*, Case No. AP-21-01  (Mo. Sec'y of State Feb. 4, 2021) (stayed on March 24, 2021); *Grewal ex rel.  Gerold v. GPB Capital Holdings, LLC*, No. ESX-C-000019-21 (N.J. Super. Ct. Feb. 4, 2021) () (on April 30, 2021, the State of New Jersey Attorney General's Office Bureau Chief agreed "that a stay is appropriate so as not to jeopardize the pending criminal prosecution[.]").

materials facts in … communications related to the . . . Securities" in the GPB Funds. (Dkt. 916 ¶ 3.) The chart attached hereto as Exhibit 2 displays substantial similarities between numerous allegations of the Indicted Defendants' alleged conduct from the Indictment and allegations from the Consolidated Complaint.

C.      **Prior Stay Motion and Court's Disposition**

On August 25, 2021, this Court stayed the *Kinnie Ma* Action (Dkt. 829), and on October 21, 2021, the Indicted Defendants moved to extend the August 25, 2021 stay pending resolution of the Indicted Case (Dkt. 865). On the same date, Ascendant Capital joined in motions to extend the stay (Dkt. 864). At oral argument on June 22, 2022, Judge Yeakel denied the motions to extend the stay, reasoning, at that time, that "there is a lot of things that can be done in this case that do not impact on any of the [Indicted Defendants'] constitutional rights."[3]   Judge Yeakel ruled "I think we can take this up as we go along and I'm not going to stay the entire case," Exhibit 3 at 16:21-23. He explicitly directed the parties to proceed with the action in a manner "that do[es] not impact any of [the Indicted Defendants'] constitutional rights," and to "fashion discovery around their constitutional rights." *Id*. at 13:3-7. Judge Yeakel made clear that he was "very sympathetic" to the Indicted Defendants' constitutional rights (*id*. at 13:18) was "going to try to work through it," (*id.* at 17:24-25) "[did not] intend to violate any privilege" and was "going to give [the Indicted Defendants] all the protections [they] need" *Id.* at 19:1-2.

In denying the motions to extend the stay, Judge Yeakel also stated that he was relying upon Plaintiffs' counsel's representation at oral argument that Plaintiffs would *not* seek direct document discovery from the Indicted Defendants, a modification of the position submitted by Plaintiffs' counsel before the hearing. *See id*. at 15:3-6 (Plaintiffs' Counsel: "[W]e think it's more

---

[3] A true and correct transcript from the June 22, 2022 hearing is attached as Exhibit 3.

than adequate for Mr. Gentile's protection of his Fifth Amendment rights for us to agree not to take any depositions and not any direct document discovery from him."); 17:1-2 (The Court: "I take Mr. Stone at his word about how the plaintiffs will proceed with regard to the two indicted defendants."). At the time Judge Yeakel ruled in June 2022, no trial date had been set in the Indicted Case.

On March 6, 2023, this Court issued an order staying this action as to Defendant Kalos Capital, Inc. because it filed for bankruptcy protection. (Dkt. 1117).

### D.   Responsive Pleadings, Initial Disclosures, and Plaintiffs' Discovery Requests to the Indicted Defendants Group

In response to the August 1, 2022 deadline to answer the Consolidated Complaint, Gentile filed a letter stating he "does not intend to file an answer to the Consolidated Complaint at this time, in light of the potential implication that doing so would have on his constitutional rights and the Court's direction at that hearing for the parties to proceed with this action in a way 'that do[es] not impact any of [Mr. Gentile and Jeffry Schneider's] constitutional rights.'" (Dkt. 995 (quoting June 22, 2022 transcript at 13:3-7). Also on August 1, 2022, Schneider filed an answer preserving his objection to being required to answer under the circumstances and "assert[ed] and preserve[d] and d[id] not waive his right against self-incrimination, including but not limited to his rights under the Fifth Amendment of the United States Constitution; Article I, Section 10 of the Texas Constitution; and Article 1, Section 6 of the New York Constitution." (Dkt. 996 ¶ 4).

Ascendant Capital likewise objected to being required to answer under the circumstances and pleaded that "[o]n the basis of the [allegations made in the Consolidated Complaint], Schneider's plea of not guilty, and Schneider's invocation of his Fifth Amendment privileges, Ascendant Capital declines to answer each and all of these allegations of the Complaint. Having so declined to answer, the responses set forth herein should not be deemed or inferred to mean that

Ascendant Capital admits anything, instead this response should be deemed to have the effect of a denial that puts Plaintiffs to their burden of proof." (Dkt. 997 ¶ 5). AAS and DJ Partners filed similar answers. (Dkt. 1015, 1016.)

In filings related to the scheduling of the case, on August 12, 2022 (*see* Dkt. 1035) and again on September 30, 3022 (Dkt. 1087 at 3 n.2), the Indicted Defendants Group reiterated their objection to having to produce or provide any oral or written discovery before the Indicted Case concludes. Again, in their initial disclosures, served on September 30, 2022, the Indicted Defendants Group members invoked (or preserved the right to invoke) their constitutional rights against self-incrimination, among others. Attached hereto collectively as Exhibit 4 are true and correct copies of the Initial Disclosures of Jeffry Schneider, Ascendant Capital, AAS, DJ Partners and David Gentile.

On December 12, 2022, contrary to the representations made to the court at oral argument not to do so, Plaintiffs served their First Set of Requests for Production of Documents on Schneider and Gentile. Plaintiffs also served demands on Schneider's 100% owned and controlled entity, Ascendant Capital and on AAS, an entity majority-owned and controlled by the Indicted Defendants through their wholly-owned entity DJ Partners.

After the Indicted Defendants Group responded to Plaintiffs' requests by restating their persistent objections to providing written discovery, Plaintiffs asked to meet and confer. Thereafter, in a series of communications and a virtual "meet and confer" over this impasse, the Indicted Defendants Group offered to provide certain previously produced documents to Plaintiffs in exchange for Plaintiffs' withdrawing their broad requests. In response, Plaintiffs slightly narrowed their requests but did not withdraw their requests for documents that had not been previously produced and did not accept the compromise offered by the Indicted Defendants Group.

The parties remain at an impasse. Attached hereto collectively as Exhibit 5 are true and correct copies of Jeffry Schneider's and David Gentile's Responses and Objections to Plaintiffs' First Set of Requests for Production.

     **E.**     **Expert Reports**

On April 28, 2023, Plaintiffs served two expert reports purportedly related to class certification. Plaintiffs served the report of their proffered legal expert, Prof. James C. Spindler of the University of Texas School of Law, a true and correct copy of which is attached as Exhibit 6 (the "Spindler Report"), and the report of their proffered financial and valuation expert, Steven C. Hastings of ValueScope, Inc., a true and correct copy of which is attached as Exhibit 7 (the "Hastings Report").

The Spindler and Hastings Reports rely upon allegations of conduct of the Indicted Defendants alleged in the Indictment. For example, the Spindler Report states:

- ███████████████████████████████████████████████████████████[4] Spindler Report, Exhibit 6 at 3; *see also* Exhibit 2, Indictment ¶ 15 (alleging "material misrepresentations and omissions" with respect to GPB funds);

- █████████████████████████████████████████████████████████ Spindler Report, Exhibit 6 at 22; *see also* Exhibit 2, Indictment ¶ 18 (the "GPB Funds and Ascendant [Capital] . . . were considered by executives at each entity to function as essentially one company.");

- ███████████████████████████████████████████████████████████ Spindler Report, Exhibit 6 at 36; *see also* Exhibit 2, Indictment ¶ 16 ("monthly distribution payments were substantially derived from investor capital" not "cash flow"), ¶ 23 ("investor capital was used to pay a material portion of distributions. . . ");

---

[4] Items redacted here are so redacted in accordance with the parties' Confidentiality and Protective Order (Dkt. 1110), which Order states in relevant part that "In the event a party wishes to use any Confidential information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: … (3) file such information under seal with the court consistent with the dealing requirements of the court."

- ███████████████████████ Spindler Report, Exhibit 6 at 37; *see also* Exhibit 2, Indictment ¶ 16 ("monthly distribution payments were substantially derived from investor capital" not "cash flow"), ¶ 23 ("investor capital was used to pay a material portion of distributions. . . "), ¶ 32 ("used investor funds to pay monthly distribution payments in an amount equivalent to an annualized 8 percent.");

- ███████████████████████ Spindler Report, Exhibit 6 at 58; *see also* Exhibit 2, Indictment ¶ 25 ("the PPMs for Holdings I and Automotive Portfolio stated . . . that the funds would make a distribution in cash to investors three months after their subscriptions . . . .");

   The Hastings Report similarly states:

- ███████████████████████ Hastings Report, Exhibit 7 at 8; *see also* Appendix 1, Indictment ¶ 15 (alleging "material misrepresentations and omissions" with respect to GPB funds);

The deadline to serve Defendant expert reports was extended by the Court pursuant to an unopposed motion filed by the auditor defendant group. (Dkt. 1128). Thus, on or before June 12, 2023, the Indicted Defendants must respond to the statements made in the Spindler and Hastings Reports.

**F.    Indicted Defendants' Request for Parties' Response to Proposed Stay**

On April 28, 2023, counsel to Schneider and Ascendant Capital sent a letter, joined by Defendants David Gentile, AAS, and DJ Partners, a true and correct copy of which is attached hereto as Exhibit 8, asking all counsel in the case for their position on the stay requested in this motion. Virtually all Defendants responded and either support or do not oppose the request. Only Plaintiffs opposed the request for a stay.

**ARGUMENT**

**A.    Legal Standard for Ordering a Stay of Litigation**

To stay a case is an "inherent power" of the district court to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008) (citing

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). It is within the discretion of the court to grant a

stay "when the interests of justice seem to require such action." *Cont'l Cas. Co. v. Blackhawk*

*Ventures, LLC*, No. SA-20-CV-00768-FB, 2021 WL 1667128, at *1 (W.D. Tex. Apr. 28, 2021)

(quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)). Encompassed within the district

court's power to stay proceedings on its docket is "the authority to stay a civil proceeding pending

the resolution of a criminal proceeding when the interests of justice so require." *Dominguez*, 530

F. Supp. 2d at 905 (citing *United States v. Little Al*, 712 F.2d 133, 135 (5th Cir. 1983)). "[A] stay

of a civil case is most appropriate where a party to the civil case has already been indicted for the

same conduct." *Sanchez v. Gomez*, No. EP-17-CV-133-PRM, 2017 WL 11625934, at *2, (W.D.

Tex. Dec. 21, 2017) (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571

F. Supp. 2d 758, 762–63 (W.D. Tex. 2008)). Courts in this district have outlined the following six-

factor test for determining whether to grant a stay:

> (1) the extent to which the issues in the criminal case overlap with those presented
> in the civil case; (2) the status of the criminal case, including whether the defendants
> have been indicted; (3) the private interests of the plaintiffs in proceeding
> expeditiously, weighed against the prejudice to plaintiffs caused by the delay;
> (4) the private interests of and burden on the defendants; (5) the interests of the
> courts; and (6) the public interest.

*Blackhawk Ventures, LLC*, 2021 WL 1667128, at *1 (citing *Bean v. Alcorta*, 220 F. Supp. 3d 772,

775 (W.D. Tex. 2016)).

For the reasons set forth below, a stay of this action at this time satisfies the six-factor

analysis.

**B.**     **The Court Should Stay This Action As to the Indicted Defendants Group Pending the Criminal Trial Set for June 3, 2024**

     **1.**     **The Indictment significantly overlaps with the Consolidated Complaint in this action.**

The "most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775–76 (W.D. Tex. 2016) (quoting *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *5 (W.D. Tex. Feb. 1, 2016)). To determine whether overlap exists warranting a stay, courts consider whether the civil action is directed at the same conduct that forms the basis of the criminal action. *See SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 866065, at *3 (N.D. Tex. Mar. 17, 2008) ("The few indications the court does have suggest that the criminal charges, if they are forthcoming, will be directed at the same conduct that forms the basis of the SEC civil suit. Thus the overlap of the criminal and civil matters weighs in favor of a stay."); *Allen v. Tuter*, No. 3:13-CV-0263-B, 2013 WL 12449556, at *1 (N.D. Tex. May 1, 2013) (noting that "the extent of the overlap . . . may be the most important part of the inquiry" and finding the overlap " weighs in favor of staying the case" because "the criminal investigation and pending proceeding involve the same underlying conduct"); *see also Dominguez*, 530 F. Supp. 2d at 907 (finding "substantial overlap [that] weighs heavily in favor of a stay" where proceedings "arise out of the same events"). This is so because "[w]here there is significant overlap, self-incrimination is more likely and thus weighs in favor of a stay." *Bean*, 220 F. Supp. 3d at 776 (citations omitted).

Here, the Indictment and Consolidated Complaint both appear[5] to allege the same conduct by the Indicted Defendants. *See* Exhibit 2. Exhibit 2 demonstrates numerous allegations in the

---

[5] Indicted Defendants maintain, as they have asserted in the Indicted Case, that the charges in the Indicted Case are unclear as to many of the specifics as to what they are being accused of having done.

Indictment of conduct by the Indicted Defendants that appear to be the same as or very similar to allegations in the Consolidated Complaint. Specifically, both documents appear to allege that Indicted Defendants engaged in fraudulent activities related to the marketing and selling of limited partnership interests in one or more of the GPB Funds and omitted and/or misrepresented certain information related to the source of investor distributions.

Where the allegations of the two cases overlap, "many of the witnesses who would be expected to testify would be expected to do so in both matters, and the documentary evidence would be substantially the same." *Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, No. CIV.A. 11-2405, 2012 WL 520660, at *4 (E.D. La. Feb. 15, 2012) (finding overlap "weighs heavily in favor of granting a stay"). For example, Plaintiffs have served a Class Certification Witness List, a true and correct copy of which is attached hereto as Exhibit 9, naming several witnesses who also appear to be relevant to the Indicted Case, including a corporate representative of Ascendant Capital, which is 100% owned by Schneider. *See* Exhibit 9 and Exhibit 1 ¶¶ 6, 8, 17-19, 41. Such a conflict "may be largely, if not completely, eliminated by granting a stay." *Walker v. Wilburn*, No. 3:13-CV-4896-D, 2015 WL 5873392, at *8 (N.D. Tex. Oct. 5, 2015) (citation omitted).

The overlap of alleged wrongful conduct between this action and the Indictment is further highlighted by the allegations relied upon in Plaintiffs' expert disclosures, to which Defendants must now respond or lose the opportunity to do so by June 12, 2023.

The substantial overlap of alleged conduct demonstrates why a stay of this action is needed to protect the constitutional rights of the Indicted Defendants pending resolution of the Indicted Case. Thus, the first factor weighs in favor of staying this action.

### 2.    The Indicted Case is set for trial on June 3, 2024.

"Once a criminal indictment has been issued, there is a greater risk of self-incrimination, and therefore courts should 'strongly consider staying the civil proceeding until the related

criminal proceedings are resolved.'" *Reed-Veal v. Encinia*, No. CV H-15-2232, 2016 WL 6915963, at *3 (S.D. Tex. Apr. 21, 2016) (citations omitted).

Further, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Allen*, 2013 WL 12449556, at *2 (quoting *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). "[T]he [Supreme] Court has emphasized that a party claiming the Fifth Amendment privilege should suffer no penalty for his silence." *In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, No. MDL 1446, 2003 WL 25508889, at *8 (S.D. Tex. Mar. 25, 2003) (citing *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1088 (5th Cir. 1979)).

The trial in the Indicted Case has now been set for June 3, 2024, making any potential stay approximately one year long from the date of this motion. No other civil case in the nation is being actively litigated against the Indicted Defendants Group. This case, however, is currently proceeding and on a schedule that now requires the Indicted Defendants Group to speak to allegations in the Indictments in the Indicted Case long before trial in the Indicted Case.

The looming discovery deadlines in this action, including the deadline to respond to the allegations on the merits as set forth in the Plaintiffs' proffered expert reports, pose a direct and imminent threat to the Indicted Defendants' constitutional rights. The Indicted Defendants must either develop and adopt expert reports that respond to these merits allegations—at the expense of their rights against self-incrimination—or lose the opportunity to defend against class certification and merits issues going to liability in this action. Thus, the second factor weighs in favor of staying this action.

### 3.   Delay pending the criminal trial is not sufficient prejudice to avert a stay.

"[I]n evaluating the plaintiff's burden resulting from the stay . . . courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim." *Jean v. City of Dallas, Texas*, No. 3:18-CV-2862-M, 2019 WL 4597580, at *3 (N.D. Tex. Sept. 22, 2019) (citing *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d at 397).  Though a court may "acknowledge[ ] Plaintiffs' fears regarding diminished memories and witness availability," it should nonetheless grant a stay where the court "does not believe that a temporary stay" would pose an undue burden on [plaintiffs'] ability to conduct meaningful discovery when appropriate" and the "Defendant's competing hardships are similarly compelling [such that] granting a stay would nearly erase his valid concerns that his constitutional rights would be substantially and irreparably diminished." *Allen*, 2013 WL 12449556, at *2 (citation omitted). In other words, "though plaintiffs may have a legitimate interest in speedy resolutions of matters and avoiding possible loss of evidence during the stay, '[t]hese interests are trumped by defendants' interests in avoiding the quandary of choosing between waiving their Fifth Amendment privilege or effectively forfeiting the civil case.'" *In re Enron Corp.*, 2003 WL 25508889, at *8 (citing *Trustees of Plumbers*, 886 F. Supp. at 1140).

Here, Plaintiffs will not be prejudiced in a cognizable way by a stay pending resolution of the criminal trial. First, in terms of preservation of investors' assets, there is currently a court-appointed monitor overseeing the GPB Funds. The presence of a monitor protects Plaintiffs from any assets being improperly expended during the course of a stay. Moreover, the monitor has reported that GPB has completed sale transactions that to date have returned approximately $1 billion in gross proceeds to GPB partnerships.

Second, a stay of definite duration mitigates prejudice to a plaintiff. *See, e.g., Longoria v.*

*Cnty. of Dallas, Texas*, No. 3:14-CV-3111-L, 2015 WL 3822233, at *11 (N.D. Tex. June 19, 2015)

("[A] limited stay through the conclusion of sentencing or a not-guilty verdict in the state court

Criminal Case should mitigate these concerns."). Here, the proposed stay would be approximately

one year given that the trial date is set in the Indicted Case for June 3, 2024. There was no trial

date set in the criminal case when Judge Yeakel previously declined to extend the stay.

Third, document productions have already begun, and a great bulk of document production

from parties other than the Indicted Defendants Group—including more than *five (5) million*

*documents* from the GPB Defendants as well as productions from numerous other defendants[6] and

plaintiffs[7]— have been made or are expected to be produced before any stay would take effect.

Fourth, stays have already been ordered in this action (*see* Dkt. 829, 1117), demonstrating

that staying this action may and should be done under certain circumstances. Thus, the third factor

weighs in favor of staying this action.

---

[6] Plaintiffs have advised all counsel that the following defendants have produced documents: Phoenix American Financial Services, Inc., Morrison, Brown, Argiz & Ferra, LLC, Deloitte Transactions and Business Analytics LLP, Woodbury Financial Services, Inc., Western International Securities, Inc., Triad Advisors, LLC, Titan Securities, SCF Securities, Inc., SagePoint Financial, Inc., Royal Alliance Associates, Inc., MSC-BD, LLC, McNally Financial Services Corporation, Landolt Securities, Inc., Kingsbury Capital, Inc., HighTower Securities, LLC and HighTower Advisors, LLC, FSC Securities Corporation, Emerson Equity LLC, Detalus Securities, LLC, Dempsey Lord Smith, LLC, David A. Noyes & Company, Crown Capital Securities, LP, Cascade Financial Management, Inc., Capital Investment Group, Inc., Ausdal Financial Partners, Inc., American Capital Partners, LLC, Aegis Capital Corp., CohnReznick LLP, Crowe, LLP f/k/a Crowe Horwath LLP, EisnerAmper LLP, Gentile Pismeny & Brengel LLP (now known as Gentile Brengel & Lin, LLP), and RSM.

[7] Plaintiffs who have produced documents are: Kazue M. Bell, Jeffery S. Gramm Individual Retirement Account, Kinnie Ma Individual Retirement Account, Robert A. Stone Living Trust, dated January 9, 1992, as amended May 24, 2005, Millicent R. Barasch, The Stanley S. and Millicent R. Barasch Living Trust, and Loretta DeHay.

4.      **The private interests of, and burden on, the Indicted Defendants is great.**

"If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay." *Reed-Veal*, 2016 WL 6915963, at *3 (citation omitted). If the potential prejudice to the defendant is particularly high post-indictment, the prejudice to the plaintiff of staying proceedings is somewhat reduced, since the criminal litigation has reached a crisis that will lead to a reasonably speedy resolution. *See* 18 U.S.C. §§ 3161–74 (Speedy Trial Act).

Until now, the Indicted Defendants' Group members have consistently tried to abide by Judge Yeakel's order to "fashion discovery around" the Indicted Defendants' constitutional rights by serving pleadings, initial disclosures and responses and objections to discovery demands that do not impede upon the constitutional Amendment rights of Gentile and Schneider. *See* Dkt. 995-997, 1015-1016; Exhibits 4 and 5. But now it is no longer possible to "take [ ] up [discovery] as we go along" or "fashion discovery around [the Indicted Defendant's] constitutional rights." (*See* Exhibit 3 at 13:5-7, 16:21-22). This action has reached a point where the Indicted Defendants are unable to meet upcoming deadlines without direct and serious harm to their constitutional rights.

Despite Schneider's invocation of his right to remain silent, and Gentile's preservation of his right to do the same, the Indicted Defendants and their entities in the Indicted Defendants' Group face the Hobson's choice of having to respond to the Plaintiffs' experts' allegations of securities fraud conspiracy—which overlap with the Indictment's allegations—by the deadline of June 12, 2023, or miss the deadline and lose the opportunity to do so, in order to preserve the right against self-incrimination, potentially resulting in lasting effects from the court's rulings on class certification. But for the Indicted Case, the Indicted Defendants would vigorously defend themselves and dispute class certification. Adjudication of class certification without their

15

participation will inevitably result in rulings on class issues that likely will include some merits issues. *See, e.g.*, *Comcast Corp. v. Behrend*, 569 U.S. 27, 28 (2013) (holding that a Rule 23 analysis "will frequently overlap with the merits of the plaintiff's underlying claim because a class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action") (citation and internal quotations omitted).

The Indicted Defendants face the intolerable threat that other parties (including the United States) could seek to use their expert reports against them as admissions or adopted statements.[8] To develop and issue expert reports on class certification in this action would require the Indicted Defendants Group to adopt positions related to the conduct alleged in the Indicted Case. To rebut Plaintiffs' expert reports, which rely upon alleged conduct by the Indicted Defendants that is the subject of allegations in the Indictment, the Indicted Defendants would have to actively participate in the process with counsel and expert(s) to develop evidence for their expert to rely upon.

For these reasons, continuing this action is no longer workable without severely impeding the constitutional rights of the Indicted Defendants, and this fourth factor weighs heavily in favor of a definite stay.

> ### 5.   The Court's interests are served by a stay.

"The Court has an interest in judicial efficiency in terms of managing its caseload." *Terwilliger v. Stroman*, No. A-16-CA-00599-SS, 2017 WL 11725323, at *6 (W.D. Tex. Mar. 24, 2017). "The conviction of a civil defendant as a result of the entry of a plea or following a trial can

---

[8] "There are circumstances where the testimony of an expert witness can serve as an adverse admission against the presenting party" including where "circumstances warrant the conclusion that adoption in fact occurred." *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1355 (5th Cir. 1983); *see also* 5 Weinstein's Federal Evidence § 801.32(2) (Fifth Circuit permits expert testimony to serve as a party admission where the expert's statements or reports are prepared for the very case in which admission is sought). To be clear, the Indicted Defendants do not concede admissibility but merely highlight the unacceptable risks such a ruling could occur.

contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges." *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288 (DLC), 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002) (citing *Rosenthal v. Giuliani,* No. 98 Civ. 8408(SWK), 2001 WL 121944, at *2 (S.D.N.Y. Feb.9, 2001)). Efficient use of judicial resources favors a stay of this action pending completion of the Indicted Case. *See Jean*, 2019 WL 4597580, at *5 ("[G]ranting a stay serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy"); *see also Trustees of Plumbers*, 886 F. Supp. at 1141 (staying a matter also as to the corporate defendants based on judicial economy).

Since the Indicted Defendants are the "central figures" in this action according to Plaintiffs, (*see* Dkt. 916, ¶¶ 2, 4, 11), a stay as to all defendants is warranted and practical. *See Trustees of Plumbers*, 886 F. Supp at 1141 ("I do not have to resolve the issue of whether the corporate defendants would be prejudiced by the individual defendants' invocation of their Fifth Amendment rights since I find that it is more efficient to grant a complete stay as to all defendants rather than only a partial stay as to the individual ones. Plaintiffs themselves concede that the [individual defendants] are the central figures in this case"); *see also Waste Mgmt. of La., LLC*, 2012 WL 520660, at *5 ("The entity defendants, meanwhile, would likely be unable to fulfill their civil discovery obligations without the benefit of the testimony of [the principals], and other witnesses likely to invoke their Fifth Amendment rights. Worse still, the entity defendants may be left with no way to defend themselves at all without the testimony of their principals…. Accordingly, both the individual defendants and the entity defendants would be left with no real way to defend themselves, short of Defendants [the principals] forgoing their Fifth Amendment rights, if a stay is not granted here….These individual and entity defendants would be burdened with responding

17

to discovery and potentially forced to waive the individual defendants' rights to avoid self-incrimination. Accordingly, the burden upon all Defendants, too, weighs in favor of this Court granting a stay in the instant action."); *United States ex rel. Bruno v. Schaeffer*, No. 16-1-BAJ-RLB, 2020 WL 1978365, at *3 (M.D. La. Apr. 24, 2020) (quoting *Waste Management* and concluding, that the "same potential issues arise…in the event the stay were denied such that this factor also weighs in favor of granting the stay requested.").

In sum, staying this action until completion of the Indicted Case will streamline and simplify this matter, while safeguarding constitutional rights. A stay thus serves the dual goals of judicial economy and procedural justice. The fifth factor weighs in favor of staying this action.

### 6.     The public interest is served by a stay.

"The public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases." *United States ex rel. Gonzalez*, 571 F. Supp. 2d at 765 (citations omitted). In other words, the "public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained." *Reed-Veal*, 2016 WL 6915963, at *3 (citing *Alcala*, 625 F. Supp. 2d at 407). Although the public has an interest in civil actions proceeding expeditiously, "[the public] also has an interest in protecting the constitutional rights of criminal defendants." *Jean*, 2019 WL 4597580, at *5 (citing *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *7 (W.D. Tex. Feb. 1, 2016)).

Staying this matter pending completion of the Indicted Case serves the public interest by ensuring the Indicted Defendants' Group's right to defend this civil action will not be compromised by the threat of harm to the Indicted Defendants' constitutional rights. Having the Indicted Defendants Group unable to adequately proceed in this action is in no one's interest. And having the Indicted Defendants' criminal defense irretrievably compromised by participation in

this action is also contrary to the public interest. Thus, the final factor weighs in favor of staying this action.

## **CONCLUSION**

For the foregoing reasons, the Court should exercise its power to protect the constitutional rights of the Indicted Defendants and stay this case pending completion of the Indicted Case.

Dated: May 23, 2023
   Austin, Texas

       Respectfully submitted,

       **ARENTFOX SCHIFF LLP**

       */s/ Hunter T. Carter*
       Hunter T. Carter
       (NY State Bar No. 4052429)
       ARENTFOX SCHIFF LLP
       1301 Avenue of the Americas, 42nd Floor
       New York, NY 10019
       Telephone: (212) 484-3900
       Fax: (212) 484-3990
       hunter.carter@afslaw.com

       **JACKSON WALKER LLP**

       /s/ *Jennifer S. Freel*
       Jennifer S. Freel
       (TX. Bar No. 24051327)
       100 Congress Avenue, Suite 1100
       Austin, Texas 78701
       Telephone: (512) 236-2330
       Fax: (512) 236-2002
       jfreel@jw.com

       *Attorneys for Defendants Jeffry Schneider*
       *and Ascendant Capital LLC*

       **PEELE | NIMOCKS LAW FIRM**

       /s/ *Christopher L. Peele*
       Christopher L. Peele
       (TX Bar No. 24013308)
       6838 Bee Caves Road, Bldg. 3, Ste. 201

Austin, Texas 78746
Telephone: (512) 417-0334
chris@peelenimocks.com

*Attorneys for Defendants Ascendant*
*Alternative Strategies, LLC and DJ Partners*
*LLC*

**KOBRE & KIM LLP**

/s/ *Adriana Riviere-Badell*
Adriana Riviere-Badell (admitted *pro hac vice*)
FL State Bar No. 30572
201 S. Biscayne Blvd.
Suite 1900
Miami, Florida 33131
Tel: (305) 967-6100
Fax: (305) 967-6120
adriana.riviere-badell@kobrekim.com

Leif T. Simonson (admitted *pro hac vice*)
NY State Bar No. 4173316
Zoe Bunnell (admitted *pro hac vice*)
NY State Bar No. 5252077
800 Third Avenue
New York, New York 10022
Tel: (212) 488-1200
Fax: (212) 488-1220
leif.simonson@kobrekim.com
zoe.bunnell@kobrekim.com

**SMYSER KAPLAN & VESELKA, LLP**

/s/ *Garland Murphy*
Garland "Land" Murphy
Texas Bar No. 24058010
717 Texas, Suite 2800
Houston, Texas 77002-2761
Tel: (713) 221-2346
Fax: (713) 221-2320
lmurphy@skv.com

*Attorneys for Defendant David Gentile*

20