# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| KINNIE MA IRA., JEFFERY S. GRAMM IRA.; STACY GREASOR IRA.; VICTOR WADE IRA.; KAZUE BELL; DEAN CROOKS; CORRI RENE EDEN; CATHERINE KOMINOS; KAREN LOCH; ROBERT A. STONE LIVING TRUST; SHIRLEY STONE LIVING TRUST; THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST; AND LORETTA DEHAY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ASCENDANT CAPITAL, LLC, et al., <br><br> Defendants. | Cause No. 1:19-cv-01050-RP |

**PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO GPB DEFENDANTS' JOINDER (DKT. 1151) OF MOTION TO
STAY CASE (DKT. 1138) BY DEFENDANTS JEFFRY SCHNEIDER, DAVID GENTILE,
ASCENDANT CAPITAL, LLC, ASCENDANT ALTERNATIVE STRATEGIES, LLC,
AND DJ PARTNERS, LLC**

Plaintiffs in the captioned action submit this opposition to the GPB Defendants'[1] Memorandum of Law Joining in the Indicted Defendants Group's Motion to Stay (Dkt. 1151). GPB Defendants join the motion of Defendants Jeffry Schneider and David Gentile (the "Indicted Defendants") and their affiliates, Defendants Ascendant Capital, LLC, Alternative Strategies, LLC and DJ Partners, LLC (collectively, the "Affiliates," and together with Schneider and Gentile, the "Moving Defendants") for a stay of the entire action pending resolution of Defendants Gentile and Schneider's criminal case (Dkt. 1138) (the "Motion").

## PRELIMINARY STATEMENT

The GPB Defendants belatedly seek to join Moving Defendants' effort to stay this litigation. Dkt. 1151. However, unlike the Moving Defendants (the Indicted Defendants and their Affiliates), the GPB Defendants are not objecting on Fifth Amendment grounds, but on practical and financial grounds. There is no justification for a stay on this basis and the GPB Defendants cite no authority supporting their argument. While the GPB Defendants' rationale may be well-intentioned – to save money on litigation expenses – it is unsupported in law or fact and will do more harm than good to the proposed Class. A stay will not save money for investors, as GPB argues; it will just delay the expenditure of that money. The GPB Defendants' argument that there will be no prejudice to Plaintiffs or the proposed Class ignores the well-articulated bases Plaintiffs set forth in their opposition to the Motion, including causing years of delay to investors—including many retirees—from obtaining access to their funds. Dkt. 1152 at 15-16. Finally, the GPB Defendants' argument posits no rationale why the entire litigation should be stayed. As explained

---

[1] The "GPB Defendants" include: GPB Capital Holdings, LLC, GPB Automotive Portfolio, LP, GPB Cold Storage, LP, GPB Holdings, LP, GPB Holdings II, LP, GPB Holdings III, LP, GPB Holdings Qualified, LP, GPB NYC Development, LP and GPB Waste management Fund, LP (collectively, the "GPB Defendants").

in Plaintiffs' opposition, Plaintiffs' claims are not dependent upon the testimony of Defendants Gentile and Schneider. Dkt. 1152 at 13. In sum, the Stay should be denied.

**I.      GPB DEFENDANTS' PRACTICAL AND FINANCIAL BASIS FOR A STAY IS NOT SUFFICIENT AND IS, IN ANY EVENT, INCORRECT.**

The GPB Defendants argue (GPB Def. Br. at 6) that imposing a stay will save resources that they would need to spend to indemnify GPB related defendants who have been sued in this and other litigations, resources that could otherwise be available to distribute to GPB's investors. First, practical and financial rationales are not proper bases for a stay and the GPB Defendants cite *no authority* whatsoever for their argument. The motion that GPB Defendants seek to join sought a stay based on the Indicted Defendants' Fifth Amendment rights. The GPB Defendants' joinder is not grounded on any Fifth Amendment concerns.

Plaintiffs' Opposition to the Motion to Stay detailed the severe prejudice to Plaintiffs and the Class from a stay of this Action, including, but not limited to, the following (*see* Dkt. 1152 at 15-16):

First, a stay would have catastrophic effects on members of the purported Class, many of whom are retirees and elderly and need the speedy return of their investment to sustain themselves. Granting a stay means delaying *any* recovery for a year and likely much longer. In contrast, litigating this Action could result in recoveries for the proposed Class in the near term. In addition, the monies recovered by the SEC Monitor are, in any event, wholly insufficient to compensate Plaintiffs and the other class members for their losses from the misconduct of the Indicted Defendants. This Action involves a Ponzi scheme where the loss of investor assets is well over $2 billion ($1.8 billion, *plus* the loss of distributions or interest from those investments over several years). The monies collected by the Monitor are insufficient to make investors whole. Perversely,

a stay would also reward Mr. Gentile for his efforts – the monies have not been distributed largely due to his efforts in trying to regain control of GPB assets.  Gentile has tried to reassert his authority over GPB's business and has vigorously opposed the appointment of a receiver, which has delayed distribution of any funds to investors.  According to the SEC, Gentile has "launched an effort to re-take control of GPB CH and the nearly $1 billion in cash that GPB CH holds."  *See* Plaintiff Securities and Exchange Commission's Memorandum of Law in Support of its Motion for an Order Appointing a Receiver and Imposing a Litigation Injunction, *SEC v. GPB Capital Holdings, LLC et al.,* No. 1:21-cv-583-MKB-VMS (E.D.N.Y.), Dkt. 89 at 4.

Finally, the criminal proceedings will likely drag on for years, far beyond the June 2024 trial, since the Indicted Defendants are likely to appeal should they lose at trial.  This kind of delay will negatively impact Plaintiffs and the Class's claims as memories fade and the ability to gather important evidence becomes more difficult.  Pressing the Class claims here will advance the Class's interest in obtaining speedier recoveries from Defendants here.

## II.  A STAY WILL NOT SAVE RESOURCES AS THE GPB DEFENDANTS CLAIM

The GPB Defendants' argument for the imposition for a stay argument is misguided.  Even if this litigation were stayed, the claims against the GPB related defendants that GPB is indemnifying will go forward at some point in time – whether now or after the Receiver makes a distribution.  Therefore, GPB and the Monitor will need to reserve a significant amount of funds to pay for such indemnification. In other words, whether GPB spends resources now or later, it will still have to spend those resources in connection with GPB's indemnification obligations.  In truth, litigating this action to a speedy resolution is the best way for the proposed Class to maximize their recovery from GPB Defendants and the many other Defendants in this case.

### III. CONCLUSION

For the above stated reasons, the Motion should be denied. This Court should permit this Action to proceed.

Dated: June 27, 2023.

        STOLL STOLL BERNE LOKTING &
        SHLACHTER P.C.

        By: s/Elizabeth K. Bailey
           Timothy S. DeJong (*pro hac vice*)
           Steve D. Larson (*pro hac vice*)
           Jennifer S. Wagner (*pro hac vice*)
           Cody Berne (*pro hac vice*)
           Elizabeth K. Bailey (*pro hac vice*)

        209 SW Oak Street, Suite 500
        Portland, OR 97204
        Telephone: (503) 227-1600
        Facsimile: (503) 227-6840
        Email: tdejong@stollberne.com
                  slarson@stollberne.com
                  jwagner@stollberne.com
                  cberne@stollberne.com
                  ebailey@stollberne.com

        Peter S. Linden (*pro hac vice*)
        Jason A. Uris (*pro hac vice*)
        KAPLAN FOX & KILSHEIMER LLP
        800 Third Ave., 38th Floor
        New York, NY 10022
        Telephone: (212) 687-1980
        Facsimile: (212) 687-7714
        Email: plinden@kaplanfox.com
                  juris@kaplanfox.com

        Richard L. Stone (*pro hac vice*)
        LAW OFFICES OF RICHARD L. STONE, PLLC
        11 East 44th Street, Suite 1900
        New York, New York 10017
        Telephone: (561) 358-4800
        Email: rstoneesq@rstoneesq.com

        *Lead Counsel for Plaintiffs and the Proposed Class*

Joseph Peiffer (*pro hac vice*)
Kevin P. Conway (*pro hac vice*)
Jason J. Kane (*pro hac vice*)
Daniel B. Centner *(pro hac vice)*
PEIFFER WOLF CARR KANE CONWAY
& WISE, LLP
1519 Robert C. Blakes Sr. Drive
New Orleans, LA 70130
Telephone: (504) 523-2434
Facsimile: (504) 523-2464
Email:       jpeiffer@pwcklegal.com
             kconway@pwcklegal.com
             jkane@pwcklegal.com
             dcentner@pwcklegal.com

David Meyer (*pro hac vice*)
Matthew R. Wilson (*pro hac vice*)
Michael J. Boyle, Jr. (*pro hac vice*)
Courtney M. Werning (*pro hac vice*)
MEYER WILSON CO., LPA
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
Email:       dmeyer@meyerwilson.com
             mwilson@meyerwilson.com
             mboyle@meyerwilson.com
             cwerning@meyerwilson.com

*Additional Counsel for Plaintiffs and the Proposed Class*

Jesse Z. Weiss
Ryan Shelton
EDMUNDSON SHELTON WEISS PLLC
317 Grace Ln, Ste 210
Austin, TX 78746
Telephone:   (512) 596-3058
Facsimile:   (512) 532-6637
Email:       jesse@eswpllc.com
             ryan@eswpllc.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

      I hereby Certify that on this 27th day of June, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/EMF system.

      STOLL STOLL BERNE LOKTING &  
      SHLACHTER P.C.

      By: s/Elizabeth K. Bailey  
          Elizabeth K. Bailey (*pro hac vice*)

      Email: ebailey@stollberne.com