UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KINNIE MA IRA., JEFFERY S. GRAMM IRA.; STACY GREASOR IRA.; VICTOR WADE IRA.; KAZUE BELL; DEAN CROOKS; CORRI RENE EDEN; CATHERINE KOMINOS; KAREN LOCH; ROBERT A. STONE LIVING TRUST; SHIRLEY STONE LIVING TRUST; THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST; AND LORETTA DEHAY, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>ASCENDANT CAPITAL, LLC, et al.,<br><br>           Defendants. | Case No. 1:19-cv-01050-RP<br><br>Plaintiffs' Opposition to Indicted Defendants' Emergency Motion to Set a Hearing on Their Motion to Stay |

**INTRODUCTION**

Plaintiffs object to the Emergency Motion of Defendants Jeffry Schneider, David Gentile, Ascendant Capital, LLC, Ascendant Alternative Strategies, LLC, and DJ Partners LLC ("the Moving Defendants") to set a hearing on their renewed Motion for a Stay. Dkt. 1165. For the reasons set forth in Plaintiffs' Opposition to the Motion to Stay, that Motion should be denied, because no circumstances relating to the grounds for a Motion to Stay have changed since this Court first denied the Moving Defendants' Motion to Stay.

As to the Emergency Motion for a Hearing, this court already held a hearing on the same issues previously, and there is no reason to expend Court resources rearguing those same issues. Further, the Moving Defendants' contention that circumstances have now changed to where it is not possible to protect the constitutional rights of the Indicted Defendants (Schneider and Gentile)

1

and continue with the class certification process is preposterous. As the Moving Defendants are well aware, the deadline for discovery relating to class certification and disclosure of expert reports is today – July 14, 2023. The claim that a stay is necessary after the close of class certification discovery in order to protect the Indicted Defendants' constitutional rights from the Class Certification Discovery Process is spurious. Once the discovery deadline passes today, no further discovery can be propounded in the class certification process that might bear on the constitutional rights of the Indicted Defendants. Finally, the Moving Defendants filed an Emergency Motion to set a hearing knowing that the only immediately approaching deadlines relate to other parties. Currently, Plaintiffs are fully engaged in completing the class discovery process. There are two depositions that will take place next week, by agreement among the parties, and Plaintiffs' Class Certification Motion is due on July 28, 2023. Defendants' opposition is not due until September 8, 2023.

Under these circumstances, there is no justification for granting this emergency motion and scheduling a hearing. Indeed, there is no way this Court could even schedule a hearing before the deadline has run for gathering evidence to be used in the class certification process.

**ARGUMENT**

On June 22, 2022, the Court (Judge Yeakel presiding) denied a motion filed by Moving Defendants for the very same stay relief they now seek. Dkt. 913. They did not move for reconsideration or certification for an appeal on this issue. That is the law of this case.

Further, nothing has changed since the Court last considered the Moving Defendants' previous Motion to Stay in 2022. At the June 22, 2022 conference and hearing, where the Court heard argument on the stay issue, the Court made clear that it was not inclined to stay this entire action:

> I have read the original motion to stay, and I don't need full argument on it, but I want to address this first to counsel for those indicted defendants. And I guess that would be Mr. Battaglini and Mr. Murphy. I'm not inclined, I will tell you, to stay the entire case because there's a number of defendants, as you know, in this case and a number of plaintiffs. And I'm not inclined to stay the entire case unless there is a more compelling reason to do so than what I've seen in the motion. Not that there is a problem with the motion, but I think since we have two defendants out of this, there is a lot of things that can be done in this case that do not impact on any of their constitutional rights, and we can fashion discovery around their constitutional rights.

Dkt. 1147, Def. Br., Ex. 3 (6/22/22 Tr.) at 12:20-13:7 (emphasis added). The court denied the stay, agreeing to Plaintiffs' counsel's proposal about certain limits on discovery from the two Indicted Defendants and asking the parties to keep him informed if discovery issues arise. *Id*. at 17:1-2. The Court followed the hearing with an order on June 23, 2022, in which Judge Yeakel denied Defendants Gentile and Schneider's prior motions to stay. *See* Dkt. 913.

Since that ruling, the parties have been fully engaged in extensive discovery involving dozens of law firms, and that discovery is now virtually complete.[1] The Moving Defendants are unable to provide any concrete examples of facts, legal support or change of circumstances that would justify renewing their stay application. The Motion is an improper, meritless motion for reconsideration.

A hearing will not change those facts. It will only serve to prejudice the prosecution of Plaintiffs' case and cause delay for all parties. It is unreasonable to ask Plaintiffs, who have spent considerable resources, to suspend their efforts on briefing the class certification issues at the last minute to attend to a hearing on this duplicative motion.

---

[1] The Indicted Defendants have declined to provide discovery or to submit expert reports, while reserving their rights.

3

The Moving Defendants are well aware of these deadlines – they specifically agreed to them – and chose to wait until the last minute to file this renewed Motion for a Stay in order to prejudice Plaintiffs' prosecution of their case. The Moving Defendants know that Plaintiffs' Counsel have been engaged in defending and taking depositions almost every day these past few weeks, including today, as well as responding to written discovery requests. Meanwhile, the Moving Defendants have not had to respond to any discovery processes or sought to take any discovery relating to class certification. In short, there is nothing about the class certification discovery process, which ends today, that would be impacted by a Stay.

Further, the briefing on the Motion for Class Certification will have no impact on the constitutional rights of the Indicted Defendants. Plaintiffs' Counsel will file their Motion for Class Certification on or before July 28, 2023, which is in two weeks. The issues to be addressed in that Motion will have no bearing on resolving the merits of the claims against any Defendants, including the Indicted Defendants. The Moving Defendants' opposition to any class motion is not due until September 8, 2023. Presumably, none of the Defendants will be raising issues in their briefs that would bear on the constitutional rights of the Indicted Defendants. That is so, because at the class certification stage, the Court will determine whether the class and the plaintiffs are similarly situated enough to allow the case to proceed as a Class Action. The Court will not be resolving merits issues at this stage.

A hearing could only lead to delay, which will prejudice Plaintiffs and the Class. These investors have been waiting to recover their investments and related damages for well over five years. Time is one thing the class members simply do not have, as many are retirees—indeed, one Plaintiff has already passed away during the pendency of these proceedings. Suggestion of the

Death of Millicent R Barasch, *Barasch et al. v. GPB Capital Holdings, LLC, et al.*, 1:19-cv-01079-LY (W.D. Tex. Nov. 9, 2020), Dkt. 251.

Moving Defendants' stated concern that their constitutional rights might be infringed by allowing this case to proceed is simply inaccurate.  **At present, Defendants Gentile and Schneider have not substantively participated in this litigation to date**: Neither filed an answer to the Consolidated Complaint, neither provided substantive Initial Disclosures, and neither they nor their Affiliates have produced *any* documents in this case.  They cannot and have not shown any risk to their Fifth Amendment rights.  In sum, there is no basis for staying this case or for scheduling a hearing to reconsider the issue.

## CONCLUSION

For the above stated reasons, the Emergency Motion to Set a Hearing should be denied.

Dated: July 14, 2023.

        STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: *s/ Steve D. Larson*
    Steve D. Larson (*pro hac vice*)
    Timothy S. DeJong (*pro hac vice*)
    Jennifer S. Wagner (*pro hac vice*)
    Cody Berne (*pro hac vice*)
    Elizabeth K. Bailey (*pro hac vice*)

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840
Email:     slarson@stollberne.com
            tdejong@stollberne.com
            jwagner@stollberne.com
            cberne@stollberne.com
            ebailey@stollberne.com

Peter S. Linden (*pro hac vice*)
Jason A. Uris (*pro hac vice*)
KAPLAN FOX & KILSHEIMER LLP
800 Third Ave., 38th Floor
New York, NY 10022
Telephone:   (212) 687-1980
Facsimile:   (212) 687-7714
Email:       plinden@kaplanfox.com
             juris@kaplanfox.com


Richard L. Stone (*pro hac vice*)
LAW OFFICES OF RICHARD L. STONE, PLLC
11 East 44th Street, Suite 1900
New York, New York 10017
Telephone:   (561) 358-4800
Email:       rstoneesq@rstoneesq.com

*Lead Counsel for Plaintiffs and the Proposed Class*

Joseph Peiffer (*pro hac vice*)
Kevin P. Conway (*pro hac vice*)
Jason J. Kane (*pro hac vice*)
Daniel B. Centner *(pro hac vice)*
PEIFFER WOLF CARR KANE CONWAY
& WISE, LLP
1519 Robert C. Blakes Sr. Drive
New Orleans, LA 70130
Telephone: (504) 523-2434
Facsimile: (504) 523-2464
Email:       jpeiffer@pwcklegal.com
             kconway@pwcklegal.com
             jkane@pwcklegal.com
             dcentner@pwcklegal.com

David Meyer (pro hac vice)
Matthew R. Wilson (pro hac vice)
Michael J. Boyle, Jr. (pro hac vice)
Courtney M. Werning (pro hac vice)
MEYER WILSON CO., LPA
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
Email:       dmeyer@meyerwilson.com

        mwilson@meyerwilson.com
         mboyle@meyerwilson.com
       cwerning@meyerwilson.com

*Additional Counsel for Plaintiffs and the Proposed Class*

Jesse Z. Weiss
Ryan Shelton
EDMUNDSON SHELTON WEISS PLLC
317 Grace Ln, Ste 210
Austin, TX 78746
Telephone:  (512) 596-3058
Facsimile:   (512) 532-6637
Email:       jesse@eswpllc.com
                ryan@eswpllc.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

      I hereby Certify that on this 14th day of July 2023, I electronically filed the foregoing with the Clerk of Court using the CM/EMF system.

                                              *s/ Steve D. Larson*