## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, DEAN CROOKS, JEFFERY S. GRAMM INDIVIDUAL RETIREMENT ACCOUNT, STACY GREASOR INDIVIDUAL RETIREMENT ACCOUNT, CORRI RENE EDEN, CATHERINE KOMINOS, KAREN LOCH, VICTOR WADE INDIVIDUAL RETIREMENT ACCOUNT, ROBERT A. STONE LIVING TRUST, DATED JANUARY 9, 1992, AS AMENDED MAY 24, 2005, SHIRLEY STONE LIVING TRUST, DATED JANUARY 9, 1992, AS AMENDED MAY 24, 2005, KAZUE M. BELL, LORETTA DEHAY, and THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST,** | § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Plaintiffs* | | **Case No.  1:19-cv-01050-RP** |
| **v.** | | |
| **ASCENDANT CAPITAL, LLC, ET AL.,** | | |
| *Defendants* | | |

## <u>ORDER</u>

Now before the Court are:

- Motion by Defendants Jeffry Schneider, David Gentile, Ascendant Capital, LLC, Ascendant Alternative Strategies, LLC, and DJ Partners LLC to Stay Proceedings Pending Resolution of Related Criminal Case, filed May 23, 2023 (redacted) (Dkt. 1138) and June 9, 2023 (sealed) (Dkt. 1147);

- GPB Defendants' Memorandum of Law Joining in the Indicted Defendants Group's Motion to Stay, filed June 20, 2023 (Dkt. 1151);

- Plaintiffs' Response in Opposition to the Motion to Stay, filed June 20, 2023 (Dkt. 1152);

- Plaintiffs' Response in Opposition to the GPB Defendants' Joinder of the Motion to Stay, filed June 27, 2023 (Dkt.  1158);

- Defendants' Reply, filed July 5, 2023 (Dkt. 1163);

- Joint Motion Concerning Page Limitations for Class Certification Briefing, filed July 7, 2023 (Dkt. 1164);

- GPB Defendants' Notice of Supplemental Authority, filed August 4, 2023 (Dkt. 1175);

- Auditor Defendants'[1] Notice of Supplemental Authority regarding *SEC v. GPB Capital* in Support of the Motion to Stay, filed August 8, 2023 (Dkt. 1176);

- Plaintiffs' Response to GPB Defendants and Auditor Defendants' Notices of Supplemental Authority in Connection with Stay Motion, filed August 10, 2023 (Dkt. 1177);

- Plaintiffs' Notice of Supplemental Authority Regarding *SEC v. GPB Capital* in Further Opposition to the Motion to Stay, filed August 11, 2023 (Dkt. 1178);

- The Indicted Defendants Group's Response to Supplemental Authorities, filed August 18, 2023 (Dkt. 1179); and

- Auditor Defendants' Response to Plaintiffs' Notice of Supplemental Authority Regarding *SEC v. GPB Capital* in Further Support of the Motion to Stay, filed August 18, 2023 (Dkt. 1180).

By Text Orders entered July 12, 2023, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Court held a hearing on the Motion to Stay on July 26, 2023.

## I.    Background

Plaintiffs Kinnie Ma IRA, Dean Crooks, Jeffery S. Gramm IRA, Stacy Greasor IRA, Corri Rene Eden, Catherine Kominos, Karen Loch, Robert A. Stone Living Trust, Shirley Stone Living Trust, Victor Wade IRA, Kazue M. Bell, The Stanley S. and Millicent R. Barasch Living Trust, and Loretta DeHay allege that they are victims of a $1.8 billion Ponzi scheme. Plaintiffs are investors who purchased limited partnership interests in individual funds sponsored and managed by GPB Capital Holdings, LLC. Consolidated Class Action Complaint, Dkt. 916 ¶¶ 2, 109. Plaintiffs allege that they were promised dividends of 8% or more from the funds' operating profits, but were paid instead from their own invested capital. *Id.* ¶ 3.

---

[1] The Auditor Defendants are CohnReznick LLP, Crowe LLP, EisnerAmper LLP, Margolin Winer & Evans LLP, RSM US LLP, and Withum Smith+Brown, PC.

Plaintiffs also allege undisclosed self-dealing and conflicts of interest among the parties. They allege that GPB Capital Holdings, Ascendant Capital, Ascendant Alternative Strategies, LLC ("AAS"), Axiom Capital Management, Inc., and principals David Gentile and Jeffry Schneider "*commonly owned* the entire revenue stream from organizing, managing and operating the various limited partnership interests, *and* from brokering, selling and underwriting them." *Id.* ¶ 23. Brokers, GPB Capital Holdings, and GPB's affiliates allegedly were paid "unprecedented" fees that rendered "reasonable investment returns impossible." *Id.* ¶¶ 4, 11. The nature of this revenue sharing and co-control relationship was never fully disclosed to investors. *Id.* ¶ 2. Plaintiffs claim that this misconduct was enabled by GPB Funds' administrator, Phoenix American Financial Services, as well as the funds' brokers, auditors, and valuators named as defendants. *Id.* ¶¶ 27, 31.

Plaintiffs pursue a putative class action, alleging violations of the Texas Securities Act and the Texas Uniform Fraudulent Transfer Act, fraud, breach of fiduciary duty, negligence, and civil conspiracy. They seek compensatory damages, rescission of the transaction or a rescissory measure of damages, and attorneys' fees and costs.

Similar suits have been filed against GPB Capital Holdings and other named defendants in state and federal courts; all are stayed except one case proceeding against only the auditor defendants. *DeLuca v. GPB Cap. Holdings*, No. 1:19-cv-10498 (S.D.N.Y. Nov. 12, 2019) (putative class action) (stayed by so-ordered stipulation except as to auditor defendants); *Cadez v. GPB Cap. Holdings*, No. 2020-0402-SG (Del. Ch. May 29, 2020) (derivative complaint) (stayed by so-ordered stipulation); *Lipman v. GPB Cap. Holdings*, No.2020-0054-SG (Del. Ch. Jan. 31, 2020) (derivative complaint) (stayed by order granting motion to stay); *Purcell v. GPB Holdings II*, 30-2019-01115653 (Cal. Super. Ct., Orange Cnty., Dec. 3, 2019) (individual action) (stayed by stipulation); *Miller v. GPB Cap. Holdings*, Index No. 656982/2019 (N.Y. Sup. Ct. Nov. 25, 2019)

(derivative complaint) (stayed pending outcome of civil case in Delaware state court); *In re GPB Cap. Holdings, LLC Litig.*, Index No. 157679/2019 (N.Y. Sup. Ct. Aug. 6, 2019) (putative class action) (stayed by stipulation).[2]

In January 2021, Gentile, Schneider, and Jeffrey Lash, who is not a defendant in this case, were indicted in the Eastern District of New York. *United States v. Gentile*, No. 1:21-CR-00054 (E.D.N.Y. Jan. 29, 2021). Gentile and Schneider each face one count of conspiracy to commit securities fraud, conspiracy to commit wire fraud, and securities fraud; Gentile also is charged with two counts of wire fraud. *Id.* at Dkt. 1. Lash was indicted on all five counts and pleaded guilty to one count of wire fraud. *Id.* at Dkts. 1, 218. Gentile and Schneider pleaded not guilty on all counts, and their trial is set for June 3, 2024. *Id.* at Dkts. 10, 22, 210.

The Securities and Exchange Commission also brought a civil action in the Eastern District of New York ("SEC Action") against GPB Capital Holdings, Ascendant Capital, AAS, Gentile, Schneider, and Lash. *SEC v. GPB Cap. Holdings, LLC*, No. 21-cv-00583-MKB-VMS (E.D.N.Y. Feb. 21, 2021). In that case, the Eastern District of New York appointed a monitor over GPB Capital Holdings "for the protection of investors." *Id.* at Dkt. 23. The SEC has moved to convert the monitorship to a receivership, arguing that appointment of a receiver would allow GPB Capital Holdings' available cash to be distributed to investors. *Id.* at Dkt. 89. The SEC also asks the court to impose a litigation injunction that "enjoins the continuation of pending actions, as well as the filing of any bankruptcy, foreclosure, receivership, or other actions by or against GPB CH and its affiliates." *Id.* The SEC seeks the litigation injunction because GPB Capital Holdings and the GPB

---

[2] The Court takes judicial notice of the dockets in the civil cases and Gentile and Schneider's criminal case under Federal Rule of Evidence 201. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (taking judicial notice of federal court proceedings as matter of public record); *see also Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (holding that district court may take judicial notice of state court docket).

funds are facing "a number of complicated and uncertain actions" in different courts that could affect the receivership assets. *Id.* On July 28, 2023, United States Magistrate Judge Vera M. Scanlon issued a Report and Recommendation that the District Court for the Eastern District of New York grant both of the SEC's requests. *Id.* at Dkt. 157. If the recommendation is accepted by the District Court, a receiver would be appointed over GPB Capital Holdings and the GPB funds (collectively, the "Receivership Entities") and a litigation injunction would issue as to:

> All existing or future civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in the Receiver's capacity as Receiver; (b) the Retained Personnel and/or Ordinary Course Professionals, in their respective capacities as such; (c) the Receivership Estate; or (c) the Receivership Entities or any Receivership Assets, wherever located.

*Id.* at Dkt. 161-2. The District Court for the Eastern District of New York has not yet ruled on the Report and Recommendation.

In this action, the District Court entered an order on June 23, 2022 denying a motion to stay filed by Gentile and Schneider and joined by several defendants.[3] Dkt. 913. Gentile, Schneider, Ascendant Capital, AAS, and DJ Partners LLC ("Indicted Defendants Group") now move to stay this case until Gentile and Schneider's criminal case ends. Dkt. 1138. GPB Capital Holdings, LLC; GPB Automotive Portfolio, LP; GPB Cold Storage, LP; GPB Holdings, LP; GPB Holdings II, LP; GPB Holdings III, LP; GPB Holdings Qualified LP; GPB NYC Development, LP; and GPB Waste Management Fund, LP ("GPB Defendants") join the motion. Dkt. 1151.

---

[3] On February 27, 2023, this case was reassigned to Judge Robert Pitman from Judge Lee Yeakel, who has retired from service. Dkt. 1115.

## II.    Legal Standards

There is no general rule barring simultaneous parallel civil and criminal proceedings. *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666-67 (5th Cir. 1981). A stay of a pending matter is "within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). A district court's power to stay proceedings is incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In ruling on requests for stays of parallel civil proceedings, "[j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). Staying a civil proceeding "contemplates special circumstances and the need to avoid substantial and irreparable prejudice." *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (quoting *First Fin. Grp. of Tex.*, 659 F.2d at 668). Special circumstances comprise the need to "preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016) (citation omitted).

The Fifth Amendment extends to compelling answers by parties or witnesses in civil litigation when "the answer might tend to subject to criminal responsibility him who gives it." *Id.* (citation omitted). A stay also may be justified "to prevent extending criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), exposing the defense's theory to the prosecution in advance of trial, or otherwise prejudicing the criminal case." *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009).

### III.    Motion to Stay

The Indicted Defendants Group argues that this case should be stayed because the indictment against Gentile and Schneider "significantly overlaps" with the conduct Plaintiffs allege, preventing them from protecting their Fifth Amendment rights and participating in this case. Dkt. 1138 at 6. In joining the motion, the GPB Defendants argue that a stay would benefit Plaintiffs and cause them no prejudice because it would "preserve assets that would otherwise be available to return to the very same plaintiffs who are trying to certify a class here." Dkt. 1151 at 1. Plaintiffs ask the Court to deny a stay based on law of the case, waiver, and the balance of relevant interests.

#### A.  Law of the Case and Waiver

Plaintiffs argue that the motion to stay improperly seeks reconsideration of the District Court's order denying Gentile and Schneider's previous motion to stay. Under the law of the case doctrine, "courts show deference to decisions already made in the case they are presiding over." *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012). The doctrine "expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messenger v. Anderson*, 225 U.S. 436, 444 (1912). It does not prevent a district court from reconsidering prior rulings. *Stoffels*, 67 F.3d at 727. A court may reconsider interlocutory orders "even in the absence of new evidence or an intervening change or in clarification of the new law." *Id.* (citation omitted).

The Court finds that the law of the case doctrine does not prevent consideration of the motion to stay. The motion is not inconsistent with the District Court's ruling fourteen months ago. In declining to stay the case in June 2022, Judge Yeakel explained that "there [are] a lot of things that can be done in this case that do not impact on any of [Gentile and Schneider's] constitutional rights, and we can fashion discovery around their constitutional rights." Dkt. 917 at 13. The District

Court instructed the parties that later issues related to Gentile and Schneider's constitutional rights should be addressed "on a point-by-point basis." *Id.* at 19. Since June 2022, the parties have engaged in significant discovery, the case has progressed to the class certification stage, and a trial date has been set in Gentile and Schneider's criminal case. Based on these changed circumstances, the renewed motion to stay is not inconsistent with Judge Yeakel's denial of the original motion. *See Freeman v. Specialty Retailers Inc.*, No. H-14-2691, 2015 WL 12804530, at *1 (S.D. Tex. Jan. 20, 2015) (holding that law of the case doctrine did not preclude court from reconsidering motion to stay because of "significant advancement" of related proceeding).

Plaintiffs also argue that the Indicted Defendants Group cannot "upend" the scheduling order now because they supported the proposed schedule and allowed other parties to expend resources in discovery. Dkt. 1152 at 6. The Court disagrees. Although the Indicted Defendants Group agreed to amend the proposed scheduling order, Gentile reserved his objection to this case proceeding before the resolution of the criminal case. *See* Dkt. 1163-2.

**B. Balance of Interests**

To determine whether a stay of civil proceedings is warranted to protect Fifth Amendment rights, a court should consider: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016); *see also Madison v. Health Care Servs. Corp.*, 2023 WL 3043788, at *1 (W.D. Tex. Mar. 10, 2023) (same); *Alcala*, 625 F. Supp. 2d at 399 (collecting cases).

### 1.   Overlap Between Civil and Criminal Cases

The "most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Bean*, 220 F. Supp. 3d at 775-76; *see also Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008) (noting that "the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay"). Where there is significant overlap, self-incrimination is more likely, supporting a stay. *Bean*, 220 F. Supp. 3d at 776; *Volter-Jones v. City of Austin*, No. 1:22-CV-00511-RP, 2023 WL 3910341, at *2 (W.D. Tex. June 8, 2023). A defendant is more likely to face the "quandary of choosing between waiving his Fifth Amendment rights and effectively forfeiting the civil case" when "the subject matter of both cases overlaps to a significant degree." *Alcala*, 625 F. Supp. 2d at 400-01. In determining the extent of overlap, courts consider whether the civil and criminal cases arise from the "same set of operative facts," *Duncan v. Banks*, No. SA-15-CV-148-XR, 2017 WL 4805111, at *3 (W.D. Tex. Oct. 24, 2017), and whether the witnesses and documentary evidence in both matters are the same. *Southeast Recovery Grp., LLC v. BP Am., Inc.*, 278 F.R.D. 162, 168 (E.D. La. 2012).

The Court finds that there is a high degree of overlap between the civil and criminal cases. Both the indictment and the Consolidated Complaint accuse Gentile and Schneider, who are central figures in both cases, of defrauding investors in GPB Funds through material misrepresentations and omissions.[4] As summarized by the Indicted Defendants Group, allegations

---

[4] *Compare* Indictment, Dkt. 1138-1 ¶ 15 (stating Gentile, Schneider, and Lash "engaged in a scheme to defraud investors and prospective investors in the GPB Funds through material misrepresentations and omissions relating to, among other things: (a) the source of funds used to pay monthly distribution payments to investors in several of the GPB Funds . . . and (b) the revenue generated") *with* Consolidated Complaint, Dkt. 916 ¶ 3 ("Defendants also knowingly made numerous material misstatements and omitted material facts in . . . communications related to the offerings of the Securities . . . and/or provided substantial assistance in connection with the issuance of such misstatements or omissions and the sales of the

in both cases include that Gentile and Schneider misrepresented (1) the source of funds for investors' monthly distributions; (2) the profitability of the funds' investments; (3) the diminishing value of investors' capital; and (4) the operational relationship between the GPB Capital Holdings and Ascendant Capital. Dkt. 1138-2.

Plaintiffs argue that overlap between the issues raised in the civil and criminal cases is limited because their claims do not involve the element of intent, so "there is no need for Plaintiffs to try to get the Indicted Defendants to incriminate themselves." Dkt. 1152 at 17. The Indicted Defendants Group disputes this distinction. Accepting it as true for purposes of this analysis, the Court nonetheless finds that there is substantial overlap between the operative facts, witnesses, and evidence in the two cases. *See In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003) (finding "complete overlap" between securities fraud action and criminal case when defendant was "central figure" in both cases and both alleged fraudulent conduct in owning and operating financial services company). Because of this substantial overlap, the Court finds that Gentile and Schneider are unlikely to be able to "effectively defend the civil suit without being pressured into waiving [their] Fifth Amendment rights." *Alcala*, 625 F. Supp. 2d at 401.

Plaintiffs also argue that "the criminal allegations relate almost exclusively to misconduct respecting misuse of corporate assets by Gentile and Schneider. The Indictment asserts no claims arising from the conduct of third-party aiders and abettors, as this Action does, and alleges no conspiracy with them." *Id.* at 18. While the Complaint includes a broader set of allegations and claims against defendants than the criminal case, the significant overlap between the issues raised in the civil and criminal cases burdens Gentile and Schneider's Fifth Amendment rights. The first factor weighs heavily in favor of a stay.

---

Securities."), ¶ 10 ("GPB was operating a Ponzi scheme in which it was paying investors money from their own (or other later investors') accounts and describing such payments as investment returns.").

### 2.  Status of the Criminal Case

The second factor also weighs heavily in favor of granting the motion to stay. Staying a civil case "is most appropriate where a party to the civil case has already been indicted for the same conduct." *Bean*, 220 F. Supp. 3d at 776 (citation omitted); *see also U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("The strongest case for deferring civil proceeding until after completion of a criminal proceeding is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.") (citation omitted). As stated, Schneider and Gentile have been indicted, and trial in their criminal case is set for June 3, 2024.

The Court also finds that delay of the trial is less likely because the criminal case is proceeding in federal court and subject to the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). The Speedy Trial Act generally requires that a federal criminal trial begin within 70 days after a defendant is indicted or makes an initial appearance and thus "effectively limits the duration of a stay in a parallel civil case." *Alcala*, 625 F. Supp. 2d at 405-06.

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *see also Stockwell v. Hamilton*, No. 15-11609, 2016 WL 3438108, at *3 (E.D. Mich. June 23, 2016) (stating that risk of prejudice to the non-movant is reduced because, "due to the Speedy Trial Act, there should not be an extensive delay in the adjudication of" the civil case).

### 3. Private Interests of Plaintiffs

Next, the Court considers "the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay." *Bean*, 220 F. Supp. 3d at 776 (citation omitted). When evaluating this burden, a court "may require a plaintiff to establish more prejudice than simply a delay in its right to expeditiously pursue his claim." *Id.* (citation omitted).

Plaintiffs argue that they "have already spent enormous resources on obtaining and reviewing millions of pages of discovery, submitting expert reports, and defending the depositions of their experts and the 13 named plaintiffs," and their evidence and expert reports may grow stale as time passes. Dkt. 1152 at 20. Standing alone, a plaintiff's interest in proceeding expeditiously generally is insufficient. *See Volter-Jones*, 2023 WL 3910341, at *3 (finding argument that stay could "jeopardize the preservation of evidence" insufficient when plaintiff did not identify witnesses who would be unavailable or particular evidence that would degrade); *DeSilva v. Taylor*, No. 1:21-CV-00129-RP, 2022 WL 545063, at *3 (W.D. Tex. Feb. 23, 2022) (same); *see also In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 2003 WL 25508889, at *2 (S.D. Tex. Mar. 25, 2003) ("Mere inconvenience and delay do not constitute undue burden and substantial prejudice warranting a denial of a stay of discovery.").

Plaintiffs point out that many of the putative class members are elderly retirees. One plaintiff has passed away since this case was filed, Dkt. 1152 at 6, and Plaintiffs argue that they will be prejudiced "as memories fade and the ability to gather important evidence becomes more difficult." Dkt. 1158 at 4. This Court has found prejudice where plaintiff investors were of advanced age and "events surrounding their investments [were] not within their recent memory." *SEC v. Mueller*, No. 21-CV-00785-XR, 2022 WL 818678, at *3 (W.D. Tex. Mar. 17, 2022).

Plaintiffs also argue that they will suffer prejudice because many of them "need the speedy return of their investment to sustain themselves." Dkt. 1152 at 19. The threat of the dissipation of assets during a stay has been recognized as a substantial burden for plaintiffs. *Whitney Nat'l Bank v. Air Ambulance ex rel. B & C Flight Mgmt., Inc.*, No. H-04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007). The Indicted Defendants Group and the GPB Defendants contend that GPB's funds are protected by a court-appointed monitor, but this litigation is diminishing the funds available to return to investors. Plaintiffs acknowledge that GPB Capital Holding is under a monitorship, but argue that the monitorship funds are insufficient to cover their losses while GPB continues to spend money to defend itself and its former employees and affiliates "and as other litigants (most notably arbitration claimants) pursue the same pool of assets." Dkt. 1152 at 19.

The monitorship and the fact that all cases but the SEC action are stayed as to GPB mitigates some of the prejudice raised by Plaintiffs. Even so, the Court finds that Plaintiffs have shown more than a general interest in expeditious proceedings, and the third factor weighs against a stay.

### 4. Private Interests of Defendants

A party asserting prejudice to his right under the Fifth Amendment must show "more than the mere possibility of prejudice." *Gonzalez*, 571 F. Supp. at 764 (quoting *In re Ramu Corp.*, 903 F.2d at 320). Allegations of prejudice that are conclusory cannot warrant a stay; rather, the movant must make a specific showing of the harm he will suffer and why other methods of protecting his interests are insufficient. *Id.*

The Indicted Defendants assert that they now "face the Hobson's choice of having to respond to the Plaintiffs' experts' allegations of securities fraud conspiracy—which overlap with the Indictment's allegations," and that: "To develop and issue expert reports on class certification in this action would require the Indicted Defendants Group to adopt positions related to the conduct

alleged in the Indicated Case." Dkt. 1138 at 20-21. Plaintiffs argue in response that Gentile and Schneider "have not substantively participated in this litigation to date." Dkt. 1152 at 7. The Court finds that this supports Gentile and Schneider's contention that they cannot protect their Fifth Amendment rights while mounting a defense here. *Compare Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-CV-01479-KOB-HNJ, 2019 WL 8014315, at *6 (N.D. Ala. Oct. 30, 2019) (finding that evidence defendants would invoke their Fifth Amendment rights and refuse to testify in civil proceeding weighed in favor of stay) *with Whitney Nat'l Bank v. Air Ambulance ex rel. B & C Flight Mgmt., Inc.*, No. H-04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007) (finding that defendant's "strategic decision" to participate in civil action, including voluntarily testifying about issues that overlapped with his criminal case, before seeking a stay weighed against granting a stay).

Plaintiffs correctly contend that courts have "no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). But merits questions may be considered to the extent that they "are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied," and the Court's analysis may "entail some overlap with the merits of the plaintiff's underlying claim" *Id.* at 466-67 (citation omitted). That a court generally must refrain from deciding merits questions does not mean that the evidence relevant to class certification is separate from the merits. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) ("[C]lass determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."); *see also Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1961 (2021) (reversing and remanding for court to "take into account *all* record evidence" whether or not evidence overlapped with merits issues).

The Court agrees that the "Indicted Defendants' inability to participate *is* the precise prejudice here." Dkt. 1163 at 7. Because they have shown some prejudice, the fourth factor weighs slightly in favor of a stay.

### 5. Interest of the Court

In determining the propriety of a stay, a court can consider its own interests in efficient administration and judicial economy. *Gonzalez*, 571 F. Supp. 2d at 765 ("A policy of freely granting stays solely because a litigant is defending simultaneous multiple suits interferes with judicial administration.") (citation omitted). A court "has an obligation to move its docket, and not let cases languish before it." *Alcala*, 625 F. Supp. 2d at 407 (citation omitted).

The Court finds the fifth factor to be neutral. With the criminal trial set, the stay will not be of "indefinite duration" or require the court to "rely upon fortuitous events to manage its docket." *Alcala*, 625 F. Supp. 2d at 407 (citation omitted). A guilty plea or verdict in the criminal case also could "contribute significantly to the narrowing of issues in dispute" in this case and promote settlement not only by Gentile and Schneider but also by co-defendants who do not face criminal charges. *Id.* at 406 (citation omitted).

### 6. Public Interest

Finally, the Court finds that the public interest supports a stay. "The public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases." *Bean*, 220 F. Supp. 3d at 778 (citation omitted). Where, as here, denying a stay risks endangering a defendant's Fifth Amendment rights and granting a stay will not significantly delay the case, the factor weighs in favor of a stay. *Id.*

### 7. Conclusion

Balancing all relevant factors, the Court finds that they weigh in favor of staying this action. Plaintiffs have a legitimate interest in speedy resolution of this case, but that interest is outweighed by Gentile and Schneider's constitutional interests and the balance of the other factors.

## C. Scope of the Stay

Even if the Court stays this case as to Gentile and Schneider, Plaintiffs ask that it proceed against the corporate defendants. The Indicted Defendants Group replies that a partial stay is "a completely unworkable idea" because Gentile and Schneider could not later re-enter this case and "suddenly be able to mount a defense." Dkt. 1163 at 10. They also argue that because Gentile and Schneider own Ascendant Capital, AAS, and DJ Partners, which have "effectively ceased business operations," they "are the only individuals left who can direct the activities of the affiliates and speak on their behalf." Dkt. 1138 at 11.[5] Proceeding against these corporate defendants, they contend, would result in "the very same prejudice as proceeding against [Gentile and Schneider]." Dkt. 1163 at 9.

Courts are split as to whether to grant a stay to corporate defendants when staying a case against their managers. *See, e.g.*, *Horwitz*, 2021 WL 2942231, at *4 (denying stay to corporate defendant although stay was granted to its "sole member and manager"); *Med. Inv. Co. v. Int'l Portfolio, Inc.*, No. 12-3569, 2014 WL 2452193, at *3 (E.D. Pa. May 30, 2014) (staying entire action because proceeding against corporate defendant would impede corporation's ability to defend itself and create risk of self-incrimination for its officer).

The Court need not determine whether the prejudice to the corporate defendants warrants a stay because the Court finds that a partial stay of this action would significantly hinder judicial

---

[5] Ascendant Capital is 100% owned by Schneider and AAS is majority-owned and controlled by Gentile and Schneider through their wholly owned entity DJ Partners. Dkt. 1138 at 11.

efficiency. Gentile and Schneider are the "central figures" in this case and the importance of their testimony could lead to duplicative discovery after their criminal case is resolved. In similar circumstances, the Southern District of New York has stayed actions as to corporate defendants based on judicial efficiency. *Plumbers & Pipefitters*, 886 F. Supp. at 1141; *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 41 (S.D.N.Y. 1993). The court reasoned that proceeding against corporate entities while the case was stayed against their officers would lead to duplicative discovery, but awaiting the verdict in the criminal case would streamline the civil case.

It is also unclear how the motion for class certification could proceed efficiently without Gentile and Schneider. The putative class could not certify its claims against them while the action is stayed as to them, so there would be a second certification motion once they re-entered the case. And the case could not proceed to trial with a partial stay in effect without bifurcation. As stated, Magistrate Judge Scanlon in the Eastern District of New York has recommended granting the SEC's motion for a litigation injunction. If the District Court adopts Judge Scanlon's recommendation, this action would be stayed as to the GPB Defendants, but it is not yet known whether an injunction will issue or what its scope may be.[6]

A partial stay would impede efficient administration of this case. The Court finds that a complete stay is necessary to avoid duplication of effort and the practical difficulties of proceeding in a piecemeal fashion.

---

[6] The proposed order states that the litigation injunction would apply to the "Receivership Entities," which includes all GPB Defendants here: GPB Capital Holdings; GPB Automotive Portfolio; GPB Cold Storage; GPB Holdings; GPB Holdings II; GPB Holdings III; GPB Holdings Qualified; GPB NYC Development; and GPB Waste Management Fund. Dkt. 1176-4 at 3, 28. After Judge Scanlon issued her Report and Recommendation, the SEC clarified that it "did not seek nor does it intend for the litigation injunction in its current form in the Proposed Order to extend to any non-Receivership Entities or to any non-Receivership Assets, including to any co-defendants named in any class action cases." Dkt. 1178-1 at 2.

**D. Duration of the Stay**

Should Gentile or Schneider be convicted, the right against self-incrimination usually survives only until sentencing. *Mitchell v. United States*, 526 U.S. 314, 325-26 (1999). "As a general proposition, most courts have concluded that even when a stay is appropriate, it should terminate upon sentencing or acquittal in the criminal case, notwithstanding that appellate proceedings may still be continuing." *Mathis v. Cain*, No. 00-0940-JJB, 2011 WL 6097726, at *1 (M.D. La. Dec. 6, 2011) (collecting cases). The Court orders that this case remain stayed until Gentile and Schneider either are sentenced or acquitted or the charges against them are dismissed.

## IV.    Motion for Leave to Exceed Page Limit

The District Court ordered the parties to confer and submit a joint proposed motion for leave to exceed the page limitations for their class certification briefs. Dkt. 1082. The parties could not agree on page limitations and so submit separate proposals. Because the Court has found that this case should be stayed, the class certification deadlines are vacated and the motion is denied without prejudice to refiling once the deadlines have been reset.

## V.    Conclusion

For these reasons, the Motion by Defendants Jeffry Schneider, David Gentile, Ascendant Capital, LLC, Ascendant Alternative Strategies, LLC, and DJ Partners LLC to Stay Proceedings Pending Resolution of Related Criminal Case (Dkt. 1138) (redacted) and (Dkt. 1147) (sealed) is **GRANTED**. This action is **STAYED** and all pending deadlines are **VACATED**.

The parties are **ORDERED** to file an agreed joint status report every three months updating the Court on the status of Gentile and Schneider's criminal case. The first status report to the District Court must be filed **on or before November 21, 2023**.

It is further **ORDERED** that the parties' Joint Motion Concerning Page Limitations for Class Certification Briefing (Dkt. 1164) is **DENIED** without prejudice to refiling after class certification deadlines have been reset.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on August 21, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE