IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, et al., | § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:19-CV-1050-RP |
| ASCENDANT CAPITAL, LLC, et al., | | |
| Defendants. | | |

**ORDER**

Before the Court is Plaintiffs Kinnie Ma IRA, Dean Crooks, Jeffery S. Gramm IRA, Stacy Greasor IRA, Corri Rene Eden, Catherine Kominos, Karen Loch, Robert A. Stone Living Trust, Shirley Stone Living Trust, Victor Wade IRA, Kazue M. Bell, The Stanley S. and Millicent R. Barasch Living Trust, and Loretta DeHay ("Plaintiffs") appeal of United States Magistrate Judge Susan Hightower's order staying this case. (Dkt. 1184). In her order, Judge Hightower stayed this action until two of the defendants, David Gentile ("Gentile") and Jeffry Schneider ("Schneider"), either are sentenced or acquitted or the charges against them are dismissed. (Order, Dkt. 1181, at 16, 18). Plaintiffs do not object to the stay with respect to Gentile and Schneider but ask this Court to modify the stay order to make it a partial stay so that the case would proceed as to the other defendants. (Appeal, Dkt. 1184, at 5).

A district judge may reconsider any pretrial matter determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). District courts apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling under the referral authority of that statute. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence,

1

the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

Because Plaintiffs timely appealed portions of the stay order, the Court reviews those portions of the order for clear error or for conclusions that are contrary to law. Having done so, the Court denies Plaintiffs' appeal. Upon its own review, this Court finds that Judge Hightower's order staying this action was not clearly erroneous or contrary to law.

Accordingly, the Court **AFFIRMS** the order granting Defendants' motion to stay, (Dkt. 1181), and **DENIES** Plaintiffs' appeal, (Dkt. 1184).

**SIGNED** on March 21, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE