# EXHIBIT 1

KINNIE MA INDIVIDUAL RETIREMENT
ACCOUNT, *et al.*,

        *Plaintiffs*,

    v.

ASCENDANT CAPITAL, LLC, *et al.*,

        *Defendants*.

---

BARBARA DELUCA, *et al*.,

        *Plaintiffs*,

    v.

GPB HOLDINGS, LP, *et al.*,

        *Defendants*.

Case No. 1:19-CV-1050-RP (W.D. Tex.)

Case No. 1:19-cv-10498-LAK-JW
(S.D.N.Y)

**STIPULATION AND
<u>AGREEMENT OF SETTLEMENT</u>**

       This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of December 3, 2024, is made and entered into by and among: (a) (i) Plaintiffs in the consolidated action pending in the Western District of Texas captioned *Kinnie Ma Individual Retirement Account, et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-CV-1050-RP (W.D. Tex.) (the "*Kinnie Ma* Plaintiffs") and (ii) Plaintiffs in the action pending in the Southern District of New York captioned *DeLuca, et al. v. GPB Holdings, LP, et al.*, No. 1:19-CV-10498-LAK-JW (S.D.N.Y.) (the "*DeLuca* Plaintiffs"), in each case on behalf of themselves and the Settlement Class defined herein (collectively, "Plaintiffs"); and (b) Defendants CohnReznick LLP; Crowe LLP; Margolin, Winer & Evens LLP; RSM US LLP; and WithumSmith+Brown, PC (collectively, the "Settling Defendants"). The parties are hereinafter collectively referred to as the "Parties."

PAGE 1 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 1 of 126

**RECITALS**

(a)    On October 25, 2019, the putative class action captioned *Kinnie Ma Individual Retirement Account., et al. v. Ascendant Capital, LLC*, *et al.*, No. 1:19-CV-1050-RP was filed, as later amended, against the Settling Defendants and others, and later consolidated with *Barasch v. GPB Capital Holdings, LLC, et al.*, No. 1:19-cv-01079-RP, in the United States District Court for the Western District of Texas (collectively, the "*Kinnie Ma* Action");

(b)    On November 12, 2019, the putative class action captioned *DeLuca, et al. v. GPB Holdings, LP, et al.*, No. 1:19-cv-10498-LAK-JW was filed in the United States District Court for the Southern District of New York and later amended to include as defendants all of the Settling Defendants, except WithumSmith+Brown, PC (the "*DeLuca* Action" and, together with the *Kinnie Ma* Action, the "Actions");

(c)    On June 13 and 14, 2024, the Parties participated in a mediation conducted by Retired United States District Judge Layn Phillips, and through that mediation the Parties reached an agreement to resolve the claims in the Actions against the Settling Defendants;

(d)    The Parties wish to settle all claims that have been brought or could have been brought against the Settling Defendants in the Actions;

(e)    The Settlement Class Representatives[1] believe that their claims against the Settling Defendants have substantial merit but have agreed to settle the Actions with respect to the Settling Defendants to avoid further risk of litigation;

---

[1] Any capitalized terms used but not defined in these Recitals shall have the meanings assigned to them in Section I of this Stipulation.

(f)    The Settlement Class Representatives and Settlement Class Counsel believe that the Settlement Amount is fair, adequate, and in the best interests of the Settlement Class Members (which include the Settlement Class Representatives), and that it is reasonable to pursue Court approval of the Stipulation based upon the terms and procedures outlined herein;

(g)    The Settling Defendants deny that they have committed any wrongdoing or that they are liable to the Settlement Class Members but have agreed to settle the Actions with respect to the Settling Defendants to avoid further costs and the risk of litigation; and

(h)    There has been no admission or finding of facts or liability by or against any of the Parties, and nothing herein should be construed as such.

**NOW, THEREFORE,** in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is hereby agreed by and among the Parties that, subject to the approval of the Court in the *Kinnie Ma* Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, the claims in the Actions, as between each of the Settlement Class Representatives and the other Settlement Class Members who are not Settlement Class Opt-Outs, on the one hand, and the Settling Defendants, on the other hand, be forever resolved, settled, compromised, and dismissed with prejudice on the following terms and conditions:

## I.    DEFINITIONS

1.    Capitalized terms not defined elsewhere in this Stipulation shall have the following meanings:

(a)    "**Administration of the Settlement**" means providing the Notice to the Settlement Class Members; assisting with providing the CAFA Notice to appropriate State and Federal officials, as set forth in 28 U.S.C. § 1715(b); and allocating and distributing the Net Settlement Fund; and may also include such

PAGE 3 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 3 of 126

activities as the determination, calculation, processing, or payment of claims to the Net Settlement Fund; the review and approval or rejection of Claim Forms; processing and implementing the Plan of Allocation; and the determination, payment, or withholding of Taxes or any loss incurred in connection therewith.

(b)     "**Authorized Claimant**" means a Settlement Class Member who (i) is not a Settlement Class Opt-Out; (ii) submitted a complete, timely, and valid Claim Form; and (iii) suffered a Net Loss.

(c)     "**CAFA Notice**" means the notices required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

(d)     "**Claims Administrator**" means Epiq Class Action & Claims Solutions, Inc., designated by Settlement Class Counsel to administer the Settlement, subject to the approval of the Court, or such other administrator who is approved by the Court to perform Administration of the Settlement activities.

(e)     "**Claim Form**" means the Proof of Claim and Release Form substantially in the form attached hereto as Exhibit A, that a Settlement Class Member, who is not a Settlement Class Opt-Out, must complete and submit to qualify as an Authorized Claimant.

(f)     "**Class Period**" means January 1, 2013 through December 31, 2018, inclusive.

(g)     "**Court**" means the United States District Court for the Western District of Texas.

(h)     "**Defendants**" means Advisory Group Equity Services, Ltd; Aegis Capital Corp.; Aeon Capital Inc.; American Capital Partners, LLC; Arete Wealth Management, LLC; Arkadios Capital; Ascendant Alternative Strategies, LLC; Ascendant Capital, LLC; Ausdal Financial Partners, Inc.; Austin Lake Technologies, LLC;

PAGE 4 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 4 of 126

Axiom Capital Management, Inc.; B. RileyFinancial, Inc.; B. RileyPrincipal Merger Corp. III; BCG Securities Inc.; Dotty J. Bollinger; Bradley Wealth Management LLC; CKGF Holding LLC; Cabot Lodge Securities LLC; Calton & Associates, Inc.; Capital Investment Group, Inc.; Cascade Financial Management, Inc.; Center Street Securities, Inc.; Rina Chernaya; Coastal Equities, Inc.; CohnReznick LLP; Colorado Financial Service Corporation; Concorde Investment Services, LLC; Crowe, LLP; Crown Capital Securities, LP; DFPG Investments, Inc.; DJ Partners LLC; David A. Noyes & Company; Dawson James Securities, Inc.; Deloitte Transactions and Business Analytics LLP; Dempsey Lord Smith, LLC; Detalus Securities, LLC; EisnerAmper LLP; Emerson Equity LLC; FSC Securities Corporation; Gerald Francese; Michael Frost; GPB Automotive Portfolio, LP; GPB Capital Holdings, LLC; GPB Cold Storage, LP; GPB Holdings II, LP; GPB Holdings III, LP; GPB Holdings Qualified, LP; GPB Holdings, LP; GPB Managed IT Fund; GPB NYC Development, LP; GPB Waste Management, LP a/k/a Armada Waste Management LP; Geneos Wealth Management, Inc.; David Gentile; Gentile Pismeny & Brengel LLP n/k/a Gentile Brengel & Lin, LLP; Great Point Capital LLC; HighTower Advisors, LLC; HighTower Securities, LLC; Highline Management, Inc.; IBN Financial Services, Inc.; Innovation Partners LLC; International Assets Advisory, LLC; Kalos Capital, Inc.; Robert Kessler; Minchung Kgil; Kingsbury Capital, Inc.; Landolt Securities, Inc.; Lewis Financial Group n/k/a DAI Securities, LLC; Lion Street Financial LLC; Lowell & Company, Inc.; Lucia Securities LLC; MR Ranger LLC; MSC-BD, LLC; Madison Avenue Securities, LLC; Margolin Winer &

PAGE 5 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 5 of 126

Evens LLP; Mark D Martino; McAnna, LP; McDonald Partners LLC; McNally Financial Services Corporation; Moloney Securities Co., Inc.; Money Concepts Capital Corp.; Morrison, Brown, Argiz & Ferra, LLC; Evan Myrianthopoulos; National Holdings Corporation; National Securities Corporation; Scott Naugle; Newbridge Securities Corporation; Orchard Securities, LLC: Phoenix American Financial Services, Inc.; Purshe Kaplan Sterling Investments, Inc.; RSM US LLP f/k/a McGladrey LLP; Royal Alliance Associates, Inc.; SCF Securities, Inc.; SagePoint Financial, Inc.; Jeffry Schneider; Sentinus Securities LLC n/k/a Sentinus-Halo Securities, LLC; Stephen A. Kohn & Associates, Ltd.; Titan Securities; Triad Advisors, LLC; Uhlmann Price Securities, LLC; United Planners' Financial Services of America, LP; Vanderbilt Securities, LLC; Vestech Securities, Inc.; WestPark Capital Inc.; Western International Securities, Inc.; Whitehall-Parker Securities, Inc.; Withum Smith+Brown, PC; and Woodbury Financial Services, Inc.

(i) "**Effective Date**" means the date upon which the Settlement in the Actions shall become effective and final, as set forth in Paragraph 34.

(j) "**Escrow Account**" means the separate interest-bearing Qualified Settlement Fund ("QSF"), to be held by the Escrow Agent, which shall be held in an escrow account at a federally insured banking institution designated by Settlement Class Counsel, into which the Settlement Amount is to be deposited and invested for the benefit of Authorized Claimants.  The Escrow Account shall be administered consistent with the terms of this Settlement and shall be subject to the supervision of Settlement Class Counsel.

(k)   "**Escrow Agent**" means Huntington National Bank (a federally insured banking institution) or such other federally insured banking institution approved by the Court to serve as agent for the Escrow Account.

(l)   "**Fee and Expense Application**" means an application filed by Settlement Class Counsel for an award from the Gross Settlement Fund of (i) attorneys' fees, not to exceed one-third of the Settlement Amount, plus any interest, beginning thirty (30) days from entry of the Preliminary Approval Order, at the same rate that funds in the Escrow Account have earned during such period; (ii) reimbursement of out-of-pocket expenses incurred in prosecuting the Actions, plus any interest, beginning thirty (30) days from entry of the Preliminary Approval Order, at the same rate funds in the Escrow Account have earned during such period; and (iii) service awards to the Settlement Class Representatives on account of their contribution to the litigation and the results achieved in this Settlement.

(m)   "**Final**", with respect to a court order, means the latest of (i) the date after which the time for noticing any request for rehearing, request for reconsideration, or appeal has expired, without any such request or appeal having been filed; (ii) if a motion for rehearing or reconsideration has been filed, the date after which such motion has been denied or adjudicated with affirmance of the order, and the time for appeal has expired, without any appeal having been filed; and (iii) if an appeal has been filed, the date after which the order has been affirmed and the time for seeking rehearing or reconsideration on appeal or petitioning for writ of certiorari has expired, without any request or petition having been filed; (iv) if a motion for rehearing or reconsideration on appeal has been filed, the date after which the

PAGE 7 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 7 of 126

motion has been denied or adjudicated with an affirmance of the order and the time for petitioning for writ of certiorari has expired, without any petition having been filed; and (v) if a petition for writ of certiorari has been filed, the date after which the writ has been denied or, if the writ is granted, the order has been affirmed.

(n)     "**Finality**" means the state of being Final.

(o)     "**Final Approval Hearing**" means a hearing held by the Court to determine whether to enter the Final Settlement Approval and Bar Order.

(p)     "**Final Approval Motion**" means a motion and accompanying memorandum of law, as well as any other papers in support thereof, to be filed by Settlement Class Counsel on behalf of the Settlement Class Representatives in the *Kinnie Ma* Action, responding to any objections to the Settlement, seeking entry of the Final Settlement Approval and Bar Order, and seeking entry of a Final Judgment that is a separate document from the Final Settlement Approval and Bar Order.

(q)     "**Final Settlement Approval and Bar Order**" means an order, entered by the Court, substantially in the form of Exhibit B hereto, that (i) finally approves the Settlement as fair, reasonable, and adequate, and contains findings of fact and conclusions of law, including consideration of the factors set forth in Federal Rule of Civil Procedure 23(e)(2)(A)–(D), to support approval of the Settlement and bar order; (ii) certifies the Settlement Class for purposes of settlement only under Federal Rule of Civil Procedure 23; (iii) orders the releases by the Releasing Parties of the Settling Defendants from the Released Claims; and (iv) releases, discharges, and enjoins any claims by any Person against any of the Settling

PAGE 8 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 8 of 126

Defendants arising out of or related to the claims or allegations that have been or could have been asserted by Plaintiffs or any other Settlement Class Member in the Actions or claiming any liability to any Plaintiff or any other Settlement Class Member.

(r) "**Final Judgment**" means the entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) in the *Kinnie Ma* Action, substantially in the form of Exhibit C hereto, that dismisses all claims against the Settling Defendants with prejudice and without costs, and denies as moot any pending motions between the *Kinnie Ma* Plaintiffs and the Settling Defendants.

(s) "**GPB Capital**" means GPB Capital Holdings, LLC, the general partner of each of the GPB Funds, and each of its predecessors, successors, subsidiaries, and affiliates.

(t) "**GPB Funds**" means GPB Holdings, LP; GPB Holdings Qualified, LP; GPB Automotive Portfolio, LP; GPB Holdings II, LP; GPB Waste Management, LP (also known as Armada Waste Management LP); GPB Cold Storage, LP; GPB NYC Development, LP; GPB Holdings III, LP; and each of their predecessors, successors, subsidiaries, and affiliates.

(u) "**Gross Settlement Fund**" means the Settlement Amount and all earnings and interest accrued with respect to the Settlement Amount (if any) while it is held in the Escrow Account.

(v) "**Net Loss**" means the total principal amount that a Settlement Class Member invested in any GPB Funds during the Class Period, minus any prior amounts received by that Settlement Class Member on account of his or her investment(s)

PAGE 9 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 9 of 126

(including any amounts previously received as redemptions, dividends, or from any other source as a result of any actual or threatened litigation or arbitration concerning the GPB Funds). Settlement Class Members who have received amounts (through redemptions, dividends, sales, or any other sources) greater than the total principal amount that the Settlement Class Member invested in any GPB Funds have not suffered a Net Loss and will not receive any payment from the Net Settlement Fund or otherwise in connection with this Settlement.

(w) "**Net Settlement Fund**" means the balance of the Gross Settlement Fund available to be distributed to Authorized Claimants, after subtracting the amounts paid or owing in connection with the Settlement, as set forth in this Stipulation, including amounts for the payment of (1) any and all Taxes, as defined herein; (2) any and all costs of Administration of the Settlement, including all fees and costs paid or owing to the Settlement Administrator; (3) any and all costs of maintaining the Escrow Account, including all fees and costs paid or owing to the Escrow Agent; (4) any and all attorneys fees' and costs awarded by the Court to Plaintiffs' Counsel in the Actions; and (5) any service awards awarded by the Court to the Settlement Class Representatives.

(x) "**Notice**" means the Detailed Notice of (I) Pendency of Class Actions and Proposed Settlement with Certain Defendants; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses" substantially in the form of Exhibit D hereto, which is to be sent to the Settlement Class Members following entry by the Court of the Preliminary Approval Order.

(y)    "**Notice of Dismissal**" means a notice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and substantially in the form of Exhibit E hereto, to be filed by the *DeLuca* Plaintiffs in the *DeLuca* Action, dismissing with prejudice and without costs all claims against CohnReznick LLP; Crowe LLP; Margolin, Winer & Evens LLP; and RSM US LLP.

(z)    "**Person**" means any natural person, entity, governmental authority, agency or quasi-governmental person or entity, worldwide and of any type, including, without limitation, any individual, partnership, corporation, limited liability company, estate, trust, committee, fiduciary, association, proprietorship, organization, or business, regardless of location, residence, or nationality.

(aa)   "**Plaintiffs' Counsel**" means Stoll Stoll Berne Lokting & Shlachter, P.C.; Kaplan Fox & Kilsheimer LLP; Law Offices of Richard L. Stone, PLLC; Grant & Eisenhofer P.A.; and Dilworth Paxson LLP.

(bb)   "**Plan of Allocation**" means the plan, as approved by the Court, substantially in the form of Exhibit F hereto, to distribute the Net Settlement Fund to each Authorized Claimant.

(cc)   "**Preliminary Approval Motion**" means a motion and accompanying memorandum of law, as well as any other papers in support thereof, to be filed by the Settlement Class Counsel on behalf of the Settlement Class Representatives in the *Kinnie Ma* Action, seeking preliminary approval of the Settlement; the entry of findings that the Court will likely be able to certify the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) for purposes of the Settlement only; appointment of Plaintiffs as Settlement Class Representatives

PAGE 11 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 11 of 126

for purposes of Settlement only; appointment of Settlement Class Counsel as counsel for the Settlement Class for purposes of Settlement only; approval of the form and manner of distribution of the Notice to the Settlement Class Members; setting of a date and time for the Final Approval Hearing; setting of a method and deadline for objections to the Settlement; and setting of a method and deadline for Settlement Class Members to exclude themselves from the Settlement Class, in each case by and through entry of the Preliminary Approval Order.

(dd)    "**Preliminary Approval Order**" means the order, entered by the Court, substantially in the form of Exhibit G hereto, that (i) provides preliminary approval of the Settlement; (ii) makes findings pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) that the Court will likely be able to certify the Settlement Class for purposes of the Settlement only; (iii) appoints Plaintiffs as Settlement Class Representatives for purposes of Settlement only; (iv) appoints Settlement Class Counsel as counsel for the Settlement Class for purposes of Settlement only; (v) directs notice, pursuant to Federal Rule of Procedure 23(e), to the Settlement Class Members; (vi) approves the form and manner of distribution of the Notice; (vii) sets a date and time for the Final Approval Hearing; (viii) sets a method and deadline for objections to the Settlement; (ix) sets a method and deadline for Settlement Class Members to exclude themselves from the Settlement Class; and (x) makes preliminary findings of fact and conclusions of law to support the relief set forth therein.

(ee)    "**Released Claims**" means, to the fullest extent that the law permits their release, all past, present, and future claims against any and all of the Released Parties of

PAGE 12 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 12 of 126

any nature whatsoever in any way relating, arising from, or based upon either of the Actions, the allegations made or that could have been made in either of the Actions, the GPB Funds or GPB Capital, any investment in the GPB Funds, or any work performed by any Settling Defendant for or relating to any of the GPB Funds or GPB Capital including, without limitation, all claims, suits, actions, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, restitution, and disgorgement), liabilities, causes of action, complaints, lawsuits, responsibilities, demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorney's fees, expert or consulting fees, prejudgment interest, indemnities, duties, losses, and obligations of any kind, known or unknown, foreseen or unforeseen, whether apparent or concealed, asserted or unasserted, existing or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by, on behalf of, for the benefit of, or in the name of any Settlement Class Members who are not Settlement Class Opt-Outs, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, that now exist or have ever existed from the beginning of time until the date of this Stipulation.

(ff)    "**Released Parties**" means (i) each of the Settling Defendants; (ii) the predecessors, successors, assigns, direct or indirect parents, direct or indirect subsidiaries, and affiliates of each of the Settling Defendants (including, without limitation, current or former member firms or correspondent firms within the same network as a Settling Defendant, all entities that manage the network in

PAGE 13 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 13 of 126

which any Settling Defendant is a member, and Baker Tilly US, LLP and Baker

Tilly Advisory Group, LP ); and (iii) each of the foregoing's current and former

partners, limited partners, general partners, officers, directors, employees, legal

and equitable owners, trustees, shareholders, members, managers, principals,

agents, attorneys, legal representatives, affiliated persons or entities, predecessors,

successors, assigns, direct or indirect parents, direct or indirect subsidiaries,

affiliates, beneficiaries, assigns, heirs, executors, administrators, lenders,

indemnitors, and insurers.

(gg)    "**Releasing Parties**" means (1) all Settlement Class Members (including the

Settlement Class Representatives) except for the Settlement Class Opt-Outs and

(2) each of such Settlement Class Members' agents, representatives, attorneys,

heirs, administrators, executors, beneficiaries, assigns, transferees, predecessors

and successors in interest, and any other Person claiming by, through, on behalf

of, or for the benefit of any of them.

(hh)    "**Settling Defendants' Released Claims**" means all claims and causes of action

of every nature and description, whether known or unknown, whether arising

under federal, state, common, or foreign law, that arise out of or relate in any way

to the institution or prosecution of the claims asserted in the Actions against the

Settling Defendants.

(ii)    "**Settlement**" means the settlement set forth in this Stipulation to be proposed for

approval by the Court.

(jj)    "**Settlement Amount**" means forty-six million United States dollars

($46,000,000).  The Settlement Amount will be non-recapture, meaning that it is

PAGE 14 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 14 of 126

not a claims-made settlement and, provided there is no Termination Event as defined in Paragraph 38, there will be no reversion of the Settlement Amount to the Settling Defendants of any amounts not claimed or distributed pursuant to the Plan of Allocation.  For avoidance of doubt, nothing in this definition impacts the right of the Settling Defendants to the return of the Gross Settlement Fund in the event of a Termination Event pursuant to the provisions of Paragraph 38.

(kk)    "**Settlement Class**" means a class to be certified for purposes of this Settlement consisting of all Persons who, directly or through an intermediary, purchased or otherwise acquired limited partnership units in any of GPB Holdings, LP; GPB Holdings Qualified, LP; GPB Automotive Portfolio, LP; GPB Holdings II, LP; GPB Waste Management, LP (also known as Armada Waste Management LP); GPB Cold Storage, LP; GPB NYC Development, LP; GPB Holdings III, LP; and each of their predecessors, successors, subsidiaries, and affiliates (collectively, the "GPB Funds") during the period of January 1, 2013 through December 31, 2018 (the "Class Period") and suffered a loss thereby, as well as any Persons who are transferees of such limited partnership units (except for certain individuals and entities that have been excluded from the Settlement Class as follows). The Settlement Class does not include: (a) Defendants in the Actions or their affiliates; (b) present or former executive directors or officers of GPB Capital Holdings, LLC, the GPB Funds, Ascendant Capital, LLC, Ascendant Alternative Strategies, LLC, or Axiom Capital Management, Inc.; (c) the legal representatives, heirs, successors-in-interest, or assigns of any Person within subsection (a) or (b) of this Paragraph; (d) members of the immediate family of any natural Person within

PAGE 15 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 15 of 126

subsection (a) or (b) of this Paragraph; (e) any entity in which any Person within subsection (a) or (b) of this Paragraph has, or had during the Class Period, a controlling interest; and (f) any affiliate of GPB Capital Holdings, LLC. For purposes of this definition, "immediate family" means a natural Person's parent, sibling, spouse, or child.

(ll)    "**Settlement Class Counsel**" means Timothy S. DeJong of Stoll Stoll Berne Lokting & Shlachter, P.C.; Daniel L. Berger of Grant & Eisenhofer P.A.; Catherine Pratsinakis of Dilworth Paxson LLP, Peter S. Linden of Kaplan Fox & Kilsheimer LLP; and Richard L. Stone of the Law Offices of Richard L. Stone, PLLC;.

(mm)    "**Settlement Class Member**" means any Person who falls within the definition of the Settlement Class.

(nn)    "**Settlement Class Opt-Out**" means any Settlement Class Member who has completed the required procedures set forth in the Preliminary Approval Order and the Notice to exclude themselves from the Settlement Class.

(oo)    "**Settlement Class Representatives**" means each and all of Kinnie Ma IRA; Jeffery S. Gramm IRA; Stacy Greasor IRA; Victor Wade IRA; Kazue Bell; Dean Crooks; Corri Rene Eden; Catherine Kominos; Karen Loch; Robert A. Stone Living Trust; Shirley Stone Living Trust; Stanley S. and Millicent R. Barasch Living Trust; Loretta Dehay; Barbara DeLuca; Drew R. Naylor; Peggy Rollo; Peter Beddia; Michael Oles; Robert (Bob) Ricci; and James Staples, as Trustee of the 616 Moved Trust.

(pp)    "**Settling Defendants**" means CohnReznick LLP; Crowe LLP (f/k/a Crowe Horwath LLP); Margolin, Winer & Evens LLP; RSM US LLP; and WithumSmith+Brown, PC.

(qq)    **"Summary Notice"** means the notice, substantially in the form of Exhibit H hereto, which the Claims Administrator will publish in Investor's Business Daily and release over the PR Newswire following entry by the Court of the Preliminary Approval Order.

## II.    CERTIFICATION OF THE SETTLEMENT CLASS

2.    The Settling Defendants shall, subject to and following their review of the Preliminary Approval Motion, provide their consent to the Preliminary Approval Motion, including its requests for certification of the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) for purposes of the Settlement only, appointment of Plaintiffs as Settlement Class Representatives for purposes of Settlement only, and appointment of Settlement Class Counsel as counsel for the Settlement Class for purposes of Settlement only; and the Preliminary Approval Motion shall reflect their consent.

## III.    THE SETTLEMENT AMOUNT AND THE SETTLEMENT FUND

3.    The Parties enter into this Stipulation in order to avoid the expense and risk of further litigation.  Neither this Stipulation nor the fact of the Settlement constitutes an admission or acknowledgment of liability or wrongdoing on the part of any of the Settling Defendants, each of which expressly denies any liability or wrongdoing.

4.    In connection with the execution of this Stipulation, Settlement Class Counsel shall, subject to and following review by the Settling Defendants, execute a confidential  escrow agreement (the "**Escrow Agreement**") with the Escrow Agent to establish the Escrow Account using conventional escrow terms provided by the Escrow Agent.  The Escrow Agreement shall

PAGE 17 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 17 of 126

contain terms protecting the confidentiality of the amount of each Settling Defendant's share of the Settlement Amount. Together with its delivery of the executed copy of this Stipulation, Settlement Class Counsel shall provide to each Settling Defendant (i) a copy of the executed Escrow Agreement and any other documents establishing and governing the Escrow Account; and (ii) a completed and executed wire instruction form, containing the Escrow Account information and wire transfer instructions for wiring the Settlement Amount to the Escrow Account.

5.       Each Settling Defendant shall pay or cause to be paid its share of the Settlement Amount into the Escrow Account no later than thirty (30) calendar days after the entry of the Preliminary Approval Order. Each Settling Defendant's share of the Settlement Amount shall be and remain confidential. Settlement Class Counsel shall make themselves available to counsel for the Settling Defendants to confirm telephonically the account information and wire transfer instructions for the Escrow Account in the wire instruction form. The payment of the Settlement Amount is in full satisfaction of the Released Claims, including all claims for attorneys' fees, costs, and expenses. The Settling Defendants' monetary liability is fixed under this Stipulation. In no event shall the total amount of monetary consideration paid by the Settling Defendants under this Stipulation exceed the Settlement Amount. The Settling Defendants shall have no obligation to pay the Settlement Class Representatives, Settlement Class Counsel, any member of the Settlement Class, counsel for any Plaintiff in the Actions, or anyone else any other monetary consideration.

6.       Each Settling Defendant shall fund its confidential share of the Settlement Amount in the amount specified by a confidential agreement among the Settling Defendants (the "Confidential Allocation Agreement"), the terms of which shall not be disclosed to the

PAGE 18 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 18 of 126

Settlement Class Representatives, Settlement Class Counsel, or to any other Person. Each Settling Defendant is responsible only for its share of the Settlement Amount, and shall have no joint or several responsibility or liability for the payment of remaining portions of the Settlement Amount. In no event shall the total amount of monetary consideration paid by each Settling Defendant under this Stipulation exceed such Settling Defendant's share of the Settlement Amount specified in the Confidential Allocation Agreement; however, for the avoidance of doubt, Settling Defendants failure to make a total combined payment of forty-six million United States dollars ($46,000,000) renders this Stipulation null and void.

7.      The Escrow Agreement shall require the Escrow Agent to maintain the Settlement Amount in the Escrow Account consistent with the terms of this Stipulation, under the exclusive supervision of Settlement Class Counsel and subject to the oversight of the Court. The Escrow Agreement shall require the Escrow Agent to invest the Settlement Amount exclusively in: instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or money market funds invested solely in such investments. The Escrow Agreement shall require that the Escrow Agent reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments. In all events, the Settling Defendants shall have no responsibility or liability whatsoever with respect to any investment of any funds in the Escrow Account or any investment losses or other losses of funds in the Escrow Account.

8.      All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the exclusive jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Final Settlement Approval and Bar Order and/or further order(s) of the Court.

PAGE 19 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 19 of 126

9.      After the Settlement Amount has been paid into the Escrow Account in accordance with Paragraph 5, the Parties agree to treat the Escrow Account as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, Settlement Class Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for such elections for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur. In all events, the Settling Defendants shall have no responsibility or liability whatsoever with respect to any filings or elections made under this Paragraph.

10.     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Settlement Class Counsel or their successors, who shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the interest earned on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described above) shall be consistent with this subparagraph, and Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B, and in all events shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in Paragraphs 11, 12, 14, and 15. In all events, the Settling Defendants shall have no responsibility or liability

PAGE 20 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 20 of 126

whatsoever with respect to any filings or elections made under this Paragraph.

11.     Taxes on the income of the Settlement Amount and expenses and costs incurred in connection with the taxation of the Settlement Amount (including, without limitation, interest, penalties, and the fees and expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid solely out of the Escrow Account.  In all events, the Settling Defendants shall have no responsibility or liability whatsoever for the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority.

12.     Taxes shall be treated as, and considered to be, a cost of Administration of the Settlement and shall be timely paid, or caused to be paid, by Settlement Class Counsel out of the Escrow Account without prior order from the Court, and Settlement Class Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2($l$)(2)).  The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph.

13.     The Escrow Agreement shall forbid the Escrow Agent from disbursing any funds from the Escrow Account except as provided in this Stipulation (including Paragraph 15) or by an order of the Court, or by the written and signed authorization of Settlement Class Counsel and each of the Settling Defendants.  Once each Settling Defendant has deposited its confidential share of the Settlement Amount into the Escrow Account, in the event of any unauthorized disbursement or other loss of funds from the Escrow Account, whether resulting from mistake, inadvertence, wrongful conduct of any Person, or any other cause, such Settling Defendant shall have no further liability to pay its share of the Settlement Amount and shall remain entitled to the

PAGE 21 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 21 of 126

release of all Released Claims, the entry of the bar order, and all other relief and consideration provided to the Settling Defendants under this Stipulation, notwithstanding such unauthorized disbursement or loss of funds from the Escrow Account.

14.     The Gross Settlement Fund shall be used only for the following purposes: (i) to compensate the Authorized Claimants, as approved by the Court; (ii) to pay any and all Taxes; (iii) to pay the reasonable costs of Administration of the Settlement, as approved by the Court; (iv) to pay attorneys' fees and reimburse expenses, as awarded by the Court; and (v) to pay service awards to Plaintiffs, as awarded by the Court.

15.     No money may be paid out of the Gross Settlement Fund before the Effective Date of the Settlement, except as follows: (i) Taxes may be paid out of the Gross Settlement Fund, as they come due and owing; (ii) up to three-hundred thousand United States dollars ($300,000) for the costs of Notice and other reasonable costs of Administration of the Settlement may be paid out of the Gross Settlement Fund, as they come due and owing; (iii) attorneys' fees and expenses awarded by the Court, as more fully set forth in and subject to the provisions in Section VII; and (iv) in the event of a Termination Event, the Gross Settlement Fund, less the deductions specified in Paragraph 38 herein, shall be returned to the Settling Defendants, in accordance with the provisions of Paragraph 38 herein.

### IV.     RELEASES AND COVENANT NOT TO SUE

16.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Actions as against the Settling Defendants.

17.     Upon the Effective Date, and without any further action, each of the Releasing Parties fully, finally, and forever releases, covenants not to sue, and discharges each of the Released Parties from any and all Released Claims and shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining, or seeking monetary or other relief respecting

PAGE 22 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 22 of 126

any and all of the Released Claims.  The Released Parties may plead this Stipulation as a complete defense to any Released Claims brought in contravention hereof.

18.     Upon the Effective Date, and without any further action, each Settling Defendant, on behalf of itself, and its heirs, executors, trustees, administrators, predecessors, successors, and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, covenant not to sue, and discharge any and all Settling Defendants' Released Claims against each and every one of the Settlement Class Members (other than the Settlement Class Opt-Outs) and shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining or seeking monetary or other relief respecting any and all of the Settling Defendants' Released Claims against any and all of the Settlement Class Members (other than the Settlement Class Opt-Outs).

19.     For clarity, the releases set forth in Paragraphs 17 and 18 shall not apply to any claims that arise out of any breaches of the obligations of this Stipulation.  Moreover, nothing in this Stipulation shall be construed to constitute a release by any Plaintiff or Settlement Class Member of any claims they have against any specifically named Defendant in the Actions other than the Settling Defendants.

20.     The releases in Paragraphs 17 and 18 include an express, informed, knowing, and voluntary waiver and relinquishment of any and all Released Claims and Settling Defendants' Released Claims to the fullest extent permitted by law, including claims that are unknown and unsuspected.  The Settling Defendants and the Settlement Class Members (other than the Settlement Class Opt-Outs) acknowledge that they may have sustained damages, losses, costs, or expenses that are presently unknown and unsuspected and that such damages, losses, costs, or expenses as may have been sustained may give rise to additional damages, losses, costs, or

PAGE 23 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 23 of 126

expenses in the future. The Settling Defendants and the Settlement Class Members (other than the Settlement Class Opt-Outs) further acknowledge that they have negotiated this Stipulation taking into account presently unsuspected and unknown claims, counterclaims, causes of action, damages, losses, costs, and expenses, and they voluntarily and with full knowledge of their significance, expressly waive and relinquish any and all rights they may have under any state or federal statute, rule or common law principle, in law or equity, relating to limitations on general releases. Specifically, each of the Settling Defendants and the Settlement Class Members (other than the Settlement Class Opt-Outs) expressly waives any rights it may have under California Civil Code § 1542 (or any other similar law in any jurisdiction) which provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

21. The Settlement Class Representatives and other Settlement Class Members represent and warrant that they are the owner of the Released Claims that they are releasing under this Stipulation and that they have not, in whole or in part, assigned, encumbered, sold, pledged as a security, or in any manner transferred or compromised any Released Claims. The Settlement Class Representatives and other Settlement Class Members further represent and warrant that they do not know of, and have not filed or asserted, any claim or potential claim against any of the Settling Defendants that is not being released pursuant to the Stipulation.

22. As a condition of this Stipulation and of the Settlement, the Final Settlement and Bar Order shall contain a bar order, substantially in the form of the bar order set forth in Exhibit B hereto, that bars all past, present, and future claims against any of the Released Parties by any Person of any nature whatsoever in any way arising out of or related to the claims or allegations

PAGE 24 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 24 of 126

that have been or could have been asserted by Plaintiffs or any Settlement Class Member in either of the Actions or claiming any liability to any Plaintiff or any Settlement Class Member, including, without limitation, all claims, suits, actions, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, restitution, and disgorgement), liabilities, causes of action, complaints, lawsuits, responsibilities, demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorney's fees, expert or consulting fees, prejudgment interest, indemnities, duties, losses, and obligations of any kind, known or unknown, foreseen or unforeseen, whether or apparent or concealed, asserted or unasserted, existing or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by, on behalf of, for the benefit of, or in the name of any Settlement Class Member, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, that now exist or have ever existed from the beginning of time until the date of this Stipulation.

23.    As a condition of the Stipulation and this Settlement, the Final Approval and Bar Order shall also provide that any final verdict or judgment on any claims under Texas law obtained by or on behalf of any Settlement Class Member, excluding Settlement Class Opt-Outs, against any Person subject to the bar order described in Paragraph 22 shall be reduced by the Settlement Amount or the portion thereof attributable to such Settlement Class Member (that is, *pro tanto* or dollar-for-dollar).

## V.    ADMINISTRATION OF THE SETTLEMENT

24.    The Claims Administrator shall provide the Notice to the Settlement Class Members in accordance with the terms of the Preliminary Approval Order and be responsible for Administration of the Settlement, under Settlement Class Counsel's supervision and subject to the exclusive jurisdiction of the Court.

PAGE 25 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 25 of 126

25.     Upon request, the Claims Administrator shall provide information to the Settling Defendants' counsel to assist in their preparation of the CAFA Notice but shall otherwise keep all Settlement Class Member information confidential and secure.

26.     Other than with respect to the CAFA Notice, the Settling Defendants shall have no role in, or responsibility for, the Administration of the Settlement.  In all events, the Settling Defendants shall have no responsibility or liability whatsoever to any Person, including, but not limited to, Plaintiffs, the Settlement Class Representatives, Settlement Class Counsel, or Settlement Class Members, with respect to the Administration of the Settlement.

27.     Except as provided in the Stipulation, all reasonable costs of Administration of the Settlement, including the fees and expenses of the Claims Administrator, shall be paid from the Gross Settlement Fund.  In the event of a Termination Event, prior to the return to Settling Defendants of the Gross Settlement Fund from the Escrow Account, Settlement Class Counsel shall first be reimbursed from the Gross Settlement Fund for the actual costs of Administration of Settlement incurred as of the date of termination, in an amount up to three-hundred thousand United States dollars ($300,000).

28.     Except as provided in Paragraph 27, the Settling Defendants will not have any responsibility for, involvement in, or liability for the payment of any monies from the Gross Settlement Fund in connection with the Administration of the Settlement.

## VI.     COURT APPROVAL OF SETTLEMENT

29.     This Stipulation and the Settlement, including payment of the Settlement Amount, are expressly contingent on the Court's entry of the Final Settlement Approval and Bar Order, substantially in the form of Exhibit B and containing the releases and bar order described in this Stipulation, and such order becoming Final; the Court's entry of the Final Judgment, substantially in the form of Exhibit C and dismissing all claims against the Settling Defendants

PAGE 26 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 26 of 126

with prejudice, and such judgment becoming Final; the entry in the *DeLuca* Action of the Notice of Dismissal, substantially in the form of Exhibit E; and the Effective Date coming to pass.

**A.    Stay and Dismissal of the *DeLuca* Action**

30.    The Court in the *DeLuca* Action entered an order on June 24, 2024 providing that the *DeLuca* Action is stayed pending further notice of the Court.  Upon entry of the Preliminary Approval Order, the *DeLuca* Plaintiffs shall request that the *DeLuca* Court continue the stay of the *DeLuca* Action as against the Settling Defendants who are party to the *DeLuca* Action through and until the filing of the Notice of Dismissal.

31.    Within three (3) business days of the Final Judgment becoming Final, the *DeLuca* Plaintiffs shall seek to dismiss the *DeLuca* Action in its entirety and will file the Notice of Dismissal.

**B.    Preliminary Approval of the Settlement**

32.    Within twenty-one (21) calendar days following execution of this Stipulation, Settlement Class Counsel shall file the Preliminary Approval Motion with the Court.

**C.    Final Approval of Settlement, Entry of Bar Order, and Entry of Final Judgment**

33.    At the time provided for in the Preliminary Approval Order, Settlement Class Counsel shall file the Final Approval Motion with the Court.  Provided that the Settling Defendants have not exercised their rights to withdraw or terminate as set forth in Paragraphs 35 and 37 herein, the Settling Defendants shall provide their consent to the Final Approval Motion and the motion shall reflect their consent.

**D.    Effective Date of Settlement, Waiver, and Rights to Termination**

34.    The Effective Date of Settlement shall be the date when all the following have occurred:

PAGE 27 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 27 of 126

(a)     the Court has entered the Preliminary Approval Order in the Action, substantially in the form of Exhibit G hereto;

(b)     the entire Settlement Amount has been deposited into the Escrow Account;

(c)     the Court has entered the Final Settlement Approval and Bar Order in the Action, substantially in the form of Exhibit B hereto;

(d)     the Court has entered the Final Judgment, as a separate document from the Final Settlement Approval and Bar Order and substantially in the form of Exhibit C hereto;

(e)     the Final Settlement Approval and Bar Order has become Final;

(f)     the Final Judgment has become Final; and

(g)     the *DeLuca* Plaintiffs have filed the Notice of Dismissal in the *DeLuca* Action.

35.     Any Party shall have the right to terminate the Settlement and the Stipulation by providing written notice of its election to do so to all other Parties within thirty (30) calendar days of (a) the Court's decision not to enter the Preliminary Approval Order; (b) the Court's entry of a Preliminary Approval Order that differs in any material respect from the form of Exhibit G hereto; (c) the Court's decision not to enter the Final Settlement Approval and Bar Order or the Final Judgment; (d) the Court's entry of a Final Settlement Approval and Bar Order that differs in any material respect from the form of Exhibit B hereto, including, without limitation, because it alters the terms of the release or the bar order set forth in Exhibit B; (e) the Court's entry of a Final Judgment that differs in any material respect from the form of Exhibit C hereto; (f) the modification, vacatur, or reversal of the Final Settlement Approval and Bar Order or Final Judgment in any material respect by the United States Court of Appeals or the United States Supreme Court; or (g) the failure of any of the events described in subparagraphs (a)–(g)

PAGE 28 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 28 of 126

of Paragraph 34.

36. The Parties acknowledge that Settlement Class Members have the right and ability to exclude themselves from the Settlement Class prior to the Final Approval Hearing, pursuant to the procedures set forth in the Preliminary Approval Order and the Notice. The Claims Administrator shall provide copies of any request for exclusion to Settlement Class Counsel and counsel for each of Settling Defendants via electronic mail as such requests are received (and no later than two (2) business days from receipt). No later than ten (10) calendar days after the postmark deadline for requests for exclusion, Settlement Class Counsel shall provide counsel for each of Settling Defendants via electronic mail a complete and final list of each Person that has submitted a request for exclusion, along with the number of units that each such Person purchased in any of the GPB Funds.

37. The Settling Defendants collectively shall have the right and option to withdraw from the Settlement in the event that valid exclusions from the Settlement Class exceed a specified threshold. The specified threshold and the withdraw option are contained in the Confidential Supplemental Agreement between the Parties, which shall not be filed with the Court unless the Court so orders, and which shall not be disclosed to Settlement Class Members or any Person other than the Settlement Class Representatives. Notwithstanding the foregoing, the contents of the Confidential Supplemental Agreement may be disclosed to the Court if so requested by the Court or if a dispute arises among the Parties concerning the Confidential Supplemental Agreement's interpretation or application. The Parties will keep the terms of the Confidential Supplemental Agreement confidential, subject to any exceptions set out therein and unless compelled to disclose them by the Court. In the event valid exclusions from the Settlement Class exceed the threshold specified in the Confidential Supplemental Agreement, not

PAGE 29 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 29 of 126

later than ten (10) calendar days after receipt of the complete and final list of each Person that has submitted a request for exclusion, along with the amount(s) that each such Person invested in any of the GPB Funds, the Settling Defendants shall notify Settlement Class Counsel whether the Settling Defendants elect to withdraw from the Settlement.  For the avoidance of any doubt, in order to withdraw from the Settlement in the event that valid exclusions from the Settlement Class exceed a specified threshold, Settling Defendants must do so collectively and in writing signed by each Settling Defendant and their counsel.

38.    A "Termination Event" has occurred if (i) the Effective Date does not occur; (ii) any Party terminates the Stipulation or Settlement pursuant to Paragraph 35; (iii) the Settling Defendants withdraw from the Settlement pursuant to Paragraph 37; (iv) the Court terminates the Settlement or modifies it in any material respect; (v) the Settlement fails to become effective for any other reason.  In the event of a Termination Event:

(a)    the Parties shall be deemed to have reverted to their respective status in the Actions as of the date and time immediately prior to the execution of this Stipulation and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered;

(b)    within seven (7) business days of the Termination Event, Plaintiffs' Counsel in the Action shall return to the Escrow Account all attorneys' fees and expenses distributed from the Gross Settlement Fund;

(c)    within ten (10) business days of the Termination Event, Settlement Class Counsel shall direct the Escrow Agent to return the Gross Settlement Fund (less the actual costs of Administration of Settlement incurred as of the date of termination, in an amount up to three-hundred thousand United States dollars ($300,000), as

PAGE 30 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 30 of 126

provided for in Paragraphs 15 and 27) to the Settling Defendants, including all amounts returned to the Escrow Account by Plaintiffs' Counsel pursuant to subsection (b).  In connection with such return of the Gross Settlement Fund, within seven (7) business days of the Termination Event, the Settling Defendants shall notify the Escrow Agent in writing of the percentage share of the distribution of the Gross Settlement Fund to which each Settling Defendant is entitled, and the Escrow Agent shall distribute the Gross Settlement Fund to each Settling Defendant in accordance with such percentages.  The Escrow Agent shall maintain the confidentiality of the percentage shares and, except (a) as required by applicable laws or regulations or (b) for the purposes of making Escrow Account statements and other account information available to Class Counsel (as that term is defined in the Escrow Agreement) in the ordinary course of business, shall not disclose this information to any Person, including to Settlement Class Counsel, the Settlement Class Representatives, or any Settlement Class Member.

## VII.        ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

39.      Settlement Class Counsel, on behalf of all Plaintiffs' Counsel in the Actions, will file with the Court the Fee and Expense Application.  All attorneys' fees, expenses, and service awards shall be paid exclusively from the Gross Settlement Fund.  The Settling Defendants shall take no position with respect to the Fee and Expense Application, other than to advocate that the Fee and Expense Application comply with the procedures and terms set forth in this Stipulation.

40.      The Settlement is not contingent on the Court's award of any attorneys' fees, expenses, or service awards.  The Fee and Expense Application shall be considered separately from the Settlement and any decision by the Court concerning attorneys' fees, or expenses, or service awards shall not affect the validity or Finality of the Settlement.

PAGE 31 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 31 of 126

41.    Any attorneys' fees awarded and reimbursement of expenses awarded by the Court shall be paid to Settlement Class Counsel within three (3) business days of entry of the Final Judgment, notwithstanding the pendency of any appeal, but subject to the Settling Defendants' right of return set forth in Paragraph 38.  Settlement Class Counsel shall be responsible for allocating the attorneys' fees and expenses awarded by the Court among all Plaintiffs' Counsel in the Actions, and the Settling Defendants shall have no responsibility or liability whatsoever to any Person, including, but not limited to, Settlement Class Counsel or Plaintiffs' Counsel, with respect to this allocation or the distribution of the award from the Escrow Account.  Any service awards awarded by the Court shall be paid to the Settlement Class Representatives within three (3) business days of the Effective Date.  Settlement Class Counsel shall be responsible for directing the Escrow Agent with respect to distribution of such awards to the Settlement Class Representatives, and the Settling Defendants shall have no responsibility or liability whatsoever to any Person, including, but not limited to, the Settlement Representatives, with respect to this allocation or the distribution of the service awards from the Escrow Account.

## VIII.    COOPERATION IN IMPLEMENTATION OF STIPULATION

42.    The Parties agree that implementation of this Stipulation will require the execution of additional, mutually agreed upon documents, including documents that will need to be filed and/or entered in the Actions.  Moreover, as reflected herein, the Stipulation itself contains contingencies, including court approvals, that must be met before the terms of the Settlement become effective.  The Parties agree to work together and use reasonable efforts to attempt to execute the documents necessary to implement this Stipulation and satisfy the contingencies contained in this Stipulation within a reasonable time frame.

43.    Counsel for all Parties agree to recommend approval of the Stipulation by the Court and to undertake their best efforts and cooperate fully with one another in seeking

PAGE 32 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 32 of 126

approval of the Settlement, entry of the Preliminary Approval Order, entry of the Final Settlement Approval and Bar Order, and entry of the Final Judgment, and filing of the Notice of Dismissal; and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain entry of the Preliminary Approval Order, the Final Settlement Approval and Bar Order, and the Final Judgment, and to file the Notice of Dismissal. All Parties agree to take all reasonable actions necessary to effectuate the performance of, and uphold the validity and enforceability of, this Stipulation, subject to their rights of termination under Paragraph 35 and the Settling Defendants' right of withdrawal under Paragraph 37. Each of the Parties also agrees to cooperate with one another in responding to objections or oppositions to this Settlement or regarding said motions, with each Party bearing its own costs and attorneys' fees.

44.     Each Party shall bear its own costs and attorneys' fees in connection with implementing this Stipulation, including in connection with obtaining entry of the Preliminary Approval Order, the Final Settlement Approval and Bar Order, and the Final Judgment, and with filing the Notice of Dismissal. For avoidance of doubt, Settlement Class Counsel shall be responsible for filing the Preliminary Approval Motion, the Final Approval Motion, and the Notice of Dismissal.

45.     To the extent permitted by the Court, Settlement Class Counsel agrees to take reasonable steps to prevent the Settling Defendants from having to incur incremental litigation expenses.

### IX.    MISCELLANEOUS PROVISIONS

46.     <u>Recitals</u>. The Recitals set forth are incorporated herein by reference.

47.     <u>Headings</u>. All headings in this Stipulation are included solely for convenient reference, are not intended to be full and accurate descriptions of the contents of this Stipulation,

PAGE 33 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 33 of 126

and shall not affect the meaning or interpretation of this Stipulation.

48.    Confidentiality.  Other than disclosures required by law and as necessary for obtaining Court approval of the Settlement and entry of the Preliminary Approval Order, Final Settlement Approval and Bar Order, and Final Judgment, and making other filings in the Actions necessary to effectuate the Settlement, neither the Parties nor their counsel shall make, or direct or encourage the making by any other Person, any public comment regarding the claims against the Settling Defendants or the Settlement, other than to indicate that the Parties have reached a mutually acceptable resolution of the Actions with respect to Settling Defendants by way of a mediated settlement.

49.    Third-Party Beneficiaries.  Each of the Released Parties who is not a Party shall be a third-party beneficiary of this Stipulation.  No other Person shall be a third-party beneficiary to this Stipulation.

50.    No Oral Modification.  This Stipulation may not be amended, modified, or revoked except by means of a supplemental writing that is signed by each Party.

PAGE 34 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 34 of 126

51.     No Waiver.  Nothing in this Stipulation or in the negotiation or proceedings related hereto is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, joint-defense privilege, or work product immunity.  Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other Party.  No waiver, express or implied, by any Party of any breach or default in the performance by the other Party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

52.     Binding on Successors.  This Stipulation is binding on and shall inure to the benefit of the Parties and their respective successors and legal representatives, including executors, administrators, and heirs.

53.     Parties to Bear Own Fees and Costs.  Each Party shall bear its own costs for the negotiation of this Stipulation and the legal work required by this Stipulation.

54.     Governing Law and Venue.  This Stipulation has been executed under and shall be construed in accordance with the laws of the State of Texas and federal statutory and common law regarding class actions.  If there is any litigation or other proceeding to enforce or interpret any provision of this Stipulation, jurisdiction and venue shall be exclusively in the United States District Court for the Western District of Texas.  These choice of law and venue provisions apply only to the Stipulation and the Settlement.  Nothing in this Paragraph shall affect the law applicable to the Actions or any other action or any choice of law analysis in the Actions or any

PAGE 35 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 35 of 126

other action.  Further, no Person shall use this Paragraph in any way to draw any inferences or otherwise advocate regarding choice of law or venue in the Actions or any other action.

55.    Construction.  The rule of construction that an agreement is to be construed against the drafting Party is not to be applied in interpreting this Stipulation.  The Parties acknowledge that they have each read this Stipulation, that they understand its meaning and intent, and that this Stipulation has been executed voluntarily.

56.    Entire Agreement; Integration.  This Stipulation, the Confidential Allocation Agreement, and the Confidential Supplemental Agreement Regarding Requests for Exclusion constitute the full and complete expression of the Parties' agreement with regard to the Settlement.  This Stipulation and these agreements supersede any prior agreements, promises, negotiations, representations, inducements, settlements, compromises, or understandings, written or oral, among the Parties concerning resolution of the Actions.

57.    Counterparts.  This Stipulation may be executed in one or more counterparts, each of which is to be deemed an original.  All counterparts may be consolidated into one agreement, binding on all the Parties.

58.    Rule 11.  The Parties intend this Stipulation and Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs or the other Settlement Class Members against the Settling Defendants with respect to the Released Claims. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of the Actions, and any arguments in support of, assertions, or requests for sanctions are hereby withdrawn.  The Parties agree that the Settlement Amount and the other terms of the Stipulation were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and

PAGE 36 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 36 of 126

conducted by Retired United States District Judge Layn Phillips, and that the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

59.    Notices.  All notices required by this Stipulation shall be in writing and delivered by e-mail to each of the counsel for Plaintiffs and the Settling Defendants who are registered to receive ECF e-mail notices in either of the Actions, at the e-mails listed on the ECF docket in the Actions.

60.    Representation Regarding Authority to Execute Stipulation.  This Stipulation is being executed by counsel of record for the Parties in the Actions, each of whom represents and warrants that he or she has the authority from his or her clients to enter into this Stipulation, which has full force and effect as a binding obligation of such clients.

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

By:    _____
       Timothy S. DeJong
       209 SW Oak Street, Suite 500
       Portland, OR 97204
       Telephone: (503) 227-1600

**KAPLAN FOX & KILSHEIMER LLP**

By:    _____
       Peter S. Linden
       800 Third Ave., 38th Floor
       New York, NY 10022
       Telephone: (212) 687-1980

PAGE 37 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 37 of 126

conducted by Retired United States District Judge Layn Phillips, and that the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

59.    Notices.  All notices required by this Stipulation shall be in writing and delivered by e-mail to each of the counsel for Plaintiffs and the Settling Defendants who are registered to receive ECF e-mail notices in either of the Actions, at the e-mails listed on the ECF docket in the Actions.

60.    Representation Regarding Authority to Execute Stipulation.  This Stipulation is being executed by counsel of record for the Parties in the Actions, each of whom represents and warrants that he or she has the authority from his or her clients to enter into this Stipulation, which has full force and effect as a binding obligation of such clients.

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

By: _____
Timothy S. DeJong
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

**KAPLAN FOX & KILSHEIMER LLP**

By: _____
Peter S. Linden
800 Third Ave., 38th Floor
New York, NY 10022
Telephone: (212) 687-1980

PAGE 37 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 38 of 126

**LAW OFFICES OF RICHARD L. STONE, PLLC**

By: _____

Richard L. Stone
11 East 44th Street, Suite 1900
New York, NY 10017
Telephone: (561) 358-4800

**GRANT & EISENHOFER P.A.**

By: _____

Daniel L. Berger
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500

-    and    -

**DILWORTH PAXSON LLP**

By: _____

Catherine Pratsinakis
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103-7391
Telephone: (215) 575-7000

*Proposed Counsel for the Putative Settlement Class and Counsel for Plaintiffs*

**Defendant CohnReznick LLP**

By: _____

James Bernard
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000

**Defendant Crowe LLP**

By: _____

Kevin M. McDonough
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

PAGE 38 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 39 of 126

**LAW OFFICES OF RICHARD L. STONE, PLLC**

By: _____
Richard L. Stone
11 East 44th Street, Suite 1900
New York, NY 10017
Telephone: (561) 358-4800

**GRANT & EISENHOFER P.A.**

By: _____
Daniel L. Berger
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500

-    and    -

**DILWORTH PAXSON LLP**

By: _____
Catherine Pratsinakis
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103-7391
Telephone: (215) 575-7000

*Proposed Counsel for the Putative Settlement Class and Counsel for Plaintiffs*

**Defendant CohnReznick LLP**

By: _____
James Bernard
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000

**Defendant Crowe LLP**

By: _____
Kevin M. McDonough
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

PAGE 38 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 40 of 126

**LAW OFFICES OF RICHARD L. STONE, PLLC**

By: _____
Richard L. Stone
11 East 44th Street, Suite 1900
New York, NY 10017
Telephone: (561) 358-4800

**GRANT & EISENHOFER P.A.**

By: _____
Daniel L. Berger
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500

-   and   -

**DILWORTH PAXSON LLP**

By: _____
Catherine Pratsinakis
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103-7391
Telephone: (215) 575-7000

*Proposed Counsel for the Putative Settlement Class and Counsel for Plaintiffs*

**Defendant CohnReznick LLP**

By: _____
James Bernard
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000

**Defendant Crowe LLP**

By: _____
Kevin M. McDonough
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

PAGE 38 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 41 of 126

**LAW OFFICES OF RICHARD L. STONE, PLLC**

By: _____
    Richard L. Stone
    11 East 44th Street, Suite 1900
    New York, NY 10017
    Telephone: (561) 358-4800

**GRANT & EISENHOFER P.A.**

By: _____
    Daniel L. Berger
    485 Lexington Avenue
    New York, NY 10017
    Telephone: (646) 722-8500

-   and   -

**DILWORTH PAXSON LLP**

By: _____
    Catherine Pratsinakis
    Dilworth Paxson LLP
    1650 Market Street, Suite 1200
    Philadelphia, PA 19103-7391
    Telephone: (215) 575-7000

*Proposed Counsel for the Putative Settlement Class and Counsel for Plaintiffs*

**Defendant CohnReznick LLP**

By: _____
    James Bernard
    HOGAN LOVELLS US LLP
    390 Madison Avenue
    New York, NY 10017
    Telephone: (212) 918-3000

**Defendant Crowe LLP**

By: _____
    Kevin M. McDonough
    LATHAM & WATKINS LLP
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: (212) 906-1200

PAGE 38 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 42 of 126

**LAW OFFICES OF RICHARD L. STONE, PLLC**

By: _____

    Richard L. Stone
    11 East 44th Street, Suite 1900
    New York, NY 10017
    Telephone: (561) 358-4800

**GRANT & EISENHOFER P.A.**

By: _____

    Daniel L. Berger
    485 Lexington Avenue
    New York, NY 10017
    Telephone: (646) 722-8500

    -   and   -

**DILWORTH PAXSON LLP**

By: _____

    Catherine Pratsinakis
    Dilworth Paxson LLP
    1650 Market Street, Suite 1200
    Philadelphia, PA 19103-7391
    Telephone: (215) 575-7000

*Proposed Counsel for the Putative Settlement Class and Counsel for Plaintiffs*

**Defendant CohnReznick LLP**

By: _____

    James Bernard
    HOGAN LOVELLS US LLP
    390 Madison Avenue
    New York, NY 10017
    Telephone: (212) 918-3000

**Defendant Crowe LLP**

By: _____

    Kevin M. McDonough
    LATHAM & WATKINS LLP
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: (212) 906-1200

PAGE 38 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 43 of 126

**Defendant Margolin, Winer & Evens LLP**

By:    *Daniel E. Gorman*
_____
Daniel Gorman
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000


**Defendant RSM US LLP**

By:    Katherine M. Turner
_____
Katherine M. Turner
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000

**Defendant WithumSmith+Brown, PC**


By:    _____
Peter Larkin
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
150 E 42nd Street
New York, NY 10017
Telephone: (212) 490-3000

PAGE 39 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 44 of 126

**Defendant Margolin, Winer & Evens LLP**


By: _____

Daniel Gorman
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000


**Defendant RSM US LLP**


By: _____

Katherine M. Turner
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000

**Defendant WithumSmith+Brown, PC**

By: _____

Peter Larkin
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
150 E 42nd Street
New York, NY 10017
Telephone: (212) 490-3000


PAGE 39 – STIPULATION AND AGREEMENT OF SETTLEMENT

Exhibit 1
Page 45 of 126

# EXHIBIT A

Exhibit 1
Page 46 of 126

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, *et al.*, v. ASCENDANT CAPITAL, LLC, *et al.* | Case No. 1:19-CV-1050-RP |
| BARBARA DELUCA, *et al.* v. GPB HOLDINGS, LP, *et al.* | Case No. 1:19-cv-10498-LAK-JW |

**PROOF OF CLAIM AND RELEASE FORM**

## I. GENERAL INSTRUCTIONS

1. To be eligible to recover as a member of the Settlement Class based on your claims in the above-referenced Actions, you must complete and sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely Claim Form, your claim may be rejected and you may receive no recovery from the Net Settlement Fund created in connection with the proposed Settlement. Submission of this Claim Form, however, does not assure you will share in the proceeds of the Settlement.

2. **To be eligible to receive a share of the Net Settlement Fund, You MUST submit this claim form online at www.GPBSecuritiesSettlement.com no later than _____, 2025 or, if mailed, postmarked no later than _____, 2025 and sent to: GPB Securities Settlement, P.O. Box 2916, Portland, OR 97208-2916.**

3. Please completely read and understand the *Detailed Notice of (I) Pendency of Class Actions and Proposed Settlement with Certain Defendants; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses* (the "Notice") accompanying this Claim Form. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, the Plan of Allocation, and the way the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.[1] By signing and submitting this Claim Form, you are certifying that you have read and understand the Notice, including the terms of the releases described therein and herein.

4. This Claim Form is directed to all Persons who purchased or otherwise acquired limited partnership units in any GPB Funds between January 1, 2013 through December 31, 2018, inclusive, as well as any Persons who are transferees of such limited partnership units (the "Settlement Class"). The "GPB Funds" are: (i) GPB Holdings, LP; (ii) GPB Holdings Qualified, LP; (iii) GPB Automotive Portfolio, LP; (iv) GPB Holdings II, LP; (v) GPB Waste Management, LP (also known as Armada Waste Management LP); (vi) GPB Cold Storage, LP; (vii) GPB NYC Development, LP; (viii) GPB Holdings III, LP; and each of their predecessors, successors, subsidiaries, and affiliates.

5. If you are a member of the Settlement Class and you do not wish to participate in the Settlement, you must timely request exclusion following the procedures in the Notice or you will be bound by the terms of all judgments and orders entered in the Actions as against Settling Defendants, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT. You will also forfeit any right to future class recovery (if any) against any non-settling Defendants.

6. Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

## II. CLAIMANT INFORMATION

7. Use **Part I** entitled "Claimant Information" to confirm or identify the names and contact information of the owner(s) of limited partnership units in any GPB Funds. The Claim Form must be filed by the actual owner(s) or legal representative ("Claimant"). All joint owners must also sign the Claim Form. Separate Claim Forms should be submitted for each person, legal entity, or separately managed account (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in his individual name).

8. Executors, administrators, trustees, and all other legal representatives must complete and sign this Claim Form on behalf of the person or entity they represent, provide proof of authority, and identify their title or representative capacity. Social Security or Taxpayer Identification numbers will be used to verify the claim.

## III. PURCHASES, SALES, REDEMPTIONS, DISTRIBUTIONS AND OTHER RECOVERIES

9. Use **Part II** to confirm and/or provide information about your purchases, sales, redemptions, distributions, or other

---

[1] Please refer to the Stipulation and Agreement of Settlement, dated December 3, 2024, for all defined terms used in this Claim Form (indicated by initial capital letters), and available at www.GPBSecuritiesSettlement.com.

-1-

Exhibit 1
Page 47 of 126

recoveries you may have received in connection with limited partnership units of GPB Funds. Please include documentation with your Claim Form, if required. The Claims Administrator may request additional documentation to verify information on your Claim Form. Failure to respond could result in delays and/or the rejection of your claim.

10. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing, which takes time to complete fully and fairly. Please be patient. As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to an Authorized Claimant is less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

11. If you have questions concerning the Claim Form or require another copy, call the Claims Administrator at (888)550-9942, Monday through Friday between 9:00 a.m. to 5:00 p.m. ET, or go online at www.GPBSecuritiesSettlement.com.

12. Use **Part III** to acknowledge that by submitting a signed Claim Form, you are swearing to the truth of the statements contained therein and the genuineness of the documents submitted, under penalties of perjury. Making a false statement or submitting forged or fraudulent documentation will result in the rejection of your claim and may subject you to civil liability or criminal prosecution. You also acknowledge that by signing and submitting the Claim Form, you have read and understood that terms of the release of claims and make certain certifications. PLEASE READ PART III CAREFULLY.

13. **Submit your Claim Form to the Claims Administrator by the deadline.** Failure to submit your Claim Form by the deadline may result in the rejection of your claim and preclude you from being eligible to receive a payment from the Settlement. **Do not submit your Claim Form to the Court, Class Counsel, Defendants' Counsel, or any Parties to the Action.**

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name    MI    Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (if applicable)    MI    Joint Beneficial Owner's Last Name

Entity Name (if not an individual)

Representative or Custodian Name (if applicable and different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City    State/Province    Zip Code

Foreign Country (only if not USA)

Last four digits of SSN or TIN

Telephone Number (home)    Telephone Number (work)

Unitholder Account Number

Email Address

Claimant Account Type:
☐ Individual        ☐ Partnership        ☐ UGMA Custodian        ☐ IRA
☐ Corporation       ☐ Estate             ☐ Trust                 ☐ Other _____ (please specify)

-2-

Exhibit 1
Page 48 of 126

## PART II–TRANSACTIONS AND RECOVERIES IN GPB UNITS

Please review the information provided below about purchases you made in GPB Fund unit(s) and any recovery(ies) you have received to date, including from any sale, redemption, distribution, receivership distribution, or other source.

**CHECK HERE** ☐ **IF THE INFORMATION BELOW IS COMPLETE AND ACCURATE AND REMEMBER TO SIGN THE CLAIM FORM IN PART III BELOW.**

**1.  PURCHASES**

Below is a list of your purchases or acquisitions of limited partnership units of GPB Funds from January 1, 2013 through December 31, 2018, and the Total Principal Amount Paid, based on GPB records. If you believe this information is incorrect or incomplete, please provide (a) details in the space below and (b) supporting documentation.

| Date of Purchase (Month/Day/Year) | GPB Fund Name | Number of Units | Total Principal Amount Paid |
|---|---|---|---|
| /    / | | | $ |
| /    / | | | $ |
| /    / | | | $ |

**2.  SALES AND/OR REDEMPTIONS**

Below is a list of your sales and/or redemptions of units in GPB Funds from January 1, 2013 through December 31, 2018, based on GPB records. If you believe the information is incorrect or incomplete, please provide (a) details in the space below and (b) supporting documentation.

| Date of Sale (Month/Day/Year) | GPB Fund Name | Number of Units | Total Sales and/or Redemption Proceeds |
|---|---|---|---|
| /    / | | | $ |
| /    / | | | $ |
| /    / | | | $ |

**3.  DISTRIBUTIONS**

Below is a list of the Total Distributions you received from January 1, 2013 though the present, by GPB Fund, based on GPB records. If you believe the information is incorrect, please provide (a) details in the space below and (b) supporting documentation.

| GPB Fund Name | Total Distributions (per Purchase) |
|---|---|
| | $ |
| | $ |
| | $ |

**4.  PRIOR RECOVERIES**

Please identify all prior recoveries, if any, that you received in connection with your investment in GPB Funds by: (a) source of the recovery(ies) (*i.e.*, litigation, arbitration, GPB receivership distribution, settlement, judgment, award, or otherwise) and (b) Total Amount of Prior Recovery(ies).

| Source of Recovery(ies) | Total Amount of Prior Recovery(ies) |
|---|---|
| | $ |

-3-

Exhibit 1
Page 49 of 126

| | $ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER OR TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## PART III–SUBMISSION TO JURISDICTION OF COURT, RELEASE OF CLAIMS, CERTIFICATIONS, ACKNOWLEDGMENTS, AND SIGNATURE

**PLEASE READ THE RELEASE AND CERTIFICATION CAREFULLY AND SIGN THE CLAIM FORM. YOU <u>MUST</u> SIGN THIS CLAIM FORM TO BE ELIGIBLE FOR PAYMENT.**

14. By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: (a) I (We) submit this Claim Form under the terms of the Plan of Allocation described in the accompanying Notice and available for review at www.GPBSecuritiesSettlement.com; (b) I (We) submit to the jurisdiction of the United States District Court for the Western District of Texas - Austin Division (the "Court") with respect to my (our) claim as a member of the Settlement Class and for purposes of enforcing the releases set forth herein; and (c) I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in connection with the Settlement in the Action with respect to Settling Defendants, including the releases set forth therein.

15. By signing and submitting this Claim Form, I (we) hereby acknowledge that, pursuant to the terms in the Settlement Agreement, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective agents, representatives, attorneys, heirs, administrators, executors, beneficiaries, assigns, predecessors, and successors in interest, and any other Person claiming by, through, on behalf of, or for the benefit of any of them, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever released, covenanted not to sue, and discharged any and all Released Claims against (i) each of the Settling Defendants; (ii) the predecessors, successors, assigns, direct or indirect parents, direct or indirect subsidiaries, and affiliates of each of the Settling Defendants (including, without limitation, current or former member firms or correspondent firms within the same network as a Settling Defendant, all entities that manage the network in which any Settling Defendant is a member, and Baker Tilly US, LLP and Baker Tilly Advisory Group, LP); and (iii) each of the foregoing's current and former partners, limited partners, general partners, officers, directors, employees, legal and equitable owners, trustees, shareholders, members, managers, principals, agents, attorneys, legal representatives, affiliated persons or entities, predecessors, successors, assigns, direct or indirect parents, direct or indirect subsidiaries, affiliates, beneficiaries, assigns, heirs, executors, administrators, lenders, indemnitors, and insurers, and shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining, or seeking monetary or other relief respecting any and all of the Released Claims.

16. By signing and submitting this Claim Form, I (we) further certify and agree under penalty of perjury that:
   a. I (We) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement Agreement and the terms of the Plan of Allocation;
   b. I am (We are) a Settlement Class Member(s), as defined in the Notice, and I am (we are) not excluded by definition from the Settlement Class as set forth in the Notice;
   c. I (We) did <u>not</u> submit a request for exclusion from the Settlement Class and the *Kinnie Ma* Action;
   d. I (We) own(ed) units in the GPB Funds identified in the Claim Form during the Class Period and have not assigned the claim against any of the Settling Defendants;
   e. in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the claimant(s);
   f. other than as may be disclosed herein, I (we) have not submitted any other claim covering the same purchases of units in GPB Funds from 2013 – 2018 and know of no other person having done so on my (our) behalf;
   g. I (We) agree to furnish additional information and documentation with respect to this Claim Form as may be required by the Claims Administrator, Settlement Counsel, or the Court; and
   h. I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination;
   i. I (We) will be bound by and subject to the terms of any judgment(s) that may be entered with respect to the Actions as related to the Settling Defendants; and I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence).

I (We) declare under the penalty of perjury under the laws of the United States of America that the foregoing representations and information reflected on this Claim Form are true, correct, and complete, and that any documents submitted

Exhibit 1
Page 50 of 126

herewith are true and correct copies of what they purport to be.

**\*\*REMEMBER TO SIGN THE CLAIM FORM ON THE NEXT PAGE\*\***

Executed this ☐☐ day of ☐☐☐☐☐☐☐☐☐ , 2025

_____          _____
Signature of Claimant                            Print name of Claimant

_____          _____
Signature of Joint Claimant, if any              Print name of Joint Claimant

_____          _____
Signature of Person signing for Claimant      Print name of Person signing for Claimant

                                                     _____
                                                     Capacity of Person signing for Claimant,
                                                     if other than an individual (*e.g.*, executor,
                                                     trustee, administrator, power of attorney)

-5-

Exhibit 1
Page 51 of 126

## REMINDER CHECKLIST

1. Remember to sign the Claim Form.

2. Do <u>not</u> highlight the Claim Form or your supporting documents.

3. Attach only copies of documentation as these will not be returned.

4. Keep a copy of your Claim Form for your records.

5. You <u>must</u> submit this Claim Form online at www.GPBSecuritiesSettlement.com **no later than** _____**, 2025** or, if by mail, postmarked **no later than** _____**, 2025** and sent to: GPB Securities Settlement, P.O. Box 2916, Portland, OR 97208-2916.

6. The Claims Administrator will acknowledge receipt of your online Claim Form immediately online. If you decided to mail your Claim Form, you will receive a postcard confirmation in the mail within 60 days of your submission. Your mailed claim is not deemed filed until you receive an acknowledgement by postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator at (888)550-9942, Monday through Friday between 9:00 a.m. to 5:00 p.m. ET.

7. If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

8. Do <u>not</u> call the Court or the Settling Defendants with questions regarding your claim. If you have any questions or concerns regarding your claim, call the Claims Administrator at (888)550-9942, Monday through Friday between 9:00 a.m. to 5:00 p.m. ET, or visit www.GPBSecuritiesSettlement.com.

Exhibit 1
Page 52 of 126

# EXHIBIT B

Exhibit 1
Page 53 of 126

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KINNIE MA INDIVIDUAL RETIREMENT
ACCOUNT, *et al.*,

      *Plaintiffs*,

    v.

ASCENDANT CAPITAL, LLC, *et al.*,

      *Defendants*.

Case No. 1:19-CV-1050-RP

### [PROPOSED] FINAL SETTLEMENT APPROVAL AND BAR ORDER

WHEREAS, the above-captioned proposed class action (the "*Kinnie Ma* Action" or "this Action") is pending before this Court, with Timothy S. DeJong of Stoll Stoll Berne Lokting & Shlachter P.C.; Peter S. Linden of Kaplan Fox & Kilsheimer LLP; and Richard L. Stone of the Law Offices of Richard L. Stone, PLLC having been appointed co-lead counsel for Plaintiffs ("*Kinnie Ma* Counsel");

WHEREAS, a related proposed class action is pending in the United States District Court for the Southern District of New York, captioned *Deluca, et al. v. GPB Holdings, LP et al.*, No. 1:19-cv-10498-LAK (the "*DeLuca* Action") (collectively, with the *Kinnie Ma* Action, the "Actions"), with Daniel L. Berger of Grant & Eisenhofer P.A. and Catherine Pratsinakis of Dilworth Paxson LLP having been appointed as co-lead counsel for Plaintiffs ("*DeLuca* Counsel");

WHEREAS, Plaintiffs in the *Kinnie Ma* Action (Kinnie Ma IRA, Jeffery S. Gramm IRA, Stacy Greasor IRA, Victor Wade IRA, Kazue Bell, Dean Crooks, Corri Rene Eden, Catherine Kominos, Karen Loch, Robert A. Stone Living Trust, Shirley Stone Living Trust, Stanley S. and Millicent R. Barasch Living Trust, and Loretta Dehay (collectively the "*Kinnie Ma* Plaintiffs"))

1

Exhibit 1
Page 54 of 126

and Plaintiffs in the *DeLuca* Action (Barbara DeLuca, Drew R. Naylor, Peggy Rollo, Peter Beddia, Michael Oles, Robert Ricci, and James Staples, as Trustee of the 616 Moved Trust (collectively the "*DeLuca* Plaintiffs")), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), have determined to settle with prejudice all claims asserted in the Actions against Defendants CohnReznick LLP, Crowe LLP, Margolin Winer & Evens LLP, RSM US LLP, and WithumSmith+Brown, PC, (the "Settling Defendants") on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 3, 2024 (the "Stipulation"), subject to the approval of the Court (the "Settlement");

WHEREAS, the Stipulation provides that the Settlement shall be submitted to this Court for approval and that the *DeLuca* Plaintiffs and those Settling Defendants who are party to the *DeLuca* Action shall seek to maintain the stay currently in place in the *DeLuca* Action through and until the filing of a Notice of Dismissal in the *DeLuca* Action;

WHEREAS, unless otherwise defined in this Final Settlement Approval and Bar Order ("Final Approval Order"), the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 202__ (the "Preliminary Approval Order"), this Court: (a) found, solely for purposes of the Settlement and pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate, and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement only because the requirements of Rule 23(a) and 23(b)(3) have been or likely would be satisfied; (b) ordered that notice of the proposed Settlement and Final Approval Hearing be provided to Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class, or to

2

Exhibit 1
Page 55 of 126

object to the proposed Settlement; and (d) scheduled the Final Approval Hearing to consider final approval of the Settlement and entry of the Bar Order;

WHEREAS, due and adequate notice of the proposed Settlement Approval and Bar Order has been given to the Settlement Class Members;

WHEREAS, the Court conducted a Final Approval Hearing on _____, 202_ to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class and should therefore be approved; (b) whether a judgment should be entered dismissing the Action with prejudice against the Settling Defendants; and (c) whether the proposed Bar Order should be entered; and

WHEREAS, the Court having reviewed and considered: (a) the *Kinnie Ma* Plaintiffs' *Motion for Final Approval of the Settlement*, and the papers filed and arguments made in connection therewith; (b) the Stipulation and the Exhibits attached thereto; (c) all proceedings held herein in connection with the Settlement; (d) all objections to the Settlement submitted to the Court within the deadline provided by the Notice; and (e) the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  **Jurisdiction.**  The Court has jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation, and/or enforcement of the Settlement, the Stipulation, and this Final Approval Order.

2.  **Incorporation of Settlement Documents.**  This Final Approval Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 3, 2024, and all Exhibits attached thereto, including the Proof of Claim and Release Form, Notice and the Summary Notice filed with the Court on December 3, 2024.

Exhibit 1
Page 56 of 126

3.      **Certification of Class for Settlement Purposes.**  The Court hereby certifies for the purposes of the Settlement only, the following Settlement Class, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure:

> All Persons (as defined in the Stipulation) who, directly or through an intermediary, purchased or otherwise acquired limited partnership units in any of GPB Holdings, LP; GPB Holdings Qualified, LP; GPB Automotive Portfolio, LP; GPB Holdings II, LP; GPB Waste Management, LP (also known as Armada Waste Management LP); GPB Cold Storage, LP; GPB NYC Development, LP; GPB Holdings III, LP; and each of their predecessors, successors, subsidiaries, and affiliates (collectively, the "GPB Funds") during the period of January 1, 2013 through December 31, 2018 (the "Class Period") and suffered a loss thereby, as well as any Persons who are transferees of such limited partnership units (except for certain individuals and entities that have been excluded from the Settlement Class that are described as follows).  The Settlement Class does not include: (a) Defendants in the Actions or their affiliates; (b) present or former executive directors or officers of GPB Capital Holdings, LLC, the GPB Funds, Ascendant Capital, LLC, Ascendant Alternative Strategies, LLC, or Axiom Capital Management, Inc.; (c) the legal representatives, heirs, successors-in-interest, or assigns of any Person within subsection (a) or (b) of this Paragraph; (d) members of the immediate family of any natural Person within subsection (a) or (b) of this Paragraph; (e) any entity in which any Person within subsection (a) or (b) of this Paragraph has, or had during the Class Period, a controlling interest; and (f) any affiliate of GPB Capital Holdings, LLC.  For purposes of this definition, "immediate family" means a natural Person's parent, sibling, spouse, or child.

4.      **Class Certification Class Findings.**  For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met, as follows: (a) the members of the Settlement Class are so numerous that their joinder would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have and will fairly and adequately represent

4

Exhibit 1
Page 57 of 126

and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action for purposes of the proposed Settlement.  These findings are made solely for the purposes of the Settlement, and are without prejudice to, or waiver of, the right of any non-Settling Defendants to contest certification of any other class proposed in this Action.  Further, the Court's finding in this Final Approval Order shall have no effect on any motion to certify any class in this Action, the *DeLuca* Action, or any other action, and no Person may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

5.       **Adequacy of Representation.**  Pursuant to Rule 23(e)(2)(A) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Plaintiffs as Settlement Class Representatives for the Settlement Class.  For purposes of Settlement only, the Court finds that the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members and that Plaintiffs have fairly and adequately represented the Settlement Class pursuant to Federal Rule of Civil Procedure Rule 23(a).  The Court hereby appoints Timothy S. DeJong of Stoll Stoll Berne Lokting & Shlachter, P.C.; Daniel L. Berger of Grant & Eisenhofer P.A.; Catherine Pratsinakis of Dilworth Paxson LLP, Peter S. Linden of Kaplan Fox & Kilsheimer LLP; and Richard L. Stone of the Law Offices of Richard L. Stone, PLLC;  as Settlement Class Counsel.  The Court finds that Settlement Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Actions and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(g).

Exhibit 1
Page 58 of 126

6.	**Notice.**  The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of this Action; (ii) the effect of the proposed Settlement (including the releases and Bar Order to be provided thereunder); (iii) the Fee and Expense Application; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement and Bar Order; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.  The Court further finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

7.	**Opportunity to Object.**  A full and fair opportunity was accorded to all Settlement Class Members to be heard with respect to the Settlement and proposed Bar Order.  A full and fair opportunity was also accorded to the non-Settling Defendants to be heard with respect to the Settlement and proposed Bar Order.

8.	**Objections.**  The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that each of the objections is without merit, and those objections are hereby overruled.]

Exhibit 1
Page 59 of 126

9.      **Final Settlement Approval and Dismissal of Claims.**  Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the Settlement Amount, the releases provided for therein, and the dismissal with prejudice of the claims asserted against Settling Defendants in the Actions), and finds that the Settlement is, in all respects, fair, reasonable, and adequate.  Specifically, the Court finds that (a) the Settlement Class Representatives and Settlement Class Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Net Settlement Fund to the Settlement Class, and the proposed attorneys' fee and expense award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10.      **Execution of the Settlement.**  To the extent they have not already done so, Settlement Class Representatives, the other Settlement Class Members, and Settling Defendants are hereby directed to perform the terms of the Stipulation.  Without further order of the Court and in accordance with the provisions of the Stipulation concerning modification and amendment, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

11.      **Dismissal of Claims.**  All the claims asserted against Settling Defendants in this Action by *Kinnie Ma* Plaintiffs and the other Settlement Class Members are hereby dismissed

Exhibit 1
Page 60 of 126

with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

12.    **Binding Effect.**  The terms of the Stipulation and of this Final Approval Order shall be forever binding on Settling Defendants, Settlement Class Representatives, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns, including any and all releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.  [The persons and entities listed on Exhibit 1 hereto are hereby found to be Settlement Class Opt-Outs and are therefore excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Final Approval Order. Such Settlement Class Opt-Outs will receive no payment from this Settlement, have forfeited any right to future class recovery (if any) against any non-settling Defendants, and will not participate in proceedings in the *Kinnie Ma* Action or be legally bound by any of the Court's orders or judgments in the *Kinnie Ma* Action.  However, such Settlement Class Opt-Outs will retain any individual rights they may still have with respect to Settling Defendants and other non-settling Defendants related to matters alleged in the Actions.

13.    **Releases.**  The releases and covenants not to sue set forth in Section IV of the Stipulation, together with the definitions contained in Section I of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to Paragraph 14 below, upon the Effective Date, each of the Releasing Parties fully, finally, and

8

Exhibit 1
Page 61 of 126

forever releases, covenants not to sue, and discharges each of the Released

Parties from any and all Released Claims held by, on behalf of, for the

benefit of, or in the name of any Settlement Class Member who is not a

Settlement Class Opt-Out and shall forever be barred and enjoined from

commencing, instituting, prosecuting, maintaining, or seeking monetary or

other relief respecting any and all of the Released Claims.  The Released

Parties may plead this Stipulation as a complete defense to any Released

Claims brought in contravention hereof.  For the avoidance of doubt, all

claims against non-Settling Defendants in the Actions are expressly

reserved.

(b)     Without further action by anyone, and subject to Paragraph 14 below,

upon the Effective Date, each Settling Defendant, on behalf of itself, and

its heirs, executors, trustees, administrators, predecessors, successors, and

assigns, shall fully, finally, and forever release, covenant not to sue, and

discharge any and all Settling Defendants' Released Claims against each

and every one of the Settlement Class Members (other than the Settlement

Class Opt-Outs) and shall forever be barred and enjoined from

commencing, instituting, prosecuting, maintaining or seeking monetary or

other relief respecting any and all of the Settling Defendants' Released

Claims against any and all of the Settlement Class Members (other than

the Settlement Class Opt-Outs).

9

Exhibit 1
Page 62 of 126

14.     Notwithstanding Paragraphs 13(a)–(b) above, nothing in this Final Approval Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Final Approval Order.

15.     **Bar Order.**  Upon the Effective Date, any and all past, present, and future claims against any of the Released Parties by any Person of any nature whatsoever in any way arising out of or related to the claims or allegations that have been or could have been asserted by Plaintiffs or any Settlement Class Member (other than the Settlement Class Opt-Outs) in either of the Actions or claiming any liability to any Plaintiff or any Settlement Class Member (other than the Settlement Class Opt-Outs), including, without limitation, all claims, suits, actions, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, restitution, and disgorgement), liabilities, causes of action, complaints, lawsuits, responsibilities, demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, losses, and obligations of any kind, known or unknown, foreseen or unforeseen, whether apparent or concealed, asserted or unasserted, existing or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by, on behalf of, for the benefit of, or in the name of the Settlement Class Members (other than the Settlement Class Opt-Outs), whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, that now exist or have ever existed from the beginning of time until the date of the Stipulation, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (together, with the order in Paragraph 16 below, the "Bar Order").  The scope and preclusive effect of this Bar Order shall be as broad as permissible under federal and state law, provided, however, that the Bar Order shall not release

10

Exhibit 1
Page 63 of 126

or alter the contractual rights, if any, under the terms of any written agreement between or among the Settling Defendants, and shall not preclude either (i) Settling Defendants from seeking to enforce any rights they may have under any applicable insurance policies, or (ii) any right of indemnification or contribution that individual Settling Defendants may have under contract.

16.     **Bar of Contribution and Indemnification Claims.**  Without in any way limiting the order set forth in Paragraph 15, the non-Settling Defendants and any future defendants in the Actions, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any of the foregoing, and all in active concert with any of the foregoing, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any claim for contribution or indemnity against any of the Released Parties.

17.     **Judgment Reduction.**  In the event that any Settlement Class Member or anybody acting on a Settlement Class Member's behalf obtains any final verdict or judgment in the Actions against any individual or entity subject to the Bar Order provided for herein, to the extent permitted by law that judgment shall be reduced *pro tanto* (*i.e.*, dollar-for-dollar) by the Settlement Amount if the judgment is awarded on a class-wide basis, or the portion thereof attributable to such Settlement Class Member if the judgment is awarded on an individual basis.

18.     **Rule 11 Findings.** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Actions.

19.     **No Admissions.**  Neither this Final Approval Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation described therein (or any other plan of allocation that may be approved by the Court); nor the negotiations leading to

11

Exhibit 1
Page 64 of 126

the Settlement or the execution of the Stipulation; nor any proceedings taken pursuant to or in connection with the Stipulation and/or the approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants;

(b)     shall be offered against any of the Settlement Class Members, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settlement Class Members that any of their claims are without merit, that any of the Settling Defendants had meritorious defenses, or that damages recoverable under the complaints in the Actions would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind;

(c)     shall be in any way referred to for any other reason as against any of the Plaintiffs or the Settling Defendants, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

12

Exhibit 1
Page 65 of 126

(d)   shall be construed against any of the Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered at trial;

provided, however, that the Parties and their respective counsel may refer to this Final Approval Order and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

20.   **Retention of Jurisdiction.**  Without affecting the finality of this Final Approval Order or the Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement and the Stipulation; (b) the disposition of the Settlement Fund; (c) the Fee and Expense Application; (d) any motion to approve the Plan of Allocation; (e) any motion for entry of an order directing distribution to Settlement Class Members; and (e) the Settlement Class Members for all matters relating to this Action.

21.   **Plan of Allocation.**  The Court finds that the Plan of Allocation is rationally based on legitimate considerations and treats Settlement Class Members (including the Settlement Class Representatives) fairly and equally.  The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Authorized Claimants and directs that Settlement Class Counsel and the Claims Administrator implement the Plan of Allocation.

22.   **Fee and Expense Award.**  A separate order shall be entered regarding approval of the Fee and Expense Application.  Such order shall in no way affect or delay the finality of this Final Approval Order and shall not affect or delay the Effective Date of the Settlement.

13

Exhibit 1
Page 66 of 126

23.     **Modification of the Stipulation.**  Without further approval from the Court, Settlement Class Representatives and Settling Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto, in accordance with the provisions of the Stipulation concerning modification and amendment, to effectuate the Settlement that: (a) are not materially inconsistent with this Final Approval Order and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Settlement Class Representatives and Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

24.     **Termination of Settlement.**  If the Effective Date of the Settlement fails to occur, this Final Approval Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Final Approval Order shall be without prejudice to the rights of Settlement Class Representatives, the other Settlement Class Members, and Settling Defendants, and the Parties shall revert to their respective positions in the Actions immediately prior to their agreement in principle to settle on June 14, 2024, as provided in the Stipulation.

25.     **Entry of Settlement Approval and Bar Order.**  There is no just reason to delay the entry of this Final Approval Order approving the Settlement and imposing the Bar Order.

SO ORDERED this _____day of _____20____

_____
The Honorable Robert Pitman
United States District Judge

14

Exhibit 1
Page 67 of 126

# EXHIBIT C

Exhibit 1
Page 68 of 126

**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ASCENDANT CAPITAL, LLC, *et al.*, <br><br> Defendants. | Case No. 1:19-CV-1050-RP <br><br> **[PROPOSED] JUDGMENT** <br> **PURSUANT TO FED. R. CIV. P. 54(b)** |

WHEREAS, this matter came before the Court for hearing on

_____, 2025, regarding Plaintiffs' Motion for Final Approval

("Motion") of the Stipulation and Agreement of Settlement, dated December 3, 2024 (the

"Stipulation"), between Plaintiffs[1] in this action and a related action, *DeLuca, et al. v. GPB*

*Holdings, LP*, *et al.*, No. 1:19-CV-10498-LAK-JW (S.D.N.Y.) (the "*DeLuca* Action"),

individually and on behalf of all others similarly situated, and certain Defendants in those

actions, namely, CohnReznick LLP, Crowe LLP, Margolin Winer & Evens LLP, RSM US LLP,

and WithumSmith+Brown, PC (the "Settling Defendants"), reflecting a settlement between

Plaintiffs and Settling Defendants (the "Settlement");

WHEREAS, having considered the Motion, the exhibits and declarations attached

thereto, and all other filings and argument related to the Motion, the Court finally approved the

_____

[1] "Plaintiffs" are the Plaintiffs in this action (Kinnie Ma IRA, Jeffery S. Gramm IRA, Stacy Greasor IRA, Victor Wade IRA, Kazue Bell, Dean Crooks, Corri Rene Eden, Catherine Kominos, Karen Loch, Robert A. Stone Living Trust, Shirley Stone Living Trust, Stanley S. and Millicent R. Barasch Living Trust, Loretta Dehay) and the Plaintiffs in the *DeLuca* Action (Barbara DeLuca, Drew R. Naylor, Peggy Rollo, Peter Beddia, Michael Oles, Robert Ricci, and James Staples, as Trustee of the 616 Moved Trust).

1

Exhibit 1
Page 69 of 126

Settlement for the reasons set forth in the accompanying Order finally approving the Settlement ("Final Approval Order");

NOW, THEREFORE, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and consistent with the terms of this Court's Final Approval Order, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED**:

1. **Defined Terms.** Unless otherwise noted, capitalized terms herein shall have the same meaning accorded to them in the Final Approval Order and the Stipulation.

2. **Final Approval.** All provisions and findings of the Final Approval Order, which the Court entered on _____, 202_ are **APPROVED** and are expressly incorporated herein.

3. **Dismissal of Claims Against Settling Defendants.** All claims against Settling Defendants asserted in this Action are hereby dismissed with prejudice according to the terms of the Stipulation and the Final Approval Order, without fees or costs to any of the Plaintiffs, the Settlement Class, or the Settling Defendants, except as otherwise provided in the Final Approval Order or the Court's order addressing Plaintiffs' motion for an award of attorneys' fees, expenses, and service awards.

4. **Entry of Final Judgment.** The Court finds that it is in the best interests of the Settlement Class Members that the Settlement proceeds be disbursed as soon as possible, and because the Settlement resolves all claims as to the Settling Defendants, the Court expressly finds that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay, and orders that Judgment as provided herein be entered as to fewer than all parties, namely the Settling Defendants, and fewer than all claims in the action, namely all claims asserted against the Settling Defendants.

Exhibit 1
Page 70 of 126

Accordingly, the Clerk of the Court is expressly directed to immediately enter this

Judgment pursuant to Fed. R. Civ. P. 54(b).

SO ORDERED this _____day of _____20___

_____
The Honorable Robert Pitman
United States District Judge

3

Exhibit 1
Page 71 of 126

# EXHIBIT D

Exhibit 1
Page 72 of 126

**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ASCENDANT CAPITAL, LLC, *et al.*, <br><br> *Defendants*. | Case No. 1:19-CV-1050-RP |
| BARBARA DELUCA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GPB HOLDINGS, LP, *et al.*, <br><br> *Defendants*. | Case No. 1:19-cv-10498-LAK-JW |

**DETAILED NOTICE OF (I) PENDENCY OF CLASS ACTIONS**
**AND PROPOSED SETTLEMENT WITH CERTAIN DEFENDANTS; (II) FINAL**
**APPROVAL HEARING; AND (III) MOTION FOR**
**ATTORNEYS' FEES AND LITIGATION EXPENSES**

TO:     All Persons who, directly or through an intermediary, purchased or otherwise acquired limited partnership units in any of the GPB Funds during the Class Period (January 1, 2013 through December 31, 2018, inclusive) and suffered a loss thereby, as well as any Persons who are transferees of such limited partnership units (except for certain individuals and entities that have been excluded from the Settlement Class, as described in response to Question 6 below).

"GPB Funds" are: (i) GPB Holdings, LP; (ii) GPB Holdings Qualified, LP; (iii) GPB Automotive Portfolio, LP; (iv) GPB Holdings II, LP; (v) GPB Waste Management, LP (also known as Armada Waste Management LP); (vi) GPB Cold Storage, LP; (vii) GPB NYC Development, LP; and/or (viii) GPB Holdings III, LP; and each of their predecessors, successors, subsidiaries, and affiliates.

*If you are receiving this Notice about the Settlement, you have been identified as a potential member of the Settlement Class and may be eligible to receive a settlement payment.*

*A Court has authorized this Notice. You are **not** being sued. This is **not** a solicitation from a lawyer. Please read this notice carefully and in its entirety. Your rights may be affected by*

1

Exhibit 1
Page 73 of 126

*proceedings in the Actions.*

*IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT WITH CERTAIN DEFENDANTS DESCRIBED IN THIS NOTICE.*

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. IF YOU ARE A MEMBER OF THE CLASS, YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU ACT. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID CLAIM FORM **POSTMARKED (IF MAILED) OR RECEIVED (IF SUBMITTED ONLINE) ON OR BEFORE _____, 2025**.

The purpose of this Notice is to inform you of the pendency of two putative class action lawsuits concerning your investment in the GPB Funds, and the class settlement of those lawsuits with certain Defendants. One class action is pending in the United States District Court for the Western District of Texas, Austin Division (the "Court"), known as *Kinnie Ma Individual Ret. Acct., et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-CV-1050-RP; and the other class action is pending in the United States District Court for the Southern District of New York, known as *DeLuca, et al. v. GPB Holdings, LP, et al.*, No. 1:19-CV-10498-LAK (together, the "Actions").

The named Plaintiffs in the Actions (the "Settlement Class Representatives"), on behalf of themselves and the Settlement Class defined herein, and Defendants CohnReznick LLP; Crowe LLP; Margolin, Winer & Evens LLP; RSM US LLP; and WithumSmith+Brown, PC (the "Settling Defendants") agreed to fully and finally resolve all claims raised against them in the Actions in consideration of Settling Defendants' combined payment of Forty-Six Million United States Dollars ($46,000,000) in cash. Plaintiffs in the Actions asserted claims against other Defendants who are not part of this proposed Settlement. If approved, this Settlement will resolve claims against the Settling Defendants only. Claims against certain other Defendants may continue in accordance with the schedule and other terms directed by the Court.

On DATE, the Court will hold a hearing (the "Final Approval Hearing") to consider the fairness, reasonableness, and adequacy of the Settlement as well as Settlement Class Counsel's request for attorneys' fees and expenses and service awards for the Settlement Class Representatives. This Notice describes what steps you may take in relation to the Settlement and the Actions.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Actions as to any of the Settling Defendants or the merits of the claims or defenses asserted by or against the Settling Defendants in

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the parties' Stipulation and Agreement of Settlement, dated December 3, 2024 (the "Settlement Agreement"), which is available for review at www.GPBSecuritiesSettlement.com.

2

Exhibit 1
Page 74 of 126

the Actions.  This Notice is solely to advise you of the proposed partial Settlement of the Actions and your rights in connection therewith.

You are included in the proposed "Settlement Class" if you, directly or through an intermediary, purchased or otherwise acquired limited partnership units in any of the GPB Funds between January 1, 2013 through December 31, 2018, inclusive, and suffered a loss thereby, as well as any Persons who are transferees of such limited partnership units (subject to certain exclusions described in response to Question 6 below).

Members of the Settlement Class with a Net Loss will be eligible to receive a *pro rata* (meaning proportional) portion of the Net Settlement Fund, but the exact amount is not yet known. More information on how this amount will be calculated is contained in this Notice. To claim your share of the settlement proceeds, you must submit a valid Claim Form postmarked (if mailed) or received (if submitted online) on or before ____, 2025.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | **All Settlement Class Members must submit a claim by _____, 2025 to be eligible to receive a settlement payment.** |
| | If the Court ultimately approves the Settlement, you will be eligible to receive a payment if you submitted a timely, complete Claim Form and the Claims Administrator determines that you suffered a "Net Loss" resulting from your investment in any GPB Funds. The amount of your payment will be a proportional or "pro rata" share of the Net Settlement Fund based on your Net Loss resulting from your investment in any GPB Fund(s). Net Loss and calculation of settlement payments are explained in more detail in response to Question 9 below. |
| | Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Claims Administrator") has been appointed as the "Claims Administrator" responsible for administering the Settlement. After you submit your timely Claim Form, Epiq will determine each claimant's Net Loss as set forth in the Plan of Allocation using information provided and/or verified by claimants during the claims process. |
| | If your Claim Form is deemed deficient or rejected, you will have an opportunity to contest and/or cure the basis for the deficiencies or rejection by providing additional information and supporting documents. |
| | Once all disputes are resolved, Epiq will finalize the Net Loss amounts and calculate each claimant's individual settlement |

3

Exhibit 1
Page 75 of 126

| | |
|---|---|
| | payment and share of the Net Settlement Fund as described in the in response to Question 9 below. |
| **DO NOTHING** | If you do nothing, you will not receive a settlement payment, and you will be bound by the Court's orders and judgments and give up any right to sue the Settling Defendants for claims in any way related to the claims asserted against them in these Actions. |
| **EXCLUDE YOURSELF (OPT OUT)** | If you exclude yourself from the Settlement Class, you will receive no settlement payment and will have no right to object to the Settlement. You will not participate in proceedings in the *Kinnie Ma* Action or be legally bound by any of the Court's orders or judgments in the *Kinnie Ma* Action and you will also forfeit any right to future class recovery (if any) against any non-settling Defendants. You will retain only any individual rights you may still have against the Settling Defendants and other non-settling Defendants related to the matters alleged in the Actions. <br><br> **If you wish to exclude yourself (opt out) from the Settlement Class, you must submit a request for exclusion postmarked on or before _____, 2025 and follow the instructions in the response to Question 17 of this Notice.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement and/or the request for attorneys' fees and expenses. You will still be a Settlement Class Member. **Objections must be *received* by the Court and counsel on or before _____, 2025. If you submit a written objection, you may (but do not have to) attend the Final Approval Hearing.** |
| **FINAL APPROVAL HEARING ON _____, 2025** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak at the Final Approval Hearing must be *received* by the Court and counsel on or before _____, 2025.** |

## STATEMENT OF CERTAIN KEY TERMS

### Statement of Settlement Amount

A $46,000,000 settlement fund has been established pending approval by the Court (the "Settlement Amount"). If the Settlement Amount is approved by the Court, anyone who purchased or acquired an interest in any GPB Fund during the Class Period (as defined below), or who subsequently become a transferee of such partnership units (subject to certain exclusions described in response to Question 6 below), submits a valid Claim Form by _____, 2025, has suffered

4

Exhibit 1
Page 76 of 126

a Net Loss, and does not opt out from the Settlement Class, will be a member of the Settlement Class eligible to receive a payment out of the Net Settlement Fund.

**Statement of Potential Outcome of Case**

The Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable even if the Settlement Class prevailed on each claim alleged. Settling Defendants have denied and continue to deny that they violated any laws or engaged in any wrongdoing. Settling Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages.  The issues on which the Parties disagree are many, but include whether Settling Defendants engaged in conduct that would give rise to any liability to the Settlement Class for the claims alleged in the Actions related to the GPB Funds and whether Settling Defendants have valid defenses to any such claims.

**Statement of Attorneys' Fees and Expenses Sought**

Since inception of these Actions, the attorneys working on behalf of Plaintiffs ("Settlement Class Counsel") have expended considerable time and effort in the prosecution of the Actions on a wholly contingent basis and have further advanced the expenses of the Actions in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery.  Consistent therewith, Settlement Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Amount. Settlement Class Counsel will also apply for payment or reimbursement of reasonable costs and expenses incurred in prosecuting the Actions, including the costs associated with hiring Epiq to administer the Settlement.

Additionally, Settlement Class Counsel will request a Service Award for the Settlement Class Representatives, to be paid from the Settlement Fund for helping to bring and settle the case. The Settlement Class Representatives will seek no more than $10,000 each as an incentive award, but the Court may award less than this amount.

**Reasons for the Settlement**

Settlement Class Representatives' principal reason for entering into the Settlement is that it provides substantial benefits to the Settlement Class *now*, without further risk or the delays inherent in continued litigation.  The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery—or, indeed, no recovery at all—might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Settling Defendants, who have denied and continue to deny all allegations, liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and distraction inherent in any litigation, especially in complex cases such as the Actions.

**Further Information**

For further information regarding the Actions, this Notice, or the Settlement Agreement, please contact Epiq at (888) 550-9942, Monday through Friday between 9:00 a.m. to 5:00 p.m. ET, or visit www.GPBSecuritiesSettlement.com. You may also contact Settlement Class Counsel:

5

Exhibit 1
Page 77 of 126

**STOLL STOLL BERNE**
**LOKTING & SHLACHTER P.C.**
Timothy S. DeJong
209 SW Oak Street, Suite 500
Portland, OR 97204
Tel: (503) 227-1600
Fax: (503) 227-6840
Email: tdejong@stollberne.com

**GRANT & EISENHOFER P.A.**
Daniel L. Berger
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com

**DILWORTH PAXSON LLP**
Catherine Pratsinakis
1650 Market Street, Suite 1200
Philadelphia, PA 19103-7391
Tel: (215) 575-7000
Email: cpratsinakis@dilworthlaw.com

**KAPLAN FOX & KILSHEIMER LLP**
Peter S. Linden
800 Third Avenue, 38th Floor
New York, New York 10022
Tel.: (212) 687-1980
Fax: (212)687-7714
Email: plinden@kaplanfox.com

**LAW OFFICE OF RICHARD L. STONE PLLC**
Richard L. Stone
11 East 44th Street, Suite 1900
New York, New York 10017
Tel.: (561) 358-4800
Email: rstoneesq@rstoneesq.com

**Do Not Call the Court, the Clerk's Office, or Defendants with Questions About the Settlement.**

## BACKGROUND INFORMATION

| 1. | Why was this Notice issued and why did I get it? |
|---|---|

6

Exhibit 1
Page 78 of 126

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an account for which you serve as custodian may have purchased or otherwise acquired limited partnership units in any of the GPB Funds between January 1, 2013 through December 31, 2018, inclusive (the "Class Period"), or subsequently may have become a transferee of such limited partnership units (subject to certain exclusions described in the response to Question 6 below).

This Notice explains the Actions, Settlement, and Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Settlement Class Representatives brought their putative class action lawsuits against certain Defendants. The Settling Defendants are CohnReznick LLP; Crowe LLP; Margolin, Winer & Evens LLP; RSM US LLP; and WithumSmith+Brown, PC.

The Settlement contemplates the resolution of all claims against only the Settling Defendants in two proposed class actions lawsuits: *Kinnie Ma Individual Ret. Acct., et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-CV-1050-RP (the "*Kinnie Ma* Action"), pending in the United States District Court for the Western District of Texas and *Deluca, et al. v. GPB Holdings, LP, et al.*, No. 1:19-cv-10498-LAK (the "*DeLuca* Action"), pending in the United States District Court for the Southern District of New York.

The Settling Parties have asked the United States District Court for the Western District of Texas, Austin Division, to review the fairness and reasonableness of the terms of the Settlement, Plan of Allocation, and Settlement Class Counsels' request for attorneys' fees and reimbursement of expenses and service awards to the Settlement Class Representatives.

## 2.    What is a Class Action?

In a class action, one or more people called the class representatives sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

This Settlement involves two proposed class action lawsuits brought by the Settlement Class Representatives (1) Kinnie Ma IRA; Jeffery S. Gramm IRA; Stacy Greasor IRA; Victor Wade IRA; Kazue Bell; Dean Crooks; Corri Rene Eden; Catherine Kominos; Karen Loch; Robert A. Stone Living Trust; Shirley Stone Living Trust; Jeffrey Barasch; and Loretta Dehay ("*Kinnie Ma* Plaintiffs"); and (2) Barbara DeLuca; Drew R. Naylor; Peggy Rollo; Peter Beddia; Michael Oles; Robert (Bob) Ricci; and James Staples, as Trustee of the 616 Moved Trust ("*DeLuca* Plaintiffs").

## 3.    What is this lawsuit about?

Exhibit 1
Page 79 of 126

The Settlement Class Representatives alleged that the Settling Defendants committed negligence, fraud, and/or aided and abetted fraud or a breach of fiduciary duty by issuing false audit opinions and allowing the dissemination of materially false and misleading financial statements and marketing materials that concealed related party transactions and the true financial condition of the GPB Funds. Plaintiffs in the *Kinnie Ma* Action also alleged violations of the Texas Securities Act related to the sale of unregistered securities.

## 4.    Why is there a Settlement?

The Settling Defendants deny that they violated any laws or engaged in any wrongdoing. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

The Court has not decided in favor of Plaintiffs or the Settling Defendants. Instead, both sides agreed to the Settlement to avoid the uncertainties and expenses associated with further litigation, and the Settlement Class Representatives agreed to the Settlement in order to ensure that the Settlement Class Members receive compensation. Settlement Class Representatives and Settlement Class Counsel believe that the claims asserted against Settling Defendants have merit. They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Settling Defendants through the completion of discovery, certification of the class, summary judgment, trial, and appeals, as well as the substantial risks they would face in establishing liability and damages.

Settling Defendants have argued, and would continue to argue, that they did not violate any laws or engage in any wrongdoing. Overcoming these arguments would have presented significant challenges to Plaintiffs. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Settlement Class Representatives and Settlement Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Settlement Class Representatives and Settlement Class Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $46,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Actions would produce smaller, or no, recoveries after full discovery, a class certification motion, summary judgment, trial, and appeals, possibly years in the future. Settling Defendants are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigations in two separate jurisdictions. Each Settling Defendant denies any wrongdoing and denies that Settlement Class Representatives have asserted any valid claims as to any of them, and expressly denies any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

## 5.    How do I know if I am in the Settlement Class?

The **Settlement Class** is defined as: all Persons who, directly or through an intermediary, purchased or otherwise acquired limited partnership units in any of the GPB Funds during the Class Period (January 1, 2013 through December 31, 2018, inclusive) and suffered a loss thereby, as well as any Persons who are transferees of such limited partnership units (subject to certain exclusions described immediately below).

Exhibit 1
Page 80 of 126

The Settlement Class does not include: (a) Defendants named in the *DeLuca* and *Kinnie Ma* Actions or their affiliates; (b) present or former executive directors or officers of GPB Capital Holdings, LLC, the GPB Funds, Ascendant Capital, LLC, Ascendant Alternative Strategies, LLC, and/or Axiom Capital Management, Inc.; (c) the legal representatives, heirs, successors-in-interest, or assigns of any Person within subsection (a) or (b) of this Paragraph; (d) members of the immediate family of any natural Person within subsection (a) or (b) of this Paragraph; (e) any entity in which any Person within subsection (a) or (b) of this Paragraph has, or had during the Class Period, a controlling interest; and (f) any affiliate of GPB Capital Holdings, LLC. For purposes of this definition, "immediate family" means a natural Person's parent, sibling, spouse, or child.

Receipt of this Notice means that you have been identified as a potential member of the Settlement Class. If you do not believe that is correct, please contact Epiq at (888) 550-9942, between 9:00 a.m. to 5:00 p.m. ET.

## 6.    What are the exceptions to being included?

You are not a Class Member if you submit a valid, timely request for exclusion from the Settlement Class or if you are any of the following: (a) Defendants named in the *DeLuca* and *Kinnie Ma* Actions or their affiliates; (b) present or former executive directors or, officers , or members of GPB Capital Holdings, LLC, the GPB Funds, Ascendant Capital, LLC, and/or Ascendant Alternative Strategies, LLC, and/or Axiom Capital Management, Inc.; (c) the legal representatives, heirs, successors-in-interest, or assigns of any Person within subsection (a) or (b) of this Paragraph; (d) members of the immediate family of any natural Person within subsection (a) or (b) of this Paragraph; (e) any entity in which any Person within subsection (a) or (b) of this Paragraph has, or had during the Class Period, a controlling interest; and (f) any affiliate of GPB Capital Holdings, LLC. For purposes of this definition, "immediate family" means a natural Person's parent, sibling, spouse, or child.

## 7.    I'm still not sure if I am included.

If you are still not sure whether you are included, you may ask for help, which will be provided to you at no cost. You may call Epiq at (888) 550-9942 between 9:00 a.m. to 5:00 p.m. ET or Settlement Class Counsel at the contact information provided above, or you may fill out and submit your Claim Form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS

## 8.    What does the Settlement provide?

The Settling Defendants have agreed to collectively pay $46,000,000 in cash to be distributed, subject to deduction for any taxes, notice and administration costs, attorneys' fees, litigation expenses, service awards, and any other costs and fees approved by the Court. The remaining amount will be distributed on a proportional or "pro rata" basis to Settlement Class Members who

9

Exhibit 1
Page 81 of 126

submit a valid Claim Form and have suffered a Net Loss as set forth in response to Question 9 below.

In exchange, all claims asserted against the Settling Defendants in the Actions will be released, and the Actions will be dismissed with prejudice as to the Settling Defendants.

Additional discussion of the settlement benefits can be found in the Settlement Agreement available at www.GPBSecuritiesSettlement.com.

| **9.** | **How will the Settlement be allocated?** |
|---|---|

The Settlement calls for payment of $46,000,000 into a common fund for the benefit of Settlement Class Members. All funds remaining after deduction for all Court-approved charges, fees, and/or expenses will be paid to the Settlement Class ("Net Settlement Fund").

Each claimant who is eligible for payment, does not exclude themselves from the Settlement Class, and files a valid and timely Claim Form will receive their share of the Net Settlement Fund. A claimant's individual settlement payment will be calculated pursuant to the Plan of Allocation and will be paid on a proportional, or "pro rata" basis, based on each claimant's "Net Loss" as a percentage of all eligible claimants' aggregate Net Losses.

"Net Loss" means the total principal amount that an individual class member invested in any GPB Fund during the Class Period, minus any prior amounts received by that claimant on account of his or her investment(s) (including any amounts previously received as redemptions, dividends, or from any other source as a result of any actual or threatened litigation or arbitration concerning the GPB Funds). Claimants who have received amounts (through redemptions, dividends, sales, or any other sources) greater than the total principal amount that claimant invested in any GPB Fund have not suffered a Net Loss and will not receive any payment from the Net Settlement Fund or otherwise in connection with this Settlement. The calculation of a Net Loss is not intended to be an estimate of, nor does it indicate, the amount that a claimant might have been able to recover after a trial. Nor is the calculation of a Net Loss an estimate of the amount that will be paid to a claimant from the Net Settlement Fund.

The Court has appointed Epiq as the "Claims Administrator" responsible for administering the Settlement. Epiq will determine each claimant's Net Loss as set forth in the Plan of Allocation using information provided and/or verified by claimants during the claims process. Epiq will then use its Net Loss calculation to determine each claimant's share of the Net Settlement Fund.

If your Claim Form is deemed deficient or rejected, you will have an opportunity to contest and/or cure the basis for the deficiencies or rejection by providing additional information and supporting documents. If anything remains in dispute thereafter you will have the opportunity to seek relief from the Court as described below.

It is not possible to determine how much any individual claimant may receive from the Net Settlement Fund at this time.

Exhibit 1
Page 82 of 126

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Class Members. No person shall have any claim against the Settlement Class Representatives, Settlement Class Counsel, Settling Defendants, the Claims Administrator or other person designated by Settlement Class Counsel or Settling Defendants and/or the other released parties and/or their counsel based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further orders of the Court. Any Settlement Class Member who fails to complete and submit a valid and timely Claim Form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Settlement, including the terms of any judgment entered and the releases given. The Plan of Allocation is separate from the Settlement and any decision by the Court regarding the Plan of Allocation will not affect the finality of approval of the Settlement.

For more information, see the Plan of Allocation at www.GPBSecuritiesSettlement.com.

## HOW TO GET BENEFITS

**10.    What do I need to do to get my payment?**

If the Court grants final approval of the Settlement, then you must submit a Claim Form to be eligible to receive a payment. A Claim Form is enclosed with this Notice, or it may be downloaded at www.GPBSecuritiesSettlement.com. Read the instructions carefully, fill out the Claim Form, include any required documentation, sign it, and **submit it online at www.GPBSecuritiesSettlement.com by _____, 202__ or mail it so that it is postmarked by _____, 202_** to the following address: **GPB Securities Settlement, P.O. Box 2916, Portland, OR 97208-2916.**

Epiq has been appointed as the "Claims Administrator" responsible for administering the Settlement. After you submit your timely Claim Form, Epiq will determine each claimant's Net Loss as set forth in the Plan of Allocation using information provided and/or verified by claimants during the claims process.

If your Claim Form is deemed deficient or rejected, you will have an opportunity to contest and/or cure the basis for the deficiencies or rejection by providing additional information and supporting documents.

Once all disputes are resolved, Epiq will finalize the Net Loss amounts and calculate each claimant's individual settlement payment and share of the Net Settlement Fund as described in the prior paragraph.

Please visit www.GPBSecuritiesSettlement.com for more information about how payments will be processed and transmitted.

**11.    When will I get my payment?**

Exhibit 1
Page 83 of 126

As of the date of this Notice, the Court has preliminarily approved the Settlement Agreement and the Settlement set forth therein and found that the Settlement has resulted from arms-length bargaining between the parties and as such may be submitted to the Settlement Class for consideration pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure.

**The Court will hold a Final Approval Hearing on _____, 2025 at ____.m. CT**, to decide whether to approve the Settlement. Even if the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Claim Forms to be processed. Please be patient. Barring appeals, Authorized Claimants will receive their payment after the Settlement has been finally approved.

More information is available at www.GPBSecuritiesSettlement.com.

## PARTICIPATING IN THE SETTLEMENT

| **12.** | **What am I giving up if I stay in the Class?** |
|---|---|

If the Settlement becomes final and you do not exclude yourself, you will give up your right to sue Settling Defendants and certain related released parties, described below, for the claims this Settlement resolves. That means you and your respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, cannot sue, continue to sue, or be part of any other lawsuit against the "Released Parties" (as defined below) about "Released Claims" (as defined below) in this case. It also means that you will be bound by all of the Court's orders concerning the Settling Defendants.

"Released Parties" means (i) each of the Settling Defendants; (ii) the predecessors, successors, assigns, direct or indirect parents, direct or indirect subsidiaries, and affiliates of each of the Settling Defendants (including, without limitation, current or former member firms or correspondent firms within the same network as a Settling Defendant, all entities that manage the network in which any Settling Defendant is a member, and Baker Tilly US, LLP and Baker Tilly Advisory Group, LP); and (iii) each of the foregoing's current and former partners, limited partners, general partners, officers, directors, employees, legal and equitable owners, trustees, shareholders, members, managers, principals, agents, attorneys, legal representatives, affiliated persons or entities, predecessors, successors, assigns, direct or indirect parents, direct or indirect subsidiaries, affiliates, beneficiaries, assigns, heirs, executors, administrators, lenders, indemnitors, and insurers.

"Released Claims" means, to the fullest extent that the law permits their release, all past, present, and future claims against any and all of the Released Parties of any nature whatsoever in any way relating, arising from, or based upon either of the Actions, the allegations made or that could have been made in either of the Actions, the GPB Funds or GPB Capital Holdings, LLC, any investment in the GPB Funds, or any work performed by any Settling Defendant for or relating to any of the GPB Funds or GPB Capital Holdings, LLC, including, without limitation, all claims, suits, actions, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, restitution, and disgorgement), liabilities,

12

Exhibit 1
Page 84 of 126

causes of action, complaints, lawsuits, responsibilities, demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, losses, and obligations of any kind, known or unknown, foreseen or unforeseen, whether -apparent or concealed, asserted or unasserted, existing or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by, on behalf of, for the benefit of, or in the name of any Settlement Class Members who are not Settlement Class Opt-Outs, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, that now exist or have ever existed from the beginning of time until the date of the Settlement Agreement.

The Settlement Agreement, available at www.GPBSecuritiesSettlement.com, also describes the specific claims you are giving up against the Settling Defendants, so read it carefully. If you have any questions you can talk to the lawyers listed in this Notice for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## 13.    What happens if I do nothing at all?

If you do not do anything, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will be a member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Settling Defendants about the legal claims being resolved by this Settlement and you will be bound by the Court's judgments and orders with respect to the Settling Defendants, as set forth in the response to Question 12.

## <u>THE LAWYERS REPRESENTING YOU</u>

## 14.    Do I have a lawyer in the case?

The Court has appointed Timothy S. DeJong of Stoll Stoll Berne Lokting & Shlachter P.C., LLP, Daniel L. Berger of Grant & Eisenhofer P.A., Catherine Pratsinakis of Dilworth Paxson LLP, Peter S. Linden of Kaplan Fox & Kilsheimer LLP, and Richard L. Stone of the Law Offices of Richard L. Stone PLLC, to be the lead attorneys representing the Settlement Class. They are called "Settlement Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. These lawyers will apply to Court for payment out of the Settlement Fund; you will not otherwise be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

## 15.    How will Settlement Class Counsel and the Class Representatives be paid?

Settlement Class Counsel have expended considerable time and effort in the prosecution of their respective Actions on a wholly contingent basis and have advanced the expenses of the Actions in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery.

Exhibit 1
Page 85 of 126

Settlement Class Counsels' attorneys' fees, costs, and expenses will be paid from the Settlement Amount in an amount determined and awarded by the Court. Settlement Class Counsel will seek no more than thirty percent (30%) of the Settlement Amount. They will also apply for payment or reimbursement of reasonable costs and expenses incurred in prosecuting the Actions,  a service award for each of the Settlement Class Representatives, not to exceed $10,000 each, and the costs of the Settlement administration, including costs to be paid to Epiq.

**16.    Can I make an appearance in this action?**

Yes. Any Class Member may make an appearance in the *Kinnie Ma* Action through their own counsel, at their own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**17.    How do I exclude myself from the Settlement?**

If you do not want to participate in this Settlement and would prefer instead to keep any right you may have to sue Settling Defendants on your own concerning the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself—or is sometimes referred to as "opting out."

If you ask to be excluded from the Settlement Class, you will not receive any payment from the Settlement and you cannot object to the Settlement. If you exclude yourself from the Settlement Class, you will not participate in proceedings in the *Kinnie Ma* Action or be legally bound by any of the Court's orders or judgments in the *Kinnie Ma* Action, and you will also forfeit any right to future class recovery (if any) against any non-settling Defendants.  However, you will retain any individual rights you may still have with respect to Settlement Defendants and other non-settling Defendants related to matters alleged in the Actions. Please also note that there will be no future recoveries in the *DeLuca* Action as Plaintiffs will seek to dismiss that Action in its entirety if and when this Settlement becomes Final.

To exclude yourself from the Settlement Class, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the Settlement and *Kinnie Ma Individual Ret. Acct., et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-CV-1050-RP. If you exclude yourself, you should not submit a Claim Form to ask for any money. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request so that it is postmarked no later than _____, 20___, to:

**EXCLUSIONS**
GPB Securities Settlement
P.O. Box 2916
Portland, OR 97208-2916

Your exclusion request must comply with these requirements in order to be valid and effective.

14

Exhibit 1
Page 86 of 126

The Settlement Class Counsel or the Claims Administrator may, at their discretion, request from any Person requesting exclusion documentation sufficient to prove his, her, their, or its purchases in limited partnership units in GPB Funds.

## 18.    If I do not exclude myself, can I sue the Settling Defendants for the same thing later?

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Settling Defendants or the other Released Parties in connection with the Released Claims. If you have a pending lawsuit against any Settling Defendant or other Released Party, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Action to continue your own lawsuit. Remember, the exclusion postmark deadline is _____, 202__.

## 19.    If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, or opt out, from the Settlement Class, you will receive no payment or benefits under this Settlement or take part in future recoveries, if any, in the *Kinnie Ma* Action.

## OBJECTING TO THE SETTLEMENT

## 20.    How do I object to the Settlement?

If you are a Settlement Class Member who has not opted out of the Settlement Class, you may object to the Settlement or any part you disagree with. This means you may provide the Court with reasons why you think the Court should not approve the Settlement and the Court will consider your views. You may object to any aspect of the proposed Settlement, including the proposed Plan of Allocation, Settlement Class Counsels' application for fees and expenses, and/or any request for service awards payable to the Settlement Class Representatives. You may also offer comments on any of the foregoing without lodging a formal objection.

To object, you must submit a signed writing that states that you wish to object to the proposed Settlement in *Kinnie Ma Individual Ret. Acct., et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-CV-1050-RP. Any objections should be filed with the Court and must: (a) identify the case name and docket number: *Kinnie Ma Individual Ret. Acct., et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-CV-1050-RP; (b) state the name, address, and telephone number of the person or entity objecting; (c) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (d) state with specificity the grounds for the objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (e) include documents sufficient to prove membership in the Settlement Class; and (f) be signed by the objector.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or

15

Exhibit 1
Page 87 of 126

without a lawyer, you must state so in your submission.

Your objection must be filed with the Court <u>and</u> mailed or delivered to each of the following addresses such that it is *received* **no later than** _____, **20__:**

| Court | Settlement Class Counsel | Settling Defendant's Counsel To Be Notified |
|---|---|---|
| The Hon. Robert Pitman Courtroom 4 501 West 5th Street, Suite 5300 Austin, TX 78701 | STOLL STOLL BERNE LOKTING & SHLACHTER P.C. Timothy S. DeJong 209 SW Oak Street, Suite 500 Portland, OR 97204<br><br>DILWORTH PAXSON LLP Catherine Pratsinakis 1650 Market Street, Suite 1200 Philadelphia, PA 19103-7391 | LATHAM & WATKINS LLP Kevin M. McDonough 1271 Avenue of the Americas New York, NY 10020 *Counsel for Crowe LLP*<br><br>WILLIAMS & CONNOLLY LLP Katherine M. Turner 680 Maine Avenue SW Washington, DC 20024 *Counsel for RSM US LLP* |

## 21.   What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself from the Settlement Class is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Settling Defendants or the other Released Parties. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE FINAL APPROVAL HEARING

## 22.   When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing on _____, 2025 at __.m. CT, in the Western District of Texas, Austin Division, Courtroom 4 at 501 West 5th Street, Austin, TX 78701.

At the Final Approval Hearing, the Court will consider whether the terms of the proposed Settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court will also consider whether, for purposes of the proposed Settlement only, the *Kinnie Ma* Action should be certified as a class action on behalf of the Settlement Class, the Plaintiffs should be certified as Class Representatives for the Settlement Class, and the Settlement Class Counsel should be appointed. The Court will consider Settlement Class Counsel's

16

Exhibit 1
Page 88 of 126

motion for attorneys' fees and expenses, any other charges to be paid out of the Settlement such as notice and administration costs, and any service awards to be paid to the Settlement Class Representatives.

The Court will also consider whether the proposed Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved. After the Final Approval Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Class Members. **Any updates regarding the date or time of the Final Approval Hearing or concerning whether the Settlement Hearing will be held by phone or video, will be posted on www.GPBSecuritiesSettlement.com**. Please review that website or contact Settlement Class Counsel if you plan to attend the Final Approval Hearing.

## 23. Do I have to come to the hearing?

No. Settlement Class Counsel will answer any questions the Court may have. You are welcome, however, to attend the hearing at your own expense. If you send an objection or comment, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also retain another lawyer to attend, but it is not required. Settlement Class Members do not need to appear at the hearing.

## 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that it is your "Notice of Intent to Appear at the Final Approval Hearing of *Kinnie Ma Individual Ret. Acct., et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-CV-1050-RP." It must include your name, address, telephone number, and signature, as well as the name and address of your lawyer, if one is appearing for you.

Your notice of intention to appear must be *received* **no later than _____, 2025**, and must be sent to the Clerk of Court, Settlement Class Counsel, and Counsel for certain Settling Defendants, at the addresses listed above in response to Question 20.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### GETTING MORE INFORMATION

## 25. Are there more details about the Settlement?

**This Notice summarizes the proposed Settlement but does not contain all of the details included in the Settlement.**

Exhibit 1
Page 89 of 126

You can get a copy of the Settlement Agreement at www.GPBSecuritiesSettlement.com or by contacting the Claims Administrator or Settlement Class Counsel as set forth in this Notice. You can also get a copy of the Settlement Agreement from the Clerk's Office at the United States District Court for the Western District of Texas, Austin Division, during regular business hours.

## 26.   Where do I get more information?

For more information, including a copy of the Summary Notice, the Settlement Agreement, the Plan of Allocation, and Settlement Class Counsel's fee application, or to submit a claim online or print out a hard copy claim form to file by mail, visit www.GPBSecuritiesSettlement.com. If you have further questions, you may call Epiq at (888) 550-9942, between 9:00 a.m. to 5:00 p.m. ET or contact Settlement Class Counsel. Before doing so, however, please read this Notice carefully as many of your questions are likely answered herein.

Documents related to the Actions may also be inspected at the Office of the Clerk of the United States District Court for the Western District of Texas, Austin Division and the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours.  For a fee, all papers filed in these Actions are available at www.pacer.gov.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

**BY ORDER OF THE COURT**
**UNITED STATES DISTRICT COURT**
**Western District of Texas- Austin Division**

18

Exhibit 1
Page 90 of 126

# EXHIBIT E

Exhibit 1
Page 91 of 126

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARBARA DELUCA, DREW R. NAYLOR, PEGGY ROLLO, PETER BEDDIA, MICHAEL OLES, ROBERT (BOB) RICCI, and JAMES STAPLES, as Trustee of the 616 MOVED TRUST, on behalf of themselves and other similarly situated limited partners, <br><br> *Plaintiffs*, <br><br> v. <br><br> GPB HOLDINGS, LP, *et al.*, <br><br> *Defendants*. | Case No. 1:19-cv-10498-LAK-JW <br><br><br> **NOTICE OF DISMISSAL WITH <u>PREJUDICE</u>** |

Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and the Final Settlement Approval and Bar Order, dated _____, entered in the action pending in the United States District Court for the Western District of Texas captioned *Kinnie Ma Individual Ret. Acct., et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-CV-1050-RP (ECF No. _____), Plaintiffs Barbara Deluca, Drew R. Naylor, Peggy Rollo, Peter Beddia, Michael Oles, Robert (Bob) Ricci, and James Staples, as Trustee of the 616 Moved Trust, by and through their undersigned counsel, hereby give notice of the dismissal of the above-captioned action *with prejudice* as against as against Defendants Crowe LLP; Margolin, Winer & Evens LLP; RSM US LLP; and CohnReznick LLP.

Exhibit 1<br>Page 92 of 126

Dated: | December 6, 2024 |

Respectfully submitted,

GRANT & EISENHOFER P.A.

By: _____
Daniel L. Berger
Caitlin M. Moyna
485 Lexington Ave. 29th Fl.
New York, New York 10017
Tel: (646) 722-8501
dberger@gelaw.com
cmoyna@gelaw.com

OF COUNSEL:
Catherine Pratsinakis (Admitted *PHV*)
DILWORTH PAXSON LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103-7391
Tel: (215) 575-7013
cpratsinakis@dilworthlaw.com

*Attorneys for Plaintiffs and Settlement
Class Counsel*

2

Exhibit 1
Page 93 of 126

# EXHIBIT F

Exhibit 1
Page 94 of 126

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| KINNIE MA IRA, JEFFERY S. GRAMM IRA; STACY GREASOR IRA; VICTOR WADE IRA; KAZUE BELL; DEAN CROOKS, CORRI RENE EDEN; CATHERINE KOMINOS; KAREN LOCH; ROBERT A. STONE LIVING TRUST; SHIRLEY STONE LIVING TRUST; THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST; AND LORETTA DEHAY, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-01050-RP |
| *Plaintiffs*, | |
| v. | |
| ASCENDANT CAPITAL, LLC, *et al.*, | |
| *Defendants*. | |

**PROPOSED PLAN OF ALLOCATION**

1.      The Settlement Amount[1] of $46 million and any interest earned thereon is the "Gross Settlement Fund."  The Gross Settlement Fund, less (1) any and all Taxes, (2) any and all costs of Administration of the Settlement, including all fees and costs paid or owing to the Settlement Administrator; (3) any and all costs of maintaining the Escrow Account, including all fees and costs paid or owing to the Escrow Agent; (4) any and all attorneys fees' and costs paid to Plaintiffs' Counsel in the Actions, as awarded by the Court; and (5) any service awards to the Settlement Class Representatives, as awarded by the Court (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Claim Forms to the Claims Administrator[2] ("Authorized Claimants").

2.      The Proposed Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan for the distribution of the Net Settlement Fund that is being proposed by the putative Settlement Class Representatives and Settlement Class Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the

---

[1] All capitalized terms used in this Plan of Allocation that are not otherwise defined herein shall have the meanings provided in the Parties' Stipulation and Agreement of Settlement, dated December 3, 2024 ("Settlement Agreement"), which is available at www.GPBSecuritiesSettlement.com.

[2] The Claims Administrator is Epiq and can be contacted by telephone at (888) 550-9942 Monday through Friday between 9:00 am to 5:00 pm ET.

Exhibit 1
Page 95 of 126

Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at www.GPBSecuritiesSettlement.com.

3.      The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Net Settlement Fund.

4.      Based on the formula set forth below, the "Net Loss" shall be calculated by the Claims Administrator based on an Authorized Claimant's aggregate amount of investments in a GPB Fund(s) made during the Settlement Class Period, as listed in the Claim Form and for which adequate documentation is provided or exists.

5.      Each Authorized Claimant who is eligible for payment will receive their share of the Net Settlement Fund. An Authorized Claimant's individual settlement payment will be calculated pursuant to the Plan of Allocation and will be paid on a proportional, or "pro rata", basis based on each Authorized Claimant's "Net Loss" as a percentage of all Authorized Claimants' aggregate Net Losses.

6.      "Net Loss" means the total principal amount that a claimant invested in any GPB Fund(s) during the Class Period, minus any prior amounts received by that claimant on account of his or her investment(s) (including any amounts previously received as redemptions or from sales ("Total Sales/Redemption Proceeds"), dividends or distributions received from GPB ("Total Distribution Amounts"), or the sum of gross distributions received from the GPB Funds' appointed monitor or receiver, and/or from any other source as a result of any actual or threatened litigation or arbitration concerning the GPB Funds ("Total Other Recoveries").

7.      Claimants who have received amounts (through Total Sales/Redemption Proceeds, Total Distribution Amounts, and Total Other Recoveries) greater than the total principal amount that claimant invested in any GPB Fund(s) have not suffered a Net Loss and will not receive any payment from the Net Settlement Fund or otherwise in connection with this Settlement.

8.      It is not possible to determine how much any individual Authorized Claimant may receive from the Net Settlement Fund at this time.

9.      For purposes of determining whether a claimant had a Net Loss with respect to his, her, or its overall transactions in any GPB Funds during the Class Period, the Claims Administrator shall determine the difference between (i) the Total Principal Amount Paid and (ii) the sum of Total Sales/Redemption Proceeds received, Total Distribution Amounts received, and Total Other Recoveries (collectively, the "Total Recovery"). If the claimant's Total Principal Amount Paid minus the Total Recovery is a positive number, that number will be the claimant's Net Loss on the

Exhibit 1
Page 96 of 126

investment(s); if the number is a negative number or zero, that number will be the claimant's Net Gain on the investment(s).

10.    Net Losses will be calculated across all GPB Fund investments on an aggregated basis. A Net Loss in one GPB Fund investment could be offset by a Net Gain in a different GPB Fund investment.

11.    Settlement Class Counsel created the above Plan of Allocation in consultation with a damages expert who has reviewed this Plan of Allocation and has concluded that it is fair, reasonable, and just.

12.    Determination of Distribution Amount: The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Net Losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's total Net Losses divided by the total Net Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

13.    If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant. Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Authorized Claimants whose Distribution Amounts are $10.00 or greater.

14.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund at least nine (9) months after the initial distribution, if Settlement Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants, who have cashed their prior checks and who would receive at least $10.00 in such additional re-distributions, may occur thereafter if Settlement Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

15.    When it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to nonsectarian, not-for-profit organization(s), to be recommended by Settlement Class Counsel and approved by the Court.

16.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Settlement Class Members. No person shall have any claim against Settlement Class Representatives, Settlement Class Counsel, Settlement Class Counsel's consulting damages expert, Settling Defendants, Settling Defendants'

Exhibit 1
Page 97 of 126

Counsel, or any of the other Released Parties, or the Claims Administrator or other agent designated by Settlement Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further Orders of the Court.

17.    Settlement Class Representatives, Settling Defendants and their respective counsel, and all other Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Gross Settlement Fund, the Net Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

Exhibit 1
Page 98 of 126

# EXHIBIT G

Exhibit 1
Page 99 of 126

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| KINNIE MA IRA, JEFFERY S. GRAMM IRA; STACY GREASOR IRA; VICTOR WADE IRA; KAZUE BELL; DEAN CROOKS, CORRI RENE EDEN; CATHERINE KOMINOS; KAREN LOCH; ROBERT A. STONE LIVING TRUST; SHIRLEY STONE LIVING TRUST; THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST; AND LORETTA DEHAY, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-01050-RP |
| *Plaintiffs*, v. | |
| ASCENDANT CAPITAL, LLC, *et al.*, | |
| *Defendants*. | |

**[PROPOSED] ORDER PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, the above-captioned proposed class action (the "*Kinnie Ma* Action" or "this Action") is pending before this Court, with Timothy S. DeJong of Stoll Stoll Berne Lokting & Schlachter, P.C., Peter S. Linden of Kaplan Fox & Kilsheimer LLP, and Richard L. Stone of the Law Offices of Richard L. Stone, PLLC, having been appointed co-lead counsel for Plaintiffs ("*Kinnie Ma* Counsel");

WHEREAS, a related proposed class action is pending in the United States District Court for the Southern District of New York, captioned *Deluca, et al. v. GPB Holdings, LP, et al.*, No. 1:19-cv-10498-LAK (the "*DeLuca* Action") (collectively, with the *Kinnie Ma* Action, the "Actions"), with Daniel L. Berger of Grant & Eisenhofer P.A. and Catherine Pratsinakis of

1

Exhibit 1
Page 100 of 126

Dilworth Paxson LLP having been appointed as co-lead counsel for Plaintiffs ("*DeLuca* Counsel");

WHEREAS, Plaintiffs in the *Kinnie Ma* Action (Kinnie Ma IRA, Jeffery S. Gramm IRA, Stacy Greasor IRA, Victor Wade IRA, Kazue Bell, Dean Crooks, Corri Rene Eden, Catherine Kominos, Karen Loch, Robert A. Stone Living Trust, Shirley Stone Living Trust, Stanley S. and Millicent R. Barasch Living Trust, and Loretta Dehay (collectively the "*Kinnie Ma* Plaintiffs")) and Plaintiffs in the *DeLuca* Action (Barbara DeLuca, Drew R. Naylor, Peggy Rollo, Peter Beddia, Michael Oles, Robert Ricci, and James Staples, as Trustee of the 616 Moved Trust (collectively the "*DeLuca* Plaintiffs")), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), have determined to settle with prejudice all claims asserted in the Actions against Defendants CohnReznick LLP, Crowe LLP, Margolin Winer & Evens LLP, RSM US LLP, and WithumSmith+Brown, PC, (the "Settling Defendants") on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 3, 2024 (the "Stipulation"), subject to the approval of the Court (the "Settlement");

WHEREAS, the Stipulation provides that the Settlement shall be submitted to this Court for approval and that the *DeLuca* Plaintiffs and those Settling Defendants who are parties to the *DeLuca* Action shall seek to maintain the stay currently in place in the *DeLuca* Action through and until the filing of a Notice of Dismissal in the *DeLuca* Action;

WHEREAS, the *Kinnie Ma* Plaintiffs have filed a Preliminary Approval Motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, seeking entry of an order preliminarily approving the Settlement in accordance with the Stipulation; making findings that the Court will likely be able to certify a settlement class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) for purposes of the Settlement only; appointing Plaintiffs as

2

Exhibit 1
Page 101 of 126

Settlement Class Representatives for purposes of Settlement only; appointing *Kinnie Ma* Counsel and *DeLuca* Counsel as Settlement Class Counsel for the settlement class for purposes of Settlement only; approving the form and manner of distribution of the Notice to the Settlement Class Members (as defined in the Stipulation); setting of a date and time for the Final Approval Hearing; setting of a method and deadline for objections to the Settlement; and setting of a method and deadline for Settlement Class Members to exclude themselves from the Settlement Class (the "Preliminary Approval Motion");

WHEREAS, the Court has read and considered: (a) the Preliminarily Approval Motion and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the Exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Proposed Certification of Class for Settlement Purposes.** The Parties have proposed certification of the following Settlement Class, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedures and solely for purposes of Settlement, consisting of:

> All Persons (as defined in the Stipulation) who, directly or through an intermediary, purchased or otherwise acquired limited partnership units in any of GPB Holdings, LP; GPB Holdings Qualified, LP; GPB Automotive Portfolio, LP; GPB Holdings II, LP; GPB Waste Management, LP (also known as Armada Waste Management LP); GPB Cold Storage, LP; GPB NYC Development, LP; GPB Holdings III, LP; and each of their predecessors, successors, subsidiaries, and affiliates (collectively, the "GPB Funds") during the period of January 1, 2013 through December 31, 2018 (the "Class Period") and suffered a loss thereby, as well as any Persons who are transferees of such limited partnership units (except for certain individuals and entities that have been excluded from the Settlement Class as follows).  The Settlement Class does not include: (a) Defendants in the Actions or their affiliates; (b) present

3

Exhibit 1
Page 102 of 126

or former executive directors or officers of GPB Capital Holdings, LLC, the GPB Funds, Ascendant Capital, LLC, Ascendant Alternative Strategies, LLC or Axiom Capital Management, Inc.; (c) the legal representatives, heirs, successors-in-interest, or assigns of any Person within subsection (a) or (b) of this Paragraph; (d) members of the immediate family of any natural Person within subsection (a) or (b) of this Paragraph; (e) any entity in which any Person within subsection (a) or (b) of this Paragraph has, or had during the Class Period, a controlling interest; and (f) any affiliate of GPB Capital Holdings, LLC. For purposes of this definition, "immediate family" means a natural Person's parent, sibling, spouse, or child.

Each Person within the scope of the Settlement Class is a "Settlement Class Member."

2. **Class Findings.** Solely for purposes of the Settlement, the Court preliminarily finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement because the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) have been or likely will be satisfied, as follows: (a) the members of the Settlement Class are so numerous that their joinder would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the action are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the action for purposes of the proposed Settlement. These preliminary findings are made solely for the purposes of the Settlement, and are without prejudice to, or waiver of, the right of any non-Settling Defendants to contest certification of any other class proposed in this Action. Further, the Court's preliminary finding in this Order shall have no effect on any motion to certify any class in this Action, and no Person may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

Exhibit 1
Page 103 of 126

3.      The Court also finds, pursuant to Rule 23(e)(2)(A)of the Federal Rules of Civil Procedure, that, for purposes of the proposed Settlement, it will likely be able to appoint Plaintiffs as Settlement Class Representatives for the Settlement Class and appoint *Kinnie Ma* Counsel and *DeLuca* Counsel as Settlement Class Counsel for the certified Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Settlement Class Counsel.** The Court hereby appoints Timothy S. DeJong of Stoll Stoll Berne Lokting & Schlachter, P.C., Daniel L. Berger of Grant & Eisenhofer P.A., Catherine Pratsinakis of Dilworth Paxson LLP, Peter S. Linden of Kaplan Fox & Kilsheimer LLP, and Richard L. Stone of the Law Offices of Richard L. Stone, PLLC, as Settlement Class Counsel for purposes of effectuating the Stipulation and this Settlement.

5.      **Substitution of Plaintiff.** Pursuant to Fed. R. Civ. P. 25, Jeffery Barasch, as transferee, is substituted as a party for the Stanley S. and Millicent R. Barasch Living Trust.

6.      **Preliminary Approval of the Settlement.** The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

7.      **Final Approval Hearing**. The Court will hold a Final Approval Hearing on _____, 2025, at __:__ _.m. Central Time, in person in Courtroom 4 of the United States Courthouse, 501 West 5th Street, Austin, TX 78701, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally

Exhibit 1
Page 104 of 126

approved by the Court; (b) to determine whether a judgment substantially in the form attached as

Exhibit C to the Stipulation should be entered dismissing the Action with prejudice against

Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the

Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the

Settlement is fair and reasonable and should be approved; (e) to determine whether the

application for attorneys' fees, reimbursement of expenses, and issuance of service awards to the

Settlement Class Representatives (the "Fee and Expense Application") should be approved; and

(f) to consider any other matters that may properly be brought before the Court in connection

with the Settlement.   Notice of the Settlement and the Final Approval Hearing shall be given to

Settlement Class Members as set forth in Paragraph 9 of this Order.

8.      **Changes in Time, Date, or Format of Final Approval Hearing.** The Court may

adjourn the Final Approval Hearing without further notice to the Settlement Class and may

approve the proposed Settlement with such modifications as the Plaintiffs and the Settling

Defendants may agree to, if appropriate, without further notice to the Settlement Class.   The

Court may decide to hold the Final Approval Hearing by telephone or video conference without

further notice to the Settlement Class. Any Settlement Class Member (or such Member's

counsel) who wishes to appear at the Final Approval Hearing should consult the Court's docket

and/or the Settlement website for any change in date, time, or format of the hearing.

9.      **Retention of the Claims Administrator and Manner of Giving Notice.**

Plaintiffs are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the

"Claims Administrator") to supervise and administer the notice procedure in connection with the

proposed Settlement as well as the processing of claims as more fully set forth below. Notice of

Exhibit 1
Page 105 of 126

the Settlement and the Final Approval Hearing shall be given by Settlement Class Counsel as follows:

(a) within ten (10) business days of the date of entry of this Order, Settlement Class Counsel shall provide or cause to be provided to the Claims Administrator in electronic format a list (consisting of names, mailing addresses, and e-mail addresses) of the Persons who purchased or otherwise acquired limited partnership interests in the GPB Funds during the Class Period, as well as any subsequent transferees of such limited partnership units (except for certain individuals and entities that have been excluded from the Settlement Class as described in Paragraph 1, above);

(b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release Form (the "Claim Form"), substantially in the forms attached to the Stipulation as Exhibits D and A, respectively (the "Notice Packet"), to be mailed by first-class mail to Settlement Class Members at the addresses set forth in the list provided pursuant to subparagraph (a);

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall post copies of the Notice, Claim Form and other important case documents, on a website developed for the Settlement, from which the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit H of the Stipulation, to be published once in Investor's Business Daily and transmitted once over PR Newswire;

7

Exhibit 1
Page 106 of 126

(e) If a Notice Packet is rendered undeliverable after the Claims Administrator makes a reasonable effort to locate an updated address, the Claims Administrator will e-mail the Notice Packet to the Settlement Class Member, if the Claims Administrator is in possession of an e-mail address; and

(f) not later than seven (7) calendar days prior to the Final Approval Hearing, Settlement Class Counsel shall serve on counsel of record in this Action and file with the Court proof, by affidavit or declaration, of such mailing and publication.

10.      **Approval of Form and Content of Notice.** The Court (a) approves, as to form and content, the Notice and the Summary Notice, attached to the Stipulation as Exhibits D and H, respectively, and (b) finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in Paragraph 9 of this Order (i) are designed to accomplish the best notice practicable under the circumstances; (ii) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action; the effect of the proposed Settlement (including the releases and bar order to be provided thereunder); the Fee and Expense Application; their right to object to the Settlement, the Plan of Allocation and/or Fee and Expense Application; their right to exclude themselves from the Settlement Class; and their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules.  The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

8

Exhibit 1
Page 107 of 126

11.    **CAFA Notice.**  As provided in the Stipulation, the Settling Defendants shall serve the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Settling Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Final Approval Hearing, each Settling Defendant shall cause to be served on counsel of record in this Action and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

12.    **The Claims Process and Claims Administrator's Responsibilities.**  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effectuated in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)    a properly executed Claim Form, substantially in the form attached as Exhibit A to the Stipulation, must be submitted to the Claims Administrator, at the address indicated, no later than ten (10) calendar days before the Final Approval Hearing ("Claims Filing Deadline").  The Claims Filing Deadline may be further extended by Court order or by Settlement Class Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when submitted online or, if mailed, when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form.  Any Settlement Class Member who is not a Settlement Class Opt-Out and who nevertheless does not timely submit a Claim Form within the time provided for shall be barred from sharing in

Exhibit 1
Page 108 of 126

the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Settlement Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by Paragraph 15 of this Order.

(b)      the Claim Form submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by supporting documentation, if required, that is deemed adequate by the Claims Administrator and/or Settlement Class Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be included in the Claim Form; and (iv) the Claim Form must be accurate, complete, and signed under penalty of perjury.

(c)      As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

(d)      The Claims Administrator shall prepopulate the Claim Forms to the extent a Settlement Class Member's contact information and investment data has been provided by Defendant GPB Capital Holdings, LLC.

(e)      The Claims Administrator shall make available a dedicated toll-free telephone line with live agent support.

(f)      The Claims Administrator will make available a dedicated settlement website at www.GPBSecuritiesSettlement.com which will provide general information about the Settlement, important deadlines, links to copies of the Notice, Claim Form, and

10

Exhibit 1
Page 109 of 126

other important case documents, and the ability to register an account and submit a claim online.

(g)    The Claims Administrator shall process and determine the validity of the claims on a rolling basis upon receipt of the Claim Forms.  If the Claims Administrator determines that a claim is deficient or that there are grounds to reject the claim, including that the Settlement Class Member has no Net Loss, the Claims Administrator will provide the Settlement Class Member written notice of the deficiency and/or basis for rejection of the claim, by letter sent to the address of record by first class mail.  The Settlement Class Member will have thirty (30) days from the date of the notice to contest and/or cure the grounds for the deficiency or rejection by providing additional information and supporting documentation to the Claims Administrator by mail or electronically at www.GPBSecuritiesSettlement.com.

(h)    The Claims Administrator shall email a reminder notice to all Settlement Class Members for whom an email address has been provided and for whom no Claim Form has been received no more than fifteen (15) calendar days before the Claims Filing Deadline and no fewer than five (5) calendar days before the Claims Filing Deadline.  If there is no email address on file or if the email is rendered undeliverable, the Claims Administrator will mail a reminder notice to the address on record for those Settlement Class Members for whom no Claim Form has been received at least ten (10) calendar days before the Claims Filing Deadline.

13.    **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: any such request for

11

Exhibit 1
Page 110 of 126

exclusion from the Settlement Class must be postmarked no later than twenty-five (25) calendar days prior to the Final Approval Hearing, to: **GPB Securities Settlement, EXCLUSIONS, P.O. Box 2916, Portland, OR 97208-2916;** and (b) (i) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name, address, and telephone number of the appropriate contact person; (ii) state that such Person "requests exclusion from the Settlement Class in *Kinnie Ma IRA, et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-cv-01050 (W.D. Tex.)"; (iii) be signed by the Person requesting exclusion or an authorized representative; and (iv) include documents sufficient to prove membership in the Settlement Class, including the limited partnership units in the GPB Funds that the excluding Settlement Class Member purchased or acquired during the Class Period. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.  Settlement Class Counsel is authorized to request from any Person requesting exclusion additional transaction information or documentation sufficient to prove ownership of limited partnership interests in the GPB Funds.

14.     **Effects of Exclusion.** Any Person that timely and validly requests exclusion in compliance with Paragraph 13 and is excluded from the Settlement Class shall be a Settlement Class Opt-Out, as defined in the Stipulation; and shall not receive any payment out of the Net Settlement Fund, shall have no right to object to the Settlement, shall forfeit any right to future class recovery (if any) against any non-settling Defendants, shall not participate in proceedings in the *Kinnie Ma* Action or be legally bound by any of the Court's orders or judgments in the *Kinnie Ma* Action.  However, such Settlement Class Opt-Out(s) will retain any individual rights they may still have with respect to Settling Defendants and other non-settling Defendants related to matters alleged in the Actions.

12

Exhibit 1
Page 111 of 126

15.    **Effects of Remaining in the Settlement Class.** Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived the right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Actions with regard to the Settling Defendants, including, but not limited to, the Final Judgment and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Settling Defendants, as more fully described in the Stipulation and Notice.

16.    **Appearance and Objections at the Final Approval Hearing.** Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in this Action at their own expense, individually or through counsel of choice, by filing such appearance with the Clerk of Court, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented at the Final Approval Hearing by Settlement Class Counsel.

17.    **Objections to the Settlement.** Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application and appear and show cause why the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the

13

Exhibit 1
Page 112 of 126

proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application unless that Person's written objection is filed with the Court no later than twenty-one (21) calendar days prior to the Final Approval Hearing.

18.     **Form and Content of Objections.** Any objections, filings, and other submissions by any objecting Settlement Class Member: (a) must identify the case name and docket number, *Kinnie Ma IRA, et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-cv-01050 (W.D. Tex.); (b) must state the name, address, and telephone number of the objecting Settlement Class Member and must be signed by that Settlement Class Member or its authorized representative; (c) must state whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of counsel; (d) must state with specificity the grounds for the objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) must include documents sufficient to prove membership in the Settlement Class, including the limited partnership interest in the GPB Funds that the objecting Settlement Class Member purchased or acquired during the Class Period. In addition, objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Final Approval Hearing.  Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

19.     All objections and entries of appearance must be filed with the Court <u>and</u> mailed or delivered to each of the following recipients at the addresses below such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing:

Exhibit 1
Page 113 of 126

| Court | Settlement Class Counsel | Settling Defendants' Counsel To Be Notified |
|---|---|---|
| The Hon. Robert Pitman Courtroom 4 501 West 5th Street, Suite 5300 Austin, TX 78701 | STOLL STOLL BERNE LOKTING & SHLACHTER P.C. Timothy S. DeJong 209 SW Oak Street, Suite 500 Portland, OR 97204<br><br>DILWORTH PAXSON LLP Catherine Pratsinakis 1650 Market Street, Suite 1200 Philadelphia, PA 19103-7391 | LATHAM & WATKINS LLP Kevin M. McDonough 1271 Avenue of the Americas New York, NY 10020 *Counsel for Crowe LLP*<br><br>WILLIAMS & CONNOLLY LLP Katherine M. Turner 680 Maine Avenue SW Washington, DC 20024 *Counsel for RSM US LLP* |

20.    **Waiver of Objections.**  Any Settlement Class Member that does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and the Fee and Expense Application, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the Fee and Expense Application, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the Fee and Expense Application in this or any other proceeding.

21.    **Lifting of the Stay.**  The Court hereby lifts the stay of proceedings in this Action for the limited purpose of carrying out or enforcing the terms and conditions of the Stipulation. All other claims, and parties other than the *Kinnie Ma* Plaintiffs and the Settling Defendants, remain subject to the previously imposed stay.

22.    **Settlement Administration Fees and Expenses.** All reasonable costs incurred in identifying members of the Settlement Class and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.    **Settlement Fund.**  All funds in the Escrow Account at Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in*

15

Exhibit 1
Page 114 of 126

*custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.      **Taxes.**  Settlement Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Gross Settlement Fund, to pay from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.      **Termination of Settlement.** If the Settlement is terminated as provided in the Stipulation, the Settling Defendants withdraw from the Settlement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  In such event, this Order shall be without prejudice to the rights of Settlement Class Representatives, the other Settlement Class Members, and Settling Defendants, and those Parties shall revert to their respective positions in this Action immediately prior to reaching their agreement in principle to settle on June 14, 2024, as provided in the Stipulation.

26.      **Use of this Order.** Neither this Order nor the Stipulation (whether or not approved by the Court), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court); nor the negotiations leading to the execution of the Stipulation; nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or

16

Exhibit 1
Page 115 of 126

admission by any of the Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants; (b) shall be offered against any of the Plaintiffs, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs that any of their claims are without merit, that any of the Settling Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind; (c) shall be in any way referred to for any other reason as against any of the Plaintiffs or the Settling Defendants, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (d) shall be construed against any of the releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered at trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

17

Exhibit 1
Page 116 of 126

27.    **Supporting Papers.** Settlement Class Representatives shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and the Fee and Expense Application no later than thirty-five (35) calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.


SO ORDERED this _____ day of _____ 202_.


_____
The Honorable Robert Pitman
United States District Judge

18

Exhibit 1
Page 117 of 126

# EXHIBIT H

Exhibit 1
Page 118 of 126

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ASCENDANT CAPITAL, LLC, *et al.*,<br><br>*Defendants*. | Case No. 1:19-CV-1050-RP |
| BARBARA DELUCA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GPB HOLDINGS, LP, *et al.*,<br><br>*Defendants*. | Case No. 1:19-cv-10498-LAK-JW |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTIONS
AND PROPOSED SETTLEMENT WITH CERTAIN DEFENDANTS;
(II) FINAL APPROVAL HEARING; AND (III) MOTION FOR
ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** All Persons who, directly or through an intermediary, purchased or otherwise acquired limited partnership units in any of the GPB Funds during the Class Period (January 1, 2013 through December 31, 2018, inclusive) and suffered a loss thereby, as well as any Persons who are transferees of such limited partnership units (except for certain individuals and entities that have been excluded from the Settlement Class, as described below).[1]

"GPB Funds" are: (i) GPB Holdings, LP; (ii) GPB Holdings Qualified, LP; (iii) GPB Automotive Portfolio, LP; (iv) GPB Holdings II, LP; (v) GPB Waste Management, LP (also known as Armada Waste Management LP); (vi) GPB Cold Storage, LP; (vii) GPB NYC Development, LP; and/or (viii) GPB Holdings III, LP; and each of their predecessors, successors, subsidiaries, and affiliates.

---

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein shall have the meanings provided in the parties' Stipulation and Agreement of Settlement, dated December 3, 2024 ("Settlement Agreement"), which is available at www.GPBSecuritiesSettlement.com.

Exhibit 1
Page 119 of 126

**Why Am I Receiving This Notice?** If you hold an interest in a GPB Fund, you may be entitled to a payment from a proposed settlement with certain Defendants in a putative class action lawsuit pending in the United States District Court for the Western District of Texas, Austin Division, known as *Kinnie Ma Individual Ret. Acct., et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-CV-1050-RP, which is related to a separate putative class action lawsuit pending in the United States District Court for the Southern District of New York, known as *DeLuca, et al. v. GPB Holdings, LP, et al.*, No. 1:19-CV-10498-LAK (the "Actions").

If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Claim Form online at www.GPBSecuritiesSettlement.com (submitted no later than _____, 2025) or by mail (postmarked no later than _____, 2025) to this address: GPB Securities Settlement, P.O. Box 2916, Portland, OR 97208-2916.  A copy of the Detailed Notice of (I) Pendency of Class Actions and Proposed Settlement with Certain Defendants; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") and Claim Form are available for download at www.GPBSecuritiesSettlement.com.

You will be bound by any judgment rendered in the Action unless you request to be excluded, in the manner and form explained in the Notice referred to above.

A hearing will be held on _____, 2025 at _:_____ __.m. CT, before the Honorable Robert L. Pitman, United States District Judge (the "Court"), in person at the United States Courthouse, Courtroom 4, 501 West 5th Street, Austin, TX 78701 ("Settlement Hearing"), to determine whether a proposed settlement of the claims (the "Settlement") asserted against Defendants CohnReznick LLP; Crowe LLP; Margolin, Winer & Evens LLP; RSM US LLP; and WithumSmith+Brown, PC (collectively "Settling Defendants"),

2

Exhibit 1
Page 120 of 126

for the combined sum of Forty-Six Million United States dollars ($46,000,000) in cash (the "Settlement Amount"), should be approved by the Court as fair, reasonable, and adequate. Plaintiffs in the Actions have asserted claims against other Defendants who are not part of this proposed Settlement. If approved, this Settlement will resolve claims against the Settling Defendants only. Claims against other Defendants in the Actions will continue in accordance with the schedule and other terms directed by the Court.

The Settling Defendants deny all the allegations and deny that have committed any wrongdoing. The Court did not decide in favor of the Plaintiffs in either of the Actions (collectively "Settlement Class Representatives") or the Settling Defendants. Instead, counsel for the Settlement Class Representatives ("Settlement Class Counsel") and the Settling Defendants, with the assistance of experienced mediators, have negotiated a Settlement that they believe is in the best interests of their respective clients and the Settlement Class. The terms of the proposed Settlement are set forth in the Parties' Stipulation and Agreement of Settlement dated December 3, 2024 (the "Settlement Agreement"), which is available for review at www.GPBSecuritiesSettlement.com.

**What Will Happen at the Hearing?** At the Settlement Hearing, the Court will determine whether, for purposes of the proposed Settlement only, the claims asserted in the *Kinnie Ma* Action against the Settling Defendants should be certified as a class action, thus creating a "Settlement Class"; whether Plaintiffs should be appointed as the representatives for the Settlement Class; and whether the proposed "Plan of Allocation" of settlement proceeds is fair, reasonable, and adequate, and therefore should be approved. The Court will also consider Settlement Class Counsel's request for payment of reasonable attorneys' fees (not to exceed 30% of the Settlement Amount) and reimbursement of litigation expenses, both to be paid out of the Settlement Amount, as well as

3

Exhibit 1
Page 121 of 126

whether the Settlement Class Representatives should receive awards (not to exceed $10,000 each) for their time and effort in representing the Settlement Class.

If the Settlement is approved, all claims asserted in the Actions against the Settling Defendants, would be dismissed with prejudice. That dismissal will prevent members of the Settlement Class ("Class Members") from ever being part of any other lawsuit against the Settling Defendants (and parties related to them) in any way related to the legal claims being resolved by and through this Settlement.  Claims asserted in the Actions against Defendants other than the Settling Defendants may continue separate and apart from this Settlement, or as provided by order of the Court.

**How Do I Know If I Am Part of the Settlement?**  The "Settlement Class" consists of all Persons who, directly or through an intermediary, purchased or otherwise acquired limited partnership units in any of the GPB Funds between January 1, 2013 through December 31, 2018, inclusive (the "Class Period"), and suffered a loss thereby, as well as any Persons who are transferees of such limited partnership units (except for certain individuals and entities that have been excluded from the Settlement Class, as described immediately below).  If you meet these criteria, your rights may be affected by the Actions and this Settlement.

The Settlement Class does not include: (a) Defendants named in the *DeLuca* and *Kinnie Ma* Actions or their affiliates; (b) present or former executive directors or officers of GPB Capital Holdings, LLC, the GPB Funds, Ascendant Capital, LLC, Ascendant Alternative Strategies, LLC, and/or Axiom Capital Management, Inc.; (c) the legal representatives, heirs, successors-in-interest, or assigns of any Person within subsection (a) or (b) of this Paragraph; (d) members of the immediate family of any natural Person within subsection (a) or (b) of this Paragraph; (e) any

4

Exhibit 1
Page 122 of 126

entity in which any Person within subsection (a) or (b) of this Paragraph has, or had during the Class Period, a controlling interest; and (f) any affiliate of GPB Capital Holdings, LLC.

**What Does the Settlement Provide?**  The Settlement provides for forty-six million United States dollars ($46,000,000) to be paid pursuant to the Settlement Agreement. This amount is subject to deductions for any taxes, notice and administration costs, attorneys' fees, litigation expenses, incentive awards, and any other costs and fees as may be approved by the Court ("Net Settlement Fund").

If the Court ultimately approves the Settlement, you will be eligible to receive a payment if you submitted a timely, complete Claim Form and the Claims Administrator determines that you suffered a "Net Loss" resulting from your investment in any GPB Fund(s).  The amount of your payment will be a proportional or "pro rata" share of the Net Settlement Fund based on your Net Loss resulting from your investment in any GPB Fund(s).

For purposes of this calculation, "Net Loss" means the total principal amount that an individual Class Member invested in any GPB Fund(s) during the Class Period, minus any prior amounts received by that Class Member on account of his or her investment(s) (including any amounts previously received as redemptions, dividends, or from any other source including, but not limited to, as a result of any actual or threatened litigation or arbitration concerning the GPB Funds).  Class Members who have received amounts (through redemptions, dividends, or any other sources) greater than the total principal amount that Class Member invested in any GPB Fund(s) have not suffered a Net Loss and will not receive any payment from the Net Settlement Fund or otherwise in connection with this Settlement.

**How Do I Get a Payment?**  To be eligible to receive a settlement payment, Class Members must submit a claim by _____, 2025.  If the Court ultimately approves the

Exhibit 1
Page 123 of 126

Settlement, you will be eligible to receive a payment if you submitted a timely, complete Claim Form and the Claims Administrator determines that you suffered a "Net Loss" resulting from your investment in any GPB Funds. The amount of your payment will be a proportional or "pro rata" share of the Net Settlement Fund based on your Net Loss resulting from your investment in any GPB Fund(s). Net Loss and calculation of settlement payments are explained in more detail in the Plan of Allocation, available for download at www.GPBSecuritiesSettlement.com.

Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Claims Administrator") has been appointed as the "Claims Administrator" responsible for administering the Settlement. After you submit your timely Claim Form, Epiq will determine each claimant's Net Loss as set forth in the Plan of Allocation using information provided and/or verified by claimants during the claims process.

If your Claim Form is deemed deficient or rejected, you will have an opportunity to contest and/or cure the basis for the deficiencies or rejection by providing additional information and supporting documents.

Once all disputes are resolved, Epiq will finalize the Net Loss amounts and calculate each claimant's individual settlement payment and share of the Net Settlement Fund as described in the Plan of Allocation, available for download at www.GPBSecuritiesSettlement.com.

**What Are My Other Rights and Options?** You will be bound by any judgment rendered in the *Kinnie Ma* Action concerning the Settlement and/or the Settling Defendants (including the releases of all known and unknown claims provided in the Settlement) unless you request to be excluded from the proposed Settlement Class.

Unless you exclude yourself, you will remain in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Settling Defendants in

6

Exhibit 1
Page 124 of 126

any way related to the issues that have been asserted in the Actions or that could have been asserted in the Actions or the GPB Funds. All of the Court's orders will apply to you and legally bind you and you will release the Settling Defendants and related parties from the released claims, including any and all known and unknown claims and causes of action of every nature and description, whether arising under federal, state, statutory, regulatory, common, foreign, or other law, that arise in any way from or relate to the Actions. If you do not want a payment from the Settlement, but you want to keep any right you may have to sue or continue to sue the Settling Defendants and related parties on your own about the legal claims released by the Settlement, you must exclude yourself from the Settlement Class.

The proposed Settlement does not impact your rights against other, non-settling Defendants in the Actions. The claims against non-settling Defendants will proceed in the *Kinnie Ma* Action.

If you wish to exclude yourself from the Settlement Class, you must submit a request for exclusion postmarked no later than _____, 2025 and follow the instructions set forth in the Notice. If you exclude yourself from the Settlement Class, you will receive no settlement payment and will have no right to object to the Settlement. You will also forfeit any right to take part in future class recovery (if any) against any non-settling Defendants and will not participate in proceedings in the *Kinnie Ma* Action or be legally bound by any of the Court's orders or judgments in the *Kinnie Ma* Action. However, you will retain any individual rights you may still have with respect to the Settling Defendants or other non-settling Defendants related to the matters alleged in the Actions.

If you are a Settlement Class Member (and have not excluded yourself from the Settlement Class), you can object to the Settlement, the Plan of Allocation, or Settlement Class Counsel's

Exhibit 1
Page 125 of 126

request for an award of attorneys' fees, charges, and expenses in representing the Settlement Class. You may also ask the Court for permission to speak at the Settlement Hearing. Any objection to any aspect of the Settlement or any of the matters to be addressed at the Settlement Hearing must be filed with the Clerk of the Court for the Western District of Texas and received by designated Settlement Class Counsel and the Settling Defendants' Counsel no later than, _____, 2025, in accordance with the instructions set forth in the Notice.

**How Do I Get More Information?**  For more information, including a copy of the Notice, the Settlement Agreement, the Plan of Allocation, and Settlement Class Counsel's fee and expense application, or to submit a claim online or print out a hard copy claim form to file by mail, visit www.GPBSecuritiesSettlement.com.  You could also call Epiq at (888) 550-9942, Monday through Friday between 9:00 a.m. to 5:00 p.m. ET.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**


**BY ORDER OF THE COURT**
**UNITED STATES DISTRICT COURT**
**Western District of Texas – Austin Division**

8

Exhibit 1
Page 126 of 126