UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KINNIE MA IRA, JEFFERY S. GRAMM IRA; STACY GREASOR IRA; VICTOR WADE IRA; KAZUE BELL; DEAN CROOKS, CORRI RENE EDEN; CATHERINE KOMINOS; KAREN LOCH; ROBERT A. STONE LIVING TRUST; SHIRLEY STONE LIVING TRUST; THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST; AND LORETTA DEHAY, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br> v. <br><br> ASCENDANT CAPITAL, LLC, *et al.*, <br><br> *Defendants*. | Case No. 1:19-cv-01050-AA |

# ORDER PRELIMINARILY APPROVING
# CLASS ACTION SETTLEMENT

WHEREAS, the above-captioned proposed class action (the "*Kinnie Ma* Action" or "this Action") is pending before this Court, with Timothy S. DeJong of Stoll Stoll Berne Lokting & Schlachter, P.C. having been appointed co-lead counsel for Plaintiffs ("*Kinnie Ma* Counsel");

WHEREAS, a related proposed class action is pending in the United States District Court for the Southern District of New York, captioned *Deluca, et al. v. GPB Holdings, LP, et al.*, No. 1:19-cv-10498-LAK (the "*DeLuca* Action") (collectively, with the *Kinnie Ma* Action, the "Actions"), with Daniel L. Berger of Grant & Eisenhofer P.A. and Catherine Pratsinakis of Dilworth Paxson LLP having been appointed as co-lead counsel for Plaintiffs ("*DeLuca* Counsel");

1

WHEREAS, Plaintiffs in the *Kinnie Ma* Action (Kinnie Ma IRA, Jeffery S. Gramm IRA, Stacy Greasor IRA, Victor Wade IRA, Kazue Bell, Dean Crooks, Corri Rene Eden, Catherine Kominos, Karen Loch, Robert A. Stone Living Trust, Shirley Stone Living Trust, Stanley S. and Millicent R. Barasch Living Trust, and Loretta Dehay (collectively the "*Kinnie Ma* Plaintiffs")) and Plaintiffs in the *DeLuca* Action (Barbara DeLuca, Drew R. Naylor, Peggy Rollo, Peter Beddia, Michael Oles, Robert Ricci, and James Staples, as Trustee of the 616 Moved Trust (collectively the "*DeLuca* Plaintiffs")), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), have determined to settle with prejudice all claims asserted in the Actions against Defendants CohnReznick LLP, Crowe LLP, Margolin Winer & Evens LLP, RSM US LLP, and WithumSmith+Brown, PC, (the "Settling Defendants") on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 3, 2024 (the "Stipulation"), subject to the approval of the Court (the "Settlement");

WHEREAS, the Stipulation provides that the Settlement shall be submitted to this Court for approval and that the *DeLuca* Plaintiffs and those Settling Defendants who are parties to the *DeLuca* Action shall seek to maintain the stay currently in place in the *DeLuca* Action through and until the filing of a Notice of Dismissal in the *DeLuca* Action;

WHEREAS, the *Kinnie Ma* Plaintiffs have filed a Preliminary Approval Motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, seeking entry of an order preliminarily approving the Settlement in accordance with the Stipulation; making findings that the Court will likely be able to certify a settlement class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) for purposes of the Settlement only; appointing Plaintiffs as Settlement Class Representatives for purposes of Settlement only; appointing *Kinnie Ma* Counsel and *DeLuca* Counsel as Settlement Class Counsel for the settlement class for purposes of

2

Settlement only; approving the form and manner of distribution of the Notice to the Settlement Class Members (as defined in the Stipulation); setting of a date and time for the Final Approval Hearing; setting of a method and deadline for objections to the Settlement; and setting of a method and deadline for Settlement Class Members to exclude themselves from the Settlement Class (the "Preliminary Approval Motion");

WHEREAS, the Court has read and considered: (a) the Preliminarily Approval Motion and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the Exhibits attached thereto; and  (c) the Broker-Dealer Defendants Opposition.

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Proposed Certification of Class for Settlement Purposes.** The Parties have proposed certification of the following Settlement Class, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedures and solely for purposes of Settlement, consisting of:

> All Persons (as defined in the Stipulation) who, directly or through an intermediary, purchased or otherwise acquired limited partnership units in any of GPB Holdings, LP; GPB Holdings Qualified, LP; GPB Automotive Portfolio, LP; GPB Holdings II, LP; GPB Waste Management, LP (also known as Armada Waste Management LP); GPB Cold Storage, LP; GPB NYC Development, LP; GPB Holdings III, LP; and each of their predecessors, successors, subsidiaries, and affiliates (collectively, the "GPB Funds") during the period of January 1, 2013 through December 31, 2018 (the "Class Period") and suffered a loss thereby, as well as any Persons who are transferees of such limited partnership units (except for certain individuals and entities that have been excluded from the Settlement Class as follows).  The Settlement Class does not include: (a) Defendants in the Actions or their affiliates; (b) present or former executive directors or officers of GPB Capital Holdings, LLC, the GPB Funds, Ascendant Capital, LLC, Ascendant Alternative Strategies, LLC or Axiom Capital Management, Inc.; (c) the legal representatives, heirs, successors-in-interest, or assigns of

3

    any Person within subsection (a) or (b) of this Paragraph; (d) members of the immediate family of any natural Person within subsection (a) or (b) of this Paragraph; (e) any entity in which any Person within subsection (a) or (b) of this Paragraph has, or had during the Class Period, a controlling interest; and (f) any affiliate of GPB Capital Holdings, LLC. For purposes of this definition, "immediate family" means a natural Person's parent, sibling, spouse, or child.

Each Person within the scope of the Settlement Class is a "Settlement Class Member."

  2. **Class Findings.** Solely for purposes of the Settlement, the Court preliminarily finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement because the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) have been or likely will be satisfied, as follows: (a) the members of the Settlement Class are so numerous that their joinder would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the action are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the action for purposes of the proposed Settlement. These preliminary findings are made solely for the purposes of the Settlement, and are without prejudice to, or waiver of, the right of any non-Settling Defendants to contest certification of any other class proposed in this Action. Further, the Court's preliminary finding in this Order shall have no effect on any motion to certify any class in this Action, and no Person may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

  3. The Court also finds, pursuant to Rule 23(e)(2)(A)of the Federal Rules of Civil Procedure, that, for purposes of the proposed Settlement, it will likely be able to appoint

Plaintiffs as Settlement Class Representatives for the Settlement Class and appoint *Kinnie Ma* Counsel and *DeLuca* Counsel as Settlement Class Counsel for the certified Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Settlement Class Counsel.** The Court hereby appoints Timothy S. DeJong of Stoll Stoll Berne Lokting & Schlachter, P.C., Daniel L. Berger of Grant & Eisenhofer P.A., and Catherine Pratsinakis of Dilworth Paxson LLP, as Settlement Class Counsel for purposes of effectuating the Stipulation and this Settlement.

5.     **Substitution of Plaintiff.** Pursuant to Fed. R. Civ. P. 25, Jeffery Barasch, as transferee, is substituted as a party for the Stanley S. and Millicent R. Barasch Living Trust.

6.     **Preliminary Approval of the Settlement.** The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

7.     **Final Approval Hearing**. The Court will hold a Final Approval Hearing on October 7 2025, at 2:00 p.m. Central Time, via Zoom, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a judgment substantially in the form attached as Exhibit C to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the

Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the application for attorneys' fees, reimbursement of expenses, and issuance of service awards to the Settlement Class Representatives (the "Fee and Expense Application") should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.   Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in Paragraph 9 of this Order.

8. **Changes in Time, Date, or Format of Final Approval Hearing.** The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Plaintiffs and the Settling Defendants may agree to, if appropriate, without further notice to the Settlement Class.   The Court may decide to hold the Final Approval Hearing by telephone or video conference without further notice to the Settlement Class. Any Settlement Class Member (or such Member's counsel) who wishes to appear at the Final Approval Hearing should consult the Court's docket and/or the Settlement website for any change in date, time, or format of the hearing.

9. **Retention of the Claims Administrator and Manner of Giving Notice.** Plaintiffs are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of claims as more fully set forth below. Notice of the Settlement and the Final Approval Hearing shall be given by Settlement Class Counsel as follows:

(a) within ten (10) business days of the date of entry of this Order, Settlement Class Counsel shall provide or cause to be provided to the Claims Administrator in

electronic format a list (consisting of names, mailing addresses, and e-mail addresses) of the Persons who purchased or otherwise acquired limited partnership interests in the GPB Funds during the Class Period, as well as any subsequent transferees of such limited partnership units (except for certain individuals and entities that have been excluded from the Settlement Class as described in Paragraph 1, above);

(b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release Form (the "Claim Form"), substantially in the forms attached to the Stipulation as Exhibits D and A, respectively (the "Notice Packet"), to be mailed by first-class mail to Settlement Class Members at the addresses set forth in the list provided pursuant to subparagraph (a);

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall post copies of the Notice, Claim Form and other important case documents, on a website developed for the Settlement, from which the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit H of the Stipulation, to be published once in Investor's Business Daily and transmitted once over PR Newswire;

(e) If a Notice Packet is rendered undeliverable after the Claims Administrator makes a reasonable effort to locate an updated address, the Claims Administrator will e-mail the Notice Packet to the Settlement Class Member, if the Claims Administrator is in possession of an e-mail address; and

(f) not later than seven (7) calendar days prior to the Final Approval Hearing, Settlement Class Counsel shall serve on counsel of record in this Action and file with the Court proof, by affidavit or declaration, of such mailing and publication.

10. **Approval of Form and Content of Notice.** The Court (a) approves, as to form and content, the Notice and the Summary Notice, attached to the Stipulation as Exhibits D and H, respectively, and (b) finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in Paragraph 9 of this Order (i) are designed to accomplish the best notice practicable under the circumstances; (ii) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action; the effect of the proposed Settlement (including the releases and bar order to be provided thereunder); the Fee and Expense Application; their right to object to the Settlement, the Plan of Allocation and/or Fee and Expense Application; their right to exclude themselves from the Settlement Class; and their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

11. **CAFA Notice.** As provided in the Stipulation, the Settling Defendants shall serve the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court. Settling Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA

notice. No later than seven (7) calendar days before the Final Approval Hearing, each Settling Defendant shall cause to be served on counsel of record in this Action and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

12.     **The Claims Process and Claims Administrator's Responsibilities.**  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effectuated in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)     a properly executed Claim Form, substantially in the form attached as Exhibit A to the Stipulation, must be submitted to the Claims Administrator, at the address indicated, no later than ten (10) calendar days before the Final Approval Hearing ("Claims Filing Deadline").  The Claims Filing Deadline may be further extended by Court order or by Settlement Class Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when submitted online or, if mailed, when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form.  Any Settlement Class Member who is not a Settlement Class Opt-Out and who nevertheless does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Settlement Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by Paragraph 15 of this Order.

9

(b) the Claim Form submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by supporting documentation, if required, that is deemed adequate by the Claims Administrator and/or Settlement Class Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be included in the Claim Form; and (iv) the Claim Form must be accurate, complete, and signed under penalty of perjury.

(c) As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

(d) The Claims Administrator shall prepopulate the Claim Forms to the extent a Settlement Class Member's contact information and investment data has been provided by Defendant GPB Capital Holdings, LLC.

(e) The Claims Administrator shall make available a dedicated toll-free telephone line with live agent support.

(f) The Claims Administrator will make available a dedicated settlement website at www.GPBSecuritiesSettlement.com which will provide general information about the Settlement, important deadlines, links to copies of the Notice, Claim Form, and other important case documents, and the ability to register an account and submit a claim online.

(g) The Claims Administrator shall process and determine the validity of the claims on a rolling basis upon receipt of the Claim Forms. If the Claims Administrator

determines that a claim is deficient or that there are grounds to reject the claim, including that the Settlement Class Member has no Net Loss, the Claims Administrator will provide the Settlement Class Member written notice of the deficiency and/or basis for rejection of the claim, by letter sent to the address of record by first class mail. The Settlement Class Member will have thirty (30) days from the date of the notice to contest and/or cure the grounds for the deficiency or rejection by providing additional information and supporting documentation to the Claims Administrator by mail or electronically at www.GPBSecuritiesSettlement.com.

(h) The Claims Administrator shall email a reminder notice to all Settlement Class Members for whom an email address has been provided and for whom no Claim Form has been received no more than fifteen (15) calendar days before the Claims Filing Deadline and no fewer than five (5) calendar days before the Claims Filing Deadline. If there is no email address on file or if the email is rendered undeliverable, the Claims Administrator will mail a reminder notice to the address on record for those Settlement Class Members for whom no Claim Form has been received at least ten (10) calendar days before the Claims Filing Deadline.

13. **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: any such request for exclusion from the Settlement Class must be postmarked no later than twenty-five (25) calendar days prior to the Final Approval Hearing, to: **GPB Securities Settlement, EXCLUSIONS, P.O. Box 2916, Portland, OR 97208-2916;** and (b) (i) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name, address, and telephone

11

number of the appropriate contact person; (ii) state that such Person "requests exclusion from the Settlement Class in *Kinnie Ma IRA, et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-cv-01050 (W.D. Tex.)"; (iii) be signed by the Person requesting exclusion or an authorized representative; and (iv) include documents sufficient to prove membership in the Settlement Class, including the limited partnership units in the GPB Funds that the excluding Settlement Class Member purchased or acquired during the Class Period. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court. Settlement Class Counsel is authorized to request from any Person requesting exclusion additional transaction information or documentation sufficient to prove ownership of limited partnership interests in the GPB Funds.

14.     **Effects of Exclusion.** Any Person that timely and validly requests exclusion in compliance with Paragraph 13 and is excluded from the Settlement Class shall be a Settlement Class Opt-Out, as defined in the Stipulation; and shall not receive any payment out of the Net Settlement Fund, shall have no right to object to the Settlement, shall forfeit any right to future class recovery (if any) against any non-settling Defendants, shall not participate in proceedings in the *Kinnie Ma* Action or be legally bound by any of the Court's orders or judgments in the *Kinnie Ma* Action. However, such Settlement Class Opt-Out(s) will retain any individual rights they may still have with respect to Settling Defendants and other non-settling Defendants related to matters alleged in the Actions.

15.     **Effects of Remaining in the Settlement Class.** Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived the right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or

any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Actions with regard to the Settling Defendants, including, but not limited to, the Final Judgment and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Settling Defendants, as more fully described in the Stipulation and Notice.

16. **Appearance and Objections at the Final Approval Hearing.** Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in this Action at their own expense, individually or through counsel of choice, by filing such appearance with the Clerk of Court, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented at the Final Approval Hearing by Settlement Class Counsel.

17. **Objections to the Settlement.** Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application and appear and show cause why the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application unless that Person's written objection is filed with the Court no later than twenty-one (21) calendar days prior to the Final Approval Hearing.

18.     **Form and Content of Objections.** Any objections, filings, and other submissions by any objecting Settlement Class Member: (a) must identify the case name and docket number, *Kinnie Ma IRA, et al. v. Ascendant Capital, LLC, et al.*, No. 1:19-cv-01050 (W.D. Tex.); (b) must state the name, address, and telephone number of the objecting Settlement Class Member and must be signed by that Settlement Class Member or its authorized representative; (c) must state whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of counsel; (d) must state with specificity the grounds for the objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) must include documents sufficient to prove membership in the Settlement Class, including the limited partnership interest in the GPB Funds that the objecting Settlement Class Member purchased or acquired during the Class Period. In addition, objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Final Approval Hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

19.     All objections and entries of appearance must be filed with the Court <u>and</u> mailed or delivered to each of the following recipients at the addresses below such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing:

| Court | Settlement Class Counsel | Settling Defendants' Counsel To Be Notified |
|---|---|---|
| The Hon. Alan Albright Courtroom 5 501 West 5th Street, Austin, TX 78701 | STOLL STOLL BERNE LOKTING & SHLACHTER P.C. Timothy S. DeJong 209 SW Oak Street, Suite 500 Portland, OR 97204 | LATHAM & WATKINS LLP Kevin M. McDonough 1271 Avenue of the Americas New York, NY 10020 *Counsel for Crowe LLP* |

|  | DILWORTH PAXSON LLP<br>Catherine Pratsinakis<br>1650 Market Street, Suite 1200<br>Philadelphia, PA 19103-7391 | WILLIAMS & CONNOLLY LLP<br>Katherine M. Turner<br>680 Maine Avenue SW<br>Washington, DC 20024<br>*Counsel for RSM US LLP* |
|---|---|---|

20. **Waiver of Objections.** Any Settlement Class Member that does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and the Fee and Expense Application, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the Fee and Expense Application, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the Fee and Expense Application in this or any other proceeding.

21. **Lifting of the Stay.** The Court hereby lifts the stay of proceedings in this Action for the limited purpose of carrying out or enforcing the terms and conditions of the Stipulation. All other claims, and parties other than the *Kinnie Ma* Plaintiffs and the Settling Defendants, remain subject to the previously imposed stay.

22. **Settlement Administration Fees and Expenses.** All reasonable costs incurred in identifying members of the Settlement Class and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23. **Settlement Fund.** All funds in the Escrow Account at Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes.** Settlement Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Gross Settlement Fund, to pay from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement.** If the Settlement is terminated as provided in the Stipulation, the Settling Defendants withdraw from the Settlement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. In such event, this Order shall be without prejudice to the rights of Settlement Class Representatives, the other Settlement Class Members, and Settling Defendants, and those Parties shall revert to their respective positions in this Action immediately prior to reaching their agreement in principle to settle on June 14, 2024, as provided in the Stipulation.

26. **Use of this Order.** Neither this Order nor the Stipulation (whether or not approved by the Court), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court); nor the negotiations leading to the execution of the Stipulation; nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of

any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants; (b) shall be offered against any of the Plaintiffs, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs that any of their claims are without merit, that any of the Settling Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind; (c) shall be in any way referred to for any other reason as against any of the Plaintiffs or the Settling Defendants, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (d) shall be construed against any of the releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered at trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.    **Supporting Papers.** Settlement Class Representatives shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and the Fee and Expense Application no later than thirty-five (35) calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this 11th day of August 2025.

 

_____
The Honorable Alan Albright
United States District Judge