**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| KINNIE MA IRA; JEFFREY S. GRAMM IRA; STACY GREASON IRA; VICTOR WADE IRA; KAZURE BELL; DEAN CROOKS; CORRI RENE EDEN; CATHERINE KOMINOS; KAREN LOCH; ROBERT A. STONE LIVING TRUST; SHIRLEY STONE LIVING TRUST; THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST; AND LORETTA DEHAY,<br><br>Plaintiffs,<br><br>-v-<br><br>ASCENDANT CAPITAL, LLC, et al.,<br><br>Defendants. | 19-CV-01050-ADA |

**DEFENDANTS DAVID GENTILE, JEFFRY SCHNEIDER, ASCENDANT CAPITAL LLC, DJ PARTNERS LLC, AND ASCENDANT ALTERNATIVE STRATEGIES' LIMITED OBJECTION AND RESPONSE TO AND REQUEST FOR CLARIFICATION OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH DEFENDANTS GPB CAPITAL HOLDINGS, LLC (AND AFFILIATED ENTITIES) AND PHOENIX AMERICAN FINANCIAL SERVICES, INC.**

## INTRODUCTION

Defendants David Gentile, Jeffry Schneider, Ascendant Capital, LLC ("Ascendant"), Ascendant Alternative Strategies, LLC ("AAS"), and DJ Partners, LLC ("DJP") (together, the "Indicted Defendants Group"), submit this statement in response to the motion for preliminary approval of the Plaintiffs' Motion for Preliminary Approval of Settlement with Defendants GPB Capital Holdings, LLC (and Affiliated Entities) and Phoenix American Financial Services, Inc. (the "Proposed Settlement") dated January 14, 2026 (Dkt. 1284) (the "Settlement Motion"). As before, with the Motion for Preliminary Approval of Proposed Settlement with Certain Auditor Defendants (Dkt. 1239), the Indicted Defendants Group is not opposed in principle to the proposed settlement and distribution to investors. However, the Indicted Defendants Group must advise the Court that one key proposed settlement term is so vague that it requires clarification before notice to investors. Specifically, the Proposed Settlement includes "assignment or transfer" of claims by Plaintiffs against the Indicted Defendants Group to co-Defendants, the GPB Funds.[1] Dkt. 1284-2 at 9. Nothing in the Settlement Motion explains the effect that will have on the investors' claims against the Indicted Defendants Group in this action, including whether the Indicted Defendants Group will remain defendants in this case and on what claims as a result of the Proposed Settlement.

## PROCEDURAL HISTORY

Plaintiffs brought this action as a purported class action as investors in certain investment funds against various defendants, including, but not limited to, the GPB Funds, GPB Capital Holdings, LLC ("GPB Capital"), David Gentile (then-CEO of GPB Capital), Jeffry Schneider

[1] Plaintiffs' Consolidated Complaint (Dkt. 916) defines the "GPB Funds" as: GPB Holdings, LP, GPB Holdings Qualified, LP, GPB Holdings II, LP, GPB Automotive Portfolio, LP, GPB Cold Storage, LP, GPB NYC Development, LP, GPB Waste Management, LP, GPB Managed IT Fund, GPB Automotive Income Fund, Ltd., and GPB Holdings III, LP.

(CEO of Ascendant), Ascendant, AAS, and DJP. The Consolidated Complaint asserts claims against members of the Indicted Defendants Group under Texas Securities Act, Tex. Rev. Stat. §§ 581-7, 581-33 *et seq.*, breach of fiduciary duty, fraud, and civil conspiracy. Dkt. 916 ¶¶ 344-389, 414-420, 432-440. It also asserts claims against Ascendant, AAS, and Axiom for, *inter alia*, fraudulent transfer pursuant to the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Comm. Code § 24.005 *et seq*. *Id.* ¶¶ 395-403.

Plaintiffs sought approval of an earlier settlement, against certain auditor defendants, and the Indicted Defendants did not object or oppose, seeking only clarification in the final order approving settlement that it is without prejudice to any future class or merits ruling in this case. If the Indicted Defendants Group members are to remain in this case, they make the same request again here, but it is unclear if that will be the case.

Plaintiffs, GPB Capital, the GPB Funds, and Phoenix American Financial Services, Inc. ("PAFSI") (the "Settling Parties") now move the Court for an order of preliminary approval of a proposed class-wide settlement that appears to require the Settlement Class to release claims as to certain settling defendants and to assign certain claims (the "Assigned Claims") against certain non-Settling Defendants, including the Indicted Defendants Group, to the GPB Receivership.[2] *See, e.g.*, Stipulation and Agreement of Settlement ¶¶ I(e)–(g), II(1)(c) (Dkt. 1284-2) (the "Stipulation"). However, neither the Stipulation nor the [Proposed] Final Settlement Approval and Bar Order (Dkt. 1284-2, Ex. B.) (the "Proposed Order") states in clear, simple terms that the Settlement Class expressly relinquishes the right to and shall be barred from pursuing or bringing anew any of the Assigned Claims against members of the Indicted Defendants Group after the Effective Date. It is also not clear from the Proposed Settlement terms, as drafted, whether

[2] All capitalized terms not defined here in carry the same meaning they do in the Settlement Motion.

Plaintiffs or the Settlement Class are authorized to pursue certain claims against certain members of the Indicted Defendants Group on behalf of the Receivership as an "Estate Authorized Claim," notwithstanding that the definition of "Assigned Claims" purports to transfer *all* claims against the Indicted Defendants Group members from the Settlement Class to the GPB Receivership. *Id.* ¶ II(1)(c) and (1)(l).

On January 22, 2026, and again on January 26, 2026, counsel for the Indicted Defendants Group contacted Plaintiffs' counsel requesting clarification on the proposed impact of the Proposed Settlement on the Indicted Defendants Group, including whether any of the members of that Group would remain as defendants in the instant action upon approval of the Proposed Settlement. Plaintiffs' counsel responded on January 26 via voicemail rejecting our request for clarification and stating that the Proposed Settlement terms are not unclear. A similar request was made to the Receiver for the GPB Funds, on January 22, 2026, and the Receiver's counsel has not responded to that request.

**<u>REQUEST FOR CLARIFICATION OF PROPOSED SETTLEMENT</u>**

The Indicted Defendants Group fully supports investors receiving a return of their investment in the GPB Funds and also supports in theory preliminary approval of a settlement that resolves, through release or assignment out of the instant action, Plaintiffs' claims as against GPB Capital, the GPB Funds, PAFSI, and the Indicted Defendants Group members. However, the Proposed Settlement, as written in the Stipulation, is not clear about what claims will remain against the members of the Indicted Defendants Group, either on behalf of Plaintiffs or the Settlement Class in this, or any other, action, or on behalf of the Receiver (who was appointed for and stands in the shoes of the GPB Funds, who are co-defendants in this case) pursuant to the proposed assignment of claims. Indeed, as to the "Estate Authorized Claims," the proposed class notice fails to explain the Receiver's interest in any non-assigned claims and/or why

"authorization" is necessary or included as a part of the Proposed Settlement if Plaintiffs intend to retain the right to pursue those claims.

Clarity of the resolution of claims in a purported class action is essential not only for the defendants of that action but also for the investors on whose behalf Plaintiffs purport to act and who are entitled to a full understanding of the rights they agree to relinquish when opting into a settlement class. Accordingly, the Indicted Defendants Group respectfully request that the Court instruct the Settling Parties to clarify the following:

1. If, upon final approval of the Proposed Settlement: (a) Plaintiffs or the Settlement Class will retain and not assign to the Receiver any claims against any member of the Indicted Defendants Group; and, if so, (b) what claims against what members of the Indicted Defendants Group Plaintiffs or the Settlement Class will retain and will remain active in the instant action.
2. If, upon final approval of the Proposed Settlement: (a) the Receiver purports to stand in the shoes of Plaintiffs in the instant action and retain and pursue claims against the Indicted Defendants Group in this action; and, if so, (b) the Receiver also purports to authorize Plaintiffs to pursue some of the Assigned Claims against the Indicted Defendants Group on behalf of the Receiver, and under what authority it purports to do so.

Alternatively, to the extent the Court believes that no further clarification from the Settling Parties is warranted, to avoid any ambiguity going forward, the Indicted Defendants Group respectfully requests the following clarification in any order from the Court preliminarily approving the Proposed Settlement and related notice, depending on the Court's understanding of the Proposed Settlement:

- ***If the Proposed Settlement will terminate all existing or potential claims by the Settlement Class as against the Indicted Defendants Group in the instant action or any other existing or future action upon final approval of the Proposed Settlement via assignment to the Receiver:*** the Indicted Defendants Group seeks the underlined proposed modifications to the terms of the Stipulation as such terms will be incorporated into any order by the Court approving the Proposed Settlement:
    - *Section II(1)(l) ("Estate Authorized Claims"):* "**Estate Authorized Claims**" means all claims against certain non-Settling Defendants for fraudulent transfer under the Texas Business and Commerce Code, Chapter 24 (Uniform Fraudulent Transfer Act), or any other similar statute under any other state law, that Plaintiffs have asserted or could have asserted directly, indirectly, or derivatively in this Action, including claims with respect to transfers of monies or other consideration to any broker, investment advisor or similar entity or person who sold, assigned or transferred or participated in the sale, assignment or transfer of interests in the GPB Limited Partnerships as described in the Operative Complaint, and through this Settlement, the Receiver authorizes Plaintiffs to assert on behalf of the Settlement Class or for its benefit. These claims include fraudulent transfer claims asserted or assertable as against entities who sold limited partnership interests in the GPB Funds, as described in the Operative Complaint. <u>This expressly excludes any of the Assigned Claims as defined herein, which the Settlement Class relinquishes the right to pursue through assignment to the Receiver.</u>
    - *Section V ¶ 20:* Members of the Settlement Class agree to and hereby assign and transfer to the GPB Receivership Estate the Assigned Claims against the Lead

Brokers, the Individual Defendants, and DJ Partners LLC, and MR Ranger, LLC, provided that, if this Settlement is not finally approved, the assignment is null and void and Plaintiffs may continue such litigation in the discretion of Plaintiffs and Plaintiffs' Co-Lead Settlement Counsel. From the date hereof until such assignments are effective, Plaintiffs, Plaintiffs' Counsel, and any other counsel representing Plaintiffs in the Action, shall discontinue and refrain from prosecuting all further litigation against such Defendants. The Settlement Amount includes bargained-for consideration for assignment and transfer of such Assigned Claims. This Settlement does not settle, or release, any of the Assigned Claims but, upon final approval of this Settlement, any member of the Settlement Class who is not a Settlement Class Opt-Out shall relinquish the right to pursue any of the Assigned Claims.

  - *Section IX ¶ 28:* This Settlement does not settle or release any claims against (1) David Gentile; (2) Jeffry Schneider; (3) Mark D. Martino; (4) Jeffrey Lash; (5) Gentile Pismeny & Brengel LLP, n/k/a Gentile Brengel & Lin, LLP; (6) DJ Partners LLC; (7) MR Ranger LLC; (8) Ascendant; (9) AAS; (10) Axiom; (11) any other non-Settling Defendant in this Action; and (12) as to parties identified in (1) to (11) in this Paragraph, any and all of their respective former or current officers, directors, employees, and agents. However, upon final approval of the Settlement, the Settlement Class shall be barred from prosecuting any such claim against a non-Settling Defendant that is an Assigned Claim, as defined herein.

- ***If the Proposed Settlement will allow the Receiver to step into the shoes of the Plaintiffs/Settlement Class and pursue the Assigned Claims against the Indicted***

***Defendants Group in the instant action OR if the Proposed Settlement will allow the Plaintiffs to continue to pursue certain claims against any of the Indicted Defendants Group members in the instant action***: the Indicted Defendants Group seeks the above-requested modifications as applicable to the remaining claims as against members of the Indicted Defendants Group (i.e., if claims remain against some, but not all, members of the Indicted Defendants Group, the requested modifications above should be included for the excluded defendants). The Indicted Defendants Group also requests that the definitions of "Assigned Claims" and "Estate Authorized Claims" are revised to expressly identify the specific claims/defendants that are included in any purported assignment of claims from the Settlement Class to the Receiver and eliminate any ambiguity and overlap between the definitions.

Further, to the extent any claims remain in the instant action on behalf of any party, the Indicted Defendants Group requests the below underlined proposed modifications to the terms of the Proposed Order as such terms will be incorporated into any order by the Court approving the Proposed Settlement:

- *Proposed Order (Exhibit B)* ¶ *4*: **Class Certification Class Findings.** For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met, as follows: (a) the members of the Settlement Class are so numerous that their joinder would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have and will fairly and

adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action for purposes of the Settlement. The Settlement further protects against any prejudice to the non-Settling Defendants. Any findings the Court makes in connection with its approval of the Settlement are solely for purposes of that Settlement, are without prejudice to, or waiver of, the right of any non-Settling Defendants to contest certification of any other class proposed in this Action or the determination of any question or issue on the merits addressed in approval of the Settlement Class or the Proposed Settlement, and shall have no effect on any subsequent motion to certify any class or decide any question or issue on the merits addressed in approval of the Settlement Class or the Proposed Settlement in this Action or any other action. No Person may cite or refer in this Action or any other action to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or the determination of any question or issue on the merits addressed in approval of the Settlement Class or the Proposed Settlement.

Finally, the Indicted Defendants Group expressly reserves and does not waive the right to contest and to object on all grounds to the terms of the Proposed Settlement and any claims against the Indicted Defendants Group that remain upon final approval thereof, both substantive and procedural, including but not limited to the validity and legality of the assignment of any such claims, the right and standing of any party to prosecute any such claims, the certification of any other class proposed in this Action, and/or the determination of any question or issue on the merits addressed in approval of the Settlement Class or the Proposed Settlement. The Indicted Defendants

Group also reserves and does not waive all arguments regarding the propriety of Plaintiffs' proposed plan for distribution of the settlement funds, including without limitation, the exclusion of certain defendants, including those Indicted Defendants Group members who are investors, from receiving a distribution in respect of their investment.

*Signatures on following page*

Dated: January 28, 2026
New York, New York

Respectfully submitted,

**KOBRE & KIM LLP**

/s/ *A. Zoe Bunnell*
Adriana Riviere-Badell (admitted *pro hac vice*)
Kobre & Kim LLP
FL State Bar No. 30572
201 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 967-6100
Adriana.Riviere-Badell@kobrekim.com

A. Zoe Bunnell (admitted *pro hac vice*)
Kobre & Kim LLP
NY State Bar No. 5252077
800 Third Avenue
New York, New York 10022
(212) 488-1200
zoe.bunnell@kobrekim.com

Garland "Land" Murphy
Murphy Ball Stratton LLP
(Texas Bar No. 24058010)
1001 Fannin Street
Suite 720
Houston, Texas 77002
(713) 221-2346
lmurphy@mbssmartlaw.com

*Attorneys for Defendant David Gentile*

**ARENTFOX SCHIFF LLP**

/s/ *Hunter T. Carter*
Hunter T. Carter
Glenn Colton
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone: (212) 484-3900
hunter.carter@afslaw.com
glenn.colton@afslaw.com

**JACKSON WALKER LLP**

/s/ *Jennifer S. Freel*
Jennifer S. Freel
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone: (512) 236-2330
jfreel@jw.com

*Attorneys for Defendants Jeffry Schneider and Ascendant Capital LLC*

**PEELE | NIMOCKS | TOTH**

/s/ *Christopher L. Peele*
Christopher L. Peele
Texas Bar No. 24013308
chris@pntlawfirm.com
Austin R. Nimocks
Texas Bar No. 24002695
austin@pntlawfirm.com
The Overlook at Rob Roy
6836 Bee Caves Rd., Bldg. 3, Ste. 201
Austin, Texas 78746
Telephone: (512) 417-0334

*Attorneys for Defendants Ascendant Alternative Strategies, LLC and DJ Partners LLC*

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above response has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure this 28th day of January, 2026.

/s/ *Yinan Li*
Yinan Li