IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KINNIE MA INDIVIDUAL RETIREMENT ACCOUNT, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | Case No. 1:19-cv-01050-ADA |
| v. | § | (Consolidated with 1:19-cv-01079 and 1:22-cv-1325) |
| ASCENDANT CAPITAL, LLC, *et al.*, | § | |
| *Defendants*. | § | |

**AXIOM CAPITAL MANAGEMENT, INC.'S RESPONSE TO PLAINTIFFS' PRELIMINARY APPROVAL MOTION**

Defendant Axiom Capital Management, Inc. ("Axiom") objects to the proposed class action settlement with GPB Capital Holdings, LLC ("GPB Capital"), GPB Capital's affiliates, and Phoenix American Financial Services, Inc. ("PAFSI") (collectively, the "GPB Settling Defendants") (the proposed settlement, the "Proposed GPB Settlement," as memorialized in the Stipulation and Agreement of Settlement filed on January 13, 2026 (the "GPB Settlement Stipulation," ECF 326-4)) to the same extent and for the same reasons it objected to approval of the Proposed GPB Settlement in *Securities and Exchange Commission v. GPB Capital Holdings, LLC*, et al. No. 21-CV-583(MKB) (the "Receivership Action"), pending in the United States District Court for the Eastern District of New York (the "Receivership Court"). A copy of Axiom's objection in the Receivership Action (the

"Receivership Court Objection") is attached as Exhibit 1 and is incorporate by reference herein.

As set forth in the Receivership Court Objection, Axiom objects to the extent the Proposed GPB Settlement bars Axiom's indemnification and contribution claims with no offset or credit. In particular, Axiom is a party to several Dealer Agreements with certain GPB Funds. (*See* Receivership Court Objection at 2.) The Dealer Agreements require the GPB Funds to indemnify Axiom for claims, losses, and defense costs arising from misstatements or omissions in the GPB Funds' offering materials. (*See id.*) Axiom has asserted indemnification demands arising from investor claims concerning misstatements and omissions in the GPB Funds' offering materials, including demands for defense costs and liabilities incurred in private FINRA arbitrations in which neither GPB Capital nor the GPB Funds were a named party. (*See id.*)

The bar order in paragraph 32 of the GPB Settlement Stipulation broadly precludes indemnification claims:

> Members of the Settlement Class agree to and hereby assign and transfer to the GPB Receivership Estate the Assigned Claims[1] against the [Ascendant, AAS, or Axiom], the Individual Defendants, and DJ Partners LLC, and MR Ranger, LLC, provided that, if this Settlement is not finally approved, the assignment is null and void and Plaintiffs may continue such litigation in the discretion of Plaintiffs and Plaintiffs' Co-Lead Settlement Counsel. From the date hereof until such assignments are effective, Plaintiffs, Plaintiffs' Counsel, and any other counsel representing Plaintiffs in the Action, shall discontinue and refrain from prosecuting all further litigation against such Defendants. The Settlement Amount includes bargained-for consideration for assignment and transfer of such Assigned Claims. This Settlement does not settle, or release, any of the Assigned Claims.

[1] The "Assigned Claims" include the claims asserted against Axiom in this matter.

To the extent this is read as precluding Axiom's indemnification and contribution claims, there is no corresponding provision in the GPB Settlement Stipulation that either preserves Axiom's previously asserted indemnification claims or limits the indemnification bar to claims arising from the same underlying liability resolved by the Proposed GPB Settlement, including indemnification claims arising from separate proceedings. (*See id.* at 5.) And, with the putative assignment of the class action claims against Axiom to the Receiver, there is also no pro tanto credit, no proportionate-fault reduction, and no other mechanism linking the indemnification bar to the liability resolved by the class settlement.

As further set forth in the Receivership Court Objection (*see id.* at 5), Axiom requests the following modifications and clarifications to the Proposed GPB Settlement and objects to the Proposed GPB Settlement to the extent such modifications are not made.

> (i) that Axiom's liability for the Assigned Claims is extinguished to the same extent as the Settling Defendants and Defendant Releasees' liability (conversely barring the Receiver from asserting the Assigned Claims to the extent Axiom indemnification, equitable and affirmative defenses are also limited by the bar order); and
>
> (ii) that Axiom's contractual indemnification claims for amounts unrelated to the GPB Funds' liability to the Kinnie Ma Plaintiffs (i.e. attorneys' fees, defense costs, and losses arising from private FINRA

arbitrations in which neither GPB Capital nor the GPB Funds are parties) are expressly carved out and preserved.

As set forth in the Receivership Court Objection and in objections filed in this action by other parties, a non-settling defendant has standing to challenge settlements that prejudice their own rights, including with respect to bar orders. *See, e.g., LeBlanc v. Texas Brine Co., L.L.C.*, 989 F.3d 359, 364 (5th Cir. 2021) (recognizing that non-settling defendants may challenge proposed settlements that cause "plain legal prejudice" to objecting defendants' rights); *Transamerican Refin. Corp. v. Dravo Corp.*, 952 F.2d 898, 900 (5th Cir. 1992) (recognizing that defendants may challenge settlement that "purports to strip non-settling defendants of rights to contribution or indemnity"); *In re Granada P'ship Secs. Litig.*, 803 F. Supp. 1236, 1238 (S.D. Tex. 1992) (denying approval where proposed bar order would "substantially prejudice the rights of the non-settling defendants and observing that bar orders must be 'fundamentally fair and equitable' to the non-settling defendants") (capitalization removed).

For the reasons stated in the Receivership Court Objection, the proposed asymmetrical bar order here does not provide any mutual consideration for Axiom and is not "fundamentally fair and equitable" to Axiom, particularly in the absence of any credit or offset mechanism for the purported involuntary surrender of Axiom's indemnification (and contribution) rights. (*See* Receivership Court Objection at 6-9.) The purported elimination of Axiom's indemnification and contribution rights and the absence of mutuality would cause plain legal prejudice

to Axiom and is inconsistent with caselaw requiring such bar orders to be "fair and equitable." *See In re Granada*, 803 F. Supp. at 1238; (S.D. Tex. 1992) (denying approval where proposed bar order would "substantially prejudice the rights of the non-settling defendants and observing that bar orders must be 'fundamentally fair and equitable' to the non-settling defendants") (capitalization removed). "A settlement bar should not be approved unless it is narrowly tailored and preceded by a judicial determination that the settlement has been entered into in good faith and that no one has been set apart for unfair treatment." *Chao v. Slutsky*, 2009 WL 3174711, at *4 (E.D.N.Y. Oct. 2, 2009) (internal quotation marks and citation omitted). "[T]o alleviate the potential harshness of a bar order, there must be a judgment credit provision that protects a nonsettling party from paying damages exceeding its own liability … ensuring that, at the end of the day, the non-settling defendants are not held responsible for any damages for which the settling defendants are proven liable, a judgment credit provision adequately compensates non-settling defendants for indemnity and contribution claims, as well as for any other claims where the harm to non-settling defendants is based on their liability to a plaintiff." *Chao*, 2009 WL 3174711, at *4 (internal quotations and citations omitted).

## CONCLUSION

Axiom thus objects to the bar order and the absence of any carveout, offset, credit, or other compensation for any rights that the bar order purports to strip

from Axiom. Axiom further requests that the Proposed GPB Settlement be modified or clarified to ensure:

(i) that Axiom's liability for the Assigned Claims is extinguished to the same extent as the Settling Defendants and Defendant Releasees' liability (conversely barring the Receiver from asserting the Assigned Claims to the extent Axiom indemnification, equitable and affirmative defenses are also limited by the bar order); and

(ii) that Axiom's contractual indemnification claims for amounts unrelated to the GPB Funds' liability to the Kinnie Ma Plaintiffs (i.e. attorneys' fees, defense costs, and losses arising from private FINRA arbitrations in which neither GPB Capital nor the GPB Funds are parties) are expressly carved out and preserved.

Axiom requests all other relief to which it is justly entitled. Axiom also denies that the Assigned Claims have merit and reserves all rights and defenses to the pursuit of such claims by Plaintiffs, the Receiver, or the putative class.

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

/s/ *Peter A. Stokes*
Peter A. Stokes
State Bar No. 24028017
peter.stokes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

*Counsel for Defendant Axiom Capital Management, Inc.*

## Certificate of Service

I certify that on February 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using the Case Management/Electronic Case Files (CM/ECF) system which will send notification of this filing to all counsel of record who have registered to receive ECF service in this action.

/s/ Peter A. Stokes
Peter A. Stokes