

STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF ECONOMIC JUSTICE
INVESTOR PROTECTION BUREAU

April 22, 2026

**VIA ECF**
Hon. Alan D. Albright
United States District Judge
Western District of Texas
800 Franklin Avenue, Room 301
Waco, Texas 76701

**Re: *Kinnie Ma Individual Retirement Account, et al, v. Ascendant Capital, LLC, et al.*, No. 1:19-CV-01050-ADA (W.D. Tex.)**

Dear Judge Albright:

The Attorney General of the State of New York ("Attorney General" or "OAG") respectfully submits this statement of interest concerning the proposed settlement in the above-referenced matter (the "Kinnie Ma Action"). The Attorney General is interested in the proposed settlement agreement (Docket No. 1281-4) in the Kinnie Ma Action because OAG has ongoing litigation against GPB Capital Holdings, LLC ("GPB Capital"), David Gentile, Jeffry Schneider, Ascendant Capital, LLC, and Ascendant Alternative Strategies, LLC. *See The People of The State of New York, by Letitia James, Attorney General of the State of New York v. GPB Capital Holdings, LLC et al*, 450287/2021 (Sup. Ct. New York Cnty.) (the "OAG Action").

Pursuant to the Class Action Fairness Act of 2005, "Attorneys General are statutorily empowered by the United States Congress to receive and review all class action settlements." *See e.g., Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1301 n.9 (S.D. Fla. 2007). The Attorney General believes that the proposed settlement agreement (hereinafter, "Proposed Settlement"), if approved by the Court, would be an inadequate remedy and would substantially prejudice the defrauded investors of GPB Capital, given the scope and breadth of the harm alleged, the collateral estoppel effects of the three federal criminal convictions, and the extent of the assets still held by GPB Capital. Accordingly, OAG respectfully requests that the Court consider the following points in determining whether to approve or reject the Proposed Settlement.

### A. The Proposed Settlement Is Inadequate to Provide Reasonable Restitution to Investors

GPB Capital raised approximately $1.7 billion from investors through fraud. While the Receiver has recovered $1.1 billion to distribute to investors, only one distribution in the amount

of $400 million has been made to investors.  That single distribution was made over a year ago. The Receiver has submitted no plans for future distributions of the remaining $700 million, other than the proposed $67.75 million Kinnie Ma settlement.

Settling a $1.7 *billion* case for $67.75 *million*—when the corporate defendant who caused investors' losses presently has $700 million in hand—cannot fairly be said to be "fair, reasonable, and adequate." Rule 23(e)(2).

Perhaps a settlement for 4% of total damages would be warranted if there were significant litigation risks.  But there is limited litigation risk here, where Gentile and Schneider have each already been criminally convicted of securities fraud in the Eastern District of New York, *United States v. Gentile*, 1:21-cr-00054-RPK-PK ("EDNY Case") for the *exact same conduct* at issue in the case here.  The doctrine of collateral estoppel means that GPB Capital would be hard pressed to demonstrate it did not engage in the fraud at issue given the criminal convictions of Gentile and Schneider, and the guilty plea of an associate—Eric Lash—who is under an ongoing agreement to cooperate with OAG. "[B]ecause of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action." *Cash Flow Fin., LLC v. Bishop*, No. MO-09-CV-29, 2012 WL 12950619, at *2 (W.D. Tex. Feb. 9, 2012) (quoting *U.S. v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1983)); *United States v. Mahmood*, No. 6:15-CV-948, 2016 WL 5369562, at *3 (E.D. Tex. Sept. 26, 2016) ("An estoppel in favor of the Government arises in a subsequent civil proceeding where the questions at issue were directly determined in a prior criminal prosecution and conviction."); *see also Arxada Holdings NA Inc. v. Harvey,* No. 2024-0771, 2026 WL 220511, at *24-25 (Del. Ch. Jan. 28, 2026) (finding that a limited liability company engaged in tortious conduct based on the principals' and de facto principal's knowledge and acts).

Given these dynamics, the investor victims in this $1.7 billion civil case—with accompanying criminal convictions—deserve more $67.75 million.

### B.  If the Kinnie Ma Settlement is Finalized, OAG's Ability to Secure Restitution for Investors is Jeopardized

OAG is currently seeking full restitution of $1.7 billion on behalf of investors nationwide from GPB Capital in the OAG Action, which is brought under Article 23-A of the N.Y. General Business Law. Given the criminal convictions against Gentile and Schneider described above, OAG believes that liability can be easily established against GPB Capital and that OAG will be successful in obtaining a full $1.7 billion judgment from GPB Capital in the OAG Action. However, the Proposed Settlement in the Kinnie Ma Action could undermine the Attorney General's claims for restitution against GPB Capital. If the settlement is approved, GPB Capital may argue that the settlement between Plaintiffs and GPB Capital releases any claims for restitution against GPB Capital in the OAG Action, even though OAG is not a party to the Kinnie Ma Action. *See People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 125 (2008).  Accordingly, the proposed $67.75 million settlement would have a detrimental effect on investors' ability to become whole through the OAG Action.

OAG's concerns could be resolved by carving GPB Capital out of the release Plaintiffs anticipate giving to Defendants.  This would allow OAG to continue to pursue full recovery for investors while Plaintiffs could opt out of continuing to litigate.  However, Plaintiffs and the Receiver have refused OAG's request to limit the scope of the release to exclude GPB Capital.  As a result, if this settlement is approved not only will GPB Capital get out cheaply—but it will also receive a broad, far-reaching release so that parties other than the Plaintiffs here will be limited in their ability to sue GBP Capital and receive justice.

### C. The Proposed 26% Attorneys' Fee Would Be Paid From Receivership Funds Already Owed To Investors

Plaintiffs' counsel's proposed 26% fee is outsized where they have had little opportunity to prosecute the case on the merits and the majority of the fee would be paid *by the Receiver* out of the $700 million of remaining recovered funds that should instead be paid to GPB Capital investors. In rejecting a proposed settlement in *In re Vanguard Chester Funds Litig.*, Judge Murphy of the Eastern District of Pennsylvania held similarly. 783 F. Supp. 3d 815 (E.D. Pa. 2025). There, defendant Vanguard settled a case with the SEC and various states for $135 million after a $40 million settlement had already been proposed in a parallel class action. In the regulatory settlement agreement, the SEC and Vanguard agreed that if the class action settlement was approved, that $40 million could be deducted from the $135 million Vanguard agreed to pay to the SEC. But an objection noted that approval of the class settlement would result in *less* money being paid to the class, as a portion of the $135 million already secured by the SEC would now be paid to class counsel instead of the plaintiffs. The court in *Vanguard* rejected the proposed settlement, noting that "[i]f we approve, the harmed investors lose $13 million to attorneys' fees. If we reject, the harmed investors get that $13 million themselves[.]" *Id*. at 821. Similarly, if the Court rejects the Proposed Settlement, the 26% attorney fee would remain with the Receiver and could be used to pay out to investors rather than attorneys.

We thank the Court for the opportunity to bring these matters to the Court's attention and hope this matter can be resolved in a manner that prioritizes the pecuniary harm suffered by investors due to the fraud and misconduct of GPB Capital, Gentile, Schneider and others.

Respectfully submitted,

*/s/ Stephen Ross*
Stephen Ross
Assistant Attorney General
Stephen.Ross@ag.ny.gov

cc: (All Counsel of Record)
    (via ECF)

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing statement of interest has been served on all counsel of record via the CM/ECF system this 22nd day of April, 2026.


/s/ Stephen Ross
Stephen Ross