UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:19-cv-01050

**Kinnie Ma Individual Retirement Account,**
*Plaintiff,*
v.
**Ascendant Capital, LLC, et al.,**
*Defendants.*

No. 1:19-cv-01079

**Stanley S. and Millicent R. Barasch Living Trust,**
*Plaintiff,*
v.
**GPB Capital Holdings, LLC, et al.,**
*Defendants.*

No. 1:22-cv-01325

**Kinnie Ma Ira, et al.,**
*Plaintiffs,*
v.
**National Holdings Corporation, et al.,**
*Defendants.*

## ORDER FOR JOINT SUBMISSION

The above captioned cases were reassigned to this Court's docket on June 30, 2026, and July 10, 2026. *See* No. 1:19-cv-01050, ECF No. 1329 (reassigning the case on June 30, 2026); No. 1:19-cv-01079, ECF No. 377 (reassigning the case on June 30, 2026); No. 1:22-cv-01325, ECF No. 28 (reassigning the case on July 10, 2026).

The three cases are consolidated. Case number 1:19-cv-01050 is the lead case. *See* No. 1:19-cv-01079, ECF No. 373 (consolidating No. 1:19-cv-01079 with No. 1:19-01050 as the lead case on June 1, 2022); No. 1:22-cv-01325, ECF No. 26 (consolidating No. 1:22-cv-01325 with No. 1:19-cv-01050 as the lead case on June 27, 2023).

Given the recent arrival of these matters on the Court's docket—and the relative complexity of their history—the Court directs the parties to file a joint submission that addresses the following:

*Nature and posture*

1. The nature of the suits, claims (and any counterclaims, crossclaims, or third-party claims) alleged, and the relief sought;
2. The operative complaint(s) with corresponding ECF numbers;
3. All parties, their alignment (e.g., plaintiff, defendant, intervenor), current counsel of record, and each party's current status (e.g., active, dismissed, defaulted, settled, or stayed);
4. The composition of any informal grouping of parties to which the parties refer in filings (e.g., "Kinnie Ma Plaintiffs," "non-selling defendants" or "broker defendants");
5. Any classes that have been certified;
6. Any other proceeding, in any court, that is related to these cases or that bears on what remains to be decided here, including any prior or pending appeal, and its current status;

*Procedural history and rulings*

**7.** A concise procedural summary of the cases from the filing of the complaints to the date of this Order, including all significant rulings—and, in particular, any significant ruling(s) not reflected on the docket;

**8.** Any dispositive rulings already issued, with corresponding ECF docket number(s), and their effect on the remaining claims and parties;

*The settlement and its effect*

**9.** The status and effect of the approved and proposed settlements on each of the claims and on each of the parties in each case;

**10.** Whether any order of dismissal or final judgment was entered in any of the consolidated cases, and if not, whether an order of dismissal or final judgment should be entered as to any of the claims or parties in any of these cases;

*Pending matters*

**11.** Whether the parties still seek a ruling on the Motion for Extension of Time to File a Proposed Amended Scheduling Order, ECF No. 1243, and the Motion for Entry of Scheduling Order Deadlines, ECF No. 1312;

**12.** Whether any motions other than the motions listed in Question 11 or the following motions require resolution: the Motion for Preliminary Approval of Settlement with Defendants GPB Capital Holdings, LLC (and affiliated entities) and Phoenix American Financial Services, Inc., ECF No. 1284, the Motion for Judgment on the Pleadings, ECF No. 1303, the Motion for Preliminary Approval of Settlements with Defendants Deloitte Transactions and

Business Analytics LLP and Morrison Brown Argiz & Farra, LLC, ECF No. 1310, and the Motion for Approval of Distribution Plan, ECF No. 1331;

*Case management status*

**13.** The parties' positions with respect to whether an amended scheduling order is necessary and, if so, whether entry should await resolution of any of the pending motions;

**14.** Any matter requiring the Court's prompt attention (e.g., a request for emergency relief or an imminent deadline);

**15.** Whether the parties request a status conference, and, if so, a proposed agenda for that status conference.

The joint submission should only be as long as needed and should not exceed 20 pages without leave of Court. The parties are encouraged to use tables or charts—for example, a table of parties and counsel, or a table of pending motions.

The Court expects a single, agreed submission. To the extent there are disagreements on the joint submission, the parties shall briefly identify each disagreement and succinctly state each side's position in a clearly labeled section or footnote. The parties shall not file separate competing submissions. The Court orders the parties to file the joint submission within 21 days of this order.

*So ordered by the Court on July 31, 2026.*



ANDREW DAVIS
United States District Judge